**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| ELI ASHKENAZI, Individually and on Behalf of All Others Similarly Situated,<br><br>                       Plaintiff,<br>v.<br><br>BLOOMINGDALE'S, INC., and JOHN DOES 1-25<br><br>                    Defendant. | Civil Case No.:<br><br><br>**COMPLAINT AND JURY DEMAND**<br><br>**PUTATIVE CLASS ACTION** |

### INTRODUCTION

1.      Plaintiff Eli Ashkenazi ("Plaintiff") brings this Class Action Complaint for damages, injunctive relief, and any other available legal or equitable remedies, resulting from the illegal actions of Bloomingdale's, Inc. ("Defendant"), in transmitting unsolicited commercial text messages to Plaintiff on Plaintiff's cellular telephone, in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 et seq., ("TCPA"), thereby invading Plaintiff's privacy. Plaintiff alleges as follows upon personal knowledge as to himself and his own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by her attorneys.

2.      The TCPA was designed to prevent calls and text messages like the ones described herein, and to protect the privacy of citizens like Plaintiff. **"Voluminous consumer complaints about abuses of telephone technology – for example, computerized calls dispatched to private homes – prompted Congress to pass the TCPA."** Mims v. Arrow Fin. Servs., LLC, 132 S. Ct. 740, 744 (2012).

3.      In enacting the TCPA, Congress intended to give consumers a choice as to how corporate similar entities may contact them, and made specific findings that **"[t]echnologies that might allow consumers to avoid receiving such calls are not universally available, are costly, are unlikely to be enforced, or place an inordinate burden on the consumer."** TCPA,

Pub.L. No. 102–243, § 11. In support of this, Congress found that:

> **"[b]anning such automated or prerecorded telephone calls to the home, except when the receiving party consents to receiving the call or when such calls are necessary in an emergency situation affecting the health and safety of the consumer, is the only effective means of protecting telephone consumers from this nuisance and privacy invasion."**

Id. at § 12; see also Martin v. Leading Edge Recovery Solutions, LLC, 2012 WL 3292838, at *4 (N.D.Ill. Aug. 10, 2012) (citing Congressional findings on TCPA's purpose).

4.      Congress also specifically found that **"the evidence presented to the Congress indicates that automated or prerecorded calls are a nuisance and an invasion of privacy, regardless of the type of call…."** Id. at §§ 12-13.

5.      The TCPA also expressly applies to unsolicited faxes as well as other forms of media such as text messages.

6.      Congress recognized that not only can unsolicited calls be a nuisance but may also cause the receiver of the unsolicited messages to incur actual out of pocket losses in the form of paper and toner for unsolicited faxes.

7.      With the advancement of technology, numerous courts have recognized the TCPA's applicability to unsolicited text messages to persons' cell phones.

8.      Persons, like Plaintiff herein, have no control to stop unsolicited unwanted text messages to their cell phones.

9.      Every transmission of a text uses data and the longer the text message the more data is used.

10.     Once an unsolicited text message is received, not only is it a nuisance to the receiver, but just as importantly, that receiver is forced to incur unwanted messages and/or data charges from their cell phone carrier.

11.     As set forth herein, that is exactly what occurred to plaintiff and other members of the putative class.

12.     Plaintiff and the members of the proposed class received unsolicited sales text messages and incurred additional message and/or data charges to their cell phone accounts all because Defendant wished to advertise and market its products and services for its own benefit.

## JURISDICTION AND VENUE

13.     This Court has federal question jurisdiction because this case arises out of violations of federal law.

14.     Venue is proper in the United States District Court for the District of New Jersey pursuant to 18 U.S.C. § 1391(b) and 1441(a) because Defendant is subject to personal jurisdiction in Monmouth County, New Jersey.

## PARTIES

15.     Plaintiff is, and at all times mentioned herein was, a citizen and resident of the State of New Jersey.  Plaintiff is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153 (10).

16.     Upon information and belief, Defendant is, and at all times mentioned herein was, a foreign corporation duly organized under the laws of the State of Ohio.  Defendant, is and at all times mentioned herein was, a corporation and is a "person," as defined by 47 U.S.C. § 153 (10). Defendant is an upscale chain of department stores, providing a variety of products to consumers.  Plaintiff alleges that at all times relevant herein, Defendant conducted business in the State of New Jersey and in Monmouth County within this judicial district.

17.     John Does 1-25, are fictitious names of individuals and businesses alleged for the purpose of substituting names of Defendants whose identities will be disclosed in discovery and should be made parties to this action.

## THE UNIFORM POLICIES OF DEFENDANT
## WHICH GIVE RISE TO THE CAUSE OF ACTION

18.     Defendant maintains a program for Defendant's customers who purchase a variety of items from Defendant, thereby giving customers awards and incentives to purchase from Defendant, which Defendant refers to as the "Bloomingdale's Loyallist Program."

19.     Defendant describes this program to customers in a uniformly-worded writing entitled the "Bloomingdale's Loyallist Program Terms and Conditions."

3

22.     Specifically, in describing the purpose of this program to customers, the "Bloomingdale's Loyallist Program Terms and Conditions" state:

> **"1. <u>Membership</u>: Participation in the Bloomingdale's Loyallist program ("Program") and the benefits of the Program are offered at the sole discretion of Bloomingdale's ("Bloomingdale's," "us," or "our"). Eligible customers (as described below) may enroll. Bloomingdale's Store and Bloomingdale's American Express® cardholders are automatically enrolled. All other eligible customers must enroll with a store associate. You do not need a Bloomingdale's Store or Bloomingdale's American Express card to enroll in the Program. Upon enrolling, you will be assigned a Bloomingdale's Loyallist account ("Rewards Account"), a Bloomingdale's Loyallist Account number ("Rewards Number"), and certain customers will also receive a Membership card (the "Membership card"). As you shop, you accumulate points in your Rewards Account, as described below, that may be issued as a Loyallist Reward Card ("Reward Card") from time to time, which you may then use to shop at Bloomingdale's, bloomingdales.com, and Bloomingdale's The Outlet Store."**

23.     Defendant <u>does not</u> advise participants or potential participants in any fashion that Defendant will send texts to participants on participants' cellular telephones**.**

24.     In joining the "Bloomingdale's Loyallist Program," participants do not sign or otherwise give their express consent to receive any texts from Defendant which advertise or relate to any other of Defendant's products or services.

25.     Nor does Defendant ask any participants in the "Bloomingdale's Loyallist Program" to give their consent in any manner to receive texts from Defendant.  Indeed, in joining the "Bloomingdale's Loyallist Program" participants

are not asked to sign any type of consent form.

26.     Despite this, as a matter of uniform policy, Defendant sends uniformly-worded text messages to all participants in the "Bloomingdale's Loyallist Program" which ask consumers if they would like to receive promotional offers from Defendant via text message on their cellular telephones.

27.     On or about the April of 2015, Plaintiff signed up to be a member of "Bloomingdale's Loyallist Program."  Defendant signed up via the following URL:

**https://m.bloomingdales.com/loyallist/enrollment?action=createprofileandenroll**

28.     On or about April 13, 2015, Defendant began using Plaintiff's cellular telephone for the purpose of sending Plaintiff spam advertisements and/or promotional offers, via text message, including a text message sent to and received by Plaintiff on or about April 13, 2015, at 11:30 a.m.

29.     Plaintiff received the aforementioned text message from Defendant, which was sent to his cellular phone ending in 2768.  The message was sent with a message code 256-66 and indicated as follows:

> **Bloomingdale's Promo Alerts: Reply Y now to confirm you want texts! Reply HELP for help. 1 msg/wk. MSG&Data Rates May Apply. Q's <u>800-777-0000</u>**

30.     As outlined herein, Plaintiff and the class never gave express consent to receive text messages at any time for any reason containing spam or advertisements from Defendant, as required by the plain language of the TCPA, on their cellular telephones.

31.     By signing up for the "Bloomingdale's Loyallist Program," and entering Plaintiff's contact information, Plaintiff did not, as a matter of law and fact, give consent to receive promotional or advertising text messages from Defendant via their cellular telephones.

32.     The FCC has weighed in on the issue of consent and promotional offers from merchants:

> **"The FCC has established no general rule that if a consumer gives his cellular phone number to a business, he has in effect given permission to be called at that number for any reason at all, absent instructions to the contrary. Rather, to the extent the FCC's orders establish a rule, it is <u>that the scope of a consumer's consent depends on its context and the purpose for which it is given. Consent for one purpose does not equate to consent for all purposes.</u>" (emphasis added)**

36.     The text message sent to Plaintiff's cellular telephone described herein was sent via an "automatic telephone dialing system," as defined by 47 U.S.C. § 227 (a)(1) and as prohibited by 47 U.S.C. § 227 (b)(1)(A).

37.     The telephone number to which Defendant, or its agent, sent its unsolicited text message was assigned to a cellular telephone service for which Plaintiff incurs a charge pursuant to 47 U.S.C. § 227 (b)(1).

38.     The unsolicited text message to Plaintiff was made for general marketing purposes.

39.     The general marketing commercial text which was sent to Plaintiff and The Class was not sent for emergency purposes as defined by 47 U.S.C. § 227 (b)(1)(A)(i).

40.     The unsolicited commercial texts violated 47 U.S.C. § 227(b)(1).

## CLASS ACTION ALLEGATIONS

41.     Plaintiff brings this action under Fed.R.Civ.P. 23 on behalf of a proposed class defined as:

> All persons within the United States who received any solicitation/telemarketing text messages from Defendant to said person's cellular telephone made through the use of any automatic telephone dialing system or an artificial or prerecorded voice and such person had not previously consented to receiving such calls within the four years prior to the filing of this Complaint

42.     The Class for whose benefit this action is brought are each so numerous that joinder of all members is impracticable.

43.     The exact number and identities of the persons who fit within the proposed class are each ascertainable in that Defendant maintains written and electronically stored data showing the name and address of each participant in "Bloomingdale's Loyallist Program." Records showing all texts sent to such persons by Defendant and all other data needed to identify The Class.

44.     The proposed Class is composed of over 10,000 persons.

45.     No violations alleged are a result of any oral communications or individualized interaction between any class member and Defendant.

46.    There are common questions of law and fact affecting the rights of the class members, including, <u>inter alia</u>, the following:

a.   Whether, within the four years prior to the filing of this Complaint, Defendant made any telemarketing/solicitation text message (other than a text message made for emergency purposes or made with the prior express consent of the called party) to a Class member using any automatic telephone dialing system to any telephone number assigned to a cellular telephone service;

b.   Whether Plaintiff and The Class were damages thereby, and the extent of damages for such violation; and

c.   Whether Defendant should be enjoined from engaging in such conduct in the future.

47.    Plaintiff is a member of The Class he seeks to represent in that he was a participant in the "Bloomingdale's Loyallist Program," who, between April 13, 2015, and the present, received one or more text messages from Defendant, without Plaintiff's explicit consent to do so via an "automated telephone dialing system."

48.    The claims of Plaintiff are *not only* typical of The Class members, they are identical in that they arise from Defendant's uniform policies and form documents, and are based on the same legal theories of all class members.

49.    Plaintiff has no interest antagonistic to, or in conflict with, The Class.

50.    Plaintiff will thoroughly and adequately protect the interests of The Class, having retained qualified and competent legal counsel to represent himself and The Class.

51.    Defendant has acted and refused to act on grounds generally applicable to the class, thereby making appropriate injunctive and declaratory relief for the class as a whole.

52.    The prosecution of separate actions by individual class members would create a risk of inconsistent or varying adjudications.

53.     A class action is superior to other available methods for the fair and efficient adjudication of the controversy since, <u>inter alia</u>, the damages suffered by each class member were less than $1500 per person and individual actions to recoup such an amount are not economically feasible.

54.     Common questions will predominate, and there will be no unusual manageability issues.

## COUNT I

### NEGLIGENT VIOLATIONS OF THE TCPA 47 U.S.C. § 227 ET SEQ.

55.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

56.     The foregoing acts and omissions of Defendant constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227 <u>et</u> <u>seq</u>.

57.     As a result of Defendant's negligent violations of 47 U.S.C. § 227 <u>et</u> <u>seq</u>, Plaintiff and The Class are entitled to an award of $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

58.     Plaintiff and The Class are also entitled to and seek injunctive relief prohibiting such conduct in the future.

## COUNT II

### KNOWING AND/OR WILLFUL VIOLATIONS
### OF THE TELEPHONE CONSUMER PROTECTION ACT 47 U.S.C. § 227 ET SEQ.

59.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

60.     The foregoing acts and omissions of Defendant constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227 et seq.

61.     As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227 et seq., Plaintiff and The Class are entitled to an award of $1,500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

62.     Plaintiff and The Class are also entitled to and seek injunctive relief prohibiting such conduct in the future.

///

///

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff and members of The Class respectfully pray for the following relief:

A.  Certification of The Class under Fed.R.Civ.P. 23;

B.  On the First Count, as a result of Defendant's negligent violations of 47 U.S.C. § 227(b)(2)(D), Plaintiff and each member of the Class is entitled to and requests five hundred dollars ($500.00) in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B);

C.  On the Second Count, as a result of Defendant's willful and/or knowing violations of 47 U.S.C. § 227(b)(2)(D), Plaintiff and each member of the Class is entitled to and requests treble damages, as provided by statute, up to one thousand five hundred dollars ($1,500.00), for each and every violation pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C);

D.  An Order, pursuant to 47 U.S.C. § 227(b)(3)(A), enjoining Defendant from violating 47 U.S.C. § 227(b)(2)(D);

E.  Attorney's fees and costs; and

F.   Such other and further relief as the Court may deem just and proper.

Dated: April 16, 2015                         **MARCUS LAW, LLC**

                                              s/Ari H. Marcus_____
                                              Ari H. Marcus, Esq.
                                              1500 Allaire Avenue-Ste. 101
                                              Ocean, New Jersey
                                              T: (732) 695-3282
                                              F: (732) 298-6256
                                              ari@marcuslawnj.com


                                **PARIS ACKERMAN & SCHMIERER LLP**


                         By:    s/ Ross H. Schmierer_____
                                Ross H. Schmierer, Esq.
                                103 Eisenhower Parkway
                                Roseland, NJ  07068
                                (T): (973) 228-6667
                                (F): (973) 629-1246
                                ross@paslawfirm.com


                         **DEMAND FOR JURY TRIAL**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff, individually and on behalf of all others similarly situated, demands a trial by jury on all questions of fact raised by the Complaint.

Dated: April 16, 2015                         **MARCUS LAW, LLC**

                                              s/Ari H. Marcus_____
                                              Ari H. Marcus, Esq.


                                **PARIS ACKERMAN & SCHMIERER LLP**


                                s/ Ross H. Schmierer_____
                                Ross H. Schmierer, Esq.

10

## CERTIFICATION PURSUANT TO L. CIV. R. 11.2

I certify that, to the best of my knowledge, this matter is not the subject of any other action pending in any court or of any pending arbitration or administrative proceeding.


Dated: April 16, 2015                                      **MARCUS LAW, LLC**

                                                           s/Ari H. Marcus_____
                                                           Ari H. Marcus, Esq.


                                                           **PARIS ACKERMAN & SCHMIERER LLP**

                                                           s/ Ross H. Schmierer_____
                                                           Ross H. Schmierer, Esq.