# EXHIBIT A

## SETTLEMENT AGREEMENT AND RELEASE

1.      This Settlement Agreement is between Eli Ashkenazi (**"Plaintiff"** or **"Representative Plaintiff"** as defined herein), individually and on behalf of the Class (as defined herein) on one hand, and Bloomingdale's, Inc. (**"Defendant"** as defined herein) on the other hand.

### RECITALS

2.      WHEREAS, Plaintiff filed a Complaint on April 16, 2015, in the United States District Court for the District of New Jersey, captioned *Eli Ashkenazi v. Bloomingdale's, Inc.*, Case No. 3:15-cv-02705-PGS-DEA, and subsequently filed a First Amended Complaint on June 26, 2015  (the **"Action"** as defined herein);

3.      WHEREAS, Plaintiff asserted claims on behalf of himself and others similarly situated that Defendant violated the Telephone Consumer Protection Act, 47 U.S.C. §§ 227 *et seq.* ("**TCPA**" as defined herein);

4.      WHEREAS, Defendant vigorously denies all claims asserted in the Action and denies any and all liability, injury, or damage to Plaintiff or the Class, including but not limited to, the allegations that it violated the TCPA or that it sent text messages via automatic telephone dialing system to persons without the requisite levels of prior consent, but has agreed to enter into this Settlement Agreement to avoid the burden, expense, and risks of litigation, and any other present or future litigation arising out of the same facts that gave rise to the Action, and to avoid the distraction and diversion of Defendant's personnel and resources, and to put to rest the controversies engendered by the Action and the issues within the scope of the release set forth below. By agreeing to this Agreement and the Settlement, Defendant does not admit any liability with respect to the allegations in the Action or Plaintiff's Complaint or First Amended Complaint, retract or surrender any of the factual or legal positions it asserted in the Action, or concede the invalidity of those positions;

5.      WHEREAS, contested issues of both law and fact exist concerning the allegations and claims made between the Parties in the Action;

6.      WHEREAS, Plaintiff has conducted an investigation into the facts and law and has engaged in settlement negotiations relating to the Action, including an approximately twelve hour mediation with the Honorable Stephen M. Orlofsky on December 19, 2017;

7.      WHEREAS, Plaintiff and his counsel have fully analyzed and evaluated the merits of each Party's contentions and the terms of this Agreement as it affects all Parties, including the individual members of the Class, and, after taking into account the foregoing along with the risks of litigation, and the likelihood that the Action, if not settled now, will be protracted and expensive, they are satisfied that the terms and conditions of this Agreement are fair, reasonable, and adequate, and that a settlement is in the best interest of the Class;

8.      WHEREAS, the Parties understand, acknowledge, and agree that the execution of this Agreement constitutes the settlement and compromise of disputed claims, without any admission of liability, with respect to all claims set forth in the Release below, by Plaintiff and the

1

Class, subject to the approval of the Court and entry of the Final Approval Order as provided herein;

9.     NOW THEREFORE, in consideration of the covenants and agreements set forth herein, it is agreed that the Action shall be settled, subject to judicial approval, under the following terms and conditions:

## DEFINITIONS

10.     **Definitions**.

10.1. "**Action**" means *Eli Ashkenazi v. Bloomingdale's, Inc.,* Case No. 3:15-cv-02705-PGS-DEA (D. N.J.).

10.2. "**Agreement**" means this Settlement Agreement.

10.3. "**Claim Form**" means a claim form substantially in the form attached as **Exhibit 1** (or in a form agreed to by all of the Parties and approved by the Court) which Class Members must submit to be eligible for relief under the terms of the Settlement.

10.4. "**Class**" means all persons who, upon signing up for Bloomingdale's customer loyalty program known as "Loyallist" between August 24, 2014 and May 16, 2015, were sent a successfully transmitted text message from the short code 256-66 reading "Bloomingdale's Promo Alerts: Reply Y now to confirm you want texts! Reply HELP for help. 1 msg/wk. MSG&Data Rates May Apply. Q's 800-777-0000".

10.5.   "**Settlement Class**" means all Class Members who do not validly opt out of the Settlement and are not otherwise validly excluded from the Settlement.

10.6. "**Class Counsel**" means Ross Schmierer of DeNittis Osefchen Prince, P.C, Todd Friedman and David Levin of Todd M. Friedman, P.C., and Ari Marcus of Marcus & Zelman LLC.

10.7. "**Class Member**" means a member of the Class.

10.8. "**Settlement Class Member**" means any person in the Settlement Class who does not validly opt out of the Settlement or is not otherwise validly excluded from the Settlement Class.

10.9. "**Class Notice**" means the notice of the Settlement that is contemplated by this Agreement. Such notice shall consist of the claim form and a long-form notice substantially in the forms attached as **Exhibit 1** and **Exhibit 2** (or in a form agreed to by all of the Parties and approved by the court).

10.10. "**Class Representative Award**" means the incentive award to the Representative Plaintiff under paragraph 15.2 below.

10.11. "**Court**" means the United States District Court for the District of New Jersey, where this Action is pending.

BOS 48616469v1

10.12. "**Final Approval Hearing**" means the hearing before the Court in which the Court will conduct an inquiry into the fairness, reasonableness, and adequacy of the Settlement, and where the Plaintiff will request the Court enter the Final Approval Order and Judgment granting final approval of the Settlement, Class Counsel's application for attorneys' fees and costs, and any Class Representative Award to the Plaintiff.

10.13. "**Final Approval Date**" means the date upon which the Court enters the Final Approval Order and Judgment and determines the amount of fees, costs, and expenses awards to Class Counsel and the Representative Plaintiff.

10.14. "**Final Approval Order**" means an order in the same or substantially similar form as the proposed order attached hereto as **Exhibit 4,** or in a manner consistent with the terms and intent of the Agreement, or in a form agreed to by all of the Parties and approved by the Court.

10.15. "**Judgment**" means the order and judgment entered by the Court finally approving the Settlement of the Action in a manner consistent with the terms and intent of the Agreement (or in a manner agreed to by all of the Parties and approved by the Court).

10.16. "**Effective Date**" means the date on which all of the following have been completed:

10.16.1. The Parties, Class Counsel, and Defendant's Counsel have executed this Agreement;

10.16.2. The Court has issued all necessary orders under Rule 23 of the Federal Rules of Civil Procedure and entered the Final Approval Order and Judgment approving the Settlement of the Action in a manner consistent with the terms and intent of the Agreement (or in a manner agreed to by all of the Parties and approved by the Court); and

10.16.3. Either (i) the time for appeal or petition has expired, and no appeal or petition for rehearing or review has been timely filed; or (ii) the Settlement is affirmed on appeal or review without material change, including specifically without any change or modification that may increase any of Defendant's liability or reduce the scope of the Release or alter the definition of the Class, unless Defendant waives this condition, and no other appeal or petition for rehearing or review is pending, and the time period during which further petition for hearing, review, appeal, or certiorari could be taken has finally expired.

10.17. "**Parties**" means Representative Plaintiff and Defendant.

10.18. "**Plaintiff**" means Plaintiff Eli Ashkenazi.

10.19. "**Plaintiff's Counsel**" means Ross Schmierer of DeNittis Osefchen Prince, P.C., Todd Friedman and David Levin of Todd M. Friedman, P.C., and Ari Marcus of Marcus & Zelman LLC.

10.20. "**Notice Program**" means the methods provided for in this Agreement for giving Class Notice, which consists of the following:

10.20.1. "**Long Form Notice**" means the notice of the Settlement that is contemplated by this Agreement which shall be sent to Class Members as set forth herein. Such notice is attached as **Exhibit 2** (or in a form agreed to by all of the Parties and approved by the Court).

10.20.2. "**Email Notice**" means the electronic mailing of a copy of the Long Form Notice and Claim Form that is contemplated by this Agreement.

10.20.3. "**Mail Notice**" means a mailed copy of the Long Form Notice and Claim Form that is contemplated by this Agreement.

10.21. "**Preliminary Approval Order**" means the order or orders of the Court preliminarily approving the terms and conditions of this Agreement in the same or substantially similar form as the proposed order attached hereto as **Exhibit 3** (or in a form agreed to by all of the Parties and approved by the Court).

10.22. "**Preliminary Approval Date**" means the date on which the order or orders constituting Preliminary Approval are entered by the Court.

10.23. "**Release**" shall mean the release contained in paragraph 16 below.

10.24. "**Representative Plaintiff**" means Plaintiff Eli Ashkenazi and/or any other person who shall be appointed as such.

10.25. "**Settlement**" means the resolution of the matters within the scope of the Release set forth herein, as embodied in this Agreement.

10.26. "**Settlement Administration Costs**" means the actual costs and expenses for administering the Settlement provided for herein to be paid exclusively from the Cash Settlement Fund, including but not limited to the costs of the Notice Program in providing notice to the Class Members, processing and payment of claims to the Settlement Fund by Class Members, and other tasks in accordance with this Settlement Agreement and/or any Court Order.

10.27. "**Settlement Administrator**" means Kurtzman Carson Consultants LLC ("KCC"), which has been selected by the Parties to administer the claims process, including the distribution of Class Notice through the Notice Program as well as the processing and payment of claims to the Settlement Fund by Class Members, in accordance with this Settlement Agreement and/or any Court order.

10.28. "**Settlement Fund**" means the total cash and voucher commitment of Defendant for purposes of this Settlement, as described in paragraph 14 of this Settlement Agreement, with a value of One Million Four Hundred Thousand dollars ($1,400,000), comprised of two distinct parts – the Cash Settlement Fund and the Voucher Settlement Fund, as defined below:

10.28.1. "**Cash Settlement Fund**" consists of Seven Hundred Fifty Thousand dollars ($750,000) in cash, the payment and disposition of which is subject to the provisions of this Settlement Agreement, including paragraph 14, below.

*BOS 48616469v1*

10.28.2. **"Voucher Settlement Fund"** means Six Hundred Fifty Thousand dollars ($650,000) in voucher value, the creation and disposition of which is subject to the provisions of this Settlement Agreement, including paragraph 14, below.

10.29. **"Defendant"** means Bloomingdale's, Inc.

10.30. **"Defendant's Counsel"** means Chad D. Silker of Macy's Law Department and David Jay of Greenberg Traurig, LLP.

10.31. **"TCPA"** means the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq*.

10.32 **"Valid Claim"** means a claim that is submitted by a Settlement Class Member through a properly completed and timely submitted Claim Form containing (1) the Settlement Class Member's full name, current address, and current email address (if applicable), (2) the cellular telephone number at which Defendant allegedly contacted the Settlement Class Member, and (3) the Settlement Class Member's signature or electronic signature. The Claim Form must be submitted via electronic mail or U.S. Mail, postmarked or received by the Settlement Administrator no later than 100 days from the date of the Preliminary Approval Order.

10.33. As used herein, the plural of any defined term includes the singular thereof and vice versa, except where the context requires otherwise.

10.34. Other terms defined in the text of the Agreement shall have the meaning given those terms in the text.

## SETTLEMENT PROCEDURES

11.   **Preliminary Approval**.

11.1. Within sixty (60) days of the execution of this Agreement by all Parties, Plaintiff and Plaintiff's Counsel shall move the Court for entry of a Preliminary Approval Order substantially in the form of **Exhibit 3** hereto (a) preliminarily approving the Settlement memorialized in this Agreement as fair, reasonable, and adequate; (b) provisionally certifying the Class for Settlement purposes only; (c) setting a date for the Final Approval Hearing; (d) approving and authorizing the dissemination of the proposed Class Notice, including the Long Form Notice attached as **Exhibit 2,** the Email Notice, and Mail Notice; (e) approving the requirement that Class Members must submit a Claim Form, the form of Claim Form included in the Class Notice which is attached as **Exhibit 1**; (f) setting deadlines for implementing the Notice Program, submission of Claim Forms, filing of objections, filing of motions to intervene, opting out of the Settlement, and filing papers in connection with the Final Approval Hearing and the consideration of the approval or disapproval of the Settlement; (g) appointing the Plaintiff as Class Representative and Class Counsel as counsel for the Settlement Class Members; and (h) appointing the Settlement Administrator.

11.2. Defendant will not oppose the entry of a Preliminary Approval Order in the form of **Exhibit 3** hereto (or in a form otherwise agreed to by all of the Parties and approved by the Court), and Plaintiff will file an unopposed motion in support of Preliminary Approval.

*BOS 48616469v1*

12.    **Claims Administration and Notice to Class Members**.

12.1 KCC shall be the Settlement Administrator, subject to Court approval, to help implement the terms of the proposed Settlement Agreement. The Settlement Administrator shall be responsible for administrative tasks, including, without limitation, (a) notifying the appropriate state officials of the Settlement, (b) distributing and publishing of the Email Notice, Long Form Notice, and Mail Notice to Class Members, (c) answering inquiries from Class Members and/or forwarding such written inquiries to Class Counsel, (d) establishing and maintaining a Post Office box to receive and process on behalf of the Court and the Parties any Class Member correspondence regarding requests for exclusion from the Settlement Class, (e) establishing and maintaining a toll-free telephone line for Class Members to call with Settlement-related inquiries and answer the questions of Class Members who call with or otherwise communicate such inquiries; (f) receiving and processing Claim Forms and distributing payments (of cash or vouchers) to Class Members, (g) printing and providing Plaintiff, Class Counsel, and Settlement Class Members, where applicable, and the appropriate taxing authorities all required Federal, state, and local information returns (e.g., 1099 forms) and completion of any other steps necessary for compliance with any tax obligations of the Settlement Fund under Federal, state, and/or local law; and (h) otherwise assisting with implementation and administration of the Settlement Agreement terms. The Settlement Administration Costs incurred by the Settlement Administrator will be paid from the Cash Settlement Fund.

12.2.    **Performance Standards of Settlement Administrator**.  The contract with the Settlement Administrator shall obligate the Settlement Administrator to abide by the following performance standards:

12.2.1. The Settlement Administrator shall accurately and neutrally describe, and shall train and instruct its employees and agents to accurately and objectively describe, the provisions of the Settlement Agreement in communications with Class Members;

12.2.2. The Settlement Administrator shall provide prompt, accurate, and objective responses to inquiries from Class Counsel and/or Defendant's Counsel, and shall periodically report on claims, objectors, etc.;

12.2.3. The Settlement Administrator shall seek clarification, instruction, or authorization for performance of its duties and expenditure or disposition of cash or vouchers from both Class Counsel and Defendant's Counsel; and

12.2.4. The Settlement Administrator shall keep no confidences among the Parties in connection with its administration of this Settlement Agreement, except as specifically set forth in this Settlement Agreement regarding the Class list.

12.3    **Notice Program**

No later than ten (10) calendar days after the entry of the Preliminary Approval Order, Defendant will provide the Settlement Administrator with a list in an electronic form acceptable to the Settlement Administrator, containing each individual identified by Defendant as a potential

6

Class Member's full name, address, telephone number, and email address, as reflected in Defendant's reasonably available computerized account records. All of the above information will remain confidential and will not be disclosed to anyone, except as required to applicable taxing authorities, pursuant to Defendant's express written authorization, by order of the Court, or as otherwise expressly provided for in this Agreement.

12.3.1.  Email Notice.  Within fourteen (14) days of receiving the Class Members' information from Defendant, the Settlement Administrator initially shall send via email the Long Form Notice, see **Exhibit 2**, and Claim Form, see **Exhibit 1**, to all individuals who are identified by Defendant as potential Class Members as to whom Defendant has an email address, as reflected in Defendant's reasonably available computerized account records. The Email Notice shall have a "return receipt" or other such function that permits the Settlement Administrator to reasonably determine whether emails have been delivered and/or opened. The form of the Long Form Notice and Claim Form included in the Email Notice shall be agreed upon by the Parties, and approved by the Court prior to its dissemination.

12.3.2.  Mail Notice.  Within fourteen (14) calendar days of receiving the Class Members' information from Defendant, the Settlement Administrator shall send via U.S. Mail the Long Form Notice, see **Exhibit 2**, and Claim Form, see **Exhibit 1**, to all individuals who are identified by Defendant as potential Class Members as to whom Defendant has a mailing address, as reflected in Defendant's reasonably available computerized account records, but not an associated email address. This Mail Notice shall be sent to the most recent mailing address as reflected in Defendant's reasonably available computerized account records associated with a Loyallist registration.

12.3.3.  Re-Sending Class Notices.  Should the Settlement Administrator receive a response that an Email Notice was undeliverable, it shall send the Long Form Notice, see **Exhibit 2**, and Claim Form, see **Exhibit 1**, by Mail Notice to the Class Member's mailing address, if known, within fourteen (14) calendar days of such a response. Should the Settlement Administrator receive any undelivered Mail Notices within fifteen (15) calendar days of mailing, or if no valid address is known from Defendant's reasonably available computerized account records, it will conduct a utility database search to search for a new address for the said Class Member and resend the Mail Notice to any newly found Class Member address within fifteen (15) calendar days of receiving the undelivered Mail Notice. It will be conclusively presumed that if an envelope so mailed for any reason above has not been returned within fifteen (15) calendar days of mailing, the Class Member received the Mail Notice.

12.3.4. The claims period shall run for a period of one hundred (100) days, commencing on the date the Preliminary Approval Order is entered ("Claims Period").

12.3.5. Proof of Notice.  No later than fourteen (14) days prior to the Final Approval Hearing, the Settlement Administrator shall provide an affidavit to Class Counsel, with a copy to Defendant's Counsel, attesting that notice was provided in a manner consistent with the terms of this Settlement Agreement.

7

12.3.6. All Claim Forms must be postmarked or received by the Settlement Administrator no later than 100 days from the date of the entry of the Preliminary Approval Order. The Claim Forms may be submitted via electronic mail or U.S. Mail to the Settlement Adminstrator.

13.    **Final Approval**.

13.1. At the time appointed by the Court, Representative Plaintiff shall move the Court for entry of a Final Approval Order substantially in the form of **Exhibit 4** hereto (a) finally approving the Settlement and the Agreement as fair, reasonable, and adequate within the meaning of Rule 23 of the Federal Rules of Civil Procedure and directing its consummation according to its terms; (b) giving the terms of the Settlement, including the Release, final and complete effect; (c) finding that all requirements of statute, rule, and Constitution necessary to effectuate this Settlement have been met and satisfied; (d) directing the entry by the clerk of final Judgment of dismissal on the merits and with prejudice in the Action as to Plaintiff and all Settlement Class Members, and, except as specifically provided for in this Settlement Agreement, without costs; and (e) reserving exclusive jurisdiction over the Settlement and this Agreement, including the administration and consummation of this Settlement.

13.2. Defendant agrees not to oppose the entry of a Final Approval Order in the form of **Exhibit 4** hereto (or in a form otherwise agreed to by all of the Parties and approved by the Court).

13.3. The Final Approval Order, or a separate order, shall be entered as of the Final Approval Date and provide that all Settlement Class Members, including Representative Plaintiff, shall be enjoined from commencing, prosecuting, or assisting in any suit against the Released Parties with respect to the fees, charges, conduct, services, acts, or omissions of the Released Parties relating to all matters within the scope of the Release.

13.4. At the Final Approval Hearing to be scheduled no earlier than 90 days after CAFA notices are served to ensure compliance with 28 U.S.C. § 1715, Representative Plaintiff and Class Counsel shall present sufficient evidence to support the approval of the Settlement as fair, reasonable, and adequate and the entry of the Final Approval Order, and shall present such evidence as they deem appropriate to support any proposed award of attorneys' fees, costs and the Class Representative Award. Representative Plaintiff and Class Counsel shall make application for any awards to them, including awards of attorneys' fees, costs, and the Class Representative Award to be paid from the Cash Settlement Fund, in writing prior to the Final Approval Hearing, at the time that the motion is filed requesting entry of the Final Approval Order. Defendant shall not object to these applications to the extent consistent with this Agreement. Such awards shall be included in the Final Approval Order unless the Court directs it by separate order.

## SETTLEMENT BENEFITS

14.1  **Benefit to Settlement Class Members from the Settlement Fund**. The Settlement Fund used to provide benefits to or on behalf of the Settlement Class Members shall consist of

8

Defendant's total cash and voucher commitment having a value of One Million Four Hundred Thousand dollars ($1,400,000), and comprised of two distinct parts:

14.1.1. **Cash Settlement Fund**. Defendant will pay $750,000 in cash as part of the Cash Settlement Fund for payment of Valid Claims for cash benefits submitted by Class Members in accordance with the provisions herein.

14.1.2. **Voucher Settlement Fund**. Defendant will provide $650,000 in voucher value as part of the Voucher Settlement Fund for payment of Valid Claims for voucher benefits submitted by Class Members in accordance with the provisions herein.

14.2. **Total Financial Commitment**. Defendant's total financial commitment and obligation under this Settlement Agreement, including but not limited to paragraphs 14.1.1 and 14.1.2, shall not exceed $1,400,000, including the $750,000 in cash and the $650,000 in vouchers redeemable for products sold by Defendant.

14.3. **Schedule of Payments into Cash Settlement Fund**. Defendant shall make payment of the $750,000 identified in paragraph 14.1.1 into an interest bearing bank account within ten (10) days of the Effective Date to establish the Cash Settlement Fund. The Settlement Administrator shall maintain the Cash Settlement Fund in a segregated account at a financial institution with more than $10 billion in assets in an account or accounts insured by an agency or agencies of the United States government, with insurance that exceeds the amounts deposited. Payment of the following will occur from the Cash Settlement Fund: i) the Settlement Administration Costs actually incurred by the Settlement Administrator for performance of the administrative tasks set forth herein; (ii) any Class Counsel Fees and Expense Award, in accordance with paragraph 15.1 herein, as may be ordered by the Court; and (iii) any Class Representative Award, in accordance with paragraph 15.2 herein, as may be ordered by the Court. After payment of the $750,000 to the Cash Settlement Fund, Defendant shall have no further cash payment obligations to Plaintiff, Class Members who do not timely submit a valid request to be excluded from the Settlement Class pursuant to paragraph 18 and its subparagraphs, the Settlement Administrator, or Class Counsel, or otherwise, under this Settlement Agreement.

14.4. **Claims and Claims Process**. Each Class Member shall be entitled to submit a single Claim Form in which he or she may elect to receive a payment by check from the Cash Settlement Fund or a voucher from the Voucher Settlement Fund redeemable toward products sold by Defendant. To receive a payment from the Settlement Fund, Class Members must submit a Valid Claim. Only one Valid Claim will be honored per Class Member, regardless of the number of text messages a Class Member received, the number of Loyallist accounts created by a Class Member, or the number of cell phone numbers submitted to Bloomingdale's by a Class Member on which the Class Member received a text message. A Settlement Class Member must include certain information in the Claim Form, which is specified in the Claim Form, and must submit the Claim Form via electronic mail or U.S. Mail, postmarked or received by the Settlement Administrator no later than 100 days from the date of the Preliminary Approval Order.

14.4.1. **Review of Claims**. The Settlement Administrator shall be responsible for reviewing all Claims to determine their validity. The Settlement Administrator shall reject any Claim that does not comply in any material respect with the instructions on the Claim Form or the

BOS 48616469v1

terms of paragraph 14 herein, or is submitted after the close of the Claims Period ("**Claims Period Close Date**"), or is submitted by an individual who has not been identified by Defendant as a Class Member based upon the cell phone number sent the subject text message during the relevant time period. In the event that any Claim Forms are defective, incomplete, inaccurate, and/or evidence fraud, the Settlement Administrator may reject those Claim Forms without seeking additional information or providing an opportunity to cure the defect.

14.4.2. **Cash Payment**. Each Settlement Class Member whose Claim is approved by the Settlement Administrator can elect to receive, instead of the voucher payment set forth in paragraph 14.4.4, a payment in an amount up to $25, subject to Court approval, payable from the Cash Settlement Fund. A Class Member's Valid Claim for a payment pursuant to this paragraph 14.4.2 shall be considered a "**Cash Claim.**" Subject to adjustment of the dollar value of the cash payment pursuant to paragraph 14.5 below, the dollar value of the cash payment shall be deducted from the Cash Settlement Fund for each valid Cash Claim submitted. If the amount of cash available in the Cash Settlement Fund is insufficient to pay all valid Settlement Class Member Cash Claims, individual payment amounts for Cash Claims shall be reduced on a pro-rata basis as described in paragraph 14.5 below.

14.4.3. **Cash Payment from Fund**. Cash Claims will be paid from the Cash Settlement Fund after the Claims Period Close Date and as soon as practicable after the Effective Date.

14.4.4. **Voucher Payment**. Each Settlement Class Member whose Claim is approved by the Settlement Administrator can elect to receive, instead of the cash payment set forth in paragraph 14.4.2, a voucher in an amount up to $50, subject to Court approval, and redeemable as set forth herein and payable from the Voucher Settlement Fund. A Class Member's Valid Claim for vouchers pursuant to this paragraph 14.4.4 shall be considered a "**Voucher Claim.**" Voucher Claims shall be limited as set forth herein. The vouchers shall (a) have no expiration date, (b) be transferrable, (c) be subject to retailer terms and conditions applicable to Bloomingdale's gift cards and e-gift cards, (d) subject to retailer policies and applicable law, be redeemable for goods or products at any of Defendant's stores or online at www.bloomingdales.com, and (e) be redeemable in exchange for, or for discounts against, any of the products offered for sale by Defendant, subject to applicable law. Subject to adjustment of the value of vouchers pursuant to paragraph 14.5 below, the face value of each voucher shall be deducted from the Voucher Settlement Fund for each valid Voucher Claim submitted. If the amount of product voucher value in the Voucher Settlement Fund is insufficient to satisfy all valid Class Member Voucher Claims, individual Voucher Claims shall be reduced on a pro-rata basis as described in paragraph 14.5 below.

14.4.5. **Voucher Payment from Fund**. Voucher Claims will be paid from the Voucher Settlement Fund after the Claims Period Close Date and as soon as practicable after the Effective Date.

14.4.6. The Settlement Administrator shall send checks payable from the Cash Settlement Fund via first class U.S. Mail and vouchers redeemed from the Voucher Settlement Fund via electronic mail or first class U.S. Mail, as determined to be feasible, to eligible Class Members who have submitted Valid Claims. The Parties agree that neither the provisions of Rule 60 of the Federal Rules of Civil Procedure nor the All Writs Act, 28 U.S.C. § 1651, shall be taken into account in determining the Effective Date. Should a check or voucher be returned for an

insufficient address, the Settlement Administrator will use its best efforts to conduct a postal look-up to locate the proper address of the Class Member in order to re-mail the check or voucher to the proper address.   Should an email containing a voucher be returned as undeliverable, the Settlement Administrator will use its best efforts to contact the Class Member in order to re-send the voucher to the proper email or postal address.   Delivery to an incorrect but deliverable address or email address, or a nonexistent address, as provided by the Settlement Class Member is the responsibility of the Settlement Class Member.   The costs for processing and sending checks or vouchers to Class Members will be paid from the Settlement Administration Costs paid to KCC from the Cash Settlement Fund.

14.5.   **Pro-Rata Reduction of Benefits**.   If the dollar value of Valid Claims, determined in accordance with paragraph 14.4, above, exceeds the respective amounts available in either the Cash Settlement Fund or the Voucher Settlement Fund available to satisfy those Claims, payments to Class Members from the Cash Settlement Fund and/or the Voucher Settlement Fund, as the case may be, shall be reduced as follows:

14.5.1.   **Cash Benefit**.   If, as of the Final Approval Date, the $750,000 cash amount for the Cash Settlement Fund to satisfy valid Cash Claims, less estimated Settlement Administration Costs, Class Counsel Fees and Expense Award, and the Class Representative Award, is less than the total cash value of valid Cash Claims, individual cash payments will be reduced on a pro-rata basis, such that the total available cash will satisfy all Cash Claims.

14.5.2.   **Voucher Benefit**.   If, as of the Final Approval Date, the $650,000 in voucher value for the Voucher Settlement Fund is insufficient to satisfy the number of valid Voucher Claims received, individual Voucher Claims will be reduced on a pro-rata basis, such that the total available voucher value will satisfy all Voucher Claims.

14.6.   **Cash Benefit – Uncleared Checks**.   Those Settlement Class Members whose Cash Claim checks are not cleared within one hundred eighty (180) days after issuance shall be ineligible to receive a cash settlement benefit, and Defendant shall have no further obligation to make any payment pursuant to this Settlement Agreement or otherwise to such Settlement Class Members. All unpaid funds from uncleared checks shall be distributed *Cy Pres* in accordance with paragraph 14.7 herein.

14.7.   **Cy Pres - Distribution of Unclaimed Settlement Class Benefits After Payment of Valid Claims**. If there is any money remaining in the Cash Settlement Fund after payment of all timely Cash Claims by the Class Members, the Class Counsel Fees and Expense Award (as approved by the Court), the Class Representative Award (as approved by the Court), and the Settlement Administration Costs of the Settlement Administrator (as approved by the Court), such monies shall be distributed to the Community Food Bank of New Jersey, subject to Court approval. The distribution of any money remaining in the Cash Settlement Fund shall be made 240 days after completion of the distribution of valid Cash Claims.  If, for any reason, the Parties and/or the Court determine that the proposed recipient of the cy pres distribution is not or is no longer an appropriate recipient, the Parties shall agree on a replacement recipient of such monies, subject to Court approval.   Any voucher value remaining in the Voucher Settlement Fund after payment of valid Voucher Claims as set forth in this Settlement Agreement shall be considered void, and Defendant shall have no further obligation with regard to the Voucher Settlement Fund.

11

## ATTORNEYS' FEES AND EXPENSES AND THE CLASS REPRESENTATIVE AWARD

15.1.    Class Counsel shall petition the Court for (and Defendant has agreed not to oppose) an award of attorneys' fees in an amount not to exceed thirty percent (30%) of the total $1,400,000 value of the Settlement Fund ($420,000), plus reimbursement of Class Counsel's costs and expenses in the amount not to exceed $30,000.  Class Counsel's attorneys' fees, costs, and expenses ("**Class Counsel Fees and Expense Award**"), if approved by the Court, shall be paid from the Cash Settlement Fund within twenty business (20) days after the Effective Date or as soon as the financial institution is able to transfer funds.  Court approval of attorneys' fees, costs, and expenses, or their amount, will not be a condition of the Settlement.  In addition, no interest will accrue on such amounts at any time.  Class Counsel agree to provide W-9s and/or other documentation required by the Settlement Administrator to process and properly report to the taxing authorities any amounts paid.

15.2.    Given the efforts of Plaintiff on behalf of the Class Members, the Parties have also agreed that Plaintiff should receive a one-time Class Representative Award in the amount of Ten Thousand Dollars ($10,000.00) to be paid from the Cash Settlement Fund.    Such Class Representative Award shall be paid by check made payable to Eli Ashkenazi and shall be issued within twenty business (20) days after the Effective Date or as soon as the financial institution is able to transfer funds. Court approval of the Class Representative Award, or its amount, will not be a condition of the Settlement.  In addition, no interest will accrue on such amounts at any time. Plaintiff agrees to provide W-9s and/or other documentation required by the Settlement Administrator to process and properly report to the taxing authorities any amounts paid.

### RELEASES & REPRESENTATIONS

16.  **Release**.

16.1. Upon the Effective Date, and in consideration of the promises and covenants set forth in this Agreement, the Representative Plaintiff and each Settlement Class Member, each of their respective executors, representatives, guardians, wards, heirs, estates, bankruptcy estates, bankruptcy trustees, successors, predecessors, guardians, wards, joint tenants, tenants in common, tenants by the entirety, co-borrowers, co-obligors, co-debtors, attorneys, partners, agents and assigns, and anyone who regularly used, subscribed to, was authorized to use, or was in any way responsible for a cellular phone account or cellular phone number which received the text messages that are the subject of the Action, and all those who claim through them or who assert claims (or could assert claims) on their behalf (including bankruptcy trustees in the capacity as *parens patriae* or on behalf of creditors or estates of the Representative Plaintiff or Class Members) ("**Releasing Parties**"), will be deemed to have completely released and forever discharged Defendant and each of its past and present officers, directors, shareholders, trustees, beneficiaries, members, partners, employees, predecessors, successors in interest, attorneys, agents, assigns, owners, subsidiaries, parent companies, affiliates, vendors, service providers, accountants and representatives ("**Released Parties**") from any and all claims, demands, rights, duties, obligations, actions, suits, liabilities, or causes of action, whether class, individual, or otherwise in nature, or whether arising under local, state, or federal law, or whether by Constitution, statute, contract, rule, regulation, any regulatory promulgation (including, but not limited to, any opinion or declaratory ruling), common law or equity, whether known or unknown, suspected or unsuspected, asserted or unasserted,

12

foreseen or unforeseen, actual or contingent, liquidated or unliquidated, punitive or compensatory, arising out of or relating in any way to the facts, occurrences, transactions, or other matters alleged in the First Amended Complaint regarding the text messages that are the subject of the Action and the alleged violation of the TCPA or any law in sending any such text messages that are the subject of the Action, through the Effective Date of this Agreement  (the **"Released Claims"**).  This paragraph constitutes a waiver of, without limitation as to any other applicable law, Section 1542 of the California Civil Code, which provides:

> **A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.**

Likewise, this paragraph constitutes a waiver of, without limitation as to any other applicable law, Section 20-7-11 of the South Dakota Codified Laws, which provides:

> **A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM MUST HAVE MATERIALLY AFFECTED HIS SETTLEMENT WITH THE DEBTOR.**

Plaintiff and the Settlement Class Members understand and acknowledge the significance of these waivers of California Civil Code Section 1542, Section 20-7-11 of the South Dakota Codified Laws, and/or any other applicable federal or state statute, case law, rule or regulation relating to limitations on releases.  In connection with such waivers and relinquishment, Plaintiff and the Settlement Class Members acknowledge they are aware that they may hereafter discover facts in addition to, or different from, those facts which they now know or believe to be true with respect to the subject matter of the settlement, but that it is their intention to release fully, finally and forever all Released Claims, and in furtherance of such intention, the release of the Released Claims will be and remain in effect notwithstanding the discovery or existence of any such additional or different facts.

16.2.  The Representative Plaintiff fully releases and forever charges Defendant and the Released Parties from any and all claims, demands, rights, duties, obligations, actions, suits, liabilities, or causes of action, attorneys' fees, costs, and any other form of relief or remedy in law, equity, or whatever kind or nature, whether known or unknown, suspected or unsuspected, asserted or unasserted, foreseen or unforeseen, actual or contingent, liquidated or unliquidated, punitive or compensatory, including but not limited to the Action and any claims arising out of or related to the Action, any act, omission, or occurrence in the Action and any claims arising out of or related to the Action taking place on or before the Effective Date of the Settlement, and any other form of relief or remedy of any kind, nature, or description whatsoever, whether premised on statute, contract, tort, or other theory of liability under state, federal, or local law.

13

16.3.    As part of the Final Approval Order, the Action shall be dismissed with prejudice. The Court shall enter a Judgment to that effect.

16.4. As of the Final Approval Date, Class Counsel shall be deemed to have released and discharged Defendant and the Released Parties from all claims for fees, costs, or compensation for the Action, other than those approved in connection with this Settlement.

17.    **Representations**.

17.1. In addition to the provisions hereof, this Agreement and the Settlement shall be subject to the ordinary and customary judicial approval procedures under Federal Rule of Civil Procedure 23(e). Until and unless this Agreement is dissolved or becomes null and void by its own terms or unless otherwise ordered by the Court or if entry of the Final Approval Order is not achieved on terms consistent with the Settlement, Representative Plaintiff and Class Counsel represent and acknowledge to each other that they shall in good faith take all appropriate steps in the Action necessary to acquire and preserve the jurisdiction of the Court, use their best efforts to cause the Court to enter the Preliminary Approval Order and Final Approval Order as promptly as possible, use their best efforts to resist and oppose any or all objections to the Settlement and any or all attempts to opt out of the Settlement on any basis other than an individual basis, and take or join in such other steps as may be necessary to implement this Agreement and to effectuate the Settlement. This includes (a) the obligation to oppose objections and to defend, protect, and seek enforcement of the Agreement and the Settlement before the Court or before any other court or on appeal, if any; (b) to amend the pleadings and/or seek and obtain the participation of additional plaintiffs, if necessary; (c) to seek approval of this Agreement and of the Settlement by the Court; (d) to move for the entry of the Preliminary Approval Order, Final Approval Order and Judgment, as well as the order contemplated by paragraph 13.3 above; and (e) to join in the entry of such other orders or revisions of orders or notices, including the orders and notices attached hereto and substantially in the form agreed upon by Defendant, subject to the Representative Plaintiff's consent, and not to be unreasonably withheld.

17.2. Representative Plaintiff and Defendant, subject to the last sentence of this paragraph, represent that they or it are fully authorized to enter into this Agreement and to carry out the obligations provided for herein. Each person executing this Agreement on behalf of a Party covenants, warrants, and represents that he or she is and has been fully authorized to do so by such Party. Each Party hereto further represents that he, she, or it intends to be bound fully by the terms of this Agreement.

17.3. Representative Plaintiff, Class Counsel, and Defendant represent that they have not, nor will they, (a) attempt to void this Agreement in any way; (b) opt out of the Settlement under this Agreement; (c) solicit or encourage Class Members to opt out; or (d) solicit or encourage any effort by any person (natural or legal) to object to the Settlement under this Agreement. However, nothing herein shall restrict Class Counsel's duty or ability to provide whatever advice Class Counsel, in its sole discretion, feels appropriate, if contacted by Class Members, or Defendant's right, in its sole discretion, to terminate the Settlement if 100 or more persons in the Settlement Class opt out of the Settlement.

14

17.4 Plaintiff agrees that he will not sign up for, opt-in to, cause to receive any text messages from, or otherwise engage by text message with any phone number or short code used or associated with Macy's, Macy's Backstage, Bloomingdale's, Bloomingdale's Outlet Stores, or Bluemercury to any cell phone number he subscribes, regularly uses, or is authorized to use on a regular basis. Plaintiff further represents and warrants that he is not currently receiving text messages from any phone number or short code used, associated, or believed to be used or associated with Macy's, Macy's Backstage, Bloomingdale's, Bloomingdale's Outlet Stores, or Bluemercury, on the phone number ending in 2768 identified by Plaintiff in the First Amended Complaint, or any other phone number to which he subscribes, regularly uses, or is authorized to use on a regular basis. Plaintiff agrees to make his best efforts to opt out of receiving future text messages and to provide written notice within ten (10) calendar days if he contends that a cell phone number to which he subscribes, regularly uses, or is authorized to use on a regular basis receives a text message from any phone number or short code used, associated, or believed to be used or associated with Macy's, Macy's Backstage, Bloomingdale's, Bloomingdale's Outlet Stores, or Bluemercury, identifying the date, time, and content of any such text messages as well as the phone numbers to which any such text message was sent from and/or received. To be effective, Plaintiff must send the written notice via Certified Mail Return Receipt Requested to Macy's Law Department, Attn: Chief Legal Officer, 7 West Seventh Street, Cincinnati, OH 45202.

## 18. PROCEDURES FOR OPT-OUTS AND OBJECTIONS

18.1 **Opt-Out Procedures for Class Members.** A proposed Settlement Class Member may request to be excluded from the Settlement Class by sending a timely written request for exclusion to the Settlement Administrator, addressed to "Exclusion Requests – *Ashkenazi* Settlement." To be valid, the proposed Settlement Class Member's opt-out request must contain the proposed Settlement Class Member's name, original signature, current postal address, the cellular telephone number at which Defendant allegedly contacted the proposed Settlement Class Member, and a statement that the proposed Settlement Class Member wants to be excluded from the Settlement Class. No request for exclusion will be valid unless all of the information described above is included. To be valid, opt-out requests must be postmarked no later than 60 days after the date of mailing the Mail Notice identified in paragraph 12.3.2. To be valid, a request must not purport to opt out of the class of the Settlement Class Members for a group, aggregate, or class involving more than one individual. No Class Member or any person (including, but not limited to, an attorney) acting on behalf of or in concert or participation with a person who is a Class Member may exclude any other person from the Settlement Class. Requests for exclusions that do not comply with the requirements in this paragraph 18.1 are invalid.

18.2 **List of Opt-Outs.** The Settlement Administrator shall retain a copy of all requests for exclusion. No later than ten (10) business days after the deadline for submission of opt-out requests, the Settlement Administrator shall provide to Class Counsel and Defendant's Counsel a list of the names of all persons who have validly opted out of the class of Settlement Class Members.

18.3 **Representation of Opt-Outs.** Class Counsel affirms that this Settlement Agreement is fair, reasonable, and in the best interest of the Settlement Class Members. Class Counsel shall, if contacted, not represent any such opt-outs, but shall refer any such opt-outs to the applicable

15

local or state bar association for appropriate counsel with respect to any matters relating to the claims brought in this Action against any Released Party.

   18.4   **Objections from Settlement Class Members.**  Any Settlement Class Member who does not opt out may object to the Settlement Agreement or any other matters described in the Notice Program only as follows:

   18.4.1.   **Notice of Intent to Object.**  Settlement Class Members may appear at the Final Approval Hearing to object to any aspect of the Settlement, but only if the Settlement Class Member has first submitted a written objection to the Clerk of the Court, Class Counsel, and Defendant's Counsel. For an objection to be considered by the Court, the objection must be postmarked no later than 60 days after the date of mailing the Mail Notice identified in paragraph 12.3.2 and in compliance with all applicable New Jersey and federal laws and rules.   To be effective, an objection must be made individually by an individual Settlement Class Member, not as a member of a group or subclass and, except in the case of a deceased or incapacitated Settlement Class Member, not by the act of another person acting or purporting to act in a representative capacity.

   18.4.2.   **Contents of Objection.**  The objection must contain: (a) the objecting Settlement Class Member's name, current address, and current telephone number, as well as the cellular telephone number at which Defendant allegedly contacted the person in the Settlement Class; (b) the name of this Action and the case number; (c) a statement of each objection;  (d) a written brief detailing the specific basis for each objection, including any legal and factual support that the objecting Settlement Class Member wishes to bring to the Court's attention and any evidence the objecting Settlement Class Member wishes to introduce in support of the objection; (e) a statement confirming whether the objector intends to personally appear and/or testify at the Final Approval Hearing, and listing any counsel who will appear at the Final Approval Hearing on the objector's behalf and any witnesses the objector will call to testify at the Final Approval Hearing; (f) a list of all other cases in which the Class Member has filed an objection, and (g) the objector's signature (an attorney's signature is not sufficient).

   18.4.3   **Additional Contents for Represented Members.**   If the Settlement Class Member's objection is submitted through an attorney, the objection must contain, in addition to the information set forth in paragraph 18.4.2 of this Agreement: (a) the identity and number of the Class Members represented by objector's counsel; (b) the number of such represented Class Members who have opted out of the Class who are represented by the attorney submitting the objection; and (c) the number of such represented Settlement Class Members who have remained in the Settlement Class and have not objected.

   18.4.4   **Waiver of Right to Object.**  Any Settlement Class Member who does not provide a written objection in the manner described herein shall be deemed to have waived any objection and shall forever be foreclosed from making any objection to the fairness, reasonableness, or adequacy of the proposed Settlement, the plan of allocation, or the award of attorneys' fees, costs, expenses, and/or the Class Representative Award.

18.4.5. **Response to Objections.** Class Counsel and Defendant's Counsel may file any response to an objection no later than fourteen (14) days prior to the Final Approval Hearing. An objector may file any reply in support of his or her objection no later than seven (7) days prior to the Final Approval Hearing.

18.4.6. **Objectors' Counsel Fees.** If an objector's counsel will ask to be awarded attorneys' fees or expenses from a source other than his or her client, that counsel must file with the Court and serve on all Counsel, in addition to the documents described in paragraphs 18.4.2 and 18.4.3 of this Agreement, not later than 20 days before the Final Approval Hearing, a document containing the following information: (a) a description of the attorney's legal background and prior experience in connection with class action litigation, including all the previous cases in which the attorney has represented an objector to a class action settlement; (b) the amount of fees sought by the attorney for representing the objector and the factual and legal justification for the fees being sought; (c) a statement regarding whether the fees being sought were calculated on the basis of a lodestar, contingency, or other method; (d) the number of hours already spent by the attorney and an estimate of the hours to be spent in the future; and (e) the attorney's hourly rate.

## MISCELLANEOUS PROVISIONS

19.     This Agreement reflects, among other things, the compromise and settlement of disputed claims among the Parties hereto, and nothing in this Agreement nor any action taken to effectuate this Agreement is intended to be an admission or concession of liability by any party or third party or of the validity of any claim in any civil, criminal, or administrative proceeding in any court, administrative agency, or other tribunal. Nothing herein shall constitute an admission by Defendant that the Action is or was properly brought on a class or representative basis other than for settlement purposes, and the settlement, negotiation, and execution of this Agreement, and all acts performed or documents executed pursuant to or in furtherance of the Settlement are not, shall not be deemed to be, and may not be used as an admission of the appropriateness of these or similar claims for class certification. Defendant denies the allegations in the Action and contends that its conduct has been lawful and proper. Further, pursuant to Federal Rule of Evidence 408 and any applicable state or local rules of evidence, this Agreement and any related documents filed or created in connection with it shall be inadmissible in evidence of any proceeding, except as necessary to approve, interpret, or enforce this Agreement, and if this Agreement is approved by the Court, any Party or any of the Released Parties may file this Agreement, the Final Approval Order, and/or the Judgment in any action in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

20.     This Agreement is entered into only for purposes of settlement, and this Settlement is conditioned upon occurrence of the Effective Date. In the event that the Effective Date does not occur for any reason or the Agreement and/or Settlement is terminated as provided herein, this Agreement shall become null and void and the Parties will return, without prejudice, to the *status quo ante* as if no Settlement had been negotiated or entered into by the Parties. In the event the Agreement shall become null and void, the Parties shall be absolved from all obligations under this Agreement, and this Agreement, any draft thereof, and any discussion, negotiation, documentation, or other part or aspect of the Parties' settlement discussions leading to the execution of this Agreement or in support or furtherance of the Settlement shall have no effect

17

and shall not be admissible evidence for any purpose. Any classes certified or orders entered pursuant to the Settlement shall be null and void, shall not be an adjudication of any fact or issue for any purpose other than the attempted effectuation of this Agreement, and shall not be considered as law of the case, *res judicata*, or collateral estoppel in this or any other proceeding. In addition, the status of the Action shall revert to the state it was in prior to the Settlement, and the agreements contained herein (including the agreement not to oppose the certification of a class) shall be null and void, shall not be cited or relied upon as an admission as to the Court's jurisdiction or the propriety of certification, and the Parties shall have all rights, claims, and defenses that they had or were asserting.

21.     This Agreement shall be terminable at the option of any of the Parties within 10 days of any of the following events: (a) the Court fails to enter the Preliminary Approval Order, Final Approval Order or order contemplated by paragraph 13 above, or does so in a form different from the forms contemplated by this Agreement (and the entered form is not otherwise agreed to by all of the Parties and approved by the Court); (b) if this Agreement becomes null and void in accordance with paragraph 20 above; or (c) as otherwise provided in this Agreement. This Agreement also shall be terminable upon the mutual agreement of the Representative Plaintiff and Defendant.  If the attorneys' fees, costs, and/or the class representative awards approved by the Court are less than what Class Counsel or Plaintiff requested, this Agreement will be otherwise in full force and effect and binding on the Settlement Class Members, provided, however, that the Effective Date will not occur until any potential appeal is resolved.

22.     The obligations of Defendant with respect to the provision of the Settlement Fund, its activities with respect to the provision of necessary information to the Settlement Administrator pertaining to all individuals who are identified by Defendant as Class Members, or its assistance to the Settlement Administration therewith, and its service, acts, or omissions to the  Settlement Administrator (if any), shall be performed reasonably and in good faith, subject to the further provision that the terms of the Settlement and any Court orders shall control.

23.     The terms of this Settlement, including the fact of the proposed Settlement, shall remain confidential until all documents are executed and a motion for Preliminary Approval of the Settlement is filed with the Court; provided, however, that the Parties may jointly report the Settlement to the Court in the Action.  Defendant may, at its sole discretion, disclose the terms of the Settlement and the Parties' Memorandum of Understanding to its auditors and third parties as reasonably necessary to maintain normal business operations and have the Settlement internally effectuated.

24.     Unless the Parties agree otherwise in writing, Plaintiff and Class Counsel agree not to issue press releases, post on any websites or social media, or initiate any public statements regarding the Settlement, with the exception of the Notice Program.  No Party shall make any statements of any kind to any third party regarding the Settlement prior to filing a motion seeking entry of the Preliminary Approval Order with the Court, with the exception of the Settlement Administrator.  The Parties may make public statements to the Court as necessary to obtain entry of the Preliminary Approval Order or Final Approval Order, and Class Counsel will not be prohibited from communicating with any person in the Class regarding the Action or the Settlement.  In all communications, all Parties must comply with all confidentiality agreements or

BOS 48616469v1

protective orders in the Action (including specifically the Discovery Confidentiality Order entered January 28, 2016) and not disclose information that is not a part of the public record.

28. This Agreement shall be governed by and construed in accordance with the laws of the State of New Jersey.

26. The terms and conditions set forth in this Agreement constitute the complete and exclusive agreement between the Parties with respect to Settlement of the Action, and may not be contradicted by evidence of any prior or contemporaneous agreement, and no extrinsic evidence may be introduced in any judicial proceeding to interpret this Agreement. Any modification of this Agreement must be confirmed in a writing signed by Plaintiff's Counsel and Defendant's Counsel.

27. This Agreement shall inure to the benefit of the respective heirs, successors, and assigns of the Parties, the Releasing Parties, the Released Parties, and the beneficiaries of the Release, and the Releasing Parties, Released Parties, and the beneficiaries of the Release shall be deemed to be intended third party beneficiaries of this Agreement and, once approved by the Court, of the Settlement.

28. This Agreement may be amended or modified only by a written instrument signed by the Parties and their respective counsel and approved by the Court. The waiver by one Party of any provision or breach of this Agreement shall not be deemed a waiver of any other provision or breach of this Agreement.

29. Plaintiff represents and warrants that he has not assigned any claim or right or interest therein as against the Released Parties to any other person or entity and that he is fully entitled to release the same.

30. The Parties may agree, subject to the approval of the Court where required, to reasonable extensions of time to carry out the provisions of the Agreement.

31. Neither Plaintiff nor Defendant shall be considered to be the drafter of this Agreement or any of its provisions for the purpose of any statute, case law, or rule of interpretation or construction that would or might cause any provision to be construed against the drafter of this Agreement.

32. Each Party acknowledges, agrees, and specifically warrants that he, she, or it has fully read this Agreement and the Release contained in paragraph 16, received independent legal advice with respect to the advisability of entering into this Agreement and the Release, and the legal effects of this Agreement and the Release, and fully understands the effect of this Agreement and the Release.

33. This Agreement shall become effective for purposes of effectuating its purpose upon its execution by all of the Parties and counsel for all of Parties. The Parties and their counsel may execute this Agreement in counterparts. Each counterpart shall be deemed to be an original, and execution of counterparts shall have the same force and effect as if all Parties had signed the same instrument.

BOS 48616469v1

34.     Although the Court shall enter a Judgment, the Court shall retain jurisdiction over the interpretation, effectuation, enforcement, administration, and implementation of this Agreement.

35.     **List of Exhibits:**

35.1. Exhibit 1 – Claim Form

35.2. Exhibit 2 – Long Form Notice

35.3. Exhibit 3 – Proposed Preliminary Approval Order

35.4  Exhibit 4 – Proposed Final Approval Order

[Remainder of page left intentionally blank. Signature page follows.]

20

IN WITNESS WHEREOF, the undersigned, being duly authorized, have caused this Agreement to be executed on the dates shown below.

**For Plaintiff and the Class:**

_____     Date: _____
Eli Ashkenazi


DeNittis Osefchen Prince, P.C.

_____     Date: _____
Ross Schmierer

Marcus & Zelman LLP

_____     Date: 6/15/18
Ari Marcus

Todd M. Friedman, P.C.

_____     Date: 6/15/18
Todd M. Friedman



**For Bloomingdale's, Inc.**

_____     Date: _____
Authorized Representative
Bloomingdale's, Inc.

_____
Printed Name and Title


_____     Date: _____
David Jay
GREENBERG TRAURIG, LLP

_____     Date: _____
Chad D. Silker
MACY'S LAW DEPARTMENT

Counsel for Bloomingdale's, Inc.

21

IN WITNESS WHEREOF, the undersigned, being duly authorized, have caused this Agreement to be executed on the dates shown below.

**For Plaintiff and the Class:**

Eli Ashkenazi                                                    Date: 6/15/18

DeNittis Osefchen Prince, P.C.

Ross Schmierer                                                 Date: _____

Marcus & Zelman LLP

Ari Marcus                                                        Date: _____

Todd M. Friedman, P.C.

Todd M. Friedman                                            Date: 6/15/18

**For Bloomingdale's, Inc.**

Authorized Representative                              Date: _____
Bloomingdale's, Inc.

_____
Printed Name and Title

David Jay                                                        Date: _____
GREENBERG TRAURIG, LLP

Chad D. Silker                                               Date: _____
MACY'S LAW DEPARTMENT

Counsel for Bloomingdale's, Inc.

21

*BOS 48616469v1*

Scanned with CamScanner

IN WITNESS WHEREOF, the undersigned, being duly authorized, have caused this Agreement to be executed on the dates shown below.

**For Plaintiff and the Class:**

_____       Date: _____
Eli Ashkenazi


DeNittis Osefchen Prince, P.C.

_____       Date: 6/5/18
Ross Schmierer


Marcus & Zelman LLP

_____       Date: _____
Ari Marcus


Todd M. Friedman, P.C.

_____       Date: 6/15/18
Todd M. Friedman



**For Bloomingdale's, Inc.**

_____       Date: _____
Authorized Representative
Bloomingdale's, Inc.


_____
Printed Name and Title


_____       Date: _____
David Jay
GREENBERG TRAURIG, LLP


_____       Date: _____
Chad D. Silker
MACY'S LAW DEPARTMENT

Counsel for Bloomingdale's, Inc.

BOS 48616469v1

21

IN WITNESS WHEREOF, the undersigned, being duly authorized, have caused this Agreement to be executed on the dates shown below.

**For Plaintiff and the Class:**

_____     Date: _____
Eli Ashkenazi

DeNittis Osefchen Prince, P.C.

_____     Date: _____
Ross Schmierer

Marcus & Zelman LLP

_____     Date: _____
Ari Marcus

Todd M. Friedman, P.C.

_____     Date: _____
Todd M. Friedman


**For Bloomingdale's, Inc.**

_____     Date:  6/15/18
Authorized Representative
Bloomingdale's, Inc.

_President_____  Elisa D. Garcia
Printed Name and Title

_____     Date:  6/15/18
David Jay
GREENBERG TRAURIG, LLP

_____     Date:  6/15/18
Chad D. Silker
MACY'S LAW DEPARTMENT

Counsel for Bloomingdale's, Inc.

21

*BOS 48616469v1*

# Exhibit 1

*EXHIBIT 1*

*Eli Ashkenazi v. Bloomingdale's, Inc.,*
**Case No. 3:15-cv-02419**

_____, **Claims Administrator**          **Toll-Free Number: x-xxx-xxx-xxxx**
**PO Box [_____]**

**<<mail id>>**
**<<Name1>>**
**<<Name2>>**
**<<Address1>>**
**<<Address2>>**
**<<City>><<State>><<Zip>>**

## CLAIM FORM

**TO RECEIVE BENEFITS FROM THE SETTLEMENT, YOU MUST PROVIDE
ALL OF THE INFORMATION BELOW AND YOU MUST IDENTIFY WHAT FUND YOU ELECT.  IF THIS CLAIM
FORM IS SUBMITTED ONLINE, YOU MUST SUBMIT AN ELECTRONIC SIGNATURE.**

**YOUR CLAIM FORM MUST BE SUBMITTED ON OR BEFORE [INSERT CLAIM DEADLINE].**

1.  **CLAIMANT INFORMATION:**

_____    _____    _____
FIRST NAME       MIDDLE NAME       LAST NAME (FOR AUTHORIZED REPRESENTATIVE)

ADDRESS 1

ADDRESS 2

CITY                                        STATE        ZIP    -    (optional)

CELLULAR NUMBER(S) (where you received the text message)       E-MAIL ADDRESS (if available)

CLASS MEMBER ID (if known)

2.  **FUNDS (CHECK ONLY ONE BOX):**

☐ By checking this box I am choosing to receive funds out of the cash fund (up to $25)
☐ By checking this box I am choosing to receive funds out of the voucher fund (up to $50)

Date: _____        Signature: _____

### QUESTIONS? CALL [_____]

# Exhibit 2

EXHIBIT 2

*Eli Ashkenazi v. Bloomingdale's, Inc.*,
**United States District Court for the District of New Jersey,**
**Case No. 3:15-cv-2705**

**If you signed up for Bloomingdale's customer loyalty program known as Loyallist between August 24, 2014 and May 16, 2015 and thereafter received a text message from the short code 256-66 reading "Bloomingdale's Promo Alerts: Reply Y now to confirm you want texts! Reply HELP for help. 1 msg/wk. MSG&Data Rates May Apply. Q's 800-777-0000", you may be entitled to benefits under a class action settlement.**

*A federal court authorized this Notice. This is not a solicitation from a lawyer.*

- **This notice concerns the proposed settlement to resolve claims in the lawsuit *Eli Ashkenazi v. Bloomingdale's, Inc.*, U.S.D.C., District of New Jersey, Case No. 3:15-cv-2705.**

- **Plaintiff Eli Ashkenazi ("Plaintiff") alleges that Bloomingdale's, Inc. ("Bloomingdale's") violated the Telephone Consumer Protection Act 47 U.S.C. § 227, et seq. (the "TCPA") by sending text messages using an automatic telephone dialing system to the cellular telephones of persons who had not consented to receive such text messages. Bloomingdale's denies Plaintiff's allegations, denies any wrongdoing whatsoever, and has not conceded the truth or validity of any of the claims against it. By entering into the settlement, the parties seek to avoid the risks and costs associated with further litigation.**

- **If you signed up for the Loyallist program between August 24, 2014 and May 16, 2015 and thereafter received a short message service text message from the short code 256-66 reading "Bloomingdale's Promo Alerts: Reply Y now to confirm you want texts! Reply HELP for help. 1 msg/wk. MSG&Data Rates May Apply. Q's 800-777-0000", your rights may be affected by this class action settlement.**

- **Depending upon how many class members submit valid claim forms, claimants may choose to receive up to $25 in cash or up to $50 in Bloomingdale's voucher value.**

- **The Settlement will provide a total of $1,400,000 (the "Settlement Fund"), including $750,000 in cash and $650,000 in vouchers, to settle and release claims of persons who signed up for a Loyallist account and thereafter received the above described text message on their cellular telephone during the time period set forth above (the "Settlement Class").**

- **The Settlement Fund shall be used to pay all amounts related to the settlement, including awards to Settlement Class Members who submit a valid and timely claim form to receive payment ("Claim Form"), attorneys' fees and costs to attorneys representing Plaintiff and the Settlement Class ("Class Counsel"), any service awards to Plaintiff, and the costs of notice and administration of this Settlement. Any cash remaining in the Settlement Fund after paying all valid and timely claims for cash and the other above identified items will be distributed *cy pres* to _____, a charity approved by the Court. Any voucher value remaining in the Settlement**

EXHIBIT 2

**Fund after paying all valid and timely claims for vouchers to Settlement Fund Members shall be considered void.**

- **Your rights and options relating to the settlement, and the deadlines by which to exercise them, are explained in this Notice. Your legal rights are affected whether you act or don't act. Read this Notice carefully.**

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT: | |
|---|---|
| SUBMIT A CLAIM FORM | If you are eligible to submit a Claim and submit a valid Claim Form by _____, you will receive your choice of a cash or voucher payment and will give up your rights to sue Bloomingdale's, Inc. and/or any other released parties on a released claim. Claim Forms may be submitted by mail to _____ or by email to _____. |
| EXCLUDE YOURSELF OR "OPT-OUT" OF THE SETTLEMENT | If you ask to be excluded, you will not receive a payment. This is the only option that allows you to pursue your own claims against Bloomingdale's, Inc. and/or other released parties in the future. The deadline for excluding yourself is _____. |
| OBJECT TO THE SETTLEMENT | Write to the Court about why you believe the settlement is unfair in any respect. The deadline for objecting is _____. To obtain a benefit from this settlement, you must still submit a Claim Form. If you submit only an objection, you will not receive any benefit from the settlement, and you will give up your rights to sue Bloomingdale's, Inc. and/or any other released parties on a released claim. |
| DO NOTHING | If you do nothing, you will not receive any cash or voucher payment, but you will give up your rights to sue Bloomingdale's, Inc. and/or any other released parties on a released claim. |
| GO TO THE FINAL APPROVAL HEARING | Ask to speak in Court about the fairness of the settlement. To speak at the Final Approval Hearing, you first must submit a timely written objection which complies with the requirements set forth below. |

EXHIBIT 2

- These rights and options—and the deadlines to exercise them—are explained in this Notice.

- The Court still has to decide whether to approve the settlement. Payments will be made if the Court approves the settlement and after any appeals are resolved. Please be patient.

## BASIC INFORMATION

### 1. What is the purpose of this Notice?

The purpose of this Notice is to inform you that a proposed Settlement has been reached in the lawsuit entitled *Eli Ashkenazi v. Bloomingdale's, Inc.*, U.S.D.C. District of New Jersey, Case No. 3:15-cv-2705. Because your rights will be affected by this settlement, it is extremely important that you read this Notice carefully.

### 2. What does it mean if I received an email or mailing about this settlement?

If you received an email or mailingdescribing this settlement, that is because Bloomingdale's records indicate that you may be a member of the Settlement Class.

### 3. What is this class action lawsuit about?

In a class action, one or more people called class representatives (here, Plaintiff) sue on behalf of people who allegedly have similar claims. This group is called a class, and the persons included are called class members. One court resolves the issues for all of the class members, except for those who exclude themselves from the class.

Here, Plaintiff, for himself and on behalf of an alleged class of people, claims Bloomingdale's violated the TCPA by sending a marketing text message to persons' cellular telephone numbers without first obtaining prior express consent. Bloomingdale's denies these allegations and denies any claim of wrongdoing; however, in order to avoid the expense, inconvenience, and distraction of continued litigation, the parties have agreed to the settlement described herein. The Court has conditionally certified the Settlement Class for settlement purposes only. The Honorable Peter G. Sheridan is in charge of this action.

### 4. Why is there a settlement?

The Court has not decided in favor of Plaintiff or Defendant. Instead, both sides agreed to the settlement, thereby avoiding the risk and cost of further litigation and ensuring Settlement Class Members will receive some compensation for their claims. Plaintiff and Class Counsel think the settlement is best for all persons in the Settlement Class.

## WHO IS IN THE SETTLEMENT CLASS?

### 5. How do I know if I am a part of the Settlement Class?

EXHIBIT 2

The Court has certified the Settlement Class for settlement purposes only.  The Settlement Class is defined as:

> "All persons who, upon signing up for Bloomingdale's customer loyalty program known as "Loyallist" between August 24, 2014 and May 16, 2015, were sent a text message successfully transmitted from the short code 256-66 reading "Bloomingdale's Promo Alerts: Reply Y now to confirm you want texts! Reply HELP for help. 1 msg/wk. MSG&Data Rates May Apply. Q's 800-777-0000".

"Settlement Class Member" is defined as "any person in the Settlement Class who does not validly opt out of the Settlement or is not otherwise validly excluded from the Settlement Class."  If you are still not sure whether you are included, you may write to the Claims Administrator at _____, c/o _____, or you may call the Toll-Free Settlement Hotline, 1-_____, for more information.

## THE LAWYERS REPRESENTING YOU

### 6.  Do I have lawyers in this case?

The Court has appointed the law firms of Marcus & Zelman, LLC, DeNittis Osefchen Prince PC and Todd M. Friedman, P.C., as Class Counsel to represent you and the other persons in the Settlement Class.  You will not be personally charged by these lawyers.

### 7.  How will Class Counsel be paid?

Class Counsel will ask the Court to approve payment of up to thirty percent of the Settlement Fund, which is $420,000, to them for attorneys' fees, plus actual litigation expenses not to exceed $30,000.  Class Counsel also will ask the Court to approve payment of up to $10,000 to the Plaintiff for his services as Class Representative.  The Court may award less than these amounts.

## THE SETTLEMENT BENEFITS – WHAT YOU GET

### 8.  What does the settlement provide?

**Settlement Fund**.  Bloomingdale's will pay the total amount of $1,400,000, consisting of $750,000 in cash and $650,000 in voucher value, into the Settlement Fund, which will cover:  (1) cash payments on a pro rata basis up to $25 to Settlement Class Members who submit timely and valid Claim Forms and elect this benefit; (2) voucher payments on a pro rata basis up to $50 to Settlement Class Members who submit timely and valid Claim Forms and elect this benefit; (3) an award of attorneys' fees and costs to Class Counsel, in an amount not to exceed $420,000 (30%) of the Settlement Fund, plus actual litigation expenses not to exceed $30,000, as approved by the Court; (4) a service award to Plaintiff, in an amount not to exceed $10,000, as approved by the Court; (5) the costs of notice and administration of the Settlement; and (6) if there are any uncashed checks or if any money is remaining in the Cash Settlement Fund after distribution of the cash payments to those who submitted timely and valid Claim Forms, a charitable contribution, which must also be approved by the Court.

EXHIBIT 2

**Payments**.  All Settlement Class Members are eligible to submit a Claim Form and receive their choice of a cash or voucher payment.  To submit a Claim Form, follow the procedures described under Question 11 below.

**No Cash Portion of the Settlement Fund Will Return to Bloomingdale's.**  Any cash remaining in the Settlement Fund after paying all valid and timely claims for cash payments to Settlement Class Members, attorneys' fees and costs to Class Counsel, any service award to Plaintiff and the costs of notice and administration of the settlement will be distributed to _____, a *cy pres* recipient approved by the Court.  No cash portion of the Settlement Fund will return to Bloomingdale's.  **Any voucher value remaining in the Settlement Fund after paying all valid and timely claims for vouchers to Settlement Fund Members shall be considered void.**

### 9.  How much will my payment be?

Your share of the Settlement Fund will depend on the number of valid and timely Claim Forms that Settlement Class Members submit requesting a particular award, subject to a cap of $25 in cash or $50 in voucher value per class member.  **Class Members may only submit one Claim Form and will be entitled to collect only one award, regardless of how many texts they received, the number of Loyallist accounts created by a Class Member, or how many cell phone numbers on which they received a text message.**

### 10.  What am I giving up to stay in the Settlement Class?

Unless you exclude yourself from the settlement, you will be part of the Settlement Class and will be bound by the release of claims in the settlement.  This means that if the settlement is approved, you cannot sue, continue to sue, or be part of any other lawsuit against, Bloomingdale's and/or any other released parties for a released claim, as explained in the Settlement Agreement.  It also means that all of the Court's orders will apply to you and legally bind you.  If you sign the Claim Form or do nothing, you and each of your respective executors, representatives, guardians, wards, heirs, estates, bankruptcy estates, bankruptcy trustees, successors, predecessors, guardians, wards, joint tenants, tenants in common, tenants by the entirety, co-borrowers, co-obligors, co-debtors, attorneys, partners, agents and assigns, and anyone who regularly used, subscribed to, was authorized to use, or was in any way responsible for a cellular phone account or cellular phone number which received the text messages that are the subject of the Action, and all those who claim through them or who assert claims (or could assert claims) on their behalf (including bankruptcy trustees in the capacity as *parens patriae* or on behalf of creditors or estates of the Representative Plaintiff or Class Members) (**"Releasing Parties"**), will be deemed to have completely released and forever discharged Defendant and each of its past and present officers, directors, shareholders, trustees, beneficiaries, members, partners, employees, predecessors, successors in interest, attorneys, agents, assigns, owners, subsidiaries, parent companies, affiliates, vendors, service providers, accountants and representatives (**"Released Parties"**) from any and all claims, demands, rights, duties, obligations, actions, suits, liabilities, or causes of action, whether class, individual, or otherwise in nature, or whether arising under local, state, or federal law, or whether by Constitution, statute, contract, rule, regulation, any regulatory promulgation (including, but not limited to, any opinion or declaratory ruling), common law or equity, whether known or unknown, suspected or unsuspected, asserted or unasserted, foreseen or unforeseen, actual or contingent, liquidated or unliquidated, punitive or compensatory, arising out of or relating in any way to the facts, occurrences, transactions, or other matters alleged in the First Amended

EXHIBIT 2

Complaint regarding the text messages that are the subject of the Action and the alleged violation of the TCPA or any law in sending any such text messages that are the subject of the Action, through the Effective Date of this Agreement (the **"Released Claims"**), as detailed in the Settlement Agreement.

In an individual TCPA lawsuit, a plaintiff may recover between $500 and $1,500 per violation. However, Bloomingdale's would vigorously defend all aspects of such a case, including for example arguments that they had consent to text any person who provided his/her cell phone number to them, and that they did not use an automatic telephone dialing system to send text messages. Moreover, Class Counsel will not represent you in such a case. This settlement offers Class Members who send in a valid claim form with less money than if they were to prevail at trial, in exchange for protection from the uncertainties and costs of such a suit.

In summary, the Release includes, without limitation, all claims that arise out of the sending by Bloomingdale's or any of its agents or affiliates, acting for or on their behalf, from any claim arising out of the text messages that are the subject of the Action, including, but not limited to, claims under or for violation of the TCPA, and the regulations promulgated thereunder and relevant case law, and all claims for violation of any other state or federal statutory or common law that regulates, governs, prohibits or restricts the use of text messages.

If you have any questions about the Release or what it means, you can speak to Class Counsel, listed under Question 6, for free, or you can, at your own expense, talk to your own lawyer. The Release does not apply to persons potentially in the Settlement Class who timely exclude themselves.

## HOW TO OBTAIN A PAYMENT

**11. How can I get a payment?**

To receive your choice of payment, you must submit a Claim Form. A copy has been included with this Notice. You also may get a Claim Form by calling the Toll-Free Settlement Hotline, _____. **Read the instructions carefully, fill out the form completely and accurately, and submit it**. To be valid, the Claim Form must be completed fully and accurately and submitted timely. A Claim Form may be submitted by mail to the Settlement Administrator at: _____, c/o _____ or by electronic mail at: _____.

If you are submitting your Claim Form by email, it must be submitted no later than _____. If you are mailing your Claim Form to the Settlement Administrator, it must be postmarked by _____.

## WHEN WILL I RECEIVE MY SETTLEMENT PAYMENT?

**12. When would I receive a settlement payment?**

The Court will hold a Final Approval Hearing on _____ to decide whether to approve the settlement. If the Court approves the settlement, after that, there may be appeals. It is always

EXHIBIT 2

uncertain whether these appeals can be resolved, and resolving them can take time, perhaps more than a year.   Please be patient.

## EXCLUDING YOURSELF FROM THE SETTLEMENT

**13.  How do I get out of the settlement?**

The court will exclude from the Settlement Class any member who requests exclusion.  If you do not want a payment from this settlement, and you want to keep the right to sue or continue to sue Bloomingdale's or a released party that may have been involved in the text message that is the subject of this action, then you must take steps to get out of the Settlement Class.  This is called excluding yourself from, or opting-out of, the Settlement Class.

To exclude yourself from the settlement, you must send a written request to the Settlement Administrator addressed to "Exclusion Requests – *Ashkenazi* Settlement."   To be valid, an exclusion request must:  (i) be personally signed by the person in the Settlement Class who is requesting exclusion; (ii) include the full name, current address, and the cellular telephone number at which Bloomingdale's allegedly contacted the person in the Settlement Class requesting exclusion; and (iii) include the following statement: "I request to be excluded from the Settlement in the *Ashkenazi* action."  No request for exclusion will be valid unless all of the information described above is included.  No person in the Settlement Class, or any person acting on behalf of or in concert or participation with that person in the Settlement Class, may exclude any other person or any group of persons from the Settlement Class.

**To be valid, you must mail your exclusion request postmarked no later than _____ to the Settlement Administrator addressed to "Exclusion Requests – *Ashkenazi* Settlement" at _____, c/o _____.**

**14.  If I do not exclude myself, can I sue Bloomingdale's for the same thing later?**

No.   If you do not exclude yourself, you give up any right to sue (or continue to sue) Bloomingdale's or any released parties for the claims that this settlement resolves.

**15.  If I exclude myself, can I get a benefit from this settlement?**

No.  If you ask to be excluded, you will not be able to submit a Claim Form for a settlement payment, and you cannot object to the settlement.

## OBJECTING TO THE SETTLEMENT

**16.  How do I tell the Court that I do not think the settlement is fair?**

If you are in the Settlement Class, you can object to the settlement or any part of the settlement that you think the Court should reject, and the Court will consider your views.  If you do not provide a written objection in the manner described below, you shall be deemed to have waived any objection and shall forever be foreclosed from making any objection to the fairness, reasonableness, or adequacy of the settlement or the award of any attorneys' fees and costs and/or service awards.

EXHIBIT 2

To object, you must make your objection in writing to the Clerk of the Court, Class Counsel, and Defendant's Counsel stating that you object to the settlement in Eli Ashkenazi v. Bloomingdale's, Inc., Case No. 3:15-cv-02705-PGS-DEA. To be considered by the Court, the written objection must be made individually by an individual Settlement Class Member, not as a member of a group or subclass and, except in the case of a deceased or incapacitated Settlement Class Member, not by the act of another person acting or purporting to act in a representative way, and contain (a) the objecting Settlement Class Member's name, address, and current telephone number, (b) the name of the case, (c) the cellular telephone number at which Bloomingdale's allegedly contacted the person in the Settlement Class, (d) all grounds for the objection, accompanied by any legal support for the objection known to you or your counsel, if you have one; (e) the identify of all counsel who represent you, including any former or current counsel who may be entitled to compensation for any reason related to the objection to the settlement or fee application; (f) a statement confirming whether the objector intends to personally appear at the Final Approval Hearing, and listing any counsel who will appear at the Final Approval Hearing on the objector's behalf and any witnesses the objector will call to testify at the Final Approval Hearing; and (g) your signature (an attorney's signature is not sufficient). If the Settlement Class Member's objection is submitted through an attorney, the objection also must contain the number of Class Members represented by objector's counsel, the number of such represented Class Members who have opted out of the Class who are represented by the attorney submitting the objection, and the number of such represented Settlement Class Members who have remained in the Settlement Class and have not objected.

**To be considered, you must file your objections with the Clerk of the Court and mail your objections to the addresses below no later than _____.**

For Plaintiff:                              For Bloomingdale's, Inc.:

Ari H. Marcus                              David Jay
Marcus & Zelman, LLC                       Greenberg Traurig, LLP
1500 Allaire Avenue, Suite 101             500 Campus Drive, Suite 400
Ocean, New Jersey 07712                    Florham Park, NJ 07932-0677

**Even if you timely and properly object, to obtain a benefit from this settlement, you must submit a Claim Form. If you object but fail to submit a Claim Form, you will not receive any monetary award.**

**17.  What is the difference between objecting and excluding yourself?**

Objecting is telling the Court that you do not like something about the settlement. You can object only if you stay in the Settlement Class. Excluding yourself means that you do not want to be part of the Settlement Class. If you exclude yourself, you have no basis to object because the case no longer affects you.

EXHIBIT 2
## IF YOU DO NOTHING

### 18. What happens if I do nothing at all?

If you do nothing, you will remain a member of the Settlement Class, but you will not receive any monetary or voucher award, and you will give up your rights to sue Bloomingdale's and/or any other released parties on a released claim. For information relating to what rights you are giving up, see Question 10.

## THE FINAL APPROVAL HEARING

### 19. When and where will the Court decide whether to approve the settlement?

The Court will hold a Final Approval Hearing at _____ a/p.m. on _____ at the United States District Court for the District of New Jersey, 402 E. State Street, Trenton, NJ 08608. At this hearing, the Court will consider whether the settlement is fair, reasonable and adequate. If there are valid objections that comply with the requirements in Question 16 above, the Court also will consider them and will listen to people who have asked to speak at the hearing. The Court may also decide how much to pay to Class Counsel and Plaintiff.

The Final Approval Hearing may be moved to a different date or time without additional notice.

### 20. Do I have to come to the hearing?

No. Class Counsel will appear on behalf of the Settlement Class. You are welcome to come, or have your own lawyer appear, at your own expense.

### 21. May I speak at the hearing?

You may ask the Court for permission to speak at the Final Approval Hearing, but only in connection with an objection that you have timely submitted to the Court according to the procedure set forth in Question 16 above. To speak at the Final Approval Hearing, you must also send a letter to the Clerk of the Court stating your intention to appear in *Eli Ashkenazi v. Bloomingdale's, Inc.*, Case No. 3:15-cv-2705, as set forth in Question 16 above. For this document to be considered, it must include the items set forth in Question 16 above. The document must be postmarked no later than _____ and be sent to all addresses in Question 16 in addition to the Clerk of the Court. You cannot speak at the hearing if you exclude yourself from the settlement.

EXHIBIT 2
## GETTING MORE INFORMATION

**22.  How do I get more information?**

This notice is only a summary of the proposed settlement.  You can get a copy of the settlement agreement by writing to the address below or calling the Toll-Free Settlement Hotline, _____.  You can also contact Class Counsel with any questions at _____ or _____.

**DO NOT CALL OR WRITE TO THE COURT OR THE CLERK OF THE COURT EXCEPT AS TO PROVIDE ANY OBJECTION TO THE SETTLEMENT PURSUANT TO THE PROCEDURE ABOVE. DO NOT CONTACT BLOOMINGDALE'S OR BLOOMINGDALE'S COUNSEL ABOUT THE SETTLEMENT.   STORE OR TELEPHONE   REPRESENTATIVES   OF   BLOOMINGDALE'S   ARE   NOT AUTHORIZED TO CHANGE THE TERMS OF THE SETTLEMENT OR THIS NOTICE.**

# Exhibit 3

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **ELI ASHKENAZI,** Individually, and on behalf of all others similarly situated,<br><br> Plaintiffs,<br><br> vs.<br><br>**BLOOMINGDALE'S INC.**<br><br> Defendant. | **Civil Action No. 3:15-cv-02705-PGS-DEA**<br><br>**[Proposed] Order Granting Motion for Preliminary Approval** |

This matter came before the Court on Plaintiff's Motion for Preliminary Approval of the proposed class action settlement (the "Settlement") in the case entitled <u>Eli Ashkenazi v. Bloomingdale's, Inc.</u>, United States District Court for the District of New Jersey Case No. 3:15-cv-2705 (the "Action"). The Action is brought by plaintiff Eli Ashkenazi ("Plaintiff"), individually and on behalf of all others similarly situated, against defendant Bloomingdale's, Inc. ("Bloomingdale's" and, together with Plaintiff, the "Parties"). Based on this Court's review of the Parties' Settlement Agreement and Release (the "Settlement Agreement"), Plaintiff's Motion for Preliminary Approval of Settlement, and the arguments of counsel, THE COURT HEREBY FINDS AND ORDERS AS FOLLOWS:

2

1.  <u>Settlement Terms</u>.  Unless otherwise defined herein, all terms in this Order shall have the meanings ascribed to them in the Settlement Agreement.

2.  <u>Jurisdiction</u>.  The Court has jurisdiction over the subject matter of the Action, the Parties, and all persons in the Settlement Class.

3.  <u>Scope of Settlement</u>.  The Agreement resolves all claims for the Class alleged in the First Amended Complaint filed in the District of New Jersey on June 26, 2015.  <u>See</u> Dkt. 12.

4.  <u>Preliminary Approval of Proposed Settlement Agreement</u>.  The Court has conducted a preliminary evaluation of the Settlement as set forth in the Settlement Agreement.  Based on this preliminary evaluation, the Court finds that: (a) the Agreement is fair, reasonable and adequate, and within the range of possible approval; (b) the Settlement Agreement has been negotiated in good faith at arm's length between experienced attorneys familiar with the legal and factual issues of this case; and (c) with respect to the forms of notice of the material terms of the Settlement to persons in the Settlement Class for their consideration (Exs. 1 and 2 to the Settlement Agreement), that notice is appropriate and warranted.  Therefore, the Court grants preliminary approval of the Settlement.

5.  <u>Class Certification for Settlement Purposes Only</u>.  The Court, pursuant to Rule 23 of the Federal Rules of Civil Procedure, conditionally certifies, for purposes of this Settlement only, the following Settlement Class:

3

All persons who, upon signing up for Bloomingdale's customer loyalty program known as "Loyallist" between August 24, 2014 and May 16, 2015, were sent a successfully transmitted text message from the short code 256-66 reading "Bloomingdale's Promo Alerts: Reply Y now to confirm you want texts! Reply HELP for help. 1 msg/wk. MSG&Data Rates May Apply. Q's 800-777-0000".

6.     In connection with this conditional certification, the Court makes the

following preliminary findings:

(a)     The Settlement Class appears to be so numerous that joinder of

all members is impracticable;

(b)     There appear to be questions of law or fact common to the

Settlement Class for purposes of determining whether the Settlement should be

approved;

(c)     Plaintiff's claims appear to be typical of the claims being

resolved through the Settlement;

(d)     Plaintiff appears to be capable of fairly and adequately

protecting the interests of all members of the Settlement Class in connection with

the Settlement;

(e)     For purposes of determining whether the Settlement Agreement

is fair, reasonable, and adequate, common questions of law and fact appear to

predominate over questions affecting only individual persons in the Settlement

Class.  Accordingly, the Settlement Class appears to be sufficiently cohesive to

warrant settlement by representation; and

(f)     For purposes of the Settlement, certification of the Settlement Class appears to be superior to other available methods for the fair and efficient settlement of the claims of the Settlement Class.

7.     <u>Class Representative</u>.  The Court appoints Plaintiff to act as class representative of the Settlement Class pursuant to Rule 23 of the Federal Rules of Civil Procedure.

8.     <u>Class Counsel</u>.  The Court appoints Ross Schmierer of DeNittis Osefchen Prince, P.C, Todd Friedman and David Levin of Todd M. Friedman, P.C., and Ari Marcus of Marcus & Zelman LLC as Class Counsel pursuant to Rule 23 of the Federal Rules of Civil Procedure.

9.     <u>Final Approval Hearing</u>.  At _____ _.m. on _____, in Courtroom _____ of United States Courthouse, 402 E. State Street, Trenton, NJ 08608, or at such other date and time later set by Court Order, this Court will hold a Final Approval Hearing on the fairness, adequacy and reasonableness of the Settlement Agreement and to determine whether (a) final approval of the Settlement embodied in the Settlement Agreement should be granted, and (b) Class Counsel's application for attorneys' fees and expenses, and service award to Plaintiff, should be granted, and in what amount.  No later than _____, which is fourteen (14) days prior to the Final Approval Hearing, papers in support of final approval of the Settlement and response to any written objections must be filed.

10.   <u>Settlement Claims Administrator</u>.  Kurtzman Carson Consultants LLC ("KCC") ("Claims Administrator") is hereby appointed as the Claims Administrator and shall be required to perform all the duties of the Claims Administrator as set forth in the Settlement Agreement and this Order.

11.   <u>Class Notice</u>.  The Court approves the proposed plan for giving notice to the Settlement Class directly by email and, where applicable, mail, as more fully described in Plaintiff's Motion and the Settlement Agreement ("Notice Program"). The Notice Program, in form, method and content, complies with the requirements of Rule 23 of the Federal Rules of Civil Procedure and due process, and constitutes the best notice practicable under the circumstances.  The Court hereby directs the Parties and the Claims Administrator to complete all aspects of the Notice Program no later than _____ ("Notice Deadline").

12.   The Claims Administrator will file with the Court by no later than _____, which is _____ days prior to the Final Approval Hearing, proof that notice was provided in accordance with the Settlement Agreement and this Order.

13.   <u>Claim Period</u>.  Settlement Class Members must submit claims within 100 days after the Notice Deadline (the "Claim Period").  To submit a claim, a Settlement Class Member must submit a valid and timely Claim Form, following the directions in the Claim Form.

14. <u>Opt-Out and Objection Deadline</u>.  Persons in the Settlement Class who wish to either object to the Settlement or request exclusion from the Settlement Class must do so by sending out requests which must be postmarked no later than 60 days after the date of mailing the Long Form Notice and Claim Form by KCC.  Persons in the Settlement Class may not both object and opt-out.  If a person both requests to opt-out and objects, the request to opt-out will control.

15. <u>Exclusion from the Settlement Class</u>.  To request exclusion from the Settlement Class, a person in the Class must follow the directions in the Class Notice and send a compliant request to the Settlement Administrator at the address designated in the Class Notice by the Opt-Out and Objection Deadline.  Exclusion requests must: (i) be personally signed by the person in the Class who is requesting exclusion or, in the case of entities, an authorized representative of the entity which is requesting exclusion; (ii) include the full name and current address, of the person in the Class requesting exclusion; (iii) include the cellular telephone number at which Defendant allegedly contacted the person in the Class; and (iii) include the following statement:  "I request to be excluded from the settlement in the <u>Ashkenazi v. Bloomingdale's</u> action."  No request for exclusion will be valid unless all of the foregoing information is included.  No person in the Settlement Class or acting on behalf of or in concert or participation with that person in the

7

Class (including, but not limited to an attorney) may exclude any other person or any group of persons from the Settlement Class.

16.     The Claims Administrator will retain a copy of all requests for exclusion.  Not later than fourteen (14) days before the Final Approval Hearing, the Claims Administrator will file under seal with the Court a declaration that lists all of the exclusion requests received.

17.     If a timely and valid exclusion request is made by a person in the Class, then the Settlement Agreement and any determinations and judgments concerning the Settlement will not bind the excluded person.

18.     All Settlement Class Members will be bound by all determinations and judgments concerning the Settlement.

19.     Objections to the Settlement.  To object to the Settlement, Settlement Class Members must follow the directions below and in the Class Notice and file a written objection with the Court by the Opt-Out and Objection Deadline. Settlement Class Members also must mail the objection by the Opt-Out and Objection Deadline to each of the following:  (i) Class Counsel – Marcus & Zelman, LLC 1500 Allaire Avenue, Suite 101, Ocean, New Jersey 07712; (ii) Bloomingdale's Counsel – David Jay, Greenberg Traurig, LLP, 500 Campus Drive, Suite 400, Florham Park, NJ 07932-0677. In connection with an objection, the Settlement Class Member must:  (a) provide the objecting Settlement Class

Member's name, current address, and current telephone number, as well as the

cellular telephone number at which Bloomingdale's allegedly contacted the person

in the Settlement Class; (b) the name of this Action and the case number; (c) a

statement of such Settlement Class Member's specific objections; (d) a written

brief detailing the specific basis for each objection, including any legal and factual

support that the objecting Settlement Class Member wishes to bring to the Court's

attention and any evidence the objecting Settlement Class Member wishes to

introduce in support of the objection; (e) a statement confirming whether the

objector intends to personally appear and/or testify at the Final Approval Hearing

and listing any counsel who will appear at the Final Approval Hearing on the

objector's behalf and any witnesses the objector will call to testify at the Final

Approval Hearing; (f) a list all other cases in which the Class Member has filed

an objection; (g) if the Settlement Class Member is represented by an attorney,

the identify of all counsel who represent the objector, the identity and number of

the Class Members represented by objector's counsel, the number of such

represented Class Members who have opted out of the Class who are represented

by the attorney submitting the objection, and the number of such represented

Class Members who have remained in the Settlement Class and have not

objected; and (h) the objector's signature (an attorney's signature is not

sufficient). The Court will not consider an objection unless the objection includes all of the foregoing information.

20.     Any Settlement Class Member who fails to comply with Paragraph 19 will not be permitted to object to the Settlement at the Final Approval Hearing, will be foreclosed from seeking any review of the Settlement by appeal or other means, will be deemed to have waived his, her, or its objections, and will be forever barred from making any objections in the Action or any other related action or proceeding. All Settlement Class Members will be bound by all determinations and judgments in the Action, whether favorable or unfavorable to the Settlement Class.

21.     If for any reason whatsoever this Settlement is not finalized or the Settlement as detailed in the Settlement Agreement is not finally approved by the Court, the certification of the Settlement Class shall be void and the Parties and the Action will return to the status quo as it existed prior to the Agreement, and no doctrine of waiver, estoppel, or preclusion will be asserted in any proceedings, in response to any motion seeking class certification, any motion seeking to compel arbitration or otherwise asserted at any other stage of the Action or in any other proceeding. No agreements, documents, or statements made by or entered into by any Party in connection with the Settlement may be used by Plaintiff, any person in the proposed Settlement Class, Bloomingdale's, or any other person to establish

liability, any defense, and/or any of the elements of class certification, whether in the Action or in any other proceeding.

22.   <u>No Admission of Liability</u>.  The Agreement and any and all negotiations, documents, and discussions associated with it, will not be deemed or construed to be an admission or evidence of any violation of any statute, law, rule, regulation or principle of common law or equity, or of any liability or wrongdoing by Bloomingdale's, or the truth of any of the claims.  Evidence relating to the Settlement Agreement will not be discoverable or used, directly or indirectly, in any way, whether in the Action or in any other action or proceeding, except for purposes of demonstrating, describing, implementing or enforcing the terms and conditions of the Agreement, this Order, and the Final Approval Order.

23.   <u>Reasonable Procedures to Effectuate the Settlement</u>.  Counsel are hereby authorized to use all reasonable procedures in connection with approval and administration of the Settlement that are not materially inconsistent with this Order or the Settlement Agreement, including making, without further approval of the Court, minor changes to the form or content of the Class Notice and Claim Form and other exhibits that they jointly agree are reasonable and necessary.  The Court reserves the right to approve the Settlement Agreement with such modifications, if any, as may be agreed to by the Parties without further notice to persons in the Settlement Class.

24.     <u>Stay/Bar of Proceedings</u>.  All proceedings in this Action are stayed upon entry of this Order, except as may be necessary to implement the Settlement or this Order.

25.     <u>Schedule of Future Events</u>.  Accordingly, the following are the deadlines by which certain events must occur:

IT IS SO ORDERED.

Dated:_____     _____
                                  Hon. Peter G. Sheridan
                                  United States District Judge

12

# Exhibit 4

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

**ELI ASHKENAZI,** Individually, and on behalf of all others similarly situated,

Plaintiffs,

vs.

**BLOOMINGDALE'S, INC.**

Defendant.

**Civil Action No. 3:15-cv-02705-PGS-DEA**

**[Proposed] Order Granting Motion for Final Approval**

The Court having held a Final Approval Hearing on _____, 2018 at XX:XX x.m., notice of the Final Approval Hearing having been duly given in accordance with this Court's Order (1) Conditionally Certifying a Settlement Class, (2) Preliminarily Approving Class Action Settlement, (3) Approving the Settlement Notice Program, and (4) Setting Final Approval Hearing for Settlement ("Preliminary Approval Order"), and having considered all matters submitted to it at the Final Approval Hearing and otherwise, and finding no just reason for delay in entry of this Final Judgment and good cause appearing therefore,

It is hereby ORDERED, ADJUDGED AND DECREED as follows:

1.     The Settlement Agreement and Release, including its exhibits, fully executed on _____, 2018 (the "Settlement Agreement"), and the definitions contained therein are incorporated by reference in this Order.  The terms of this

Court's Preliminary Approval Order (Dkt. No. ___) are also incorporated by reference in this Order.

      2.     This Court has jurisdiction over the subject matter of this Action and over the Parties pursuant to 28 U.S.C. §§ 1331 and 1332, including all members of the Settlement Class certified for settlement purposes in this Court's Preliminary Approval Order.

      3.     The Settlement Class means "All persons who, upon signing up for Bloomingdale's customer loyalty program known as "Loyallist" between August 24, 2014 and May 16, 2015,  were sent a successfully transmitted text message from the short code 256-66 reading  "Bloomingdale's Promo Alerts: Reply Y now to confirm you want texts! Reply HELP for help. 1 msg/wk. MSG&Data Rates May Apply. Q's 800-777-0000"."  Excluded from the Settlement Class are the Judge to whom the Action is assigned and any member of the Judge's staff and immediate family, as well as all persons who are validly excluded from the Settlement Class.  All Persons who validly excluded themselves from the Settlement Class are not Settlement Class Members as that term is defined and used herein, and shall not be bound by this Final Approval Order or any release provided herein.  A list identifying all Persons who validly excluded themselves from the Settlement Class has been filed under seal with the Court (see Dkt. No. _____).

4.     The Court has considered and hereby overrules all objections to the Settlement.  After consideration of all relevant factors, the Court finds that none of the objections are well-founded and that the Settlement, taken as a whole, is fair, reasonable, and adequate to all concerned.

5.     The Court hereby finds that the Settlement Agreement is the product of arm's-length settlement negotiations between Plaintiff and Class Counsel, on the one hand, and Bloomingdale's and its respective counsel, on the other hand.

6.     The Court hereby finds and concludes that Class Notice was disseminated to members of the Settlement Class in accordance with the terms set forth in Section 12 of the Settlement Agreement and this Court's Preliminary Approval Order (Dkt. No. _____).

7.     The Court hereby finds and concludes that the Notice Program and claims submission procedures fully satisfy Rule 23 of the Federal Rules of Civil Procedure and the requirements of due process, and constitute the best notice practicable under the circumstances.  The Court further finds that the Notice Program provided individual notice to all members of the Settlement Class who could be identified through reasonable effort and supports the Court's exercise of jurisdiction over the Settlement Class as contemplated in the Settlement and this Order.

8. This Court hereby finds and concludes that the notice provided by Bloomingdale's pursuant to 28 U.S.C. § 1715 fully satisfied the requirements of that statute.

9. The Court finds that the Settlement's terms constitute, in all respects, a fair, reasonable, and adequate settlement as to all Settlement Class Members in accordance with Rule 23 of the Federal Rules of Civil Procedure, and directs its consummation pursuant to its terms and conditions. Plaintiff, in its role as Class Representative, and Class Counsel adequately represented the Settlement Class for purposes of entering into and implementing the Settlement Agreement. Accordingly, the Settlement Agreement is hereby finally approved in all respects, and the Parties are hereby directed to perform its terms. The Parties and Settlement Class Members who were not excluded from the Settlement Class are bound by the terms and conditions of the Agreement.

10. Class Counsel have moved pursuant to FED. R. CIV. P. 23(h) and 52(a) for an award of attorneys' fees and reimbursement of expenses. Pursuant to Rules 23(h)(3) and 52(a) this Court makes the following findings of fact and conclusions of law:

(a) that the Class Settlement confers substantial benefits on the Settlement Class Members;

(b)    that the value conferred on the Settlement Class is immediate and readily quantifiable, as upon this Judgment becoming Final (as defined in the Agreement), Settlement Class Members who have submitted valid Settlement Claim Certification Forms;

(c)    that Class Counsel vigorously and effectively pursued the Settlement Class Members' claims before this Court in this complex case;

(d)    that the Class Settlement was obtained as a direct result of Class Counsel's advocacy;

(e)    that the Class Settlement was reached following extensive negotiation between Class Counsel and Counsel for Bloomingdale's, and was negotiated in good-faith and in the absence of collusion;

(f)    that Settlement Class Members were advised in the Class Notice approved by the Court that Class Counsel intended to apply for an award of attorneys' fees and expenses in an amount of up to thirty percent of the settlement fund plus expenses incurred in the prosecution of the Litigation, to be paid from the Settlement Fund;

(g)    that _____ member(s) of the Settlement Class has (have) submitted written objection(s) to the award of attorneys' fees and expenses;

(h)    that counsel who recover a common benefit for persons other than himself or his client is entitled to a reasonable attorneys' fee from the

Settlement Fund as a whole, *see, e.g., Boeing Co. v. Van Gemert*, 444 U.S. 472, 478 (1980); *Blum v. Stenson*, 465 U.S. 866, 900 n.16 (1984); and

(i)     Accordingly, Class Counsel are hereby awarded $ _____ from the balance of the Cash Settlement Fund, as their fee award which the Court finds to be fair and reasonable, and which amount shall be paid to Class Counsel from the Cash Settlement Fund in accordance with the terms of the Agreement.  Class Counsel are also hereby awarded $_____ from the balance of the Cash Settlement Fund, as reimbursement for their costs, which the Court finds to be fair and reasonable, and which amount shall be paid to Class Counsel from the Cash Settlement Fund in accordance with the terms of the Agreement.  Class Counsel shall be responsible for allocating and shall allocate this award of attorneys' fees, costs, and expenses that are awarded amongst and between Class Counsel.

11.     The Court finds the payment of a service award in the amount of $_____ to the Settlement Class Representative Eli Ashkenazi to be fair and reasonable.  Accordingly, the Settlement Class Representative is hereby awarded $_____, such amount to be paid from the Cash Settlement Fund pursuant to and in the manner provided by the terms of the Settlement Agreement.

12.     The Settlement Class described in paragraph 3 above is hereby finally certified, solely for purposes of effectuating the Settlement and this Order and Final Judgment.

13.     The requirements of Rule 23(a) and (b)(3) have been satisfied for settlement purposes, for the reasons set forth herein.  The Settlement Class is so numerous that joinder of all members is impracticable; there are questions of law and fact common to the class; the claims of the Class Representative are typical of the claims of the Settlement Class; the Class Representative will fairly and adequately protect the interests of the class; the questions of law or fact common to class members predominate over any questions affecting only individual members; and a class action is superior to other available methods for fairly and efficiently adjudicating the controversy between the Settlement Class Members and Bloomingdale's.

14.     This Court hereby dismisses this Action with prejudice and without costs to any party, except as expressly provided for in the Settlement Agreement.

15.     The Settlement Administrator is directed to distribute the consideration to the Settlement Class pursuant to the terms of the Agreement.

16.     Plaintiff and each and every one of the Settlement Class Members unconditionally, fully, and finally release and forever discharge the Released Parties from the Released Claims as provided for in the Settlement Agreement.  In

8

addition, any rights of the Settlement Class Representative and each and every one of the Settlement Class Members to the protections afforded under Section 1542 of the California Civil Code, Section 20-7-11 of the South Dakota Codified Laws, and/or any other similar, comparable, or equivalent laws, are terminated.

17.    Each and every Settlement Class Member, and any person actually or purportedly acting on behalf of any Settlement Class Member(s), is hereby permanently barred and enjoined from commencing, instituting, continuing, pursuing, maintaining, prosecuting, or enforcing any Released Claims (including, without limitation, in any individual, class or putative class, representative or other action or proceeding), directly or indirectly, in any judicial, administrative, arbitral, or other forum, against the Released Parties. This permanent bar and injunction is necessary to protect and effectuate the Agreement, this Final Judgment and Order of Dismissal, and this Court's authority to effectuate the Agreement, and is ordered in aid of this Court's jurisdiction and to protect its judgments.

18.    The Settlement Agreement (including, without limitation, its exhibits), and any and all negotiations, documents, and discussions associated with it, shall not be deemed or construed to be an admission or evidence of any violation of any statute, law, rule, regulation, or principle of common law or equity, of any liability or wrongdoing, by Bloomingdale's, or of the truth of any of the claims asserted by Plaintiff, and evidence relating to the Settlement Agreement shall not be

discoverable or used, directly or indirectly, in any way, whether in this Action or in any other action or proceeding, except for purposes of enforcing the terms and conditions of the Settlement Agreement, the Preliminary Approval Order, and/or this Order.

19.     In the event that any provision of the Settlement or this Final Judgment and Order of Dismissal is asserted by Bloomingdale's as a defense in whole or in part to any claim, or otherwise asserted (including, without limitation, as a basis for a stay) in any other suit, action, or proceeding brought by a Settlement Class Member or any person actually or purportedly acting on behalf of any Settlement Class Member(s), that suit, action or other proceeding shall be immediately stayed and enjoined until this Court or the court or tribunal in which the claim is pending has determined any issues related to such defense or assertion. Solely for purposes of such suit, action, or other proceeding, to the fullest extent they may effectively do so under applicable law, the Parties irrevocably waive and agree not to assert, by way of motion, as a defense or otherwise, any claim or objection that they are not subject to the jurisdiction of this Court, or that this Court is, in any way, an improper venue or an inconvenient forum.  These provisions are necessary to protect the Agreement, this Order, and this Court's authority to effectuate the Settlement Agreement, and are ordered in aid of this Court's jurisdiction and to protect its judgment.

20.    Finding that there is no just reason for delay, the Court orders that this Final Judgment and Order of Dismissal shall constitute a final judgment pursuant to Rule 54 of the Federal Rules of Civil Procedure.  The Court orders that, upon the Effective Date, the Settlement shall be the exclusive remedy for any and all Released Claims of Plaintiff and each and every Settlement Class Member.  The Clerk of the Court is directed to enter this Order on the docket forthwith.

21.    If an appeal, writ proceeding or other challenge is filed as to this Final Approval Order, and if thereafter the Final Approval Order is not ultimately upheld, all orders entered, stipulations made, and releases delivered in connection herewith, or in the Settlement Agreement or in connection therewith, shall be null and void to the extent provided by and in accordance with the Settlement Agreement.

22.    Without further order of the Court, the Parties may agree to reasonably necessary extensions of time to carry out any of the provisions of the Settlement Agreement.

IT IS SO ORDERED.

Dated:_____       _____
                              Hon. Peter G. Sheridan
                              United States District Judge

11