# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| ELI ASHKENAZI, Individually, and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>BLOOMINGDALE'S INC.<br><br>Defendant. | Civil Action No. 3:15-cv-02705-PGS-DEA<br><br>[Proposed] Order Granting Motion for Preliminary Approval |

This matter came before the Court on Plaintiff's Motion for Preliminary Approval of the proposed class action settlement (the "Settlement") in the case entitled <u>Eli Ashkenazi v. Bloomingdale's, Inc.</u>, United States District Court for the District of New Jersey Case No. 3:15-cv-2705 (the "Action"). The Action is brought by plaintiff Eli Ashkenazi ("Plaintiff"), individually and on behalf of all others similarly situated, against defendant Bloomingdale's, Inc. ("Bloomingdale's" and, together with Plaintiff, the "Parties"). Based on this Court's review of the Parties' Settlement Agreement and Release (the "Settlement Agreement"), Plaintiff's Motion for Preliminary Approval of Settlement, and the arguments of counsel, THE COURT HEREBY FINDS AND ORDERS AS FOLLOWS:

1. <u>Settlement Terms</u>. Unless otherwise defined herein, all terms in this Order shall have the meanings ascribed to them in the Settlement Agreement.

2. <u>Jurisdiction</u>. The Court has jurisdiction over the subject matter of the Action, the Parties, and all persons in the Settlement Class.

3. <u>Scope of Settlement</u>. The Agreement resolves all claims for the Class alleged in the First Amended Complaint filed in the District of New Jersey on June 26, 2015. <u>See</u> Dkt. 12.

4. <u>Preliminary Approval of Proposed Settlement Agreement</u>. The Court has conducted a preliminary evaluation of the Settlement as set forth in the Settlement Agreement. Based on this preliminary evaluation, the Court finds that: (a) the Agreement is fair, reasonable and adequate, and within the range of possible approval; (b) the Settlement Agreement has been negotiated in good faith at arm's length between experienced attorneys familiar with the legal and factual issues of this case; and (c) with respect to the forms of notice of the material terms of the Settlement to persons in the Settlement Class for their consideration (Exs. 1 and 2 to the Settlement Agreement), that notice is appropriate and warranted. Therefore, the Court grants preliminary approval of the Settlement.

5. <u>Class Certification for Settlement Purposes Only</u>. The Court, pursuant to Rule 23 of the Federal Rules of Civil Procedure, conditionally certifies, for purposes of this Settlement only, the following Settlement Class:

> All persons who, upon signing up for Bloomingdale's customer loyalty program known as "Loyallist" between August 24, 2014 and May 16, 2015, were sent a successfully transmitted text message from the short code 256-66 reading "Bloomingdale's Promo Alerts: Reply Y now to confirm you want texts! Reply HELP for help. 1 msg/wk. MSG&Data Rates May Apply. Q's 800-777-0000".

6. In connection with this conditional certification, the Court makes the following preliminary findings:

(a) The Settlement Class appears to be so numerous that joinder of all members is impracticable;

(b) There appear to be questions of law or fact common to the Settlement Class for purposes of determining whether the Settlement should be approved;

(c) Plaintiff's claims appear to be typical of the claims being resolved through the Settlement;

(d) Plaintiff appears to be capable of fairly and adequately protecting the interests of all members of the Settlement Class in connection with the Settlement;

(e) For purposes of determining whether the Settlement Agreement is fair, reasonable, and adequate, common questions of law and fact appear to predominate over questions affecting only individual persons in the Settlement Class. Accordingly, the Settlement Class appears to be sufficiently cohesive to warrant settlement by representation; and

(f) For purposes of the Settlement, certification of the Settlement Class appears to be superior to other available methods for the fair and efficient settlement of the claims of the Settlement Class.

7. <u>Class Representative</u>. The Court appoints Plaintiff to act as class representative of the Settlement Class pursuant to Rule 23 of the Federal Rules of Civil Procedure.

8. <u>Class Counsel</u>. The Court appoints Ross Schmierer of DeNittis Osefchen Prince, P.C, Todd Friedman and David Levin of Todd M. Friedman, P.C., and Ari Marcus of Marcus & Zelman LLC as Class Counsel pursuant to Rule 23 of the Federal Rules of Civil Procedure.

9. <u>Final Approval Hearing</u>. At 11:00 a.m. on Dec. 5, 2018, in Courtroom 4E of United States Courthouse, 402 E. State Street, Trenton, NJ 08608, or at such other date and time later set by Court Order, this Court will hold a Final Approval Hearing on the fairness, adequacy and reasonableness of the Settlement Agreement and to determine whether (a) final approval of the Settlement embodied in the Settlement Agreement should be granted, and (b) Class Counsel's application for attorneys' fees and expenses, and service award to Plaintiff, should be granted, and in what amount. No later than Dec. 21st, which is fourteen (14) days prior to the Final Approval Hearing, papers in support of final approval of the Settlement and response to any written objections must be filed.

10. <u>Settlement Claims Administrator</u>. Kurtzman Carson Consultants LLC ("KCC") ("Claims Administrator") is hereby appointed as the Claims Administrator and shall be required to perform all the duties of the Claims Administrator as set forth in the Settlement Agreement and this Order.

11. <u>Class Notice</u>. The Court approves the proposed plan for giving notice to the Settlement Class directly by email and, where applicable, mail, as more fully described in Plaintiff's Motion and the Settlement Agreement ("Notice Program"). The Notice Program, in form, method and content, complies with the requirements of Rule 23 of the Federal Rules of Civil Procedure and due process, and constitutes the best notice practicable under the circumstances. The Court hereby directs the Parties and the Claims Administrator to complete all aspects of the Notice Program no later than __Oct. 25th__ ("Notice Deadline").

12. The Claims Administrator will file with the Court by no later than __Dec. 21st__, which is __14__ days prior to the Final Approval Hearing, proof that notice was provided in accordance with the Settlement Agreement and this Order.

13. <u>Claim Period</u>. Settlement Class Members must submit claims within 100 days after the Notice Deadline (the "Claim Period"). To submit a claim, a Settlement Class Member must submit a valid and timely Claim Form, following the directions in the Claim Form.

6

14. <u>Opt-Out and Objection Deadline</u>. Persons in the Settlement Class who wish to either object to the Settlement or request exclusion from the Settlement Class must do so by sending out requests which must be postmarked no later than 60 days after the date of mailing the Long Form Notice and Claim Form by KCC. Persons in the Settlement Class may not both object and opt-out. If a person both requests to opt-out and objects, the request to opt-out will control.

15. <u>Exclusion from the Settlement Class</u>. To request exclusion from the Settlement Class, a person in the Class must follow the directions in the Class Notice and send a compliant request to the Settlement Administrator at the address designated in the Class Notice by the Opt-Out and Objection Deadline. Exclusion requests must: (i) be personally signed by the person in the Class who is requesting exclusion or, in the case of entities, an authorized representative of the entity which is requesting exclusion; (ii) include the full name and current address, of the person in the Class requesting exclusion; (iii) include the cellular telephone number at which Defendant allegedly contacted the person in the Class; and (iii) include the following statement: "I request to be excluded from the settlement in the <u>Ashkenazi v. Bloomingdale's</u> action." No request for exclusion will be valid unless all of the foregoing information is included. No person in the Settlement Class or acting on behalf of or in concert or participation with that person in the

7

Class (including, but not limited to an attorney) may exclude any other person or any group of persons from the Settlement Class.

16. The Claims Administrator will retain a copy of all requests for exclusion. Not later than fourteen (14) days before the Final Approval Hearing, the Claims Administrator will file under seal with the Court a declaration that lists all of the exclusion requests received.

17. If a timely and valid exclusion request is made by a person in the Class, then the Settlement Agreement and any determinations and judgments concerning the Settlement will not bind the excluded person.

18. All Settlement Class Members will be bound by all determinations and judgments concerning the Settlement.

19. <u>Objections to the Settlement</u>. To object to the Settlement, Settlement Class Members must follow the directions below and in the Class Notice and file a written objection with the Court by the Opt-Out and Objection Deadline. Settlement Class Members also must mail the objection by the Opt-Out and Objection Deadline to each of the following: (i) Class Counsel – Marcus & Zelman, LLC 1500 Allaire Avenue, Suite 101, Ocean, New Jersey 07712; (ii) Bloomingdale's Counsel – David Jay, Greenberg Traurig, LLP, 500 Campus Drive, Suite 400, Florham Park, NJ 07932-0677. In connection with an objection, the Settlement Class Member must: (a) provide the objecting Settlement Class

Member's name, current address, and current telephone number, as well as the cellular telephone number at which Bloomingdale's allegedly contacted the person in the Settlement Class; (b) the name of this Action and the case number; (c) a statement of such Settlement Class Member's specific objections; (d) a written brief detailing the specific basis for each objection, including any legal and factual support that the objecting Settlement Class Member wishes to bring to the Court's attention and any evidence the objecting Settlement Class Member wishes to introduce in support of the objection; (e) a statement confirming whether the objector intends to personally appear and/or testify at the Final Approval Hearing and listing any counsel who will appear at the Final Approval Hearing on the objector's behalf and any witnesses the objector will call to testify at the Final Approval Hearing; (f) a list all other cases in which the Class Member has filed an objection; (g) if the Settlement Class Member is represented by an attorney, the identify of all counsel who represent the objector, the identity and number of the Class Members represented by objector's counsel, the number of such represented Class Members who have opted out of the Class who are represented by the attorney submitting the objection, and the number of such represented Class Members who have remained in the Settlement Class and have not objected; and (h) the objector's signature (an attorney's signature is not

sufficient). The Court will not consider an objection unless the objection includes all of the foregoing information.

20. Any Settlement Class Member who fails to comply with Paragraph 19 will not be permitted to object to the Settlement at the Final Approval Hearing, will be foreclosed from seeking any review of the Settlement by appeal or other means, will be deemed to have waived his, her, or its objections, and will be forever barred from making any objections in the Action or any other related action or proceeding. All Settlement Class Members will be bound by all determinations and judgments in the Action, whether favorable or unfavorable to the Settlement Class.

21. If for any reason whatsoever this Settlement is not finalized or the Settlement as detailed in the Settlement Agreement is not finally approved by the Court, the certification of the Settlement Class shall be void and the Parties and the Action will return to the status quo as it existed prior to the Agreement, and no doctrine of waiver, estoppel, or preclusion will be asserted in any proceedings, in response to any motion seeking class certification, any motion seeking to compel arbitration or otherwise asserted at any other stage of the Action or in any other proceeding. No agreements, documents, or statements made by or entered into by any Party in connection with the Settlement may be used by Plaintiff, any person in the proposed Settlement Class, Bloomingdale's, or any other person to establish

liability, any defense, and/or any of the elements of class certification, whether in the Action or in any other proceeding.

22. **No Admission of Liability.** The Agreement and any and all negotiations, documents, and discussions associated with it, will not be deemed or construed to be an admission or evidence of any violation of any statute, law, rule, regulation or principle of common law or equity, or of any liability or wrongdoing by Bloomingdale's, or the truth of any of the claims. Evidence relating to the Settlement Agreement will not be discoverable or used, directly or indirectly, in any way, whether in the Action or in any other action or proceeding, except for purposes of demonstrating, describing, implementing or enforcing the terms and conditions of the Agreement, this Order, and the Final Approval Order.

23. **Reasonable Procedures to Effectuate the Settlement.** Counsel are hereby authorized to use all reasonable procedures in connection with approval and administration of the Settlement that are not materially inconsistent with this Order or the Settlement Agreement, including making, without further approval of the Court, minor changes to the form or content of the Class Notice and Claim Form and other exhibits that they jointly agree are reasonable and necessary. The Court reserves the right to approve the Settlement Agreement with such modifications, if any, as may be agreed to by the Parties without further notice to persons in the Settlement Class.

24. <u>Stay/Bar of Proceedings</u>. All proceedings in this Action are stayed upon entry of this Order, except as may be necessary to implement the Settlement or this Order.

25. <u>Schedule of Future Events</u>. Accordingly, the following are the deadlines by which certain events must occur:

IT IS SO ORDERED.

Dated: 7/16/18

*Peter Sheridan* (signature)
Hon. Peter G. Sheridan
United States District Judge