**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| ELI ASHKENAZI, individually and on behalf of all others similarly situated, | : : | CIVIL ACTION |
| | : | NO. 3:15-cv-02705-PGS-DEA |
| Plaintiff, | : : | |
| v. | : : | |
| BLOOMINGDALES, INC., | : : | |
| Defendant. | : | |

## DECLARATION OF ORLANDO CASTILLEJOS RE: NOTICE PROCEDURES

I, Orlando Castillejos, declare as follows:

1.      I am employed as a Senior Project Manager by KCC Class Action Services, LLC ("KCC"), located at 462 South 4th Street, Louisville, Kentucky. KCC was appointed as the Settlement Administrator in this matter and is not a party to this action. I have personal knowledge of the facts set forth herein and, if called as a witness, could and would testify competently thereto.

**Class List**

2.      On July 23, 2018, KCC received from Defendant a list of 47,905 persons, identified as the Class List. The Class List included, in most cases, each person's name, mailing address, and email address. KCC formatted the list for mailing purposes, removed duplicate records, and processed the names and addresses through the National Change of Address Database ("NCOA") to update any addresses on file with the United States Postal Service ("USPS"). A total of 3,106 addresses were found and updated via NCOA. KCC updated its proprietary database with the Class List.

**Emailed Notices**

3.      On August 9, 2018, KCC caused the official Notice of Settlement ("Notice") with an attached Claim Form to be sent via email to all persons on the class list who had email addresses associated with their names. A total of 46,463 Notices were sent via email on that date. A true and correct copy of the Notice is attached hereto as Exhibit A.

4.      KCC subsequently received 1,876 email Notices returned as undeliverable. Each of the individuals associated with those email addresses on the Class List were sent the same Notice with Claim Form via USPS in accordance with the procedure described below.

5.      On September 14, 2018, KCC caused another copy of the Notice, with a link to a new online Claim Form, to be sent via email to all persons on the class list who had email addresses associated with their names, who had not already submitted claim forms, and whose prior emails had not been returned as undeliverable. A total of 44,427 Notices were sent via email on September 14, 2018.

6.      On September 28, 2018, KCC caused another copy of the Notice with a link to the online Claim Form to be sent via email to all persons on the class list who had email addresses associated with their names, who had not already submitted claim forms, and whose prior emails had not been returned as undeliverable. A total of 43,361 Notices were sent via email on September 28, 2018.

**Mailed (USPS) Notices**

7.      On August 9, 2018, KCC caused the Notice with Claim Form to be printed and mailed to the 1,442 individuals in the Class List who did not have email addresses associated with them.

2

8.      Since mailing the Notices to the Class Members, KCC has received 378 Notices with Claim Form returned by USPS with undeliverable addresses. Through credit bureau and/or other public source databases, KCC performed address searches for these undeliverable Notice Packets and was able to find updated addresses for 43 Class Members. KCC promptly re-mailed the Notices with Claim Form to the found new addresses.

**Toll-Free Telephone Number**

9.      On or before August 9, 2018, KCC established a toll-free telephone number (888-289-3172) dedicated to answering telephone inquiries from Class Members. As of the date of this declaration, KCC has received a total of 8 calls to that telephone number.

**Claim Forms**

10.      The postmark deadline for Class Members to file claims in this matter was October 25, 2018. Claim Forms could be submitted by mail to Ashkenazi v Bloomingdale's, Inc. Settlement Administrator, P.O. Box 404000, Louisville, KY 40233-4000 or by email to BloomingdalesClaimsAdministrator@classactmail.com. As of the date of this declaration, 2,955 Claim Forms were submitted.

**Request for Exclusion from Class**

11.      The postmark deadline for Class Members to request to be excluded from the class was October 8, 2018. As of the date of this declaration, KCC has only received two (2) requests for exclusion from the class.

**Objections to the Settlement**

12.      The postmark deadline for Class Members to object to the settlement was October 8, 2018. As of the date of this declaration, KCC has received no objections to the settlement.

**Class Action Fairness Act ("CAFA") Notice**

13.     On July 18, 2018, KCC caused to be mailed to each State Attorney General of the 50 United States, the Attorney General of the District of Columbia, and the Attorney General of the United States notice of the proposed settlement of this action.

14.     True and correct copies of the CAFA Notices that were served are attached hereto as Exhibit B.

15.     The CAFA Notices were served with copies of the Complaint and other documents required by CAFA, a list of which can be found in the CAFA Notices.

16.     As of the date of this declaration, KCC has not received any objection to the Settlement from any of the foregoing entities.

**Administration Costs**

17.     As of the date of this declaration, KCC has incurred costs and fees of $41,425.50.


I declare under penalty of perjury under the laws of the State of Kentucky that the foregoing is true and correct.

Executed this 21st day of November, 2018 at Louisville, Kentucky.

_____
Orlando Castillejos

# EXHIBIT A

*Eli Ashkenazi v. Bloomingdale's, Inc.*,
**United States District Court for the District of New Jersey,**
**Case No. 3:15-cv-2705**

**If you signed up for Bloomingdale's customer loyalty program known as Loyallist between August 24, 2014 and May 16, 2015 and thereafter received a text message from the short code 256-66 reading "Bloomingdale's Promo Alerts: Reply Y now to confirm you want texts! Reply HELP for help. 1 msg/wk. MSG&Data Rates May Apply. Q's 800-777-0000", you may be entitled to benefits under a class action settlement.**

*A federal court authorized this Notice. This is not a solicitation from a lawyer.*

- **This notice concerns the proposed settlement to resolve claims in the lawsuit *Eli Ashkenazi v. Bloomingdale's, Inc.*, U.S.D.C., District of New Jersey, Case No. 3:15-cv-2705.**

- **Plaintiff Eli Ashkenazi ("Plaintiff") alleges that Bloomingdale's, Inc. ("Bloomingdale's") violated the Telephone Consumer Protection Act 47 U.S.C. § 227, et seq. (the "TCPA") by sending text messages using an automatic telephone dialing system to the cellular telephones of persons who had not consented to receive such text messages. Bloomingdale's denies Plaintiff's allegations, denies any wrongdoing whatsoever, and has not conceded the truth or validity of any of the claims against it. By entering into the settlement, the parties seek to avoid the risks and costs associated with further litigation.**

- **If you signed up for the Loyallist program between August 24, 2014 and May 16, 2015 and thereafter received a short message service text message from the short code 256-66 reading "Bloomingdale's Promo Alerts: Reply Y now to confirm you want texts! Reply HELP for help. 1 msg/wk. MSG&Data Rates May Apply. Q's 800-777-0000", your rights may be affected by this class action settlement.**

- **Depending upon how many class members submit valid claim forms, claimants may choose to receive up to $25 in cash or up to $50 in Bloomingdale's voucher value.**

- **The Settlement will provide a total of $1,400,000 (the "Settlement Fund"), including $750,000 in cash and $650,000 in vouchers, to settle and release claims of persons who signed up for a Loyallist account and thereafter received the above described text message on their cellular telephone during the time period set forth above (the "Settlement Class").**

- **The Settlement Fund shall be used to pay all amounts related to the settlement, including awards to Settlement Class Members who submit a valid and timely claim form to receive payment ("Claim Form"), attorneys' fees and costs to attorneys representing Plaintiff and the Settlement Class ("Class Counsel"), any service awards to Plaintiff, and the costs of notice and administration of this Settlement. Any cash remaining in the Settlement Fund after paying all valid and timely claims for cash and the other above identified items will be distributed cy pres to Community Food Bank of New Jersey, pending approval by the Court. Any voucher value remaining in the Settlement Fund after paying all valid and timely claims for vouchers to Settlement Fund Members shall be considered void.**

- **Your rights and options relating to the settlement, and the deadlines by which to exercise them, are explained in this Notice. Your legal rights are affected whether you act or don't act. Read this Notice carefully.**

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT: | |
|---|---|
| SUBMIT A CLAIM FORM | If you are eligible to submit a Claim and submit a valid Claim Form by October 25, 2018, you will receive your choice of a cash or voucher payment and will give up your rights to sue Bloomingdale's, Inc. and/or any other released parties on a released claim. Claim Forms may be submitted by mail to Ashkenazi v Bloomingdale's, Inc. Settlement Administrator, P.O. Box 404000, Louisville, KY 40233-4000 or by email to BloomingdalesClaimsAdministrator@classactmail.com. |
| EXCLUDE YOURSELF OR "OPT-OUT" OF THE SETTLEMENT | If you ask to be excluded, you will not receive a payment.  This is the only option that allows you to pursue your own claims against Bloomingdale's, Inc. and/or other released parties in the future.  The deadline for excluding yourself is October 8, 2018. |
| OBJECT TO THE SETTLEMENT | Write to the Court about why you believe the settlement is unfair in any respect.  The deadline for objecting is October 8, 2018.  To obtain a benefit from this settlement, you must still submit a Claim Form.  If you submit only an objection, you will not receive any benefit from the settlement, and you will give up your rights to sue Bloomingdale's, Inc. and/or any other released parties on a released claim. |
| DO NOTHING | If you do nothing, you will not receive any cash or voucher payment, but you will give up your rights to sue Bloomingdale's, Inc. and/or any other released parties on a released claim. |
| GO TO THE FINAL APPROVAL HEARING | Ask to speak in Court about the fairness of the settlement.  To speak at the Final Approval Hearing, you first must submit a timely written objection which complies with the requirements set forth below. |

- These rights and options—and the deadlines to exercise them—are explained in this Notice.

- The Court still has to decide whether to approve the settlement.  Payments will be made if the Court approves the settlement and after any appeals are resolved.  Please be patient.

## BASIC INFORMATION

### 1.  What is the purpose of this Notice?

The purpose of this Notice is to inform you that a proposed Settlement has been reached in the lawsuit entitled *Eli Ashkenazi v. Bloomingdale's, Inc.*, U.S.D.C. District of New Jersey, Case No. 3:15-cv-2705.  Because your rights will be affected by this settlement, it is extremely important that you read this Notice carefully.

### 2.  What does it mean if I received an email or mailing about this settlement?

If you received an email or mailing describing this settlement, that is because Bloomingdale's records indicate that you may be a member of the Settlement Class.

### 3.  What is this class action lawsuit about?

In a class action, one or more people called class representatives (here, Plaintiff) sue on behalf of people who allegedly have similar claims.  This group is called a class, and the persons included are called class members.  One court resolves the issues for all of the class members, except for those who exclude themselves from the class.

Here, Plaintiff, for himself and on behalf of an alleged class of people, claims Bloomingdale's violated the TCPA by sending a marketing text message to persons' cellular telephone numbers without first obtaining prior express consent. Bloomingdale's denies these allegations and denies any claim of wrongdoing; however, in order to avoid the expense, inconvenience, and distraction of continued litigation, the parties have agreed to the settlement described herein.  The Court has conditionally certified the Settlement Class for settlement purposes only.  The Honorable Peter G. Sheridan is in charge of this action.

### 4.  Why is there a settlement?

The Court has not decided in favor of Plaintiff or Defendant.  Instead, both sides agreed to the settlement, thereby avoiding the risk and cost of further litigation and ensuring Settlement Class Members will receive some compensation for their claims. Plaintiff and Class Counsel think the settlement is best for all persons in the Settlement Class.

## WHO IS IN THE SETTLEMENT CLASS?

**5.  How do I know if I am a part of the Settlement Class?**

The Court has certified the Settlement Class for settlement purposes only.  The Settlement Class is defined as:

> "All persons who, upon signing up for Bloomingdale's customer loyalty program known as "Loyallist" between August 24, 2014 and May 16, 2015, were sent a text message successfully transmitted from the short code 256-66 reading "Bloomingdale's Promo Alerts: Reply Y now to confirm you want texts! Reply HELP for help. 1 msg/wk. MSG&Data Rates May Apply. Q's 800-777-0000".

"Settlement Class Member" is defined as "any person in the Settlement Class who does not validly opt out of the Settlement or is not otherwise validly excluded from the Settlement Class."  If you are still not sure whether you are included, you may write to the Claims Administrator at Ashkenazi v Bloomingdale's, Inc. Settlement Administrator, P.O. Box 404000, Louisville, KY 40233-4000, or you may call the Toll-Free Settlement Hotline, 1-888-289-3172, for more information.

## THE LAWYERS REPRESENTING YOU

**6.  Do I have lawyers in this case?**

The Court has appointed the law firms of Marcus & Zelman, LLC, DeNittis Osefchen Prince PC and Todd M. Friedman, P.C., as Class Counsel to represent you and the other persons in the Settlement Class.  You will not be personally charged by these lawyers.

**7.  How will Class Counsel be paid?**

Class Counsel will ask the Court to approve payment of up to thirty percent of the Settlement Fund, which is $420,000, to them for attorneys' fees, plus actual litigation expenses not to exceed $30,000.  Class Counsel also will ask the Court to approve payment of up to $10,000 to the Plaintiff for his services as Class Representative.  The Court may award less than these amounts.

## THE SETTLEMENT BENEFITS - WHAT YOU GET

**8.  What does the settlement provide?**

**Settlement Fund.**  Bloomingdale's will pay the total amount of $1,400,000, consisting of $750,000 in cash and $650,000 in voucher value, into the Settlement Fund, which will cover:  (1) cash payments on a pro rata basis up to $25 to Settlement Class Members who submit timely and valid Claim Forms and elect this benefit; (2) voucher payments on a pro rata basis up to $50 to Settlement Class Members who submit timely and valid Claim Forms and elect this benefit; (3) an award of attorneys' fees and costs to Class Counsel, in an amount not to exceed $420,000 (30%) of the Settlement Fund, plus actual litigation expenses not to exceed $30,000, as approved by the Court; (4) a service award to Plaintiff, in an amount not to exceed $10,000, as approved by the Court; (5) the costs of notice and administration of the Settlement; and (6) if there are any uncashed checks or if any money is remaining in the Cash Settlement Fund after distribution of the cash payments to those who submitted timely and valid Claim Forms, a charitable contribution, which must also be approved by the Court.

**Payments.**  All Settlement Class Members are eligible to submit a Claim Form and receive their choice of a cash or voucher payment.  To submit a Claim Form, follow the procedures described under Question 11 below.

**No Cash Portion of the Settlement Fund Will Return to Bloomingdale's.**  Any cash remaining in the Settlement Fund after paying all valid and timely claims for cash and the other above identified items will be distributed cy pres to Community Food Bank of New Jersey, pending approval by the Court.  No cash portion of the Settlement Fund will return to Bloomingdale's.  **Any voucher value remaining in the Settlement Fund after paying all valid and timely claims for vouchers to Settlement Fund Members shall be considered void.**

**9.  How much will my payment be?**

Your share of the Settlement Fund will depend on the number of valid and timely Claim Forms that Settlement Class Members submit requesting a particular award, subject to a cap of $25 in cash or $50 in voucher value per class member. **Class Members may only submit one Claim Form and will be entitled to collect only one award, regardless of how many texts they received, the number of Loyallist accounts created by a Class Member, or how many cell phone numbers on which they received a text message.**

**10.  What am I giving up to stay in the Settlement Class?**

Unless you exclude yourself from the settlement, you will be part of the Settlement Class and will be bound by the release of claims in the settlement.  This means that if the settlement is approved, you cannot sue, continue to sue, or be part of any other lawsuit against, Bloomingdale's and/or any other released parties for a released claim, as explained in the Settlement Agreement.  It also means that all of the Court's orders will apply to you and legally bind you.  If you sign the Claim Form or do nothing, you and each

of your respective executors, representatives, guardians, wards, heirs, estates, bankruptcy estates, bankruptcy trustees, successors, predecessors, guardians, wards, joint tenants, tenants in common, tenants by the entirety, co-borrowers, co-obligors, co-debtors, attorneys, partners, agents and assigns, and anyone who regularly used, subscribed to, was authorized to use, or was in any way responsible for a cellular phone account or cellular phone number which received the text messages that are the subject of the Action, and all those who claim through them or who assert claims (or could assert claims) on their behalf (including bankruptcy trustees in the capacity as *parens patriae* or on behalf of creditors or estates of the Representative Plaintiff or Class Members) (**"Releasing Parties"**), will be deemed to have completely released and forever discharged Defendant and each of its past and present officers, directors, shareholders, trustees, beneficiaries, members, partners, employees, predecessors, successors in interest, attorneys, agents, assigns, owners, subsidiaries, parent companies, affiliates, vendors, service providers, accountants and representatives (**"Released Parties"**) from any and all claims, demands, rights, duties, obligations, actions, suits, liabilities, or causes of action, whether class, individual, or otherwise in nature, or whether arising under local, state, or federal law, or whether by Constitution, statute, contract, rule, regulation, any regulatory promulgation (including, but not limited to, any opinion or declaratory ruling), common law or equity, whether known or unknown, suspected or unsuspected, asserted or unasserted, foreseen or unforeseen, actual or contingent, liquidated or unliquidated, punitive or compensatory, arising out of or relating in any way to the facts, occurrences, transactions, or other matters alleged in the First Amended Complaint regarding the text messages that are the subject of the Action and the alleged violation of the TCPA or any law in sending any such text messages that are the subject of the Action, through the Effective Date of this Agreement  (the **"Released Claims"**), as detailed in the Settlement Agreement.

In an individual TCPA lawsuit, a plaintiff may recover between $500 and $1,500 per violation.  However, Bloomingdale's would vigorously defend all aspects of such a case, including for example arguments that they had consent to text any person who provided his/her cell phone number to them, and that they did not use an automatic telephone dialing system to send text messages. Moreover, Class Counsel will not represent you in such a case.  This settlement offers Class Members who send in a valid claim form with less money than if they were to prevail at trial, in exchange for protection from the uncertainties and costs of such a suit.

In summary, the Release includes, without limitation, all claims that arise out of the sending by Bloomingdale's or any of its agents or affiliates, acting for or on their behalf, from any claim arising out of the text messages that are the subject of the Action, including, but not limited to, claims under or for violation of the TCPA, and the regulations promulgated thereunder and relevant case law, and all claims for violation of any other state or federal statutory or common law that regulates, governs, prohibits or restricts the use of text messages.

If you have any questions about the Release or what it means, you can speak to Class Counsel, listed under Question 6, for free, or you can, at your own expense, talk to your own lawyer.  The Release does not apply to persons potentially in the Settlement Class who timely exclude themselves.

## HOW TO OBTAIN A PAYMENT

### 11.  How can I get a payment?

To receive your choice of payment, you must submit a Claim Form.  A copy has been included with this Notice.  You also may get a Claim Form by calling the Toll-Free Settlement Hotline, 1-888-289-3172.  **Read the instructions carefully, fill out the form completely and accurately, and submit it**.  To be valid, the Claim Form must be completed fully and accurately and submitted timely.  A Claim Form may be submitted by mail to the Settlement Administrator at: Ashkenazi v Bloomingdale's, Inc. Settlement Administrator, P.O. Box 404000, Louisville, KY 40233-4000 or by electronic mail at: BloomingdalesClaimsAdministrator@classactmail.com.

If you are submitting your Claim Form by email, it must be submitted no later than October 25, 2018.  If you are mailing your Claim Form to the Settlement Administrator, it must be postmarked by October 25, 2018.

### WHEN WILL I RECEIVE MY SETTLEMENT PAYMENT?

### 12.  When would I receive a settlement payment?

The Court will hold a Final Approval Hearing on December 5, 2018 to decide whether to approve the settlement.  If the Court approves the settlement, after that, there may be appeals.  It is always uncertain whether these appeals can be resolved, and resolving them can take time, perhaps more than a year.  Please be patient.

### EXCLUDING YOURSELF FROM THE SETTLEMENT

### 13.  How do I get out of the settlement?

The court will exclude from the Settlement Class any member who requests exclusion.  If you do not want a payment from this settlement, and you want to keep the right to sue or continue to sue Bloomingdale's or a released party that may have been involved in the text message that is the subject of this action, then you must take steps to get out of the Settlement Class. This is called excluding yourself from, or opting-out of, the Settlement Class.

To exclude yourself from the settlement, you must send a written request to the Settlement Administrator addressed to "Exclusion Requests – *Ashkenazi* Settlement." To be valid, an exclusion request must: (i) be personally signed by the person in the Settlement Class who is requesting exclusion; (ii) include the full name, current address, and the cellular telephone number at which Bloomingdale's allegedly contacted the person in the Settlement Class requesting exclusion; and (iii) include the following statement: "I request to be excluded from the Settlement in the *Ashkenazi* action." No request for exclusion will be valid unless all of the information described above is included. No person in the Settlement Class, or any person acting on behalf of or in concert with or in participation with that person in the Settlement Class, may exclude any other person or any group of persons from the Settlement Class.

**To be valid, you must mail your exclusion request postmarked no later than October 8, 2018 to the Settlement Administrator addressed to "Exclusion Requests – *Ashkenazi* Settlement" at** Ashkenazi v Bloomingdale's, Inc. Settlement Administrator, P.O. Box 404000, Louisville, KY 40233-4000.

**14.  If I do not exclude myself, can I sue Bloomingdale's for the same thing later?**

No. If you do not exclude yourself, you give up any right to sue (or continue to sue) Bloomingdale's or any released parties for the claims that this settlement resolves.

**15.  If I exclude myself, can I get a benefit from this settlement?**

No. If you ask to be excluded, you will not be able to submit a Claim Form for a settlement payment, and you cannot object to the settlement.

## OBJECTING TO THE SETTLEMENT

**16.  How do I tell the Court that I do not think the settlement is fair?**

If you are in the Settlement Class, you can object to the settlement or any part of the settlement that you think the Court should reject, and the Court will consider your views. If you do not provide a written objection in the manner described below, you shall be deemed to have waived any objection and shall forever be foreclosed from making any objection to the fairness, reasonableness, or adequacy of the settlement or the award of any attorneys' fees and costs and/or service awards.

To object, you must make your objection in writing to the Clerk of the Court, Class Counsel, and Defendant's Counsel stating that you object to the settlement in Eli Ashkenazi v. Bloomingdale's, Inc., Case No. 3:15-cv-02705-PGS-DEA. To be considered by the Court, the written objection must be made individually by an individual Settlement Class Member, not as a member of a group or subclass and, except in the case of a deceased or incapacitated Settlement Class Member, not by the act of another person acting or purporting to act in a representative way, and contain (a) the objecting Settlement Class Member's name, address, and current telephone number, (b) the name of the case, (c) the cellular telephone number at which Bloomingdale's allegedly contacted the person in the Settlement Class, (d) all grounds for the objection, accompanied by any legal support for the objection known to you or your counsel, if you have one; (e) the identity of all counsel who represent you, including any former or current counsel who may be entitled to compensation for any reason related to the objection to the settlement or fee application; (f) a statement confirming whether the objector intends to personally appear at the Final Approval Hearing, and listing any counsel who will appear at the Final Approval Hearing on the objector's behalf and any witnesses the objector will call to testify at the Final Approval Hearing; and (g) your signature (an attorney's signature is not sufficient). If the Settlement Class Member's objection is submitted through an attorney, the objection also must contain the number of Class Members represented by objector's counsel, the number of such represented Class Members who have opted out of the Class who are represented by the attorney submitting the objection, and the number of such represented Settlement Class Members who have remained in the Settlement Class and have not objected.

**To be considered, you must file your objections with the Clerk of the Court and mail your objections to the addresses below no later than October 8, 2018.**

For Plaintiff:                                      For Bloomingdale's, Inc.:
Ari H. Marcus                                     David Jay
Marcus & Zelman, LLC                     Greenberg Traurig, LLP
1500 Allaire Avenue, Suite 101        500 Campus Drive, Suite 400
Ocean, NJ 07712                              Florham Park, NJ 07932-0677

**Even if you timely and properly object, to obtain a benefit from this settlement, you must submit a Claim Form. If you object but fail to submit a Claim Form, you will not receive any monetary award.**

**17.  What is the difference between objecting and excluding yourself?**

Objecting is telling the Court that you do not like something about the settlement.  You can object only if you stay in the Settlement Class.  Excluding yourself means that you do not want to be part of the Settlement Class.  If you exclude yourself, you have no basis to object because the case no longer affects you.

<b>IF YOU DO NOTHING</b>

**18.  What happens if I do nothing at all?**

If you do nothing, you will remain a member of the Settlement Class, but you will not receive any monetary or voucher award, and you will give up your rights to sue Bloomingdale's and/or any other released parties on a released claim.  For information relating to what rights you are giving up, see Question 10.

<b>THE FINAL APPROVAL HEARING</b>

**19.  When and where will the Court decide whether to approve the settlement?**

The Court will hold a Final Approval Hearing at 11:00 am on December 5, 2018 at the United States District Court for the District of New Jersey, 402 E. State Street, Trenton, NJ 08608.  At this hearing, the Court will consider whether the settlement is fair, reasonable and adequate.  If there are valid objections that comply with the requirements in Question 16 above, the Court also will consider them and will listen to people who have asked to speak at the hearing.  The Court may also decide how much to pay to Class Counsel and Plaintiff.

The Final Approval Hearing may be moved to a different date or time without additional notice.

**20.  Do I have to come to the hearing?**

No.  Class Counsel will appear on behalf of the Settlement Class.  You are welcome to come, or have your own lawyer appear, at your own expense.

**21.  May I speak at the hearing?**

You may ask the Court for permission to speak at the Final Approval Hearing, but only in connection with an objection that you have timely submitted to the Court according to the procedure set forth in Question 16 above.  To speak at the Final Approval Hearing, you must also send a letter to the Clerk of the Court stating your intention to appear in *Eli Ashkenazi v. Bloomingdale's, Inc.*, **Case No. 3:15-cv-2705**, as set forth in Question 16 above.  For this document to be considered, it must include the items set forth in Question 16 above.  The document must be postmarked no later than October 8, 2018 and be sent to all addresses in Question 16 in addition to the Clerk of the Court.  You cannot speak at the hearing if you exclude yourself from the settlement.

<b>GETTING MORE INFORMATION</b>

**22.  How do I get more information?**

This notice is only a summary of the proposed settlement.  You can get a copy of the settlement agreement by writing to the address below or calling the Toll-Free Settlement Hotline, 1- 888-289-3172.  You can also contact Class Counsel with any questions at Ari H. Marcus Marcus & Zelman, LLC 1500 Allaire Avenue, Suite 101 Ocean, NJ 07712.

**DO NOT CALL OR WRITE TO THE COURT OR THE CLERK OF THE COURT EXCEPT AS TO PROVIDE ANY OBJECTION TO THE SETTLEMENT PURSUANT TO THE PROCEDURE ABOVE. DO NOT CONTACT BLOOMINGDALE'S OR BLOOMINGDALE'S COUNSEL ABOUT THE SETTLEMENT.   STORE OR TELEPHONE REPRESENTATIVES OF BLOOMINGDALE'S ARE NOT AUTHORIZED TO CHANGE THE TERMS OF THE SETTLEMENT OR THIS NOTICE.**

# EXHIBIT B



David Jay
Tel. (973) 360-7912
Fax (973) 301-8410
jayd@gtlaw.com

July 18, 2018

VIA PRIORITY MAIL

Jahna Lindemuth
Office of the Alaska Attorney General
P.O. Box 110300
Juneau, AK  99811-0300

Re:   **Notice of Proposed Class Action Settlement**:
      *Ashkenazi v. Bloomingdale's, Inc.*
      Case No. 3:15-cv-02705-PGS-DEA

Dear Sir or Madam:

We represent Bloomingdale's, Inc. ("Bloomingdale's"), the defendant in the above-captioned class action (the "Action").  In compliance with the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1715, we write to advise you that the parties have reached a settlement in the above action and are seeking court approval for the settlement in the U.S. District Court for the District of New Jersey.

The Action, which was commenced in 2015, involved allegations that Bloomingdale's transmitted an unsolicited text message to cellular phone numbers submitted in registration for its loyalty program in violation of the Telephone Consumer Protection Act, 47 U.S.C. §227, et seq. ("TCPA").   Under the proposed settlement, Bloomingdale's has agreed to establish a settlement fund in the amount of One Million Four Hundred Thousand Dollars ($1,400,000), comprised of $750,000 in cash and $650,000 in product vouchers with full cash value (redeemable at Bloomingdale's stores and online).  Class members may choose between either a $25 cash payment or a $50 product voucher, to be distributed on a pro rata basis.

As required by CAFA, we enclose the following materials:

1.    Copies of the Complaint and Amended Complaint filed in the Action.

2.    A copy of the Settlement Agreement and Exhibits, which includes a proposed full class notice advising class members of, among other things, their right to request exclusion from

July 18, 2018
Page 2

the proposed settlement.  (The form of class notice is attached as Exhibit 2 to the Settlement Agreement.)

       3.     A copy of the July 17, 2018 Preliminary Approval Order.

There is no "settlement or other agreement contemporaneously made between class counsel and counsel for defendants," *see* 28 U.S.C. § 1715(b)(5), other than the Settlement Agreement itself, and there are no final judgments, notices of dismissal, *see* 28 U.S.C. § 1715(b)(6), or other written judicial opinions relating to the materials specified in 28 U.S.C. § 1715(b)(3)-(6), other than the above listed documents.  *See* 28 U.S.C. § 1715(b)(8).

A **Final Approval Hearing** has been scheduled by the Court for **December 5, 2018 at 11:00 a.m.** before the Honorable Peter G. Sheridan, U.S.D.J., United States District Court for the District of New Jersey, 402 East State Street, Trenton, New Jersey 07102, Courtroom 4E.

CAFA requires Bloomingdale's to provide "(A) if feasible, the names of class members who reside in each State and the estimated proportionate share of the claims of such members to the entire settlement to that State's appropriate official; or (B) if the provision of information under subparagraph (A) is not feasible, a reasonable estimate of the number of class members residing in each State and the estimated proportionate share of the claims of such members to the entire settlement…."  28 U.S.C. § 1715(b)(7)(A)-(B).  There are an estimated 46,561 class members.  We have attached an estimate of the number of class members residing in each state and the estimated proportionate share of the claims of such members to the entire settlement as Exhibit A.

If you have any questions about the settlement or this notice, please do not hesitate to contact me.

Sincerely yours,

*David Jay*

David Jay

DJ:dl
Enclosures

cc:   Ross H. Schmierer, Esq. (w/encl.)
      Ari H. Marcus, Esq. (w/encl.)



## EXHIBIT A

(Estimated breakdown by state/territory of 46,561 class members)

| | | | |
|---|---|---|---|
| AK – 39 | .083761% | NC – 830 | 1.782608% |
| AL – 323 | .693714% | ND – 25 | .053693% |
| AR – 122 | .262022% | NE – 119 | .255579% |
| AZ – 502 | 1.078156% | NH – 192 | .412362% |
| CA – 8785 | 18.867722% | NJ – 3121 | 6.703035% |
| CO – 414 | .889156% | NM – 77 | .165374% |
| CT – 678 | 1.456143% | NV – 208 | .446726% |
| DC – 353 | .758145% | NY – 7612 | 16.348446% |
| DE – 289 | .620691% | OH – 1027 | 2.205709% |
| FL – 2551 | 5.478834% | OK – 203 | .435987% |
| GA – 1338 | 2.87365% | OR – 587 | 1.260712% |
| HI – 122 | .262022% | PA – 1955 | 4.198793% |
| IA – 174 | .373703% | RI – 152 | .326453% |
| ID – 59 | .126715% | SC – 344 | .740963% |
| IL - 2083 | 4.473701% | SD – 20 | .042954% |
| IN – 467 | 1.002985% | TN – 437 | .938554% |
| KS – 187 | .401624% | TX – 2383 | 5.053586% |
| KY – 238 | .511157% | UT – 150 | .322158% |
| LA – 301 | .646464% | VA – 1400 | 3.006808% |
| MA – 1737 | 3.73059% | VT – 52 | .111681% |
| MD – 1232 | 2.645991% | WA – 733 | 1.574279% |
| ME – 85 | .182556% | WI – 391 | .839759% |
| MI – 936 | 2.010266% | WV – 78 | .167522% |
| MN – 443 | .95144% | WY – 23 | .049398% |
| MO – 446 | .957883% | Guam – 3 | .006443% |
| MS – 156 | .335044% | USVI – 4 | .008591% |
| MT – 39 | .083761% | PR – 20 | .042954% |



David Jay
Tel. (973) 360-7912
Fax (973) 301-8410
jayd@gtlaw.com


July 18, 2018



VIA PRIORITY MAIL

Steve Marshall
Office of the Alabama Attorney General
501 Washington Avenue
PO Box 300152
Montgomery, AL  36130-0152


      **Re:**    **Notice of Proposed Class Action Settlement:**
            *Ashkenazi v. Bloomingdale's, Inc.*
            Case No. 3:15-cv-02705-PGS-DEA


Dear Sir or Madam:

      We represent Bloomingdale's, Inc. ("Bloomingdale's"), the defendant in the above-captioned class action (the "Action").  In compliance with the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1715, we write to advise you that the parties have reached a settlement in the above action and are seeking court approval for the settlement in the U.S. District Court for the District of New Jersey.

      The Action, which was commenced in 2015, involved allegations that Bloomingdale's transmitted an unsolicited text message to cellular phone numbers submitted in registration for its loyalty program in violation of the Telephone Consumer Protection Act, 47 U.S.C. §227, et seq. ("TCPA").  Under the proposed settlement, Bloomingdale's has agreed to establish a settlement fund in the amount of One Million Four Hundred Thousand Dollars ($1,400,000), comprised of $750,000 in cash and $650,000 in product vouchers with full cash value (redeemable at Bloomingdale's stores and online).  Class members may choose between either a $25 cash payment or a $50 product voucher, to be distributed on a pro rata basis.

      As required by CAFA, we enclose the following materials:

      1.      Copies of the Complaint and Amended Complaint filed in the Action.

      2.      A copy of the Settlement Agreement and Exhibits, which includes a proposed full class notice advising class members of, among other things, their right to request exclusion from

July 18, 2018
Page 2

the proposed settlement.  (The form of class notice is attached as Exhibit 2 to the Settlement Agreement.)

 3. A copy of the July 17, 2018 Preliminary Approval Order.

 There is no "settlement or other agreement contemporaneously made between class counsel and counsel for defendants," *see* 28 U.S.C. § 1715(b)(5), other than the Settlement Agreement itself, and there are no final judgments, notices of dismissal, *see* 28 U.S.C. § 1715(b)(6), or other written judicial opinions relating to the materials specified in 28 U.S.C. § 1715(b)(3)-(6), other than the above listed documents.  *See* 28 U.S.C. § 1715(b)(8).

 A **Final Approval Hearing** has been scheduled by the Court for <u>**December 5, 2018 at 11:00 a.m.**</u> before the Honorable Peter G. Sheridan, U.S.D.J., United States District Court for the District of New Jersey, 402 East State Street, Trenton, New Jersey 07102, Courtroom 4E.

 CAFA requires Bloomingdale's to provide "(A) if feasible, the names of class members who reside in each State and the estimated proportionate share of the claims of such members to the entire settlement to that State's appropriate official; or (B) if the provision of information under subparagraph (A) is not feasible, a reasonable estimate of the number of class members residing in each State and the estimated proportionate share of the claims of such members to the entire settlement…."  28 U.S.C. § 1715(b)(7)(A)-(B).  There are an estimated 46,561 class members.  We have attached an estimate of the number of class members residing in each state and the estimated proportionate share of the claims of such members to the entire settlement as Exhibit A.

 If you have any questions about the settlement or this notice, please do not hesitate to contact me.

 Sincerely yours,

 *David Jay*

 David Jay

DJ:dl
Enclosures

cc: Ross H. Schmierer, Esq. (w/encl.)
 Ari H. Marcus, Esq. (w/encl.)



## EXHIBIT A

(Estimated breakdown by state/territory of 46,561 class members)

| | | | |
|---|---|---|---|
| AK – 39 | .083761% | NC – 830 | 1.782608% |
| AL – 323 | .693714% | ND – 25 | .053693% |
| AR – 122 | .262022% | NE – 119 | .255579% |
| AZ – 502 | 1.078156% | NH – 192 | .412362% |
| CA – 8785 | 18.867722% | NJ – 3121 | 6.703035% |
| CO – 414 | .889156% | NM – 77 | .165374% |
| CT – 678 | 1.456164% | NV – 208 | .446726% |
| DC – 353 | .758145% | NY – 7612 | 16.348446% |
| DE – 289 | .620691% | OH – 1027 | 2.205709% |
| FL – 2551 | 5.478834% | OK – 203 | .435987% |
| GA – 1338 | 2.87365% | OR – 587 | 1.260712% |
| HI – 122 | .262022% | PA – 1955 | 4.198793% |
| IA – 174 | .373703% | RI – 152 | .326453% |
| ID – 59 | .126715% | SC – 344 | .740963% |
| IL - 2083 | 4.473701% | SD – 20 | .042954% |
| IN – 467 | 1.002985% | TN – 437 | .938554% |
| KS – 187 | .401624% | TX – 2383 | 5.053586% |
| KY – 238 | .511157% | UT – 150 | .322158% |
| LA – 301 | .646464% | VA – 1400 | 3.006808% |
| MA – 1737 | 3.73059% | VT – 52 | .111681% |
| MD – 1232 | 2.645991% | WA – 733 | 1.574279% |
| ME – 85 | .182556% | WI – 391 | .839759% |
| MI – 936 | 2.010266% | WV – 78 | .167522% |
| MN – 443 | .95144% | WY – 23 | .049398% |
| MO – 446 | .957883% | Guam – 3 | .006443% |
| MS – 156 | .335044% | USVI – 4 | .008591% |
| MT – 39 | .083761% | PR – 20 | .042954% |



David Jay
Tel. (973) 360-7912
Fax (973) 301-8410
jayd@gtlaw.com

July 18, 2018

VIA PRIORITY MAIL

Leslie Rutledge
Arkansas Attorney General Office
323 Center Street, Suite 200
Little Rock, AR  72201-2610

**Re:**     **Notice of Proposed Class Action Settlement:**
*Ashkenazi v. Bloomingdale's, Inc.*
Case No. 3:15-cv-02705-PGS-DEA

Dear Sir or Madam:

We represent Bloomingdale's, Inc. ("Bloomingdale's"), the defendant in the above-captioned class action (the "Action").  In compliance with the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1715, we write to advise you that the parties have reached a settlement in the above action and are seeking court approval for the settlement in the U.S. District Court for the District of New Jersey.

The Action, which was commenced in 2015, involved allegations that Bloomingdale's transmitted an unsolicited text message to cellular phone numbers submitted in registration for its loyalty program in violation of the Telephone Consumer Protection Act, 47 U.S.C. §227, et seq. ("TCPA").   Under the proposed settlement, Bloomingdale's has agreed to establish a settlement fund in the amount of One Million Four Hundred Thousand Dollars ($1,400,000), comprised of $750,000 in cash and $650,000 in product vouchers with full cash value (redeemable at Bloomingdale's stores and online).  Class members may choose between either a $25 cash payment or a $50 product voucher, to be distributed on a pro rata basis.

As required by CAFA, we enclose the following materials:

1.     Copies of the Complaint and Amended Complaint filed in the Action.

2.     A copy of the Settlement Agreement and Exhibits, which includes a proposed full class notice advising class members of, among other things, their right to request exclusion from

July 18, 2018
Page 2

the proposed settlement.  (The form of class notice is attached as Exhibit 2 to the Settlement Agreement.)

      3.      A copy of the July 17, 2018 Preliminary Approval Order.

There is no "settlement or other agreement contemporaneously made between class counsel and counsel for defendants," *see* 28 U.S.C. § 1715(b)(5), other than the Settlement Agreement itself, and there are no final judgments, notices of dismissal, *see* 28 U.S.C. § 1715(b)(6), or other written judicial opinions relating to the materials specified in 28 U.S.C. § 1715(b)(3)-(6), other than the above listed documents.  *See* 28 U.S.C. § 1715(b)(8).

A **Final Approval Hearing** has been scheduled by the Court for <u>**December 5, 2018 at 11:00 a.m.**</u> before the Honorable Peter G. Sheridan, U.S.D.J., United States District Court for the District of New Jersey, 402 East State Street, Trenton, New Jersey 07102, Courtroom 4E.

CAFA requires Bloomingdale's to provide "(A) if feasible, the names of class members who reside in each State and the estimated proportionate share of the claims of such members to the entire settlement to that State's appropriate official; or (B) if the provision of information under subparagraph (A) is not feasible, a reasonable estimate of the number of class members residing in each State and the estimated proportionate share of the claims of such members to the entire settlement…."  28 U.S.C. § 1715(b)(7)(A)-(B).  There are an estimated 46,561 class members.  We have attached an estimate of the number of class members residing in each state and the estimated proportionate share of the claims of such members to the entire settlement as Exhibit A.

If you have any questions about the settlement or this notice, please do not hesitate to contact me.

      Sincerely yours,

      *David Jay*

      David Jay

DJ:dl
Enclosures

cc:    Ross H. Schmierer, Esq. (w/encl.)
      Ari H. Marcus, Esq. (w/encl.)



## EXHIBIT A

(Estimated breakdown by state/territory of 46,561 class members)

| | | | |
|---|---|---|---|
| AK – 39 | .083761% | NC – 830 | 1.782608% |
| AL – 323 | .693714% | ND – 25 | .053693% |
| AR – 122 | .262022% | NE – 119 | .255579% |
| AZ – 502 | 1.078156% | NH – 192 | .412362% |
| CA – 8785 | 18.867722% | NJ – 3121 | 6.703035% |
| CO – 414 | .889156% | NM – 77 | .165374% |
| CT – 678 | 1.456154% | NV – 208 | .446726% |
| DC – 353 | .758145% | NY – 7612 | 16.348446% |
| DE – 289 | .620691% | OH – 1027 | 2.205709% |
| FL – 2551 | 5.478834% | OK – 203 | .435987% |
| GA – 1338 | 2.87365% | OR – 587 | 1.260712% |
| HI – 122 | .262022% | PA – 1955 | 4.198793% |
| IA – 174 | .373703% | RI – 152 | .326453% |
| ID – 59 | .126715% | SC – 344 | .740963% |
| IL - 2083 | 4.473701% | SD – 20 | .042954% |
| IN – 467 | 1.002985% | TN – 437 | .938554% |
| KS – 187 | .401624% | TX – 2383 | 5.053586% |
| KY – 238 | .511157% | UT – 150 | .322158% |
| LA – 301 | .646464% | VA – 1400 | 3.006808% |
| MA – 1737 | 3.73059% | VT – 52 | .111681% |
| MD – 1232 | 2.645991% | WA – 733 | 1.574279% |
| ME – 85 | .182556% | WI – 391 | .839759% |
| MI – 936 | 2.010266% | WV – 78 | .167522% |
| MN – 443 | .95144% | WY – 23 | .049398% |
| MO – 446 | .957883% | Guam – 3 | .006443% |
| MS – 156 | .335044% | USVI – 4 | .008591% |
| MT – 39 | .083761% | PR – 20 | .042954% |



David Jay
Tel. (973) 360-7912
Fax (973) 301-8410
jayd@gtlaw.com

July 18, 2018

VIA PRIORITY MAIL

Mark Brnovich
Office of the Arizona Attorney General
1275 W. Washington Street
Phoenix, AZ  85007

> **Re:**    **Notice of Proposed Class Action Settlement:**
> *Ashkenazi v. Bloomingdale's, Inc.*
> Case No. 3:15-cv-02705-PGS-DEA

Dear Sir or Madam:

We represent Bloomingdale's, Inc. ("Bloomingdale's"), the defendant in the above-captioned class action (the "Action").  In compliance with the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1715, we write to advise you that the parties have reached a settlement in the above action and are seeking court approval for the settlement in the U.S. District Court for the District of New Jersey.

The Action, which was commenced in 2015, involved allegations that Bloomingdale's transmitted an unsolicited text message to cellular phone numbers submitted in registration for its loyalty program in violation of the Telephone Consumer Protection Act, 47 U.S.C. §227, et seq. ("TCPA").  Under the proposed settlement, Bloomingdale's has agreed to establish a settlement fund in the amount of One Million Four Hundred Thousand Dollars ($1,400,000), comprised of $750,000 in cash and $650,000 in product vouchers with full cash value (redeemable at Bloomingdale's stores and online).  Class members may choose between either a $25 cash payment or a $50 product voucher, to be distributed on a pro rata basis.

As required by CAFA, we enclose the following materials:

1.       Copies of the Complaint and Amended Complaint filed in the Action.

2.       A copy of the Settlement Agreement and Exhibits, which includes a proposed full class notice advising class members of, among other things, their right to request exclusion from

July 18, 2018
Page 2

the proposed settlement.  (The form of class notice is attached as Exhibit 2 to the Settlement Agreement.)

        3.        A copy of the July 17, 2018 Preliminary Approval Order.

        There is no "settlement or other agreement contemporaneously made between class counsel and counsel for defendants," *see* 28 U.S.C. § 1715(b)(5), other than the Settlement Agreement itself, and there are no final judgments, notices of dismissal, *see* 28 U.S.C. § 1715(b)(6), or other written judicial opinions relating to the materials specified in 28 U.S.C. § 1715(b)(3)-(6), other than the above listed documents.  *See* 28 U.S.C. § 1715(b)(8).

        A **Final Approval Hearing** has been scheduled by the Court for **<u>December 5, 2018 at 11:00 a.m.</u>** before the Honorable Peter G. Sheridan, U.S.D.J., United States District Court for the District of New Jersey, 402 East State Street, Trenton, New Jersey 07102, Courtroom 4E.

        CAFA requires Bloomingdale's to provide "(A) if feasible, the names of class members who reside in each State and the estimated proportionate share of the claims of such members to the entire settlement to that State's appropriate official; or (B) if the provision of information under subparagraph (A) is not feasible, a reasonable estimate of the number of class members residing in each State and the estimated proportionate share of the claims of such members to the entire settlement...."  28 U.S.C. § 1715(b)(7)(A)-(B).  There are an estimated 46,561 class members.  We have attached an estimate of the number of class members residing in each state and the estimated proportionate share of the claims of such members to the entire settlement as Exhibit A.

        If you have any questions about the settlement or this notice, please do not hesitate to contact me.

        Sincerely yours,

        *David Jay*

        David Jay

DJ:dl
Enclosures

cc:    Ross H. Schmierer, Esq. (w/encl.)
       Ari H. Marcus, Esq. (w/encl.)



**EXHIBIT A**

(Estimated breakdown by state/territory of 46,561 class members)

| | | | |
|---|---|---|---|
| AK – 39 | .083761% | NC – 830 | 1.782608% |
| AL – 323 | .693714% | ND – 25 | .053693% |
| AR – 122 | .262022% | NE – 119 | .255579% |
| AZ – 502 | 1.078156% | NH – 192 | .412362% |
| CA – 8785 | 18.867722% | NJ – 3121 | 6.703035% |
| CO – 414 | .889156% | NM – 77 | .165374% |
| CT – 678 | 1.456164% | NV – 208 | .446726% |
| DC – 353 | .758145% | NY – 7612 | 16.348446% |
| DE – 289 | .620691% | OH – 1027 | 2.205709% |
| FL – 2551 | 5.478834% | OK – 203 | .435987% |
| GA – 1338 | 2.87365% | OR – 587 | 1.260712% |
| HI – 122 | .262022% | PA – 1955 | 4.198793% |
| IA – 174 | .373703% | RI – 152 | .326453% |
| ID – 59 | .126715% | SC – 344 | .740963% |
| IL - 2083 | 4.473701% | SD – 20 | .042954% |
| IN – 467 | 1.002985% | TN – 437 | .938554% |
| KS – 187 | .401624% | TX – 2383 | 5.053586% |
| KY – 238 | .511157% | UT – 150 | .322158% |
| LA – 301 | .646464% | VA – 1400 | 3.006808% |
| MA – 1737 | 3.73059% | VT – 52 | .111681% |
| MD – 1232 | 2.645991% | WA – 733 | 1.574279% |
| ME – 85 | .182556% | WI – 391 | .839759% |
| MI – 936 | 2.010266% | WV – 78 | .167522% |
| MN – 443 | .95144% | WY – 23 | .049398% |
| MO – 446 | .957883% | Guam – 3 | .006443% |
| MS – 156 | .335044% | USVI – 4 | .008591% |
| MT – 39 | .083761% | PR – 20 | .042954% |



David Jay
Tel. (973) 360-7912
Fax (973) 301-8410
jayd@gtlaw.com

July 18, 2018

VIA PRIORITY MAIL

CAFA Coordinator
Office of the Attorney General
Consumer Law Section
455 Golden Gate Ave., Suite 11000
San Francisco, CA  94102

Re:   **Notice of Proposed Class Action Settlement**:
      *Ashkenazi v. Bloomingdale's, Inc.*
      Case No. 3:15-cv-02705-PGS-DEA

Dear Sir or Madam:

We represent Bloomingdale's, Inc. ("Bloomingdale's"), the defendant in the above-captioned class action (the "Action").  In compliance with the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1715, we write to advise you that the parties have reached a settlement in the above action and are seeking court approval for the settlement in the U.S. District Court for the District of New Jersey.

The Action, which was commenced in 2015, involved allegations that Bloomingdale's transmitted an unsolicited text message to cellular phone numbers submitted in registration for its loyalty program in violation of the Telephone Consumer Protection Act, 47 U.S.C. §227, et seq. ("TCPA").  Under the proposed settlement, Bloomingdale's has agreed to establish a settlement fund in the amount of One Million Four Hundred Thousand Dollars ($1,400,000), comprised of $750,000 in cash and $650,000 in product vouchers with full cash value (redeemable at Bloomingdale's stores and online).  Class members may choose between either a $25 cash payment or a $50 product voucher, to be distributed on a pro rata basis.

As required by CAFA, we enclose the following materials:

1.      Copies of the Complaint and Amended Complaint filed in the Action.

2.      A copy of the Settlement Agreement and Exhibits, which includes a proposed full class notice advising class members of, among other things, their right to request exclusion from

July 18, 2018
Page 2

the proposed settlement.  (The form of class notice is attached as Exhibit 2 to the Settlement Agreement.)

   3. A copy of the July 17, 2018 Preliminary Approval Order.

   There is no "settlement or other agreement contemporaneously made between class counsel and counsel for defendants," *see* 28 U.S.C. § 1715(b)(5), other than the Settlement Agreement itself, and there are no final judgments, notices of dismissal, *see* 28 U.S.C. § 1715(b)(6), or other written judicial opinions relating to the materials specified in 28 U.S.C. § 1715(b)(3)-(6), other than the above listed documents.  *See* 28 U.S.C. § 1715(b)(8).

   A **Final Approval Hearing** has been scheduled by the Court for **December 5, 2018 at 11:00 a.m.** before the Honorable Peter G. Sheridan, U.S.D.J., United States District Court for the District of New Jersey, 402 East State Street, Trenton, New Jersey 07102, Courtroom 4E.

   CAFA requires Bloomingdale's to provide "(A) if feasible, the names of class members who reside in each State and the estimated proportionate share of the claims of such members to the entire settlement to that State's appropriate official; or (B) if the provision of information under subparagraph (A) is not feasible, a reasonable estimate of the number of class members residing in each State and the estimated proportionate share of the claims of such members to the entire settlement…."  28 U.S.C. § 1715(b)(7)(A)-(B).  There are an estimated 46,561 class members.  We have attached an estimate of the number of class members residing in each state and the estimated proportionate share of the claims of such members to the entire settlement as Exhibit A.

   If you have any questions about the settlement or this notice, please do not hesitate to contact me.

       Sincerely yours,

       *David Jay*

       David Jay

DJ:dl
Enclosures

cc: Ross H. Schmierer, Esq. (w/encl.)
  Ari H. Marcus, Esq. (w/encl.)



## EXHIBIT A

(Estimated breakdown by state/territory of 46,561 class members)

| State | Count | % | State | Count | % |
|---|---|---|---|---|---|
| AK – 39 | .083761% | | NC – 830 | 1.782608% | |
| AL – 323 | .693714% | | ND – 25 | .053693% | |
| AR – 122 | .262022% | | NE – 119 | .255579% | |
| AZ – 502 | 1.078156% | | NH – 192 | .412362% | |
| CA – 8785 | 18.867722% | | NJ – 3121 | 6.703035% | |
| CO – 414 | .889156% | | NM – 77 | .165374% | |
| CT – 678 | 1.456154% | | NV – 208 | .446726% | |
| DC – 353 | .758145% | | NY – 7612 | 16.348446% | |
| DE – 289 | .620691% | | OH – 1027 | 2.205709% | |
| FL – 2551 | 5.478834% | | OK – 203 | .435987% | |
| GA – 1338 | 2.87365% | | OR – 587 | 1.260712% | |
| HI – 122 | .262022% | | PA – 1955 | 4.198793% | |
| IA – 174 | .373703% | | RI – 152 | .326453% | |
| ID – 59 | .126715% | | SC – 344 | .740963% | |
| IL - 2083 | 4.473701% | | SD – 20 | .042954% | |
| IN – 467 | 1.002985% | | TN – 437 | .938554% | |
| KS – 187 | .401624% | | TX – 2383 | 5.053586% | |
| KY – 238 | .511157% | | UT – 150 | .322158% | |
| LA – 301 | .646464% | | VA – 1400 | 3.006808% | |
| MA – 1737 | 3.73059% | | VT – 52 | .111681% | |
| MD – 1232 | 2.645991% | | WA – 733 | 1.574279% | |
| ME – 85 | .182556% | | WI – 391 | .839759% | |
| MI – 936 | 2.010266% | | WV – 78 | .167522% | |
| MN – 443 | .95144% | | WY – 23 | .049398% | |
| MO – 446 | .957883% | | Guam – 3 | .006443% | |
| MS – 156 | .335044% | | USVI – 4 | .008591% | |
| MT – 39 | .083761% | | PR – 20 | .042954% | |



David Jay
Tel. (973) 360-7912
Fax (973) 301-8410
jayd@gtlaw.com

July 18, 2018

VIA PRIORITY MAIL

Cynthia Coffman
Office of the Colorado Attorney General
Ralph L. Carr Colorado Judicial Center
1300 Broadway, 10th Floor
Denver, CO  80203

Re:    **Notice of Proposed Class Action Settlement:**
       *Ashkenazi v. Bloomingdale's, Inc.*
       Case No. 3:15-cv-02705-PGS-DEA

Dear Sir or Madam:

We represent Bloomingdale's, Inc. ("Bloomingdale's"), the defendant in the above-captioned class action (the "Action").  In compliance with the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1715, we write to advise you that the parties have reached a settlement in the above action and are seeking court approval for the settlement in the U.S. District Court for the District of New Jersey.

The Action, which was commenced in 2015, involved allegations that Bloomingdale's transmitted an unsolicited text message to cellular phone numbers submitted in registration for its loyalty program in violation of the Telephone Consumer Protection Act, 47 U.S.C. §227, et seq. ("TCPA").  Under the proposed settlement, Bloomingdale's has agreed to establish a settlement fund in the amount of One Million Four Hundred Thousand Dollars ($1,400,000), comprised of $750,000 in cash and $650,000 in product vouchers with full cash value (redeemable at Bloomingdale's stores and online).  Class members may choose between either a $25 cash payment or a $50 product voucher, to be distributed on a pro rata basis.

As required by CAFA, we enclose the following materials:

1.     Copies of the Complaint and Amended Complaint filed in the Action.

2.     A copy of the Settlement Agreement and Exhibits, which includes a proposed full class notice advising class members of, among other things, their right to request exclusion from

July 18, 2018
Page 2

the proposed settlement.  (The form of class notice is attached as Exhibit 2 to the Settlement Agreement.)

      3.      A copy of the July 17, 2018 Preliminary Approval Order.

There is no "settlement or other agreement contemporaneously made between class counsel and counsel for defendants," *see* 28 U.S.C. § 1715(b)(5), other than the Settlement Agreement itself, and there are no final judgments, notices of dismissal, *see* 28 U.S.C. § 1715(b)(6), or other written judicial opinions relating to the materials specified in 28 U.S.C. § 1715(b)(3)-(6), other than the above listed documents.  *See* 28 U.S.C. § 1715(b)(8).

A **Final Approval Hearing** has been scheduled by the Court for **December 5, 2018 at 11:00 a.m.** before the Honorable Peter G. Sheridan, U.S.D.J., United States District Court for the District of New Jersey, 402 East State Street, Trenton, New Jersey 07102, Courtroom 4E.

CAFA requires Bloomingdale's to provide "(A) if feasible, the names of class members who reside in each State and the estimated proportionate share of the claims of such members to the entire settlement to that State's appropriate official; or (B) if the provision of information under subparagraph (A) is not feasible, a reasonable estimate of the number of class members residing in each State and the estimated proportionate share of the claims of such members to the entire settlement…."  28 U.S.C. § 1715(b)(7)(A)-(B).  There are an estimated 46,561 class members.  We have attached an estimate of the number of class members residing in each state and the estimated proportionate share of the claims of such members to the entire settlement as Exhibit A.

If you have any questions about the settlement or this notice, please do not hesitate to contact me.

Sincerely yours,

*David Jay*

David Jay

DJ:dl
Enclosures

cc:    Ross H. Schmierer, Esq. (w/encl.)
       Ari H. Marcus, Esq. (w/encl.)



## EXHIBIT A

(Estimated breakdown by state/territory of 46,561 class members)

| | | | |
|---|---|---|---|
| AK – 39 | .083761% | NC – 830 | 1.782608% |
| AL – 323 | .693714% | ND – 25 | .053693% |
| AR – 122 | .262022% | NE – 119 | .255579% |
| AZ – 502 | 1.078156% | NH – 192 | .412362% |
| CA – 8785 | 18.867722% | NJ – 3121 | 6.703035% |
| CO – 414 | .889156% | NM – 77 | .165374% |
| CT – 678 | 1.456154% | NV – 208 | .446726% |
| DC – 353 | .758145% | NY – 7612 | 16.348446% |
| DE – 289 | .620691% | OH – 1027 | 2.205709% |
| FL – 2551 | 5.478834% | OK – 203 | .435987% |
| GA – 1338 | 2.87365% | OR – 587 | 1.260712% |
| HI – 122 | .262022% | PA – 1955 | 4.198793% |
| IA – 174 | .373703% | RI – 152 | .326453% |
| ID – 59 | .126715% | SC – 344 | .740963% |
| IL - 2083 | 4.473701% | SD – 20 | .042954% |
| IN – 467 | 1.002985% | TN – 437 | .938554% |
| KS – 187 | .401624% | TX – 2383 | 5.053586% |
| KY – 238 | .511157% | UT – 150 | .322158% |
| LA – 301 | .646464% | VA – 1400 | 3.006808% |
| MA – 1737 | 3.73059% | VT – 52 | .111681% |
| MD – 1232 | 2.645991% | WA – 733 | 1.574279% |
| ME – 85 | .182556% | WI – 391 | .839759% |
| MI – 936 | 2.010266% | WV – 78 | .167522% |
| MN – 443 | .95144% | WY – 23 | .049398% |
| MO – 446 | .957883% | Guam – 3 | .006443% |
| MS – 156 | .335044% | USVI – 4 | .008591% |
| MT – 39 | .083761% | PR – 20 | .042954% |



David Jay
Tel. (973) 360-7912
Fax (973) 301-8410
jayd@gtlaw.com

July 18, 2018

VIA PRIORITY MAIL

George Jepsen
State of Connecticut Attorney General's Office
55 Elm Street
Hartford, CT  6106

> **Re:**   **Notice of Proposed Class Action Settlement:**
> *Ashkenazi v. Bloomingdale's, Inc.*
> Case No. 3:15-cv-02705-PGS-DEA

Dear Sir or Madam:

We represent Bloomingdale's, Inc. ("Bloomingdale's"), the defendant in the above-captioned class action (the "Action").  In compliance with the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1715, we write to advise you that the parties have reached a settlement in the above action and are seeking court approval for the settlement in the U.S. District Court for the District of New Jersey.

The Action, which was commenced in 2015, involved allegations that Bloomingdale's transmitted an unsolicited text message to cellular phone numbers submitted in registration for its loyalty program in violation of the Telephone Consumer Protection Act, 47 U.S.C. §227, et seq. ("TCPA").   Under the proposed settlement, Bloomingdale's has agreed to establish a settlement fund in the amount of One Million Four Hundred Thousand Dollars ($1,400,000), comprised of $750,000 in cash and $650,000 in product vouchers with full cash value (redeemable at Bloomingdale's stores and online).  Class members may choose between either a $25 cash payment or a $50 product voucher, to be distributed on a pro rata basis.

As required by CAFA, we enclose the following materials:

1.      Copies of the Complaint and Amended Complaint filed in the Action.

2.      A copy of the Settlement Agreement and Exhibits, which includes a proposed full class notice advising class members of, among other things, their right to request exclusion from

July 18, 2018
Page 2

the proposed settlement.  (The form of class notice is attached as Exhibit 2 to the Settlement Agreement.)

      3.      A copy of the July 17, 2018 Preliminary Approval Order.

There is no "settlement or other agreement contemporaneously made between class counsel and counsel for defendants," *see* 28 U.S.C. § 1715(b)(5), other than the Settlement Agreement itself, and there are no final judgments, notices of dismissal, *see* 28 U.S.C. § 1715(b)(6), or other written judicial opinions relating to the materials specified in 28 U.S.C. § 1715(b)(3)-(6), other than the above listed documents.  *See* 28 U.S.C. § 1715(b)(8).

A **Final Approval Hearing** has been scheduled by the Court for **December 5, 2018 at 11:00 a.m.** before the Honorable Peter G. Sheridan, U.S.D.J., United States District Court for the District of New Jersey, 402 East State Street, Trenton, New Jersey 07102, Courtroom 4E.

CAFA requires Bloomingdale's to provide "(A) if feasible, the names of class members who reside in each State and the estimated proportionate share of the claims of such members to the entire settlement to that State's appropriate official; or (B) if the provision of information under subparagraph (A) is not feasible, a reasonable estimate of the number of class members residing in each State and the estimated proportionate share of the claims of such members to the entire settlement…."  28 U.S.C. § 1715(b)(7)(A)-(B).  There are an estimated 46,561 class members.  We have attached an estimate of the number of class members residing in each state and the estimated proportionate share of the claims of such members to the entire settlement as Exhibit A.

If you have any questions about the settlement or this notice, please do not hesitate to contact me.

Sincerely yours,

*David Jay*

David Jay

DJ:dl
Enclosures

cc:    Ross H. Schmierer, Esq. (w/encl.)
       Ari H. Marcus, Esq. (w/encl.)



# EXHIBIT A

(Estimated breakdown by state/territory of 46,561 class members)

| | | | |
|---|---|---|---|
| AK – 39 | .083761% | NC – 830 | 1.782608% |
| AL – 323 | .693714% | ND – 25 | .053693% |
| AR – 122 | .262022% | NE – 119 | .255579% |
| AZ – 502 | 1.078156% | NH – 192 | .412362% |
| CA – 8785 | 18.867722% | NJ – 3121 | 6.703035% |
| CO – 414 | .889156% | NM – 77 | .165374% |
| CT – 678 | 1.456143% | NV – 208 | .446726% |
| DC – 353 | .758145% | NY – 7612 | 16.348446% |
| DE – 289 | .620691% | OH – 1027 | 2.205709% |
| FL – 2551 | 5.478834% | OK – 203 | .435987% |
| GA – 1338 | 2.87365% | OR – 587 | 1.260712% |
| HI – 122 | .262022% | PA – 1955 | 4.198793% |
| IA – 174 | .373703% | RI – 152 | .326453% |
| ID – 59 | .126715% | SC – 344 | .740963% |
| IL - 2083 | 4.473701% | SD – 20 | .042954% |
| IN – 467 | 1.002985% | TN – 437 | .938554% |
| KS – 187 | .401624% | TX – 2383 | 5.053586% |
| KY – 238 | .511157% | UT – 150 | .322158% |
| LA – 301 | .646464% | VA – 1400 | 3.006808% |
| MA – 1737 | 3.73059% | VT – 52 | .111681% |
| MD – 1232 | 2.645991% | WA – 733 | 1.574279% |
| ME – 85 | .182556% | WI – 391 | .839759% |
| MI – 936 | 2.010266% | WV – 78 | .167522% |
| MN – 443 | .95144% | WY – 23 | .049398% |
| MO – 446 | .957883% | Guam – 3 | .006443% |
| MS – 156 | .335044% | USVI – 4 | .008591% |
| MT – 39 | .083761% | PR – 20 | .042954% |



David Jay
Tel. (973) 360-7912
Fax (973) 301-8410
jayd@gtlaw.com

July 18, 2018

VIA PRIORITY MAIL

Karl A. Racine
District of Columbia Attorney General
441 4th Street, NW, Suite 1100S
Washington, DC  20001

Re:   **Notice of Proposed Class Action Settlement:**
      *Ashkenazi v. Bloomingdale's, Inc.*
      Case No. 3:15-cv-02705-PGS-DEA

Dear Sir or Madam:

We represent Bloomingdale's, Inc. ("Bloomingdale's"), the defendant in the above-captioned class action (the "Action").  In compliance with the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1715, we write to advise you that the parties have reached a settlement in the above action and are seeking court approval for the settlement in the U.S. District Court for the District of New Jersey.

The Action, which was commenced in 2015, involved allegations that Bloomingdale's transmitted an unsolicited text message to cellular phone numbers submitted in registration for its loyalty program in violation of the Telephone Consumer Protection Act, 47 U.S.C. §227, et seq. ("TCPA").   Under the proposed settlement, Bloomingdale's has agreed to establish a settlement fund in the amount of One Million Four Hundred Thousand Dollars ($1,400,000), comprised of $750,000 in cash and $650,000 in product vouchers with full cash value (redeemable at Bloomingdale's stores and online).  Class members may choose between either a $25 cash payment or a $50 product voucher, to be distributed on a pro rata basis.

As required by CAFA, we enclose the following materials:

1.      Copies of the Complaint and Amended Complaint filed in the Action.

2.      A copy of the Settlement Agreement and Exhibits, which includes a proposed full class notice advising class members of, among other things, their right to request exclusion from

July 18, 2018
Page 2

the proposed settlement.  (The form of class notice is attached as Exhibit 2 to the Settlement Agreement.)

> 3.     A copy of the July 17, 2018 Preliminary Approval Order.

There is no "settlement or other agreement contemporaneously made between class counsel and counsel for defendants," *see* 28 U.S.C. § 1715(b)(5), other than the Settlement Agreement itself, and there are no final judgments, notices of dismissal, *see* 28 U.S.C. § 1715(b)(6), or other written judicial opinions relating to the materials specified in 28 U.S.C. § 1715(b)(3)-(6), other than the above listed documents.  *See* 28 U.S.C. § 1715(b)(8).

A **Final Approval Hearing** has been scheduled by the Court for **December 5, 2018 at 11:00 a.m.** before the Honorable Peter G. Sheridan, U.S.D.J., United States District Court for the District of New Jersey, 402 East State Street, Trenton, New Jersey 07102, Courtroom 4E.

CAFA requires Bloomingdale's to provide "(A) if feasible, the names of class members who reside in each State and the estimated proportionate share of the claims of such members to the entire settlement to that State's appropriate official; or (B) if the provision of information under subparagraph (A) is not feasible, a reasonable estimate of the number of class members residing in each State and the estimated proportionate share of the claims of such members to the entire settlement…."  28 U.S.C. § 1715(b)(7)(A)-(B).  There are an estimated 46,561 class members.  We have attached an estimate of the number of class members residing in each state and the estimated proportionate share of the claims of such members to the entire settlement as Exhibit A.

If you have any questions about the settlement or this notice, please do not hesitate to contact me.

Sincerely yours,

*David Jay*

David Jay

DJ:dl
Enclosures

cc:     Ross H. Schmierer, Esq. (w/encl.)
        Ari H. Marcus, Esq. (w/encl.)



## EXHIBIT A

(Estimated breakdown by state/territory of 46,561 class members)

| | | | |
|---|---|---|---|
| AK – 39 | .083761% | NC – 830 | 1.782608% |
| AL – 323 | .693714% | ND – 25 | .053693% |
| AR – 122 | .262022% | NE – 119 | .255579% |
| AZ – 502 | 1.078156% | NH – 192 | .412362% |
| CA – 8785 | 18.867722% | NJ – 3121 | 6.703035% |
| CO – 414 | .889156% | NM – 77 | .165374% |
| CT – 678 | 1.456143% | NV – 208 | .446726% |
| DC – 353 | .758145% | NY – 7612 | 16.348446% |
| DE – 289 | .620691% | OH – 1027 | 2.205709% |
| FL – 2551 | 5.478834% | OK – 203 | .435987% |
| GA – 1338 | 2.87365% | OR – 587 | 1.260712% |
| HI – 122 | .262022% | PA – 1955 | 4.198793% |
| IA – 174 | .373703% | RI – 152 | .326453% |
| ID – 59 | .126715% | SC – 344 | .740963% |
| IL - 2083 | 4.473701% | SD – 20 | .042954% |
| IN – 467 | 1.002985% | TN – 437 | .938554% |
| KS – 187 | .401624% | TX – 2383 | 5.053586% |
| KY – 238 | .511157% | UT – 150 | .322158% |
| LA – 301 | .646464% | VA – 1400 | 3.006808% |
| MA – 1737 | 3.73059% | VT – 52 | .111681% |
| MD – 1232 | 2.645991% | WA – 733 | 1.574279% |
| ME – 85 | .182556% | WI – 391 | .839759% |
| MI – 936 | 2.010266% | WV – 78 | .167522% |
| MN – 443 | .95144% | WY – 23 | .049398% |
| MO – 446 | .957883% | Guam – 3 | .006443% |
| MS – 156 | .335044% | USVI – 4 | .008591% |
| MT – 39 | .083761% | PR – 20 | .042954% |



David Jay
Tel. (973) 360-7912
Fax (973) 301-8410
jayd@gtlaw.com

July 18, 2018

VIA PRIORITY MAIL

Jefferson Sessions
Attorney General of the United States
United States Department of Justice
950 Pennsylvania Avenue, NW
Washington, DC  20530-0001

Re:   **Notice of Proposed Class Action Settlement**:
*Ashkenazi v. Bloomingdale's, Inc.*
Case No. 3:15-cv-02705-PGS-DEA

Dear Sir or Madam:

We represent Bloomingdale's, Inc. ("Bloomingdale's"), the defendant in the above-captioned class action (the "Action").  In compliance with the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1715, we write to advise you that the parties have reached a settlement in the above action and are seeking court approval for the settlement in the U.S. District Court for the District of New Jersey.

The Action, which was commenced in 2015, involved allegations that Bloomingdale's transmitted an unsolicited text message to cellular phone numbers submitted in registration for its loyalty program in violation of the Telephone Consumer Protection Act, 47 U.S.C. §227, et seq. ("TCPA").  Under the proposed settlement, Bloomingdale's has agreed to establish a settlement fund in the amount of One Million Four Hundred Thousand Dollars ($1,400,000), comprised of $750,000 in cash and $650,000 in product vouchers with full cash value (redeemable at Bloomingdale's stores and online).  Class members may choose between either a $25 cash payment or a $50 product voucher, to be distributed on a pro rata basis.

As required by CAFA, we enclose the following materials:

1.      Copies of the Complaint and Amended Complaint filed in the Action.

2.      A copy of the Settlement Agreement and Exhibits, which includes a proposed full class notice advising class members of, among other things, their right to request exclusion from

July 18, 2018
Page 2

the proposed settlement.  (The form of class notice is attached as Exhibit 2 to the Settlement Agreement.)

       3.      A copy of the July 17, 2018 Preliminary Approval Order.

There is no "settlement or other agreement contemporaneously made between class counsel and counsel for defendants," *see* 28 U.S.C. § 1715(b)(5), other than the Settlement Agreement itself, and there are no final judgments, notices of dismissal, *see* 28 U.S.C. § 1715(b)(6), or other written judicial opinions relating to the materials specified in 28 U.S.C. § 1715(b)(3)-(6), other than the above listed documents.  *See* 28 U.S.C. § 1715(b)(8).

A **Final Approval Hearing** has been scheduled by the Court for **December 5, 2018 at 11:00 a.m.** before the Honorable Peter G. Sheridan, U.S.D.J., United States District Court for the District of New Jersey, 402 East State Street, Trenton, New Jersey 07102, Courtroom 4E.

CAFA requires Bloomingdale's to provide "(A) if feasible, the names of class members who reside in each State and the estimated proportionate share of the claims of such members to the entire settlement to that State's appropriate official; or (B) if the provision of information under subparagraph (A) is not feasible, a reasonable estimate of the number of class members residing in each State and the estimated proportionate share of the claims of such members to the entire settlement…."  28 U.S.C. § 1715(b)(7)(A)-(B).  There are an estimated 46,561 class members.  We have attached an estimate of the number of class members residing in each state and the estimated proportionate share of the claims of such members to the entire settlement as Exhibit A.

If you have any questions about the settlement or this notice, please do not hesitate to contact me.

Sincerely yours,

*David Jay*

David Jay

DJ:dl
Enclosures

cc:    Ross H. Schmierer, Esq. (w/encl.)
       Ari H. Marcus, Esq. (w/encl.)



## EXHIBIT A

(Estimated breakdown by state/territory of 46,561 class members)

| | | | |
|---|---|---|---|
| AK – 39 | .083761% | NC – 830 | 1.782608% |
| AL – 323 | .693714% | ND – 25 | .053693% |
| AR – 122 | .262022% | NE – 119 | .255579% |
| AZ – 502 | 1.078156% | NH – 192 | .412362% |
| CA – 8785 | 18.867722% | NJ – 3121 | 6.703035% |
| CO – 414 | .889156% | NM – 77 | .165374% |
| CT – 678 | 1.456143% | NV – 208 | .446726% |
| DC – 353 | .758145% | NY – 7612 | 16.348446% |
| DE – 289 | .620691% | OH – 1027 | 2.205709% |
| FL – 2551 | 5.478834% | OK – 203 | .435987% |
| GA – 1338 | 2.87365% | OR – 587 | 1.260712% |
| HI – 122 | .262022% | PA – 1955 | 4.198793% |
| IA – 174 | .373703% | RI – 152 | .326453% |
| ID – 59 | .126715% | SC – 344 | .740963% |
| IL - 2083 | 4.473701% | SD – 20 | .042954% |
| IN – 467 | 1.002985% | TN – 437 | .938554% |
| KS – 187 | .401624% | TX – 2383 | 5.053586% |
| KY – 238 | .511157% | UT – 150 | .322158% |
| LA – 301 | .646464% | VA – 1400 | 3.006808% |
| MA – 1737 | 3.73059% | VT – 52 | .111681% |
| MD – 1232 | 2.645991% | WA – 733 | 1.574279% |
| ME – 85 | .182556% | WI – 391 | .839759% |
| MI – 936 | 2.010266% | WV – 78 | .167522% |
| MN – 443 | .95144% | WY – 23 | .049398% |
| MO – 446 | .957883% | Guam – 3 | .006443% |
| MS – 156 | .335044% | USVI – 4 | .008591% |
| MT – 39 | .083761% | PR – 20 | .042954% |



David Jay
Tel. (973) 360-7912
Fax (973) 301-8410
jayd@gtlaw.com

July 18, 2018

VIA PRIORITY MAIL

Matthew Denn
Delaware Attorney General
Carvel State Office Building
820 N. French Street
Wilmington, DE  19801

Re:   **Notice of Proposed Class Action Settlement**:
        *Ashkenazi v. Bloomingdale's, Inc.*
        Case No. 3:15-cv-02705-PGS-DEA

Dear Sir or Madam:

We represent Bloomingdale's, Inc. ("Bloomingdale's"), the defendant in the above-captioned class action (the "Action").  In compliance with the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1715, we write to advise you that the parties have reached a settlement in the above action and are seeking court approval for the settlement in the U.S. District Court for the District of New Jersey.

The Action, which was commenced in 2015, involved allegations that Bloomingdale's transmitted an unsolicited text message to cellular phone numbers submitted in registration for its loyalty program in violation of the Telephone Consumer Protection Act, 47 U.S.C. §227, et seq. ("TCPA").  Under the proposed settlement, Bloomingdale's has agreed to establish a settlement fund in the amount of One Million Four Hundred Thousand Dollars ($1,400,000), comprised of $750,000 in cash and $650,000 in product vouchers with full cash value (redeemable at Bloomingdale's stores and online).  Class members may choose between either a $25 cash payment or a $50 product voucher, to be distributed on a pro rata basis.

As required by CAFA, we enclose the following materials:

1.      Copies of the Complaint and Amended Complaint filed in the Action.

2.      A copy of the Settlement Agreement and Exhibits, which includes a proposed full class notice advising class members of, among other things, their right to request exclusion from

July 18, 2018
Page 2

the proposed settlement.  (The form of class notice is attached as Exhibit 2 to the Settlement Agreement.)

       3.      A copy of the July 17, 2018 Preliminary Approval Order.

      There is no "settlement or other agreement contemporaneously made between class counsel and counsel for defendants," *see* 28 U.S.C. § 1715(b)(5), other than the Settlement Agreement itself, and there are no final judgments, notices of dismissal, *see* 28 U.S.C. § 1715(b)(6), or other written judicial opinions relating to the materials specified in 28 U.S.C. § 1715(b)(3)-(6), other than the above listed documents.  *See* 28 U.S.C. § 1715(b)(8).

      A **Final Approval Hearing** has been scheduled by the Court for **December 5, 2018 at 11:00 a.m.** before the Honorable Peter G. Sheridan, U.S.D.J., United States District Court for the District of New Jersey, 402 East State Street, Trenton, New Jersey 07102, Courtroom 4E.

      CAFA requires Bloomingdale's to provide "(A) if feasible, the names of class members who reside in each State and the estimated proportionate share of the claims of such members to the entire settlement to that State's appropriate official; or (B) if the provision of information under subparagraph (A) is not feasible, a reasonable estimate of the number of class members residing in each State and the estimated proportionate share of the claims of such members to the entire settlement...."  28 U.S.C. § 1715(b)(7)(A)-(B).  There are an estimated 46,561 class members.  We have attached an estimate of the number of class members residing in each state and the estimated proportionate share of the claims of such members to the entire settlement as Exhibit A.

      If you have any questions about the settlement or this notice, please do not hesitate to contact me.

                  Sincerely yours,

                  *David Jay*

                  David Jay

DJ:dl
Enclosures

cc:    Ross H. Schmierer, Esq. (w/encl.)
       Ari H. Marcus, Esq. (w/encl.)



## EXHIBIT A

(Estimated breakdown by state/territory of 46,561 class members)

| | | | |
|---|---|---|---|
| AK – 39 | .083761% | NC – 830 | 1.782608% |
| AL – 323 | .693714% | ND – 25 | .053693% |
| AR – 122 | .262022% | NE – 119 | .255579% |
| AZ – 502 | 1.078156% | NH – 192 | .412362% |
| CA – 8785 | 18.867722% | NJ – 3121 | 6.703035% |
| CO – 414 | .889156% | NM – 77 | .165374% |
| CT – 678 | 1.456154% | NV – 208 | .446726% |
| DC – 353 | .758145% | NY – 7612 | 16.348446% |
| DE – 289 | .620691% | OH – 1027 | 2.205709% |
| FL – 2551 | 5.478834% | OK – 203 | .435987% |
| GA – 1338 | 2.87365% | OR – 587 | 1.260712% |
| HI – 122 | .262022% | PA – 1955 | 4.198793% |
| IA – 174 | .373703% | RI – 152 | .326453% |
| ID – 59 | .126715% | SC – 344 | .740963% |
| IL - 2083 | 4.473701% | SD – 20 | .042954% |
| IN – 467 | 1.002985% | TN – 437 | .938554% |
| KS – 187 | .401624% | TX – 2383 | 5.053586% |
| KY – 238 | .511157% | UT – 150 | .322158% |
| LA – 301 | .646464% | VA – 1400 | 3.006808% |
| MA – 1737 | 3.73059% | VT – 52 | .111681% |
| MD – 1232 | 2.645991% | WA – 733 | 1.574279% |
| ME – 85 | .182556% | WI – 391 | .839759% |
| MI – 936 | 2.010266% | WV – 78 | .167522% |
| MN – 443 | .95144% | WY – 23 | .049398% |
| MO – 446 | .957883% | Guam – 3 | .006443% |
| MS – 156 | .335044% | USVI – 4 | .008591% |
| MT – 39 | .083761% | PR – 20 | .042954% |



David Jay
Tel. (973) 360-7912
Fax (973) 301-8410
jayd@gtlaw.com

July 18, 2018

VIA PRIORITY MAIL

Pam Bondi
Office of the Attorney General of Florida
The Capitol, PL-01
Tallahassee, FL  32399-1050

Re:   **Notice of Proposed Class Action Settlement:**
      *Ashkenazi v. Bloomingdale's, Inc.*
      Case No. 3:15-cv-02705-PGS-DEA

Dear Sir or Madam:

We represent Bloomingdale's, Inc. ("Bloomingdale's"), the defendant in the above-captioned class action (the "Action").  In compliance with the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1715, we write to advise you that the parties have reached a settlement in the above action and are seeking court approval for the settlement in the U.S. District Court for the District of New Jersey.

The Action, which was commenced in 2015, involved allegations that Bloomingdale's transmitted an unsolicited text message to cellular phone numbers submitted in registration for its loyalty program in violation of the Telephone Consumer Protection Act, 47 U.S.C. §227, et seq. ("TCPA").   Under the proposed settlement, Bloomingdale's has agreed to establish a settlement fund in the amount of One Million Four Hundred Thousand Dollars ($1,400,000), comprised of $750,000 in cash and $650,000 in product vouchers with full cash value (redeemable at Bloomingdale's stores and online).  Class members may choose between either a $25 cash payment or a $50 product voucher, to be distributed on a pro rata basis.

As required by CAFA, we enclose the following materials:

1.      Copies of the Complaint and Amended Complaint filed in the Action.

2.      A copy of the Settlement Agreement and Exhibits, which includes a proposed full class notice advising class members of, among other things, their right to request exclusion from

July 18, 2018
Page 2

the proposed settlement.  (The form of class notice is attached as Exhibit 2 to the Settlement Agreement.)

   3.  A copy of the July 17, 2018 Preliminary Approval Order.

   There is no "settlement or other agreement contemporaneously made between class counsel and counsel for defendants," *see* 28 U.S.C. § 1715(b)(5), other than the Settlement Agreement itself, and there are no final judgments, notices of dismissal, *see* 28 U.S.C. § 1715(b)(6), or other written judicial opinions relating to the materials specified in 28 U.S.C. § 1715(b)(3)-(6), other than the above listed documents.  *See* 28 U.S.C. § 1715(b)(8).

   A **Final Approval Hearing** has been scheduled by the Court for <u>**December 5, 2018 at 11:00 a.m.**</u> before the Honorable Peter G. Sheridan, U.S.D.J., United States District Court for the District of New Jersey, 402 East State Street, Trenton, New Jersey 07102, Courtroom 4E.

   CAFA requires Bloomingdale's to provide "(A) if feasible, the names of class members who reside in each State and the estimated proportionate share of the claims of such members to the entire settlement to that State's appropriate official; or (B) if the provision of information under subparagraph (A) is not feasible, a reasonable estimate of the number of class members residing in each State and the estimated proportionate share of the claims of such members to the entire settlement…."  28 U.S.C. § 1715(b)(7)(A)-(B).  There are an estimated 46,561 class members.  We have attached an estimate of the number of class members residing in each state and the estimated proportionate share of the claims of such members to the entire settlement as Exhibit A.

   If you have any questions about the settlement or this notice, please do not hesitate to contact me.

       Sincerely yours,

       *David Jay*

       David Jay

DJ:dl
Enclosures

cc: Ross H. Schmierer, Esq. (w/encl.)
   Ari H. Marcus, Esq. (w/encl.)



## EXHIBIT A

(Estimated breakdown by state/territory of 46,561 class members)

| | | | |
|---|---|---|---|
| AK – 39 | .083761% | NC – 830 | 1.782608% |
| AL – 323 | .693714% | ND – 25 | .053693% |
| AR – 122 | .262022% | NE – 119 | .255579% |
| AZ – 502 | 1.078156% | NH – 192 | .412362% |
| CA – 8785 | 18.867722% | NJ – 3121 | 6.703035% |
| CO – 414 | .889156% | NM – 77 | .165374% |
| CT – 678 | 1.456154% | NV – 208 | .446726% |
| DC – 353 | .758145% | NY – 7612 | 16.348446% |
| DE – 289 | .620691% | OH – 1027 | 2.205709% |
| FL – 2551 | 5.478834% | OK – 203 | .435987% |
| GA – 1338 | 2.87365% | OR – 587 | 1.260712% |
| HI – 122 | .262022% | PA – 1955 | 4.198793% |
| IA – 174 | .373703% | RI – 152 | .326453% |
| ID – 59 | .126715% | SC – 344 | .740963% |
| IL - 2083 | 4.473701% | SD – 20 | .042954% |
| IN – 467 | 1.002985% | TN – 437 | .938554% |
| KS – 187 | .401624% | TX – 2383 | 5.053586% |
| KY – 238 | .511157% | UT – 150 | .322158% |
| LA – 301 | .646464% | VA – 1400 | 3.006808% |
| MA – 1737 | 3.73059% | VT – 52 | .111681% |
| MD – 1232 | 2.645991% | WA – 733 | 1.574279% |
| ME – 85 | .182556% | WI – 391 | .839759% |
| MI – 936 | 2.010266% | WV – 78 | .167522% |
| MN – 443 | .95144% | WY – 23 | .049398% |
| MO – 446 | .957883% | Guam – 3 | .006443% |
| MS – 156 | .335044% | USVI – 4 | .008591% |
| MT – 39 | .083761% | PR – 20 | .042954% |



David Jay
Tel. (973) 360-7912
Fax (973) 301-8410
jayd@gtlaw.com

July 18, 2018

VIA PRIORITY MAIL

Chris Carr
Office of the Georgia Attorney General
40 Capitol Square, SW
Atlanta, GA  30334-1300

> **Re:**   **Notice of Proposed Class Action Settlement:**
> *Ashkenazi v. Bloomingdale's, Inc.*
> Case No. 3:15-cv-02705-PGS-DEA

Dear Sir or Madam:

We represent Bloomingdale's, Inc. ("Bloomingdale's"), the defendant in the above-captioned class action (the "Action").  In compliance with the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1715, we write to advise you that the parties have reached a settlement in the above action and are seeking court approval for the settlement in the U.S. District Court for the District of New Jersey.

The Action, which was commenced in 2015, involved allegations that Bloomingdale's transmitted an unsolicited text message to cellular phone numbers submitted in registration for its loyalty program in violation of the Telephone Consumer Protection Act, 47 U.S.C. §227, et seq. ("TCPA").   Under the proposed settlement, Bloomingdale's has agreed to establish a settlement fund in the amount of One Million Four Hundred Thousand Dollars ($1,400,000), comprised of $750,000 in cash and $650,000 in product vouchers with full cash value (redeemable at Bloomingdale's stores and online).  Class members may choose between either a $25 cash payment or a $50 product voucher, to be distributed on a pro rata basis.

As required by CAFA, we enclose the following materials:

1.      Copies of the Complaint and Amended Complaint filed in the Action.

2.      A copy of the Settlement Agreement and Exhibits, which includes a proposed full class notice advising class members of, among other things, their right to request exclusion from

July 18, 2018
Page 2

the proposed settlement.  (The form of class notice is attached as Exhibit 2 to the Settlement Agreement.)

    3.    A copy of the July 17, 2018 Preliminary Approval Order.

    There is no "settlement or other agreement contemporaneously made between class counsel and counsel for defendants," *see* 28 U.S.C. § 1715(b)(5), other than the Settlement Agreement itself, and there are no final judgments, notices of dismissal, *see* 28 U.S.C. § 1715(b)(6), or other written judicial opinions relating to the materials specified in 28 U.S.C. § 1715(b)(3)-(6), other than the above listed documents.  *See* 28 U.S.C. § 1715(b)(8).

    A **Final Approval Hearing** has been scheduled by the Court for **December 5, 2018 at 11:00 a.m.** before the Honorable Peter G. Sheridan, U.S.D.J., United States District Court for the District of New Jersey, 402 East State Street, Trenton, New Jersey 07102, Courtroom 4E.

    CAFA requires Bloomingdale's to provide "(A) if feasible, the names of class members who reside in each State and the estimated proportionate share of the claims of such members to the entire settlement to that State's appropriate official; or (B) if the provision of information under subparagraph (A) is not feasible, a reasonable estimate of the number of class members residing in each State and the estimated proportionate share of the claims of such members to the entire settlement…."  28 U.S.C. § 1715(b)(7)(A)-(B).  There are an estimated 46,561 class members.  We have attached an estimate of the number of class members residing in each state and the estimated proportionate share of the claims of such members to the entire settlement as Exhibit A.

    If you have any questions about the settlement or this notice, please do not hesitate to contact me.

                    Sincerely yours,

                    *David Jay*

                    David Jay

DJ:dl
Enclosures

cc:    Ross H. Schmierer, Esq. (w/encl.)
       Ari H. Marcus, Esq. (w/encl.)



## EXHIBIT A

(Estimated breakdown by state/territory of 46,561 class members)

| | | | |
|---|---|---|---|
| AK – 39 | .083761% | NC – 830 | 1.782608% |
| AL – 323 | .693714% | ND – 25 | .053693% |
| AR – 122 | .262022% | NE – 119 | .255579% |
| AZ – 502 | 1.078156% | NH – 192 | .412362% |
| CA – 8785 | 18.867722% | NJ – 3121 | 6.703035% |
| CO – 414 | .889156% | NM – 77 | .165374% |
| CT – 678 | 1.456143% | NV – 208 | .446726% |
| DC – 353 | .758145% | NY – 7612 | 16.348446% |
| DE – 289 | .620691% | OH – 1027 | 2.205709% |
| FL – 2551 | 5.478834% | OK – 203 | .435987% |
| GA – 1338 | 2.87365% | OR – 587 | 1.260712% |
| HI – 122 | .262022% | PA – 1955 | 4.198793% |
| IA – 174 | .373703% | RI – 152 | .326453% |
| ID – 59 | .126715% | SC – 344 | .740963% |
| IL - 2083 | 4.473701% | SD – 20 | .042954% |
| IN – 467 | 1.002985% | TN – 437 | .938554% |
| KS – 187 | .401624% | TX – 2383 | 5.053586% |
| KY – 238 | .511157% | UT – 150 | .322158% |
| LA – 301 | .646464% | VA – 1400 | 3.006808% |
| MA – 1737 | 3.73059% | VT – 52 | .111681% |
| MD – 1232 | 2.645991% | WA – 733 | 1.574279% |
| ME – 85 | .182556% | WI – 391 | .839759% |
| MI – 936 | 2.010266% | WV – 78 | .167522% |
| MN – 443 | .95144% | WY – 23 | .049398% |
| MO – 446 | .957883% | Guam – 3 | .006443% |
| MS – 156 | .335044% | USVI – 4 | .008591% |
| MT – 39 | .083761% | PR – 20 | .042954% |



David Jay
Tel. (973) 360-7912
Fax (973) 301-8410
jayd@gtlaw.com

July 18, 2018

VIA PRIORITY MAIL

Douglas S. Chin
Office of the Hawaii Attorney General
425 Queen Street
Honolulu, HI  96813

> **Re:**   **Notice of Proposed Class Action Settlement:**
> *Ashkenazi v. Bloomingdale's, Inc.*
> Case No. 3:15-cv-02705-PGS-DEA

Dear Sir or Madam:

We represent Bloomingdale's, Inc. ("Bloomingdale's"), the defendant in the above-captioned class action (the "Action").  In compliance with the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1715, we write to advise you that the parties have reached a settlement in the above action and are seeking court approval for the settlement in the U.S. District Court for the District of New Jersey.

The Action, which was commenced in 2015, involved allegations that Bloomingdale's transmitted an unsolicited text message to cellular phone numbers submitted in registration for its loyalty program in violation of the Telephone Consumer Protection Act, 47 U.S.C. §227, et seq. ("TCPA").  Under the proposed settlement, Bloomingdale's has agreed to establish a settlement fund in the amount of One Million Four Hundred Thousand Dollars ($1,400,000), comprised of $750,000 in cash and $650,000 in product vouchers with full cash value (redeemable at Bloomingdale's stores and online).  Class members may choose between either a $25 cash payment or a $50 product voucher, to be distributed on a pro rata basis.

As required by CAFA, we enclose the following materials:

1.      Copies of the Complaint and Amended Complaint filed in the Action.

2.      A copy of the Settlement Agreement and Exhibits, which includes a proposed full class notice advising class members of, among other things, their right to request exclusion from

July 18, 2018
Page 2

the proposed settlement.  (The form of class notice is attached as Exhibit 2 to the Settlement Agreement.)

        3.        A copy of the July 17, 2018 Preliminary Approval Order.

There is no "settlement or other agreement contemporaneously made between class counsel and counsel for defendants," *see* 28 U.S.C. § 1715(b)(5), other than the Settlement Agreement itself, and there are no final judgments, notices of dismissal, *see* 28 U.S.C. § 1715(b)(6), or other written judicial opinions relating to the materials specified in 28 U.S.C. § 1715(b)(3)-(6), other than the above listed documents.  *See* 28 U.S.C. § 1715(b)(8).

A **Final Approval Hearing** has been scheduled by the Court for __December 5, 2018 at 11:00 a.m.__ before the Honorable Peter G. Sheridan, U.S.D.J., United States District Court for the District of New Jersey, 402 East State Street, Trenton, New Jersey 07102, Courtroom 4E.

CAFA requires Bloomingdale's to provide "(A) if feasible, the names of class members who reside in each State and the estimated proportionate share of the claims of such members to the entire settlement to that State's appropriate official; or (B) if the provision of information under subparagraph (A) is not feasible, a reasonable estimate of the number of class members residing in each State and the estimated proportionate share of the claims of such members to the entire settlement…."  28 U.S.C. § 1715(b)(7)(A)-(B).  There are an estimated 46,561 class members.  We have attached an estimate of the number of class members residing in each state and the estimated proportionate share of the claims of such members to the entire settlement as Exhibit A.

If you have any questions about the settlement or this notice, please do not hesitate to contact me.

Sincerely yours,

*David Jay*

David Jay

DJ:dl
Enclosures

cc:    Ross H. Schmierer, Esq. (w/encl.)
       Ari H. Marcus, Esq. (w/encl.)



## EXHIBIT A

(Estimated breakdown by state/territory of 46,561 class members)

| | | | |
|---|---|---|---|
| AK – 39 | .083761% | NC – 830 | 1.782608% |
| AL – 323 | .693714% | ND – 25 | .053693% |
| AR – 122 | .262022% | NE – 119 | .255579% |
| AZ – 502 | 1.078156% | NH – 192 | .412362% |
| CA – 8785 | 18.867722% | NJ – 3121 | 6.703035% |
| CO – 414 | .889156% | NM – 77 | .165374% |
| CT – 678 | 1.456154% | NV – 208 | .446726% |
| DC – 353 | .758145% | NY – 7612 | 16.348446% |
| DE – 289 | .620691% | OH – 1027 | 2.205709% |
| FL – 2551 | 5.478834% | OK – 203 | .435987% |
| GA – 1338 | 2.87365% | OR – 587 | 1.260712% |
| HI – 122 | .262022% | PA – 1955 | 4.198793% |
| IA – 174 | .373703% | RI – 152 | .326453% |
| ID – 59 | .126715% | SC – 344 | .740963% |
| IL - 2083 | 4.473701% | SD – 20 | .042954% |
| IN – 467 | 1.002985% | TN – 437 | .938554% |
| KS – 187 | .401624% | TX – 2383 | 5.053586% |
| KY – 238 | .511157% | UT – 150 | .322158% |
| LA – 301 | .646464% | VA – 1400 | 3.006808% |
| MA – 1737 | 3.73059% | VT – 52 | .111681% |
| MD – 1232 | 2.645991% | WA – 733 | 1.574279% |
| ME – 85 | .182556% | WI – 391 | .839759% |
| MI – 936 | 2.010266% | WV – 78 | .167522% |
| MN – 443 | .95144% | WY – 23 | .049398% |
| MO – 446 | .957883% | Guam – 3 | .006443% |
| MS – 156 | .335044% | USVI – 4 | .008591% |
| MT – 39 | .083761% | PR – 20 | .042954% |



David Jay
Tel. (973) 360-7912
Fax (973) 301-8410
jayd@gtlaw.com

July 18, 2018

VIA PRIORITY MAIL

Tom Miller
Iowa Attorney General
Hoover State Office Building
1305 E. Walnut Street
Des Moines, IA  50319

Re:     **Notice of Proposed Class Action Settlement:**
        *Ashkenazi v. Bloomingdale's, Inc.*
        Case No. 3:15-cv-02705-PGS-DEA

Dear Sir or Madam:

We represent Bloomingdale's, Inc. ("Bloomingdale's"), the defendant in the above-captioned class action (the "Action").  In compliance with the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1715, we write to advise you that the parties have reached a settlement in the above action and are seeking court approval for the settlement in the U.S. District Court for the District of New Jersey.

The Action, which was commenced in 2015, involved allegations that Bloomingdale's transmitted an unsolicited text message to cellular phone numbers submitted in registration for its loyalty program in violation of the Telephone Consumer Protection Act, 47 U.S.C. §227, et seq. ("TCPA").  Under the proposed settlement, Bloomingdale's has agreed to establish a settlement fund in the amount of One Million Four Hundred Thousand Dollars ($1,400,000), comprised of $750,000 in cash and $650,000 in product vouchers with full cash value (redeemable at Bloomingdale's stores and online).  Class members may choose between either a $25 cash payment or a $50 product voucher, to be distributed on a pro rata basis.

As required by CAFA, we enclose the following materials:

1.      Copies of the Complaint and Amended Complaint filed in the Action.

2.      A copy of the Settlement Agreement and Exhibits, which includes a proposed full class notice advising class members of, among other things, their right to request exclusion from

July 18, 2018
Page 2

the proposed settlement.  (The form of class notice is attached as Exhibit 2 to the Settlement Agreement.)

       3.      A copy of the July 17, 2018 Preliminary Approval Order.

There is no "settlement or other agreement contemporaneously made between class counsel and counsel for defendants," *see* 28 U.S.C. § 1715(b)(5), other than the Settlement Agreement itself, and there are no final judgments, notices of dismissal, *see* 28 U.S.C. § 1715(b)(6), or other written judicial opinions relating to the materials specified in 28 U.S.C. § 1715(b)(3)-(6), other than the above listed documents.  *See* 28 U.S.C. § 1715(b)(8).

A **Final Approval Hearing** has been scheduled by the Court for **December 5, 2018 at 11:00 a.m.** before the Honorable Peter G. Sheridan, U.S.D.J., United States District Court for the District of New Jersey, 402 East State Street, Trenton, New Jersey 07102, Courtroom 4E.

CAFA requires Bloomingdale's to provide "(A) if feasible, the names of class members who reside in each State and the estimated proportionate share of the claims of such members to the entire settlement to that State's appropriate official; or (B) if the provision of information under subparagraph (A) is not feasible, a reasonable estimate of the number of class members residing in each State and the estimated proportionate share of the claims of such members to the entire settlement…."  28 U.S.C. § 1715(b)(7)(A)-(B).  There are an estimated 46,561 class members.  We have attached an estimate of the number of class members residing in each state and the estimated proportionate share of the claims of such members to the entire settlement as Exhibit A.

If you have any questions about the settlement or this notice, please do not hesitate to contact me.

Sincerely yours,

*David Jay*

David Jay

DJ:dl
Enclosures

cc:    Ross H. Schmierer, Esq. (w/encl.)
       Ari H. Marcus, Esq. (w/encl.)



## EXHIBIT A

(Estimated breakdown by state/territory of 46,561 class members)

| | | | |
|---|---|---|---|
| AK – 39 | .083761% | NC – 830 | 1.782608% |
| AL – 323 | .693714% | ND – 25 | .053693% |
| AR – 122 | .262022% | NE – 119 | .255579% |
| AZ – 502 | 1.078156% | NH – 192 | .412362% |
| CA – 8785 | 18.867722% | NJ – 3121 | 6.703035% |
| CO – 414 | .889156% | NM – 77 | .165374% |
| CT – 678 | 1.456143% | NV – 208 | .446726% |
| DC – 353 | .758145% | NY – 7612 | 16.348446% |
| DE – 289 | .620691% | OH – 1027 | 2.205709% |
| FL – 2551 | 5.478834% | OK – 203 | .435987% |
| GA – 1338 | 2.87365% | OR – 587 | 1.260712% |
| HI – 122 | .262022% | PA – 1955 | 4.198793% |
| IA – 174 | .373703% | RI – 152 | .326453% |
| ID – 59 | .126715% | SC – 344 | .740963% |
| IL - 2083 | 4.473701% | SD – 20 | .042954% |
| IN – 467 | 1.002985% | TN – 437 | .938554% |
| KS – 187 | .401624% | TX – 2383 | 5.053586% |
| KY – 238 | .511157% | UT – 150 | .322158% |
| LA – 301 | .646464% | VA – 1400 | 3.006808% |
| MA – 1737 | 3.73059% | VT – 52 | .111681% |
| MD – 1232 | 2.645991% | WA – 733 | 1.574279% |
| ME – 85 | .182556% | WI – 391 | .839759% |
| MI – 936 | 2.010266% | WV – 78 | .167522% |
| MN – 443 | .95144% | WY – 23 | .049398% |
| MO – 446 | .957883% | Guam – 3 | .006443% |
| MS – 156 | .335044% | USVI – 4 | .008591% |
| MT – 39 | .083761% | PR – 20 | .042954% |



David Jay
Tel. (973) 360-7912
Fax (973) 301-8410
jayd@gtlaw.com

July 18, 2018

VIA PRIORITY MAIL

Lawrence Wasden
State of Idaho Attorney General's Office
Statehouse
700 W Jefferson St
Boise, ID  83720-0010

Re:   **Notice of Proposed Class Action Settlement**:
      *Ashkenazi v. Bloomingdale's, Inc.*
      Case No. 3:15-cv-02705-PGS-DEA

Dear Sir or Madam:

We represent Bloomingdale's, Inc. ("Bloomingdale's"), the defendant in the above-captioned class action (the "Action").  In compliance with the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1715, we write to advise you that the parties have reached a settlement in the above action and are seeking court approval for the settlement in the U.S. District Court for the District of New Jersey.

The Action, which was commenced in 2015, involved allegations that Bloomingdale's transmitted an unsolicited text message to cellular phone numbers submitted in registration for its loyalty program in violation of the Telephone Consumer Protection Act, 47 U.S.C. §227, et seq. ("TCPA").  Under the proposed settlement, Bloomingdale's has agreed to establish a settlement fund in the amount of One Million Four Hundred Thousand Dollars ($1,400,000), comprised of $750,000 in cash and $650,000 in product vouchers with full cash value (redeemable at Bloomingdale's stores and online).  Class members may choose between either a $25 cash payment or a $50 product voucher, to be distributed on a pro rata basis.

As required by CAFA, we enclose the following materials:

1.      Copies of the Complaint and Amended Complaint filed in the Action.

2.      A copy of the Settlement Agreement and Exhibits, which includes a proposed full class notice advising class members of, among other things, their right to request exclusion from

July 18, 2018
Page 2

the proposed settlement.  (The form of class notice is attached as Exhibit 2 to the Settlement Agreement.)

       3.     A copy of the July 17, 2018 Preliminary Approval Order.

There is no "settlement or other agreement contemporaneously made between class counsel and counsel for defendants," *see* 28 U.S.C. § 1715(b)(5), other than the Settlement Agreement itself, and there are no final judgments, notices of dismissal, *see* 28 U.S.C. § 1715(b)(6), or other written judicial opinions relating to the materials specified in 28 U.S.C. § 1715(b)(3)-(6), other than the above listed documents.  *See* 28 U.S.C. § 1715(b)(8).

A **Final Approval Hearing** has been scheduled by the Court for **December 5, 2018 at 11:00 a.m.** before the Honorable Peter G. Sheridan, U.S.D.J., United States District Court for the District of New Jersey, 402 East State Street, Trenton, New Jersey 07102, Courtroom 4E.

CAFA requires Bloomingdale's to provide "(A) if feasible, the names of class members who reside in each State and the estimated proportionate share of the claims of such members to the entire settlement to that State's appropriate official; or (B) if the provision of information under subparagraph (A) is not feasible, a reasonable estimate of the number of class members residing in each State and the estimated proportionate share of the claims of such members to the entire settlement…."  28 U.S.C. § 1715(b)(7)(A)-(B).  There are an estimated 46,561 class members.  We have attached an estimate of the number of class members residing in each state and the estimated proportionate share of the claims of such members to the entire settlement as Exhibit A.

If you have any questions about the settlement or this notice, please do not hesitate to contact me.

Sincerely yours,

*David Jay*

David Jay

DJ:dl
Enclosures

cc:    Ross H. Schmierer, Esq. (w/encl.)
       Ari H. Marcus, Esq. (w/encl.)



**EXHIBIT A**

(Estimated breakdown by state/territory of 46,561 class members)

| | | | |
|---|---|---|---|
| AK – 39 | .083761% | NC – 830 | 1.782608% |
| AL – 323 | .693714% | ND – 25 | .053693% |
| AR – 122 | .262022% | NE – 119 | .255579% |
| AZ – 502 | 1.078156% | NH – 192 | .412362% |
| CA – 8785 | 18.867722% | NJ – 3121 | 6.703035% |
| CO – 414 | .889156% | NM – 77 | .165374% |
| CT – 678 | 1.456164% | NV – 208 | .446726% |
| DC – 353 | .758145% | NY – 7612 | 16.348446% |
| DE – 289 | .620691% | OH – 1027 | 2.205709% |
| FL – 2551 | 5.478834% | OK – 203 | .435987% |
| GA – 1338 | 2.87365% | OR – 587 | 1.260712% |
| HI – 122 | .262022% | PA – 1955 | 4.198793% |
| IA – 174 | .373703% | RI – 152 | .326453% |
| ID – 59 | .126715% | SC – 344 | .740963% |
| IL - 2083 | 4.473701% | SD – 20 | .042954% |
| IN – 467 | 1.002985% | TN – 437 | .938554% |
| KS – 187 | .401624% | TX – 2383 | 5.053586% |
| KY – 238 | .511157% | UT – 150 | .322158% |
| LA – 301 | .646464% | VA – 1400 | 3.006808% |
| MA – 1737 | 3.73059% | VT – 52 | .111681% |
| MD – 1232 | 2.645991% | WA – 733 | 1.574279% |
| ME – 85 | .182556% | WI – 391 | .839759% |
| MI – 936 | 2.010266% | WV – 78 | .167522% |
| MN – 443 | .95144% | WY – 23 | .049398% |
| MO – 446 | .957883% | Guam – 3 | .006443% |
| MS – 156 | .335044% | USVI – 4 | .008591% |
| MT – 39 | .083761% | PR – 20 | .042954% |



David Jay
Tel. (973) 360-7912
Fax (973) 301-8410
jayd@gtlaw.com

July 18, 2018

VIA PRIORITY MAIL

Lisa Madigan
Illinois Attorney General
James R. Thompson Center
100 W. Randolph Street
Chicago, IL  60601

Re:     **Notice of Proposed Class Action Settlement:**
          *Ashkenazi v. Bloomingdale's, Inc.*
          Case No. 3:15-cv-02705-PGS-DEA

Dear Sir or Madam:

We represent Bloomingdale's, Inc. ("Bloomingdale's"), the defendant in the above-captioned class action (the "Action").  In compliance with the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1715, we write to advise you that the parties have reached a settlement in the above action and are seeking court approval for the settlement in the U.S. District Court for the District of New Jersey.

The Action, which was commenced in 2015, involved allegations that Bloomingdale's transmitted an unsolicited text message to cellular phone numbers submitted in registration for its loyalty program in violation of the Telephone Consumer Protection Act, 47 U.S.C. §227, et seq. ("TCPA").  Under the proposed settlement, Bloomingdale's has agreed to establish a settlement fund in the amount of One Million Four Hundred Thousand Dollars ($1,400,000), comprised of $750,000 in cash and $650,000 in product vouchers with full cash value (redeemable at Bloomingdale's stores and online).  Class members may choose between either a $25 cash payment or a $50 product voucher, to be distributed on a pro rata basis.

As required by CAFA, we enclose the following materials:

1.      Copies of the Complaint and Amended Complaint filed in the Action.

2.      A copy of the Settlement Agreement and Exhibits, which includes a proposed full class notice advising class members of, among other things, their right to request exclusion from

July 18, 2018
Page 2

the proposed settlement.   (The form of class notice is attached as Exhibit 2 to the Settlement Agreement.)

       3.      A copy of the July 17, 2018 Preliminary Approval Order.

There is no "settlement or other agreement contemporaneously made between class counsel and counsel for defendants," *see* 28 U.S.C. § 1715(b)(5), other than the Settlement Agreement itself, and there are no final judgments, notices of dismissal, *see* 28 U.S.C. § 1715(b)(6), or other written judicial opinions relating to the materials specified in 28 U.S.C. § 1715(b)(3)-(6), other than the above listed documents. *See* 28 U.S.C. § 1715(b)(8).

A **Final Approval Hearing** has been scheduled by the Court for **December 5, 2018 at 11:00 a.m.** before the Honorable Peter G. Sheridan, U.S.D.J., United States District Court for the District of New Jersey, 402 East State Street, Trenton, New Jersey 07102, Courtroom 4E.

CAFA requires Bloomingdale's to provide "(A) if feasible, the names of class members who reside in each State and the estimated proportionate share of the claims of such members to the entire settlement to that State's appropriate official; or (B) if the provision of information under subparagraph (A) is not feasible, a reasonable estimate of the number of class members residing in each State and the estimated proportionate share of the claims of such members to the entire settlement…."   28 U.S.C. § 1715(b)(7)(A)-(B).   There are an estimated 46,561 class members.   We have attached an estimate of the number of class members residing in each state and the estimated proportionate share of the claims of such members to the entire settlement as Exhibit A.

If you have any questions about the settlement or this notice, please do not hesitate to contact me.

Sincerely yours,

*David Jay*

David Jay

DJ:dl
Enclosures

cc:    Ross H. Schmierer, Esq. (w/encl.)
       Ari H. Marcus, Esq. (w/encl.)



**EXHIBIT A**

(Estimated breakdown by state/territory of 46,561 class members)

| | | | |
|---|---|---|---|
| AK – 39 | .083761% | NC – 830 | 1.782608% |
| AL – 323 | .693714% | ND – 25 | .053693% |
| AR – 122 | .262022% | NE – 119 | .255579% |
| AZ – 502 | 1.078156% | NH – 192 | .412362% |
| CA – 8785 | 18.867722% | NJ – 3121 | 6.703035% |
| CO – 414 | .889156% | NM – 77 | .165374% |
| CT – 678 | 1.456154% | NV – 208 | .446726% |
| DC – 353 | .758145% | NY – 7612 | 16.348446% |
| DE – 289 | .620691% | OH – 1027 | 2.205709% |
| FL – 2551 | 5.478834% | OK – 203 | .435987% |
| GA – 1338 | 2.87365% | OR – 587 | 1.260712% |
| HI – 122 | .262022% | PA – 1955 | 4.198793% |
| IA – 174 | .373703% | RI – 152 | .326453% |
| ID – 59 | .126715% | SC – 344 | .740963% |
| IL - 2083 | 4.473701% | SD – 20 | .042954% |
| IN – 467 | 1.002985% | TN – 437 | .938554% |
| KS – 187 | .401624% | TX – 2383 | 5.053586% |
| KY – 238 | .511157% | UT – 150 | .322158% |
| LA – 301 | .646464% | VA – 1400 | 3.006808% |
| MA – 1737 | 3.73059% | VT – 52 | .111681% |
| MD – 1232 | 2.645991% | WA – 733 | 1.574279% |
| ME – 85 | .182556% | WI – 391 | .839759% |
| MI – 936 | 2.010266% | WV – 78 | .167522% |
| MN – 443 | .95144% | WY – 23 | .049398% |
| MO – 446 | .957883% | Guam – 3 | .006443% |
| MS – 156 | .335044% | USVI – 4 | .008591% |
| MT – 39 | .083761% | PR – 20 | .042954% |



David Jay
Tel. (973) 360-7912
Fax (973) 301-8410
jayd@gtlaw.com

July 18, 2018


VIA PRIORITY MAIL

Curtis T. Hill, Jr.
Indiana Attorney General's Office
Indiana Government Center South
302 West Washington Street, 5th Floor
Indianapolis, IN  46204


        Re:    **Notice of Proposed Class Action Settlement:**
               *Ashkenazi v. Bloomingdale's, Inc.*
               Case No. 3:15-cv-02705-PGS-DEA


Dear Sir or Madam:

        We represent Bloomingdale's, Inc. ("Bloomingdale's"), the defendant in the above-captioned class action (the "Action").  In compliance with the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1715, we write to advise you that the parties have reached a settlement in the above action and are seeking court approval for the settlement in the U.S. District Court for the District of New Jersey.

        The Action, which was commenced in 2015, involved allegations that Bloomingdale's transmitted an unsolicited text message to cellular phone numbers submitted in registration for its loyalty program in violation of the Telephone Consumer Protection Act, 47 U.S.C. §227, et seq. ("TCPA").  Under the proposed settlement, Bloomingdale's has agreed to establish a settlement fund in the amount of One Million Four Hundred Thousand Dollars ($1,400,000), comprised of $750,000 in cash and $650,000 in product vouchers with full cash value (redeemable at Bloomingdale's stores and online).  Class members may choose between either a $25 cash payment or a $50 product voucher, to be distributed on a pro rata basis.

        As required by CAFA, we enclose the following materials:

        1.     Copies of the Complaint and Amended Complaint filed in the Action.

        2.     A copy of the Settlement Agreement and Exhibits, which includes a proposed full class notice advising class members of, among other things, their right to request exclusion from

July 18, 2018
Page 2

the proposed settlement.  (The form of class notice is attached as Exhibit 2 to the Settlement Agreement.)

       3.      A copy of the July 17, 2018 Preliminary Approval Order.

There is no "settlement or other agreement contemporaneously made between class counsel and counsel for defendants," *see* 28 U.S.C. § 1715(b)(5), other than the Settlement Agreement itself, and there are no final judgments, notices of dismissal, *see* 28 U.S.C. § 1715(b)(6), or other written judicial opinions relating to the materials specified in 28 U.S.C. § 1715(b)(3)-(6), other than the above listed documents.  *See* 28 U.S.C. § 1715(b)(8).

A **Final Approval Hearing** has been scheduled by the Court for <u>**December 5, 2018 at 11:00 a.m.**</u> before the Honorable Peter G. Sheridan, U.S.D.J., United States District Court for the District of New Jersey, 402 East State Street, Trenton, New Jersey 07102, Courtroom 4E.

CAFA requires Bloomingdale's to provide "(A) if feasible, the names of class members who reside in each State and the estimated proportionate share of the claims of such members to the entire settlement to that State's appropriate official; or (B) if the provision of information under subparagraph (A) is not feasible, a reasonable estimate of the number of class members residing in each State and the estimated proportionate share of the claims of such members to the entire settlement…."  28 U.S.C. § 1715(b)(7)(A)-(B).  There are an estimated 46,561 class members.  We have attached an estimate of the number of class members residing in each state and the estimated proportionate share of the claims of such members to the entire settlement as Exhibit A.

If you have any questions about the settlement or this notice, please do not hesitate to contact me.

Sincerely yours,

*David Jay*

David Jay

DJ:dl
Enclosures

cc:    Ross H. Schmierer, Esq. (w/encl.)
       Ari H. Marcus, Esq. (w/encl.)



## EXHIBIT A

(Estimated breakdown by state/territory of 46,561 class members)

| | | | |
|---|---|---|---|
| AK – 39 | .083761% | NC – 830 | 1.782608% |
| AL – 323 | .693714% | ND – 25 | .053693% |
| AR – 122 | .262022% | NE – 119 | .255579% |
| AZ – 502 | 1.078156% | NH – 192 | .412362% |
| CA – 8785 | 18.867722% | NJ – 3121 | 6.703035% |
| CO – 414 | .889156% | NM – 77 | .165374% |
| CT – 678 | 1.456164% | NV – 208 | .446726% |
| DC – 353 | .758145% | NY – 7612 | 16.348446% |
| DE – 289 | .620691% | OH – 1027 | 2.205709% |
| FL – 2551 | 5.478834% | OK – 203 | .435987% |
| GA – 1338 | 2.87365% | OR – 587 | 1.260712% |
| HI – 122 | .262022% | PA – 1955 | 4.198793% |
| IA – 174 | .373703% | RI – 152 | .326453% |
| ID – 59 | .126715% | SC – 344 | .740963% |
| IL - 2083 | 4.473701% | SD – 20 | .042954% |
| IN – 467 | 1.002985% | TN – 437 | .938554% |
| KS – 187 | .401624% | TX – 2383 | 5.053586% |
| KY – 238 | .511157% | UT – 150 | .322158% |
| LA – 301 | .646464% | VA – 1400 | 3.006808% |
| MA – 1737 | 3.73059% | VT – 52 | .111681% |
| MD – 1232 | 2.645991% | WA – 733 | 1.574279% |
| ME – 85 | .182556% | WI – 391 | .839759% |
| MI – 936 | 2.010266% | WV – 78 | .167522% |
| MN – 443 | .95144% | WY – 23 | .049398% |
| MO – 446 | .957883% | Guam – 3 | .006443% |
| MS – 156 | .335044% | USVI – 4 | .008591% |
| MT – 39 | .083761% | PR – 20 | .042954% |



David Jay
Tel. (973) 360-7912
Fax (973) 301-8410
jayd@gtlaw.com

July 18, 2018

VIA PRIORITY MAIL

Derek Schmidt
Kansas Attorney General
120 S.W. 10th Ave., 2nd Floor
Topeka, KS  66612-1597

> **Re:** **Notice of Proposed Class Action Settlement:**
> *Ashkenazi v. Bloomingdale's, Inc.*
> Case No. 3:15-cv-02705-PGS-DEA

Dear Sir or Madam:

We represent Bloomingdale's, Inc. ("Bloomingdale's"), the defendant in the above-captioned class action (the "Action").  In compliance with the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1715, we write to advise you that the parties have reached a settlement in the above action and are seeking court approval for the settlement in the U.S. District Court for the District of New Jersey.

The Action, which was commenced in 2015, involved allegations that Bloomingdale's transmitted an unsolicited text message to cellular phone numbers submitted in registration for its loyalty program in violation of the Telephone Consumer Protection Act, 47 U.S.C. §227, et seq. ("TCPA").  Under the proposed settlement, Bloomingdale's has agreed to establish a settlement fund in the amount of One Million Four Hundred Thousand Dollars ($1,400,000), comprised of $750,000 in cash and $650,000 in product vouchers with full cash value (redeemable at Bloomingdale's stores and online).  Class members may choose between either a $25 cash payment or a $50 product voucher, to be distributed on a pro rata basis.

As required by CAFA, we enclose the following materials:

1.      Copies of the Complaint and Amended Complaint filed in the Action.

2.      A copy of the Settlement Agreement and Exhibits, which includes a proposed full class notice advising class members of, among other things, their right to request exclusion from

July 18, 2018
Page 2

the proposed settlement.  (The form of class notice is attached as Exhibit 2 to the Settlement Agreement.)

3.      A copy of the July 17, 2018 Preliminary Approval Order.

There is no "settlement or other agreement contemporaneously made between class counsel and counsel for defendants," *see* 28 U.S.C. § 1715(b)(5), other than the Settlement Agreement itself, and there are no final judgments, notices of dismissal, *see* 28 U.S.C. § 1715(b)(6), or other written judicial opinions relating to the materials specified in 28 U.S.C. § 1715(b)(3)-(6), other than the above listed documents.  *See* 28 U.S.C. § 1715(b)(8).

A **Final Approval Hearing** has been scheduled by the Court for **December 5, 2018 at 11:00 a.m.** before the Honorable Peter G. Sheridan, U.S.D.J., United States District Court for the District of New Jersey, 402 East State Street, Trenton, New Jersey 07102, Courtroom 4E.

CAFA requires Bloomingdale's to provide "(A) if feasible, the names of class members who reside in each State and the estimated proportionate share of the claims of such members to the entire settlement to that State's appropriate official; or (B) if the provision of information under subparagraph (A) is not feasible, a reasonable estimate of the number of class members residing in each State and the estimated proportionate share of the claims of such members to the entire settlement…."  28 U.S.C. § 1715(b)(7)(A)-(B).  There are an estimated 46,561 class members.  We have attached an estimate of the number of class members residing in each state and the estimated proportionate share of the claims of such members to the entire settlement as Exhibit A.

If you have any questions about the settlement or this notice, please do not hesitate to contact me.

Sincerely yours,

*David Jay*

David Jay

DJ:dl
Enclosures

cc:    Ross H. Schmierer, Esq. (w/encl.)
       Ari H. Marcus, Esq. (w/encl.)



## EXHIBIT A

(Estimated breakdown by state/territory of 46,561 class members)

| | | | |
|---|---|---|---|
| AK – 39 | .083761% | NC – 830 | 1.782608% |
| AL – 323 | .693714% | ND – 25 | .053693% |
| AR – 122 | .262022% | NE – 119 | .255579% |
| AZ – 502 | 1.078156% | NH – 192 | .412362% |
| CA – 8785 | 18.867722% | NJ – 3121 | 6.703035% |
| CO – 414 | .889156% | NM – 77 | .165374% |
| CT – 678 | 1.456154% | NV – 208 | .446726% |
| DC – 353 | .758145% | NY – 7612 | 16.348446% |
| DE – 289 | .620691% | OH – 1027 | 2.205709% |
| FL – 2551 | 5.478834% | OK – 203 | .435987% |
| GA – 1338 | 2.87365% | OR – 587 | 1.260712% |
| HI – 122 | .262022% | PA – 1955 | 4.198793% |
| IA – 174 | .373703% | RI – 152 | .326453% |
| ID – 59 | .126715% | SC – 344 | .740963% |
| IL - 2083 | 4.473701% | SD – 20 | .042954% |
| IN – 467 | 1.002985% | TN – 437 | .938554% |
| KS – 187 | .401624% | TX – 2383 | 5.053586% |
| KY – 238 | .511157% | UT – 150 | .322158% |
| LA – 301 | .646464% | VA – 1400 | 3.006808% |
| MA – 1737 | 3.73059% | VT – 52 | .111681% |
| MD – 1232 | 2.645991% | WA – 733 | 1.574279% |
| ME – 85 | .182556% | WI – 391 | .839759% |
| MI – 936 | 2.010266% | WV – 78 | .167522% |
| MN – 443 | .95144% | WY – 23 | .049398% |
| MO – 446 | .957883% | Guam – 3 | .006443% |
| MS – 156 | .335044% | USVI – 4 | .008591% |
| MT – 39 | .083761% | PR – 20 | .042954% |



David Jay
Tel. (973) 360-7912
Fax (973) 301-8410
jayd@gtlaw.com

July 18, 2018

VIA PRIORITY MAIL

Andy Beshear
Office of the Kentucky Attorney General
700 Capitol Ave
Capitol Building, Suite 118
Frankfort, KY  40601

Re:     **Notice of Proposed Class Action Settlement**:
        *Ashkenazi v. Bloomingdale's, Inc.*
        Case No. 3:15-cv-02705-PGS-DEA

Dear Sir or Madam:

We represent Bloomingdale's, Inc. ("Bloomingdale's"), the defendant in the above-captioned class action (the "Action").  In compliance with the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1715, we write to advise you that the parties have reached a settlement in the above action and are seeking court approval for the settlement in the U.S. District Court for the District of New Jersey.

The Action, which was commenced in 2015, involved allegations that Bloomingdale's transmitted an unsolicited text message to cellular phone numbers submitted in registration for its loyalty program in violation of the Telephone Consumer Protection Act, 47 U.S.C. §227, et seq. ("TCPA").  Under the proposed settlement, Bloomingdale's has agreed to establish a settlement fund in the amount of One Million Four Hundred Thousand Dollars ($1,400,000), comprised of $750,000 in cash and $650,000 in product vouchers with full cash value (redeemable at Bloomingdale's stores and online).  Class members may choose between either a $25 cash payment or a $50 product voucher, to be distributed on a pro rata basis.

As required by CAFA, we enclose the following materials:

1.      Copies of the Complaint and Amended Complaint filed in the Action.

2.      A copy of the Settlement Agreement and Exhibits, which includes a proposed full class notice advising class members of, among other things, their right to request exclusion from

July 18, 2018
Page 2

the proposed settlement.  (The form of class notice is attached as Exhibit 2 to the Settlement Agreement.)

3.      A copy of the July 17, 2018 Preliminary Approval Order.

There is no "settlement or other agreement contemporaneously made between class counsel and counsel for defendants," *see* 28 U.S.C. § 1715(b)(5), other than the Settlement Agreement itself, and there are no final judgments, notices of dismissal, *see* 28 U.S.C. § 1715(b)(6), or other written judicial opinions relating to the materials specified in 28 U.S.C. § 1715(b)(3)-(6), other than the above listed documents.  *See* 28 U.S.C. § 1715(b)(8).

A **Final Approval Hearing** has been scheduled by the Court for **December 5, 2018 at 11:00 a.m.** before the Honorable Peter G. Sheridan, U.S.D.J., United States District Court for the District of New Jersey, 402 East State Street, Trenton, New Jersey 07102, Courtroom 4E.

CAFA requires Bloomingdale's to provide "(A) if feasible, the names of class members who reside in each State and the estimated proportionate share of the claims of such members to the entire settlement to that State's appropriate official; or (B) if the provision of information under subparagraph (A) is not feasible, a reasonable estimate of the number of class members residing in each State and the estimated proportionate share of the claims of such members to the entire settlement…."  28 U.S.C. § 1715(b)(7)(A)-(B).  There are an estimated 46,561 class members.  We have attached an estimate of the number of class members residing in each state and the estimated proportionate share of the claims of such members to the entire settlement as Exhibit A.

If you have any questions about the settlement or this notice, please do not hesitate to contact me.

Sincerely yours,

*David Jay*

David Jay

DJ:dl
Enclosures

cc:     Ross H. Schmierer, Esq. (w/encl.)
        Ari H. Marcus, Esq. (w/encl.)



## EXHIBIT A

(Estimated breakdown by state/territory of 46,561 class members)

| | | | |
|---|---|---|---|
| AK – 39 | .083761% | NC – 830 | 1.782608% |
| AL – 323 | .693714% | ND – 25 | .053693% |
| AR – 122 | .262022% | NE – 119 | .255579% |
| AZ – 502 | 1.078156% | NH – 192 | .412362% |
| CA – 8785 | 18.867722% | NJ – 3121 | 6.703035% |
| CO – 414 | .889156% | NM – 77 | .165374% |
| CT – 678 | 1.456154% | NV – 208 | .446726% |
| DC – 353 | .758145% | NY – 7612 | 16.348446% |
| DE – 289 | .620691% | OH – 1027 | 2.205709% |
| FL – 2551 | 5.478834% | OK – 203 | .435987% |
| GA – 1338 | 2.87365% | OR – 587 | 1.260712% |
| HI – 122 | .262022% | PA – 1955 | 4.198793% |
| IA – 174 | .373703% | RI – 152 | .326453% |
| ID – 59 | .126715% | SC – 344 | .740963% |
| IL - 2083 | 4.473701% | SD – 20 | .042954% |
| IN – 467 | 1.002985% | TN – 437 | .938554% |
| KS – 187 | .401624% | TX – 2383 | 5.053586% |
| KY – 238 | .511157% | UT – 150 | .322158% |
| LA – 301 | .646464% | VA – 1400 | 3.006808% |
| MA – 1737 | 3.73059% | VT – 52 | .111681% |
| MD – 1232 | 2.645991% | WA – 733 | 1.574279% |
| ME – 85 | .182556% | WI – 391 | .839759% |
| MI – 936 | 2.010266% | WV – 78 | .167522% |
| MN – 443 | .95144% | WY – 23 | .049398% |
| MO – 446 | .957883% | Guam – 3 | .006443% |
| MS – 156 | .335044% | USVI – 4 | .008591% |
| MT – 39 | .083761% | PR – 20 | .042954% |



David Jay
Tel. (973) 360-7912
Fax (973) 301-8410
jayd@gtlaw.com

July 18, 2018

VIA PRIORITY MAIL

Jeff Landry
Office of the Louisiana Attorney General
P.O. Box 94095
Baton Rouge, LA 70804-4095

        **Re:**   **<u>Notice of Proposed Class Action Settlement</u>:**
                *Ashkenazi v. Bloomingdale's, Inc.*
                Case No. 3:15-cv-02705-PGS-DEA

Dear Sir or Madam:

We represent Bloomingdale's, Inc. ("Bloomingdale's"), the defendant in the above-captioned class action (the "Action"). In compliance with the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1715, we write to advise you that the parties have reached a settlement in the above action and are seeking court approval for the settlement in the U.S. District Court for the District of New Jersey.

The Action, which was commenced in 2015, involved allegations that Bloomingdale's transmitted an unsolicited text message to cellular phone numbers submitted in registration for its loyalty program in violation of the Telephone Consumer Protection Act, 47 U.S.C. §227, et seq. ("TCPA"). Under the proposed settlement, Bloomingdale's has agreed to establish a settlement fund in the amount of One Million Four Hundred Thousand Dollars ($1,400,000), comprised of $750,000 in cash and $650,000 in product vouchers with full cash value (redeemable at Bloomingdale's stores and online). Class members may choose between either a $25 cash payment or a $50 product voucher, to be distributed on a pro rata basis.

As required by CAFA, we enclose the following materials:

1.     Copies of the Complaint and Amended Complaint filed in the Action.

2.     A copy of the Settlement Agreement and Exhibits, which includes a proposed full class notice advising class members of, among other things, their right to request exclusion from

July 18, 2018
Page 2

the proposed settlement. (The form of class notice is attached as Exhibit 2 to the Settlement Agreement.)

3.    A copy of the July 17, 2018 Preliminary Approval Order.

There is no "settlement or other agreement contemporaneously made between class counsel and counsel for defendants," *see* 28 U.S.C. § 1715(b)(5), other than the Settlement Agreement itself, and there are no final judgments, notices of dismissal, *see* 28 U.S.C. § 1715(b)(6), or other written judicial opinions relating to the materials specified in 28 U.S.C. § 1715(b)(3)-(6), other than the above listed documents. *See* 28 U.S.C. § 1715(b)(8).

A **Final Approval Hearing** has been scheduled by the Court for **December 5, 2018 at 11:00 a.m.** before the Honorable Peter G. Sheridan, U.S.D.J., United States District Court for the District of New Jersey, 402 East State Street, Trenton, New Jersey 07102, Courtroom 4E.

CAFA requires Bloomingdale's to provide "(A) if feasible, the names of class members who reside in each State and the estimated proportionate share of the claims of such members to the entire settlement to that State's appropriate official; or (B) if the provision of information under subparagraph (A) is not feasible, a reasonable estimate of the number of class members residing in each State and the estimated proportionate share of the claims of such members to the entire settlement…." 28 U.S.C. § 1715(b)(7)(A)-(B). There are an estimated 46,561 class members. We have attached an estimate of the number of class members residing in each state and the estimated proportionate share of the claims of such members to the entire settlement as Exhibit A.

If you have any questions about the settlement or this notice, please do not hesitate to contact me.

Sincerely yours,

*David Jay*

David Jay

DJ:dl
Enclosures

cc:    Ross H. Schmierer, Esq. (w/encl.)
       Ari H. Marcus, Esq. (w/encl.)



## EXHIBIT A

(Estimated breakdown by state/territory of 46,561 class members)

| | | | |
|---|---|---|---|
| AK – 39 | .083761% | NC – 830 | 1.782608% |
| AL – 323 | .693714% | ND – 25 | .053693% |
| AR – 122 | .262022% | NE – 119 | .255579% |
| AZ – 502 | 1.078156% | NH – 192 | .412362% |
| CA – 8785 | 18.867722% | NJ – 3121 | 6.703035% |
| CO – 414 | .889156% | NM – 77 | .165374% |
| CT – 678 | 1.456154% | NV – 208 | .446726% |
| DC – 353 | .758145% | NY – 7612 | 16.348446% |
| DE – 289 | .620691% | OH – 1027 | 2.205709% |
| FL – 2551 | 5.478834% | OK – 203 | .435987% |
| GA – 1338 | 2.87365% | OR – 587 | 1.260712% |
| HI – 122 | .262022% | PA – 1955 | 4.198793% |
| IA – 174 | .373703% | RI – 152 | .326453% |
| ID – 59 | .126715% | SC – 344 | .740963% |
| IL - 2083 | 4.473701% | SD – 20 | .042954% |
| IN – 467 | 1.002985% | TN – 437 | .938554% |
| KS – 187 | .401624% | TX – 2383 | 5.053586% |
| KY – 238 | .511157% | UT – 150 | .322158% |
| LA – 301 | .646464% | VA – 1400 | 3.006808% |
| MA – 1737 | 3.73059% | VT – 52 | .111681% |
| MD – 1232 | 2.645991% | WA – 733 | 1.574279% |
| ME – 85 | .182556% | WI – 391 | .839759% |
| MI – 936 | 2.010266% | WV – 78 | .167522% |
| MN – 443 | .95144% | WY – 23 | .049398% |
| MO – 446 | .957883% | Guam – 3 | .006443% |
| MS – 156 | .335044% | USVI – 4 | .008591% |
| MT – 39 | .083761% | PR – 20 | .042954% |



David Jay
Tel. (973) 360-7912
Fax (973) 301-8410
jayd@gtlaw.com

July 18, 2018

VIA PRIORITY MAIL

Maura Healey
Office of the Attorney General of Massachusetts
1 Ashburton Place
Boston, MA  02108-1518

> **Re:**    **Notice of Proposed Class Action Settlement:**
> *Ashkenazi v. Bloomingdale's, Inc.*
> Case No. 3:15-cv-02705-PGS-DEA

Dear Sir or Madam:

We represent Bloomingdale's, Inc. ("Bloomingdale's"), the defendant in the above-captioned class action (the "Action").  In compliance with the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1715, we write to advise you that the parties have reached a settlement in the above action and are seeking court approval for the settlement in the U.S. District Court for the District of New Jersey.

The Action, which was commenced in 2015, involved allegations that Bloomingdale's transmitted an unsolicited text message to cellular phone numbers submitted in registration for its loyalty program in violation of the Telephone Consumer Protection Act, 47 U.S.C. §227, et seq. ("TCPA").  Under the proposed settlement, Bloomingdale's has agreed to establish a settlement fund in the amount of One Million Four Hundred Thousand Dollars ($1,400,000), comprised of $750,000 in cash and $650,000 in product vouchers with full cash value (redeemable at Bloomingdale's stores and online).  Class members may choose between either a $25 cash payment or a $50 product voucher, to be distributed on a pro rata basis.

As required by CAFA, we enclose the following materials:

1.    Copies of the Complaint and Amended Complaint filed in the Action.

2.    A copy of the Settlement Agreement and Exhibits, which includes a proposed full class notice advising class members of, among other things, their right to request exclusion from

July 18, 2018
Page 2

the proposed settlement.  (The form of class notice is attached as Exhibit 2 to the Settlement Agreement.)

       3.      A copy of the July 17, 2018 Preliminary Approval Order.

There is no "settlement or other agreement contemporaneously made between class counsel and counsel for defendants," *see* 28 U.S.C. § 1715(b)(5), other than the Settlement Agreement itself, and there are no final judgments, notices of dismissal, *see* 28 U.S.C. § 1715(b)(6), or other written judicial opinions relating to the materials specified in 28 U.S.C. § 1715(b)(3)-(6), other than the above listed documents.  *See* 28 U.S.C. § 1715(b)(8).

A **Final Approval Hearing** has been scheduled by the Court for <u>**December 5, 2018 at 11:00 a.m.**</u> before the Honorable Peter G. Sheridan, U.S.D.J., United States District Court for the District of New Jersey, 402 East State Street, Trenton, New Jersey 07102, Courtroom 4E.

CAFA requires Bloomingdale's to provide "(A) if feasible, the names of class members who reside in each State and the estimated proportionate share of the claims of such members to the entire settlement to that State's appropriate official; or (B) if the provision of information under subparagraph (A) is not feasible, a reasonable estimate of the number of class members residing in each State and the estimated proportionate share of the claims of such members to the entire settlement...."  28 U.S.C. § 1715(b)(7)(A)-(B).  There are an estimated 46,561 class members.  We have attached an estimate of the number of class members residing in each state and the estimated proportionate share of the claims of such members to the entire settlement as Exhibit A.

If you have any questions about the settlement or this notice, please do not hesitate to contact me.

Sincerely yours,

*David Jay*

David Jay

DJ:dl
Enclosures

cc:    Ross H. Schmierer, Esq. (w/encl.)
       Ari H. Marcus, Esq. (w/encl.)



## EXHIBIT A

(Estimated breakdown by state/territory of 46,561 class members)

| | | | |
|---|---|---|---|
| AK – 39 | .083761% | NC – 830 | 1.782608% |
| AL – 323 | .693714% | ND – 25 | .053693% |
| AR – 122 | .262022% | NE – 119 | .255579% |
| AZ – 502 | 1.078156% | NH – 192 | .412362% |
| CA – 8785 | 18.867722% | NJ – 3121 | 6.703035% |
| CO – 414 | .889156% | NM – 77 | .165374% |
| CT – 678 | 1.456154% | NV – 208 | .446726% |
| DC – 353 | .758145% | NY – 7612 | 16.348446% |
| DE – 289 | .620691% | OH – 1027 | 2.205709% |
| FL – 2551 | 5.478834% | OK – 203 | .435987% |
| GA – 1338 | 2.87365% | OR – 587 | 1.260712% |
| HI – 122 | .262022% | PA – 1955 | 4.198793% |
| IA – 174 | .373703% | RI – 152 | .326453% |
| ID – 59 | .126715% | SC – 344 | .740963% |
| IL - 2083 | 4.473701% | SD – 20 | .042954% |
| IN – 467 | 1.002985% | TN – 437 | .938554% |
| KS – 187 | .401624% | TX – 2383 | 5.053586% |
| KY – 238 | .511157% | UT – 150 | .322158% |
| LA – 301 | .646464% | VA – 1400 | 3.006808% |
| MA – 1737 | 3.73059% | VT – 52 | .111681% |
| MD – 1232 | 2.645991% | WA – 733 | 1.574279% |
| ME – 85 | .182556% | WI – 391 | .839759% |
| MI – 936 | 2.010266% | WV – 78 | .167522% |
| MN – 443 | .95144% | WY – 23 | .049398% |
| MO – 446 | .957883% | Guam – 3 | .006443% |
| MS – 156 | .335044% | USVI – 4 | .008591% |
| MT – 39 | .083761% | PR – 20 | .042954% |



David Jay
Tel. (973) 360-7912
Fax (973) 301-8410
jayd@gtlaw.com

July 18, 2018

VIA PRIORITY MAIL

Brian Frosh
Office of the Maryland Attorney General
200 St. Paul Place
Baltimore, MD  21202-2202

      **Re:**    **<u>Notice of Proposed Class Action Settlement</u>:**
              *Ashkenazi v. Bloomingdale's, Inc.*
              Case No. 3:15-cv-02705-PGS-DEA

Dear Sir or Madam:

We represent Bloomingdale's, Inc. ("Bloomingdale's"), the defendant in the above-captioned class action (the "Action").  In compliance with the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1715, we write to advise you that the parties have reached a settlement in the above action and are seeking court approval for the settlement in the U.S. District Court for the District of New Jersey.

The Action, which was commenced in 2015, involved allegations that Bloomingdale's transmitted an unsolicited text message to cellular phone numbers submitted in registration for its loyalty program in violation of the Telephone Consumer Protection Act, 47 U.S.C. §227, et seq. ("TCPA").  Under the proposed settlement, Bloomingdale's has agreed to establish a settlement fund in the amount of One Million Four Hundred Thousand Dollars ($1,400,000), comprised of $750,000 in cash and $650,000 in product vouchers with full cash value (redeemable at Bloomingdale's stores and online).  Class members may choose between either a $25 cash payment or a $50 product voucher, to be distributed on a pro rata basis.

As required by CAFA, we enclose the following materials:

1.        Copies of the Complaint and Amended Complaint filed in the Action.

2.        A copy of the Settlement Agreement and Exhibits, which includes a proposed full class notice advising class members of, among other things, their right to request exclusion from

July 18, 2018
Page 2

the proposed settlement.   (The form of class notice is attached as Exhibit 2 to the Settlement Agreement.)

       3.       A copy of the July 17, 2018 Preliminary Approval Order.

There is no "settlement or other agreement contemporaneously made between class counsel and counsel for defendants," *see* 28 U.S.C. § 1715(b)(5), other than the Settlement Agreement itself, and there are no final judgments, notices of dismissal, *see* 28 U.S.C. § 1715(b)(6), or other written judicial opinions relating to the materials specified in 28 U.S.C. § 1715(b)(3)-(6), other than the above listed documents.  *See* 28 U.S.C. § 1715(b)(8).

A **Final Approval Hearing** has been scheduled by the Court for **December 5, 2018 at 11:00 a.m.** before the Honorable Peter G. Sheridan, U.S.D.J., United States District Court for the District of New Jersey, 402 East State Street, Trenton, New Jersey 07102, Courtroom 4E.

CAFA requires Bloomingdale's to provide "(A) if feasible, the names of class members who reside in each State and the estimated proportionate share of the claims of such members to the entire settlement to that State's appropriate official; or (B) if the provision of information under subparagraph (A) is not feasible, a reasonable estimate of the number of class members residing in each State and the estimated proportionate share of the claims of such members to the entire settlement…."  28 U.S.C. § 1715(b)(7)(A)-(B).  There are an estimated 46,561 class members.  We have attached an estimate of the number of class members residing in each state and the estimated proportionate share of the claims of such members to the entire settlement as Exhibit A.

If you have any questions about the settlement or this notice, please do not hesitate to contact me.

Sincerely yours,

*David Jay*

David Jay

DJ:dl
Enclosures

cc:    Ross H. Schmierer, Esq. (w/encl.)
       Ari H. Marcus, Esq. (w/encl.)



**EXHIBIT A**

(Estimated breakdown by state/territory of 46,561 class members)

| State | Count | Percent | State | Count | Percent |
|---|---|---|---|---|---|
| AK – 39 | .083761% | NC – 830 | 1.782608% |
| AL – 323 | .693714% | ND – 25 | .053693% |
| AR – 122 | .262022% | NE – 119 | .255579% |
| AZ – 502 | 1.078156% | NH – 192 | .412362% |
| CA – 8785 | 18.867722% | NJ – 3121 | 6.703035% |
| CO – 414 | .889156% | NM – 77 | .165374% |
| CT – 678 | 1.456143% | NV – 208 | .446726% |
| DC – 353 | .758145% | NY – 7612 | 16.348446% |
| DE – 289 | .620691% | OH – 1027 | 2.205709% |
| FL – 2551 | 5.478834% | OK – 203 | .435987% |
| GA – 1338 | 2.87365% | OR – 587 | 1.260712% |
| HI – 122 | .262022% | PA – 1955 | 4.198793% |
| IA – 174 | .373703% | RI – 152 | .326453% |
| ID – 59 | .126715% | SC – 344 | .740963% |
| IL - 2083 | 4.473701% | SD – 20 | .042954% |
| IN – 467 | 1.002985% | TN – 437 | .938554% |
| KS – 187 | .401624% | TX – 2383 | 5.053586% |
| KY – 238 | .511157% | UT – 150 | .322158% |
| LA – 301 | .646464% | VA – 1400 | 3.006808% |
| MA – 1737 | 3.73059% | VT – 52 | .111681% |
| MD – 1232 | 2.645991% | WA – 733 | 1.574279% |
| ME – 85 | .182556% | WI – 391 | .839759% |
| MI – 936 | 2.010266% | WV – 78 | .167522% |
| MN – 443 | .95144% | WY – 23 | .049398% |
| MO – 446 | .957883% | Guam – 3 | .006443% |
| MS – 156 | .335044% | USVI – 4 | .008591% |
| MT – 39 | .083761% | PR – 20 | .042954% |



David Jay
Tel. (973) 360-7912
Fax (973) 301-8410
jayd@gtlaw.com

July 18, 2018

VIA PRIORITY MAIL

Janet Mills
Office of the Maine Attorney General
State House Station 6
Augusta, ME  04333

Re:   **Notice of Proposed Class Action Settlement:**
      *Ashkenazi v. Bloomingdale's, Inc.*
      Case No. 3:15-cv-02705-PGS-DEA

Dear Sir or Madam:

We represent Bloomingdale's, Inc. ("Bloomingdale's"), the defendant in the above-captioned class action (the "Action").  In compliance with the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1715, we write to advise you that the parties have reached a settlement in the above action and are seeking court approval for the settlement in the U.S. District Court for the District of New Jersey.

The Action, which was commenced in 2015, involved allegations that Bloomingdale's transmitted an unsolicited text message to cellular phone numbers submitted in registration for its loyalty program in violation of the Telephone Consumer Protection Act, 47 U.S.C. §227, et seq. ("TCPA").   Under the proposed settlement, Bloomingdale's has agreed to establish a settlement fund in the amount of One Million Four Hundred Thousand Dollars ($1,400,000), comprised of $750,000 in cash and $650,000 in product vouchers with full cash value (redeemable at Bloomingdale's stores and online).  Class members may choose between either a $25 cash payment or a $50 product voucher, to be distributed on a pro rata basis.

As required by CAFA, we enclose the following materials:

1.     Copies of the Complaint and Amended Complaint filed in the Action.

2.     A copy of the Settlement Agreement and Exhibits, which includes a proposed full class notice advising class members of, among other things, their right to request exclusion from

July 18, 2018
Page 2

the proposed settlement.  (The form of class notice is attached as Exhibit 2 to the Settlement Agreement.)

       3.      A copy of the July 17, 2018 Preliminary Approval Order.

There is no "settlement or other agreement contemporaneously made between class counsel and counsel for defendants," *see* 28 U.S.C. § 1715(b)(5), other than the Settlement Agreement itself, and there are no final judgments, notices of dismissal, *see* 28 U.S.C. § 1715(b)(6), or other written judicial opinions relating to the materials specified in 28 U.S.C. § 1715(b)(3)-(6), other than the above listed documents.  *See* 28 U.S.C. § 1715(b)(8).

A **Final Approval Hearing** has been scheduled by the Court for **December 5, 2018 at 11:00 a.m.** before the Honorable Peter G. Sheridan, U.S.D.J., United States District Court for the District of New Jersey, 402 East State Street, Trenton, New Jersey 07102, Courtroom 4E.

CAFA requires Bloomingdale's to provide "(A) if feasible, the names of class members who reside in each State and the estimated proportionate share of the claims of such members to the entire settlement to that State's appropriate official; or (B) if the provision of information under subparagraph (A) is not feasible, a reasonable estimate of the number of class members residing in each State and the estimated proportionate share of the claims of such members to the entire settlement…."  28 U.S.C. § 1715(b)(7)(A)-(B).  There are an estimated 46,561 class members.  We have attached an estimate of the number of class members residing in each state and the estimated proportionate share of the claims of such members to the entire settlement as Exhibit A.

If you have any questions about the settlement or this notice, please do not hesitate to contact me.

Sincerely yours,

*David Jay*

David Jay

DJ:dl
Enclosures

cc:    Ross H. Schmierer, Esq. (w/encl.)
       Ari H. Marcus, Esq. (w/encl.)



**EXHIBIT A**

(Estimated breakdown by state/territory of 46,561 class members)

| | | | |
|---|---|---|---|
| AK – 39 | .083761% | NC – 830 | 1.782608% |
| AL – 323 | .693714% | ND – 25 | .053693% |
| AR – 122 | .262022% | NE – 119 | .255579% |
| AZ – 502 | 1.078156% | NH – 192 | .412362% |
| CA – 8785 | 18.867722% | NJ – 3121 | 6.703035% |
| CO – 414 | .889156% | NM – 77 | .165374% |
| CT – 678 | 1.456143% | NV – 208 | .446726% |
| DC – 353 | .758145% | NY – 7612 | 16.348446% |
| DE – 289 | .620691% | OH – 1027 | 2.205709% |
| FL – 2551 | 5.478834% | OK – 203 | .435987% |
| GA – 1338 | 2.87365% | OR – 587 | 1.260712% |
| HI – 122 | .262022% | PA – 1955 | 4.198793% |
| IA – 174 | .373703% | RI – 152 | .326453% |
| ID – 59 | .126715% | SC – 344 | .740963% |
| IL - 2083 | 4.473701% | SD – 20 | .042954% |
| IN – 467 | 1.002985% | TN – 437 | .938554% |
| KS – 187 | .401624% | TX – 2383 | 5.053586% |
| KY – 238 | .511157% | UT – 150 | .322158% |
| LA – 301 | .646464% | VA – 1400 | 3.006808% |
| MA – 1737 | 3.73059% | VT – 52 | .111681% |
| MD – 1232 | 2.645991% | WA – 733 | 1.574279% |
| ME – 85 | .182556% | WI – 391 | .839759% |
| MI – 936 | 2.010266% | WV – 78 | .167522% |
| MN – 443 | .95144% | WY – 23 | .049398% |
| MO – 446 | .957883% | Guam – 3 | .006443% |
| MS – 156 | .335044% | USVI – 4 | .008591% |
| MT – 39 | .083761% | PR – 20 | .042954% |



David Jay
Tel. (973) 360-7912
Fax (973) 301-8410
jayd@gtlaw.com

July 18, 2018


VIA PRIORITY MAIL

Bill Schuette
Office of the Michigan Attorney General
P.O. Box 30212
525 W. Ottawa Street
Lansing, MI  48909-0212


   Re: **Notice of Proposed Class Action Settlement:**
     *Ashkenazi v. Bloomingdale's, Inc.*
     Case No. 3:15-cv-02705-PGS-DEA


Dear Sir or Madam:

   We represent Bloomingdale's, Inc. ("Bloomingdale's"), the defendant in the above-captioned class action (the "Action").  In compliance with the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1715, we write to advise you that the parties have reached a settlement in the above action and are seeking court approval for the settlement in the U.S. District Court for the District of New Jersey.

   The Action, which was commenced in 2015, involved allegations that Bloomingdale's transmitted an unsolicited text message to cellular phone numbers submitted in registration for its loyalty program in violation of the Telephone Consumer Protection Act, 47 U.S.C. §227, et seq. ("TCPA").  Under the proposed settlement, Bloomingdale's has agreed to establish a settlement fund in the amount of One Million Four Hundred Thousand Dollars ($1,400,000), comprised of $750,000 in cash and $650,000 in product vouchers with full cash value (redeemable at Bloomingdale's stores and online).  Class members may choose between either a $25 cash payment or a $50 product voucher, to be distributed on a pro rata basis.

   As required by CAFA, we enclose the following materials:

   1.  Copies of the Complaint and Amended Complaint filed in the Action.

   2.  A copy of the Settlement Agreement and Exhibits, which includes a proposed full class notice advising class members of, among other things, their right to request exclusion from

July 18, 2018
Page 2

the proposed settlement.  (The form of class notice is attached as Exhibit 2 to the Settlement Agreement.)

      3.      A copy of the July 17, 2018 Preliminary Approval Order.

There is no "settlement or other agreement contemporaneously made between class counsel and counsel for defendants," *see* 28 U.S.C. § 1715(b)(5), other than the Settlement Agreement itself, and there are no final judgments, notices of dismissal, *see* 28 U.S.C. § 1715(b)(6), or other written judicial opinions relating to the materials specified in 28 U.S.C. § 1715(b)(3)-(6), other than the above listed documents.  *See* 28 U.S.C. § 1715(b)(8).

A **Final Approval Hearing** has been scheduled by the Court for <u>**December 5, 2018 at 11:00 a.m.**</u> before the Honorable Peter G. Sheridan, U.S.D.J., United States District Court for the District of New Jersey, 402 East State Street, Trenton, New Jersey 07102, Courtroom 4E.

CAFA requires Bloomingdale's to provide "(A) if feasible, the names of class members who reside in each State and the estimated proportionate share of the claims of such members to the entire settlement to that State's appropriate official; or (B) if the provision of information under subparagraph (A) is not feasible, a reasonable estimate of the number of class members residing in each State and the estimated proportionate share of the claims of such members to the entire settlement…."  28 U.S.C. § 1715(b)(7)(A)-(B).  There are an estimated 46,561 class members.  We have attached an estimate of the number of class members residing in each state and the estimated proportionate share of the claims of such members to the entire settlement as Exhibit A.

If you have any questions about the settlement or this notice, please do not hesitate to contact me.

Sincerely yours,

*David Jay*

David Jay

DJ:dl
Enclosures

cc:     Ross H. Schmierer, Esq. (w/encl.)
        Ari H. Marcus, Esq. (w/encl.)



## EXHIBIT A

(Estimated breakdown by state/territory of 46,561 class members)

| | | | |
|---|---|---|---|
| AK – 39 | .083761% | NC – 830 | 1.782608% |
| AL – 323 | .693714% | ND – 25 | .053693% |
| AR – 122 | .262022% | NE – 119 | .255579% |
| AZ – 502 | 1.078156% | NH – 192 | .412362% |
| CA – 8785 | 18.867722% | NJ – 3121 | 6.703035% |
| CO – 414 | .889156% | NM – 77 | .165374% |
| CT – 678 | 1.456154% | NV – 208 | .446726% |
| DC – 353 | .758145% | NY – 7612 | 16.348446% |
| DE – 289 | .620691% | OH – 1027 | 2.205709% |
| FL – 2551 | 5.478834% | OK – 203 | .435987% |
| GA – 1338 | 2.87365% | OR – 587 | 1.260712% |
| HI – 122 | .262022% | PA – 1955 | 4.198793% |
| IA – 174 | .373703% | RI – 152 | .326453% |
| ID – 59 | .126715% | SC – 344 | .740963% |
| IL - 2083 | 4.473701% | SD – 20 | .042954% |
| IN – 467 | 1.002985% | TN – 437 | .938554% |
| KS – 187 | .401624% | TX – 2383 | 5.053586% |
| KY – 238 | .511157% | UT – 150 | .322158% |
| LA – 301 | .646464% | VA – 1400 | 3.006808% |
| MA – 1737 | 3.73059% | VT – 52 | .111681% |
| MD – 1232 | 2.645991% | WA – 733 | 1.574279% |
| ME – 85 | .182556% | WI – 391 | .839759% |
| MI – 936 | 2.010266% | WV – 78 | .167522% |
| MN – 443 | .95144% | WY – 23 | .049398% |
| MO – 446 | .957883% | Guam – 3 | .006443% |
| MS – 156 | .335044% | USVI – 4 | .008591% |
| MT – 39 | .083761% | PR – 20 | .042954% |



David Jay
Tel. (973) 360-7912
Fax (973) 301-8410
jayd@gtlaw.com

July 18, 2018

VIA PRIORITY MAIL

Attorney General Lori Swanson
Attention: CAFA Coordinator
1400 Bremer Tower
445 Minnesota Street
St. Paul, MN  55101-2131

       **Re:**    **Notice of Proposed Class Action Settlement:**
               *Ashkenazi v. Bloomingdale's, Inc.*
               Case No. 3:15-cv-02705-PGS-DEA

Dear Sir or Madam:

      We represent Bloomingdale's, Inc. ("Bloomingdale's"), the defendant in the above-captioned class action (the "Action").  In compliance with the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1715, we write to advise you that the parties have reached a settlement in the above action and are seeking court approval for the settlement in the U.S. District Court for the District of New Jersey.

      The Action, which was commenced in 2015, involved allegations that Bloomingdale's transmitted an unsolicited text message to cellular phone numbers submitted in registration for its loyalty program in violation of the Telephone Consumer Protection Act, 47 U.S.C. §227, et seq. ("TCPA").  Under the proposed settlement, Bloomingdale's has agreed to establish a settlement fund in the amount of One Million Four Hundred Thousand Dollars ($1,400,000), comprised of $750,000 in cash and $650,000 in product vouchers with full cash value (redeemable at Bloomingdale's stores and online).  Class members may choose between either a $25 cash payment or a $50 product voucher, to be distributed on a pro rata basis.

      As required by CAFA, we enclose the following materials:

      1.      Copies of the Complaint and Amended Complaint filed in the Action.

      2.      A copy of the Settlement Agreement and Exhibits, which includes a proposed full class notice advising class members of, among other things, their right to request exclusion from

July 18, 2018
Page 2

the proposed settlement.  (The form of class notice is attached as Exhibit 2 to the Settlement Agreement.)

       3.     A copy of the July 17, 2018 Preliminary Approval Order.

There is no "settlement or other agreement contemporaneously made between class counsel and counsel for defendants," *see* 28 U.S.C. § 1715(b)(5), other than the Settlement Agreement itself, and there are no final judgments, notices of dismissal, *see* 28 U.S.C. § 1715(b)(6), or other written judicial opinions relating to the materials specified in 28 U.S.C. § 1715(b)(3)-(6), other than the above listed documents.  *See* 28 U.S.C. § 1715(b)(8).

A **Final Approval Hearing** has been scheduled by the Court for <u>**December 5, 2018 at 11:00 a.m.**</u> before the Honorable Peter G. Sheridan, U.S.D.J., United States District Court for the District of New Jersey, 402 East State Street, Trenton, New Jersey 07102, Courtroom 4E.

CAFA requires Bloomingdale's to provide "(A) if feasible, the names of class members who reside in each State and the estimated proportionate share of the claims of such members to the entire settlement to that State's appropriate official; or (B) if the provision of information under subparagraph (A) is not feasible, a reasonable estimate of the number of class members residing in each State and the estimated proportionate share of the claims of such members to the entire settlement…."  28 U.S.C. § 1715(b)(7)(A)-(B).  There are an estimated 46,561 class members.  We have attached an estimate of the number of class members residing in each state and the estimated proportionate share of the claims of such members to the entire settlement as Exhibit A.

If you have any questions about the settlement or this notice, please do not hesitate to contact me.

Sincerely yours,

*David Jay*

David Jay

DJ:dl
Enclosures

cc:    Ross H. Schmierer, Esq. (w/encl.)
       Ari H. Marcus, Esq. (w/encl.)



## EXHIBIT A

(Estimated breakdown by state/territory of 46,561 class members)

| | | | |
|---|---|---|---|
| AK – 39 | .083761% | NC – 830 | 1.782608% |
| AL – 323 | .693714% | ND – 25 | .053693% |
| AR – 122 | .262022% | NE – 119 | .255579% |
| AZ – 502 | 1.078156% | NH – 192 | .412362% |
| CA – 8785 | 18.867722% | NJ – 3121 | 6.703035% |
| CO – 414 | .889156% | NM – 77 | .165374% |
| CT – 678 | 1.456154% | NV – 208 | .446726% |
| DC – 353 | .758145% | NY – 7612 | 16.348446% |
| DE – 289 | .620691% | OH – 1027 | 2.205709% |
| FL – 2551 | 5.478834% | OK – 203 | .435987% |
| GA – 1338 | 2.87365% | OR – 587 | 1.260712% |
| HI – 122 | .262022% | PA – 1955 | 4.198793% |
| IA – 174 | .373703% | RI – 152 | .326453% |
| ID – 59 | .126715% | SC – 344 | .740963% |
| IL - 2083 | 4.473701% | SD – 20 | .042954% |
| IN – 467 | 1.002985% | TN – 437 | .938554% |
| KS – 187 | .401624% | TX – 2383 | 5.053586% |
| KY – 238 | .511157% | UT – 150 | .322158% |
| LA – 301 | .646464% | VA – 1400 | 3.006808% |
| MA – 1737 | 3.73059% | VT – 52 | .111681% |
| MD – 1232 | 2.645991% | WA – 733 | 1.574279% |
| ME – 85 | .182556% | WI – 391 | .839759% |
| MI – 936 | 2.010266% | WV – 78 | .167522% |
| MN – 443 | .95144% | WY – 23 | .049398% |
| MO – 446 | .957883% | Guam – 3 | .006443% |
| MS – 156 | .335044% | USVI – 4 | .008591% |
| MT – 39 | .083761% | PR – 20 | .042954% |



David Jay
Tel. (973) 360-7912
Fax (973) 301-8410
jayd@gtlaw.com

July 18, 2018

VIA PRIORITY MAIL

Joshua D. Hawley
Missouri Attorney General's Office
Supreme Court Building
207 W. High Street
Jefferson City, MO  65101

Re:   **Notice of Proposed Class Action Settlement:**
      *Ashkenazi v. Bloomingdale's, Inc.*
      Case No. 3:15-cv-02705-PGS-DEA

Dear Sir or Madam:

We represent Bloomingdale's, Inc. ("Bloomingdale's"), the defendant in the above-captioned class action (the "Action").  In compliance with the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1715, we write to advise you that the parties have reached a settlement in the above action and are seeking court approval for the settlement in the U.S. District Court for the District of New Jersey.

The Action, which was commenced in 2015, involved allegations that Bloomingdale's transmitted an unsolicited text message to cellular phone numbers submitted in registration for its loyalty program in violation of the Telephone Consumer Protection Act, 47 U.S.C. §227, et seq. ("TCPA").  Under the proposed settlement, Bloomingdale's has agreed to establish a settlement fund in the amount of One Million Four Hundred Thousand Dollars ($1,400,000), comprised of $750,000 in cash and $650,000 in product vouchers with full cash value (redeemable at Bloomingdale's stores and online).  Class members may choose between either a $25 cash payment or a $50 product voucher, to be distributed on a pro rata basis.

As required by CAFA, we enclose the following materials:

1.      Copies of the Complaint and Amended Complaint filed in the Action.

2.      A copy of the Settlement Agreement and Exhibits, which includes a proposed full class notice advising class members of, among other things, their right to request exclusion from

July 18, 2018
Page 2

the proposed settlement.  (The form of class notice is attached as Exhibit 2 to the Settlement Agreement.)

       3.      A copy of the July 17, 2018 Preliminary Approval Order.

There is no "settlement or other agreement contemporaneously made between class counsel and counsel for defendants," *see* 28 U.S.C. § 1715(b)(5), other than the Settlement Agreement itself, and there are no final judgments, notices of dismissal, *see* 28 U.S.C. § 1715(b)(6), or other written judicial opinions relating to the materials specified in 28 U.S.C. § 1715(b)(3)-(6), other than the above listed documents.  *See* 28 U.S.C. § 1715(b)(8).

A **Final Approval Hearing** has been scheduled by the Court for **December 5, 2018 at 11:00 a.m.** before the Honorable Peter G. Sheridan, U.S.D.J., United States District Court for the District of New Jersey, 402 East State Street, Trenton, New Jersey 07102, Courtroom 4E.

CAFA requires Bloomingdale's to provide "(A) if feasible, the names of class members who reside in each State and the estimated proportionate share of the claims of such members to the entire settlement to that State's appropriate official; or (B) if the provision of information under subparagraph (A) is not feasible, a reasonable estimate of the number of class members residing in each State and the estimated proportionate share of the claims of such members to the entire settlement…."  28 U.S.C. § 1715(b)(7)(A)-(B).  There are an estimated 46,561 class members.  We have attached an estimate of the number of class members residing in each state and the estimated proportionate share of the claims of such members to the entire settlement as Exhibit A.

If you have any questions about the settlement or this notice, please do not hesitate to contact me.

Sincerely yours,

*David Jay*

David Jay

DJ:dl
Enclosures

cc:    Ross H. Schmierer, Esq. (w/encl.)
       Ari H. Marcus, Esq. (w/encl.)



<u>**EXHIBIT A**</u>

(Estimated breakdown by state/territory of 46,561 class members)

| | | | |
|---|---|---|---|
| AK – 39 | .083761% | NC – 830 | 1.782608% |
| AL – 323 | .693714% | ND – 25 | .053693% |
| AR – 122 | .262022% | NE – 119 | .255579% |
| AZ – 502 | 1.078156% | NH – 192 | .412362% |
| CA – 8785 | 18.867722% | NJ – 3121 | 6.703035% |
| CO – 414 | .889156% | NM – 77 | .165374% |
| CT – 678 | 1.456164% | NV – 208 | .446726% |
| DC – 353 | .758145% | NY – 7612 | 16.348446% |
| DE – 289 | .620691% | OH – 1027 | 2.205709% |
| FL – 2551 | 5.478834% | OK – 203 | .435987% |
| GA – 1338 | 2.87365% | OR – 587 | 1.260712% |
| HI – 122 | .262022% | PA – 1955 | 4.198793% |
| IA – 174 | .373703% | RI – 152 | .326453% |
| ID – 59 | .126715% | SC – 344 | .740963% |
| IL - 2083 | 4.473701% | SD – 20 | .042954% |
| IN – 467 | 1.002985% | TN – 437 | .938554% |
| KS – 187 | .401624% | TX – 2383 | 5.053586% |
| KY – 238 | .511157% | UT – 150 | .322158% |
| LA – 301 | .646464% | VA – 1400 | 3.006808% |
| MA – 1737 | 3.73059% | VT – 52 | .111681% |
| MD – 1232 | 2.645991% | WA – 733 | 1.574279% |
| ME – 85 | .182556% | WI – 391 | .839759% |
| MI – 936 | 2.010266% | WV – 78 | .167522% |
| MN – 443 | .95144% | WY – 23 | .049398% |
| MO – 446 | .957883% | Guam – 3 | .006443% |
| MS – 156 | .335044% | USVI – 4 | .008591% |
| MT – 39 | .083761% | PR – 20 | .042954% |



David Jay
Tel. (973) 360-7912
Fax (973) 301-8410
jayd@gtlaw.com

July 18, 2018

VIA PRIORITY MAIL

Jim Hood
Mississippi Attorney General's Office
Department of Justice
P.O. Box 220
Jackson, MS  39205

Re:   **Notice of Proposed Class Action Settlement:**
       *Ashkenazi v. Bloomingdale's, Inc.*
       Case No. 3:15-cv-02705-PGS-DEA

Dear Sir or Madam:

We represent Bloomingdale's, Inc. ("Bloomingdale's"), the defendant in the above-captioned class action (the "Action").  In compliance with the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1715, we write to advise you that the parties have reached a settlement in the above action and are seeking court approval for the settlement in the U.S. District Court for the District of New Jersey.

The Action, which was commenced in 2015, involved allegations that Bloomingdale's transmitted an unsolicited text message to cellular phone numbers submitted in registration for its loyalty program in violation of the Telephone Consumer Protection Act, 47 U.S.C. §227, et seq. ("TCPA").  Under the proposed settlement, Bloomingdale's has agreed to establish a settlement fund in the amount of One Million Four Hundred Thousand Dollars ($1,400,000), comprised of $750,000 in cash and $650,000 in product vouchers with full cash value (redeemable at Bloomingdale's stores and online).  Class members may choose between either a $25 cash payment or a $50 product voucher, to be distributed on a pro rata basis.

As required by CAFA, we enclose the following materials:

1.      Copies of the Complaint and Amended Complaint filed in the Action.

2.      A copy of the Settlement Agreement and Exhibits, which includes a proposed full class notice advising class members of, among other things, their right to request exclusion from

July 18, 2018
Page 2

the proposed settlement.  (The form of class notice is attached as Exhibit 2 to the Settlement Agreement.)

        3.      A copy of the July 17, 2018 Preliminary Approval Order.

There is no "settlement or other agreement contemporaneously made between class counsel and counsel for defendants," *see* 28 U.S.C. § 1715(b)(5), other than the Settlement Agreement itself, and there are no final judgments, notices of dismissal, *see* 28 U.S.C. § 1715(b)(6), or other written judicial opinions relating to the materials specified in 28 U.S.C. § 1715(b)(3)-(6), other than the above listed documents.  *See* 28 U.S.C. § 1715(b)(8).

A **Final Approval Hearing** has been scheduled by the Court for **December 5, 2018 at 11:00 a.m.** before the Honorable Peter G. Sheridan, U.S.D.J., United States District Court for the District of New Jersey, 402 East State Street, Trenton, New Jersey 07102, Courtroom 4E.

CAFA requires Bloomingdale's to provide "(A) if feasible, the names of class members who reside in each State and the estimated proportionate share of the claims of such members to the entire settlement to that State's appropriate official; or (B) if the provision of information under subparagraph (A) is not feasible, a reasonable estimate of the number of class members residing in each State and the estimated proportionate share of the claims of such members to the entire settlement…."  28 U.S.C. § 1715(b)(7)(A)-(B).  There are an estimated 46,561 class members.  We have attached an estimate of the number of class members residing in each state and the estimated proportionate share of the claims of such members to the entire settlement as Exhibit A.

If you have any questions about the settlement or this notice, please do not hesitate to contact me.

Sincerely yours,

*David Jay*

David Jay

DJ:dl
Enclosures

cc:    Ross H. Schmierer, Esq. (w/encl.)
       Ari H. Marcus, Esq. (w/encl.)



## EXHIBIT A

(Estimated breakdown by state/territory of 46,561 class members)

| | | | |
|---|---|---|---|
| AK – 39 | .083761% | NC – 830 | 1.782608% |
| AL – 323 | .693714% | ND – 25 | .053693% |
| AR – 122 | .262022% | NE – 119 | .255579% |
| AZ – 502 | 1.078156% | NH – 192 | .412362% |
| CA – 8785 | 18.867722% | NJ – 3121 | 6.703035% |
| CO – 414 | .889156% | NM – 77 | .165374% |
| CT – 678 | 1.456154% | NV – 208 | .446726% |
| DC – 353 | .758145% | NY – 7612 | 16.348446% |
| DE – 289 | .620691% | OH – 1027 | 2.205709% |
| FL – 2551 | 5.478834% | OK – 203 | .435987% |
| GA – 1338 | 2.87365% | OR – 587 | 1.260712% |
| HI – 122 | .262022% | PA – 1955 | 4.198793% |
| IA – 174 | .373703% | RI – 152 | .326453% |
| ID – 59 | .126715% | SC – 344 | .740963% |
| IL - 2083 | 4.473701% | SD – 20 | .042954% |
| IN – 467 | 1.002985% | TN – 437 | .938554% |
| KS – 187 | .401624% | TX – 2383 | 5.053586% |
| KY – 238 | .511157% | UT – 150 | .322158% |
| LA – 301 | .646464% | VA – 1400 | 3.006808% |
| MA – 1737 | 3.73059% | VT – 52 | .111681% |
| MD – 1232 | 2.645991% | WA – 733 | 1.574279% |
| ME – 85 | .182556% | WI – 391 | .839759% |
| MI – 936 | 2.010266% | WV – 78 | .167522% |
| MN – 443 | .95144% | WY – 23 | .049398% |
| MO – 446 | .957883% | Guam – 3 | .006443% |
| MS – 156 | .335044% | USVI – 4 | .008591% |
| MT – 39 | .083761% | PR – 20 | .042954% |



David Jay
Tel. (973) 360-7912
Fax (973) 301-8410
jayd@gtlaw.com

July 18, 2018

VIA PRIORITY MAIL

Tim Fox
Office of the Montana Attorney General
Justice Bldg.
215 N. Sanders Street
Helena, MT  59620-1401

> **Re:**   **Notice of Proposed Class Action Settlement:**
> *Ashkenazi v. Bloomingdale's, Inc.*
> Case No. 3:15-cv-02705-PGS-DEA

Dear Sir or Madam:

We represent Bloomingdale's, Inc. ("Bloomingdale's"), the defendant in the above-captioned class action (the "Action").  In compliance with the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1715, we write to advise you that the parties have reached a settlement in the above action and are seeking court approval for the settlement in the U.S. District Court for the District of New Jersey.

The Action, which was commenced in 2015, involved allegations that Bloomingdale's transmitted an unsolicited text message to cellular phone numbers submitted in registration for its loyalty program in violation of the Telephone Consumer Protection Act, 47 U.S.C. §227, et seq. ("TCPA").  Under the proposed settlement, Bloomingdale's has agreed to establish a settlement fund in the amount of One Million Four Hundred Thousand Dollars ($1,400,000), comprised of $750,000 in cash and $650,000 in product vouchers with full cash value (redeemable at Bloomingdale's stores and online).  Class members may choose between either a $25 cash payment or a $50 product voucher, to be distributed on a pro rata basis.

As required by CAFA, we enclose the following materials:

1.      Copies of the Complaint and Amended Complaint filed in the Action.

2.      A copy of the Settlement Agreement and Exhibits, which includes a proposed full class notice advising class members of, among other things, their right to request exclusion from

July 18, 2018
Page 2

the proposed settlement.  (The form of class notice is attached as Exhibit 2 to the Settlement Agreement.)

      3.      A copy of the July 17, 2018 Preliminary Approval Order.

There is no "settlement or other agreement contemporaneously made between class counsel and counsel for defendants," *see* 28 U.S.C. § 1715(b)(5), other than the Settlement Agreement itself, and there are no final judgments, notices of dismissal, *see* 28 U.S.C. § 1715(b)(6), or other written judicial opinions relating to the materials specified in 28 U.S.C. § 1715(b)(3)-(6), other than the above listed documents.  *See* 28 U.S.C. § 1715(b)(8).

A **Final Approval Hearing** has been scheduled by the Court for <u>**December 5, 2018 at 11:00 a.m.**</u> before the Honorable Peter G. Sheridan, U.S.D.J., United States District Court for the District of New Jersey, 402 East State Street, Trenton, New Jersey 07102, Courtroom 4E.

CAFA requires Bloomingdale's to provide "(A) if feasible, the names of class members who reside in each State and the estimated proportionate share of the claims of such members to the entire settlement to that State's appropriate official; or (B) if the provision of information under subparagraph (A) is not feasible, a reasonable estimate of the number of class members residing in each State and the estimated proportionate share of the claims of such members to the entire settlement…."  28 U.S.C. § 1715(b)(7)(A)-(B).  There are an estimated 46,561 class members.  We have attached an estimate of the number of class members residing in each state and the estimated proportionate share of the claims of such members to the entire settlement as Exhibit A.

If you have any questions about the settlement or this notice, please do not hesitate to contact me.

Sincerely yours,

*David Jay*

David Jay

DJ:dl
Enclosures

cc:    Ross H. Schmierer, Esq. (w/encl.)
       Ari H. Marcus, Esq. (w/encl.)



**EXHIBIT A**

(Estimated breakdown by state/territory of 46,561 class members)

| | | | |
|---|---|---|---|
| AK – 39 | .083761% | NC – 830 | 1.782608% |
| AL – 323 | .693714% | ND – 25 | .053693% |
| AR – 122 | .262022% | NE – 119 | .255579% |
| AZ – 502 | 1.078156% | NH – 192 | .412362% |
| CA – 8785 | 18.867722% | NJ – 3121 | 6.703035% |
| CO – 414 | .889156% | NM – 77 | .165374% |
| CT – 678 | 1.456154% | NV – 208 | .446726% |
| DC – 353 | .758145% | NY – 7612 | 16.348446% |
| DE – 289 | .620691% | OH – 1027 | 2.205709% |
| FL – 2551 | 5.478834% | OK – 203 | .435987% |
| GA – 1338 | 2.87365% | OR – 587 | 1.260712% |
| HI – 122 | .262022% | PA – 1955 | 4.198793% |
| IA – 174 | .373703% | RI – 152 | .326453% |
| ID – 59 | .126715% | SC – 344 | .740963% |
| IL - 2083 | 4.473701% | SD – 20 | .042954% |
| IN – 467 | 1.002985% | TN – 437 | .938554% |
| KS – 187 | .401624% | TX – 2383 | 5.053586% |
| KY – 238 | .511157% | UT – 150 | .322158% |
| LA – 301 | .646464% | VA – 1400 | 3.006808% |
| MA – 1737 | 3.73059% | VT – 52 | .111681% |
| MD – 1232 | 2.645991% | WA – 733 | 1.574279% |
| ME – 85 | .182556% | WI – 391 | .839759% |
| MI – 936 | 2.010266% | WV – 78 | .167522% |
| MN – 443 | .95144% | WY – 23 | .049398% |
| MO – 446 | .957883% | Guam – 3 | .006443% |
| MS – 156 | .335044% | USVI – 4 | .008591% |
| MT – 39 | .083761% | PR – 20 | .042954% |



David Jay
Tel. (973) 360-7912
Fax (973) 301-8410
jayd@gtlaw.com

July 18, 2018

VIA PRIORITY MAIL

Josh Stein
Office of the North Carolina Attorney General
Department of Justice
P.O. Box 629
Raleigh, NC  27602-0629

> **Re:**   **Notice of Proposed Class Action Settlement:**
> *Ashkenazi v. Bloomingdale's, Inc.*
> Case No. 3:15-cv-02705-PGS-DEA

Dear Sir or Madam:

We represent Bloomingdale's, Inc. ("Bloomingdale's"), the defendant in the above-captioned class action (the "Action").  In compliance with the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1715, we write to advise you that the parties have reached a settlement in the above action and are seeking court approval for the settlement in the U.S. District Court for the District of New Jersey.

The Action, which was commenced in 2015, involved allegations that Bloomingdale's transmitted an unsolicited text message to cellular phone numbers submitted in registration for its loyalty program in violation of the Telephone Consumer Protection Act, 47 U.S.C. §227, et seq. ("TCPA").  Under the proposed settlement, Bloomingdale's has agreed to establish a settlement fund in the amount of One Million Four Hundred Thousand Dollars ($1,400,000), comprised of $750,000 in cash and $650,000 in product vouchers with full cash value (redeemable at Bloomingdale's stores and online).  Class members may choose between either a $25 cash payment or a $50 product voucher, to be distributed on a pro rata basis.

As required by CAFA, we enclose the following materials:

1.   Copies of the Complaint and Amended Complaint filed in the Action.

2.   A copy of the Settlement Agreement and Exhibits, which includes a proposed full class notice advising class members of, among other things, their right to request exclusion from

July 18, 2018
Page 2

the proposed settlement.  (The form of class notice is attached as Exhibit 2 to the Settlement Agreement.)

　　　　3.　　A copy of the July 17, 2018 Preliminary Approval Order.

　　　　There is no "settlement or other agreement contemporaneously made between class counsel and counsel for defendants," *see* 28 U.S.C. § 1715(b)(5), other than the Settlement Agreement itself, and there are no final judgments, notices of dismissal, *see* 28 U.S.C. § 1715(b)(6), or other written judicial opinions relating to the materials specified in 28 U.S.C. § 1715(b)(3)-(6), other than the above listed documents.  *See* 28 U.S.C. § 1715(b)(8).

　　　　A **Final Approval Hearing** has been scheduled by the Court for **December 5, 2018 at 11:00 a.m.** before the Honorable Peter G. Sheridan, U.S.D.J., United States District Court for the District of New Jersey, 402 East State Street, Trenton, New Jersey 07102, Courtroom 4E.

　　　　CAFA requires Bloomingdale's to provide "(A) if feasible, the names of class members who reside in each State and the estimated proportionate share of the claims of such members to the entire settlement to that State's appropriate official; or (B) if the provision of information under subparagraph (A) is not feasible, a reasonable estimate of the number of class members residing in each State and the estimated proportionate share of the claims of such members to the entire settlement…."  28 U.S.C. § 1715(b)(7)(A)-(B).  There are an estimated 46,561 class members.  We have attached an estimate of the number of class members residing in each state and the estimated proportionate share of the claims of such members to the entire settlement as Exhibit A.

　　　　If you have any questions about the settlement or this notice, please do not hesitate to contact me.

　　　　　　　　　　Sincerely yours,

　　　　　　　　　　*David Jay*

　　　　　　　　　　David Jay

DJ:dl
Enclosures

cc:　　Ross H. Schmierer, Esq. (w/encl.)
　　　　Ari H. Marcus, Esq. (w/encl.)



## EXHIBIT A

(Estimated breakdown by state/territory of 46,561 class members)

| | | | |
|---|---|---|---|
| AK – 39 | .083761% | NC – 830 | 1.782608% |
| AL – 323 | .693714% | ND – 25 | .053693% |
| AR – 122 | .262022% | NE – 119 | .255579% |
| AZ – 502 | 1.078156% | NH – 192 | .412362% |
| CA – 8785 | 18.867722% | NJ – 3121 | 6.703035% |
| CO – 414 | .889156% | NM – 77 | .165374% |
| CT – 678 | 1.456154% | NV – 208 | .446726% |
| DC – 353 | .758145% | NY – 7612 | 16.348446% |
| DE – 289 | .620691% | OH – 1027 | 2.205709% |
| FL – 2551 | 5.478834% | OK – 203 | .435987% |
| GA – 1338 | 2.87365% | OR – 587 | 1.260712% |
| HI – 122 | .262022% | PA – 1955 | 4.198793% |
| IA – 174 | .373703% | RI – 152 | .326453% |
| ID – 59 | .126715% | SC – 344 | .740963% |
| IL - 2083 | 4.473701% | SD – 20 | .042954% |
| IN – 467 | 1.002985% | TN – 437 | .938554% |
| KS – 187 | .401624% | TX – 2383 | 5.053586% |
| KY – 238 | .511157% | UT – 150 | .322158% |
| LA – 301 | .646464% | VA – 1400 | 3.006808% |
| MA – 1737 | 3.73059% | VT – 52 | .111681% |
| MD – 1232 | 2.645991% | WA – 733 | 1.574279% |
| ME – 85 | .182556% | WI – 391 | .839759% |
| MI – 936 | 2.010266% | WV – 78 | .167522% |
| MN – 443 | .95144% | WY – 23 | .049398% |
| MO – 446 | .957883% | Guam – 3 | .006443% |
| MS – 156 | .335044% | USVI – 4 | .008591% |
| MT – 39 | .083761% | PR – 20 | .042954% |



David Jay
Tel. (973) 360-7912
Fax (973) 301-8410
jayd@gtlaw.com

July 18, 2018

VIA PRIORITY MAIL

Wayne Stenehjem
North Dakota Office of the Attorney General
State Capitol
600 E. Boulevard Avenue
Bismarck, ND  58505-0040

Re:     **Notice of Proposed Class Action Settlement**:
*Ashkenazi v. Bloomingdale's, Inc.*
Case No. 3:15-cv-02705-PGS-DEA

Dear Sir or Madam:

We represent Bloomingdale's, Inc. ("Bloomingdale's"), the defendant in the above-captioned class action (the "Action").  In compliance with the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1715, we write to advise you that the parties have reached a settlement in the above action and are seeking court approval for the settlement in the U.S. District Court for the District of New Jersey.

The Action, which was commenced in 2015, involved allegations that Bloomingdale's transmitted an unsolicited text message to cellular phone numbers submitted in registration for its loyalty program in violation of the Telephone Consumer Protection Act, 47 U.S.C. §227, et seq. ("TCPA").  Under the proposed settlement, Bloomingdale's has agreed to establish a settlement fund in the amount of One Million Four Hundred Thousand Dollars ($1,400,000), comprised of $750,000 in cash and $650,000 in product vouchers with full cash value (redeemable at Bloomingdale's stores and online).  Class members may choose between either a $25 cash payment or a $50 product voucher, to be distributed on a pro rata basis.

As required by CAFA, we enclose the following materials:

1.      Copies of the Complaint and Amended Complaint filed in the Action.

2.      A copy of the Settlement Agreement and Exhibits, which includes a proposed full class notice advising class members of, among other things, their right to request exclusion from

July 18, 2018
Page 2

the proposed settlement.  (The form of class notice is attached as Exhibit 2 to the Settlement Agreement.)

   3.  A copy of the July 17, 2018 Preliminary Approval Order.

   There is no "settlement or other agreement contemporaneously made between class counsel and counsel for defendants," *see* 28 U.S.C. § 1715(b)(5), other than the Settlement Agreement itself, and there are no final judgments, notices of dismissal, *see* 28 U.S.C. § 1715(b)(6), or other written judicial opinions relating to the materials specified in 28 U.S.C. § 1715(b)(3)-(6), other than the above listed documents.  *See* 28 U.S.C. § 1715(b)(8).

   A **Final Approval Hearing** has been scheduled by the Court for __December 5, 2018 at 11:00 a.m.__ before the Honorable Peter G. Sheridan, U.S.D.J., United States District Court for the District of New Jersey, 402 East State Street, Trenton, New Jersey 07102, Courtroom 4E.

   CAFA requires Bloomingdale's to provide "(A) if feasible, the names of class members who reside in each State and the estimated proportionate share of the claims of such members to the entire settlement to that State's appropriate official; or (B) if the provision of information under subparagraph (A) is not feasible, a reasonable estimate of the number of class members residing in each State and the estimated proportionate share of the claims of such members to the entire settlement…."  28 U.S.C. § 1715(b)(7)(A)-(B).  There are an estimated 46,561 class members.  We have attached an estimate of the number of class members residing in each state and the estimated proportionate share of the claims of such members to the entire settlement as Exhibit A.

   If you have any questions about the settlement or this notice, please do not hesitate to contact me.

       Sincerely yours,

       *David Jay*

       David Jay

DJ:dl
Enclosures

cc: Ross H. Schmierer, Esq. (w/encl.)
  Ari H. Marcus, Esq. (w/encl.)



## EXHIBIT A

(Estimated breakdown by state/territory of 46,561 class members)

| | | | |
|---|---|---|---|
| AK – 39 | .083761% | NC – 830 | 1.782608% |
| AL – 323 | .693714% | ND – 25 | .053693% |
| AR – 122 | .262022% | NE – 119 | .255579% |
| AZ – 502 | 1.078156% | NH – 192 | .412362% |
| CA – 8785 | 18.867722% | NJ – 3121 | 6.703035% |
| CO – 414 | .889156% | NM – 77 | .165374% |
| CT – 678 | 1.456154% | NV – 208 | .446726% |
| DC – 353 | .758145% | NY – 7612 | 16.348446% |
| DE – 289 | .620691% | OH – 1027 | 2.205709% |
| FL – 2551 | 5.478834% | OK – 203 | .435987% |
| GA – 1338 | 2.87365% | OR – 587 | 1.260712% |
| HI – 122 | .262022% | PA – 1955 | 4.198793% |
| IA – 174 | .373703% | RI – 152 | .326453% |
| ID – 59 | .126715% | SC – 344 | .740963% |
| IL - 2083 | 4.473701% | SD – 20 | .042954% |
| IN – 467 | 1.002985% | TN – 437 | .938554% |
| KS – 187 | .401624% | TX – 2383 | 5.053586% |
| KY – 238 | .511157% | UT – 150 | .322158% |
| LA – 301 | .646464% | VA – 1400 | 3.006808% |
| MA – 1737 | 3.73059% | VT – 52 | .111681% |
| MD – 1232 | 2.645991% | WA – 733 | 1.574279% |
| ME – 85 | .182556% | WI – 391 | .839759% |
| MI – 936 | 2.010266% | WV – 78 | .167522% |
| MN – 443 | .95144% | WY – 23 | .049398% |
| MO – 446 | .957883% | Guam – 3 | .006443% |
| MS – 156 | .335044% | USVI – 4 | .008591% |
| MT – 39 | .083761% | PR – 20 | .042954% |



David Jay
Tel. (973) 360-7912
Fax (973) 301-8410
jayd@gtlaw.com

July 18, 2018

VIA PRIORITY MAIL

Doug Peterson
Office of the Nebraska Attorney General
State Capitol
P.O. Box 98920
Lincoln, NE  68509-8920

Re:    **Notice of Proposed Class Action Settlement:**
        *Ashkenazi v. Bloomingdale's, Inc.*
        Case No. 3:15-cv-02705-PGS-DEA

Dear Sir or Madam:

We represent Bloomingdale's, Inc. ("Bloomingdale's"), the defendant in the above-captioned class action (the "Action").  In compliance with the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1715, we write to advise you that the parties have reached a settlement in the above action and are seeking court approval for the settlement in the U.S. District Court for the District of New Jersey.

The Action, which was commenced in 2015, involved allegations that Bloomingdale's transmitted an unsolicited text message to cellular phone numbers submitted in registration for its loyalty program in violation of the Telephone Consumer Protection Act, 47 U.S.C. §227, et seq. ("TCPA").  Under the proposed settlement, Bloomingdale's has agreed to establish a settlement fund in the amount of One Million Four Hundred Thousand Dollars ($1,400,000), comprised of $750,000 in cash and $650,000 in product vouchers with full cash value (redeemable at Bloomingdale's stores and online).  Class members may choose between either a $25 cash payment or a $50 product voucher, to be distributed on a pro rata basis.

As required by CAFA, we enclose the following materials:

1.      Copies of the Complaint and Amended Complaint filed in the Action.

2.      A copy of the Settlement Agreement and Exhibits, which includes a proposed full class notice advising class members of, among other things, their right to request exclusion from

July 18, 2018
Page 2

the proposed settlement.  (The form of class notice is attached as Exhibit 2 to the Settlement Agreement.)

       3.      A copy of the July 17, 2018 Preliminary Approval Order.

There is no "settlement or other agreement contemporaneously made between class counsel and counsel for defendants," *see* 28 U.S.C. § 1715(b)(5), other than the Settlement Agreement itself, and there are no final judgments, notices of dismissal, *see* 28 U.S.C. § 1715(b)(6), or other written judicial opinions relating to the materials specified in 28 U.S.C. § 1715(b)(3)-(6), other than the above listed documents.  *See* 28 U.S.C. § 1715(b)(8).

A **Final Approval Hearing** has been scheduled by the Court for **December 5, 2018 at 11:00 a.m.** before the Honorable Peter G. Sheridan, U.S.D.J., United States District Court for the District of New Jersey, 402 East State Street, Trenton, New Jersey 07102, Courtroom 4E.

CAFA requires Bloomingdale's to provide "(A) if feasible, the names of class members who reside in each State and the estimated proportionate share of the claims of such members to the entire settlement to that State's appropriate official; or (B) if the provision of information under subparagraph (A) is not feasible, a reasonable estimate of the number of class members residing in each State and the estimated proportionate share of the claims of such members to the entire settlement…."  28 U.S.C. § 1715(b)(7)(A)-(B).  There are an estimated 46,561 class members.  We have attached an estimate of the number of class members residing in each state and the estimated proportionate share of the claims of such members to the entire settlement as Exhibit A.

If you have any questions about the settlement or this notice, please do not hesitate to contact me.

Sincerely yours,

*David Jay*

David Jay

DJ:dl
Enclosures

cc:     Ross H. Schmierer, Esq. (w/encl.)
       Ari H. Marcus, Esq. (w/encl.)



## EXHIBIT A

(Estimated breakdown by state/territory of 46,561 class members)

| | | | |
|---|---|---|---|
| AK – 39 | .083761% | NC – 830 | 1.782608% |
| AL – 323 | .693714% | ND – 25 | .053693% |
| AR – 122 | .262022% | NE – 119 | .255579% |
| AZ – 502 | 1.078156% | NH – 192 | .412362% |
| CA – 8785 | 18.867722% | NJ – 3121 | 6.703035% |
| CO – 414 | .889156% | NM – 77 | .165374% |
| CT – 678 | 1.456154% | NV – 208 | .446726% |
| DC – 353 | .758145% | NY – 7612 | 16.348446% |
| DE – 289 | .620691% | OH – 1027 | 2.205709% |
| FL – 2551 | 5.478834% | OK – 203 | .435987% |
| GA – 1338 | 2.87365% | OR – 587 | 1.260712% |
| HI – 122 | .262022% | PA – 1955 | 4.198793% |
| IA – 174 | .373703% | RI – 152 | .326453% |
| ID – 59 | .126715% | SC – 344 | .740963% |
| IL - 2083 | 4.473701% | SD – 20 | .042954% |
| IN – 467 | 1.002985% | TN – 437 | .938554% |
| KS – 187 | .401624% | TX – 2383 | 5.053586% |
| KY – 238 | .511157% | UT – 150 | .322158% |
| LA – 301 | .646464% | VA – 1400 | 3.006808% |
| MA – 1737 | 3.73059% | VT – 52 | .111681% |
| MD – 1232 | 2.645991% | WA – 733 | 1.574279% |
| ME – 85 | .182556% | WI – 391 | .839759% |
| MI – 936 | 2.010266% | WV – 78 | .167522% |
| MN – 443 | .95144% | WY – 23 | .049398% |
| MO – 446 | .957883% | Guam – 3 | .006443% |
| MS – 156 | .335044% | USVI – 4 | .008591% |
| MT – 39 | .083761% | PR – 20 | .042954% |



David Jay
Tel. (973) 360-7912
Fax (973) 301-8410
jayd@gtlaw.com

July 18, 2018

VIA PRIORITY MAIL

Joseph A. Foster
New Hampshire Attorney General
State House Annex
33 Capitol Street
Concord, NH  03301-6397

Re:     **Notice of Proposed Class Action Settlement**:
         *Ashkenazi v. Bloomingdale's, Inc.*
         Case No. 3:15-cv-02705-PGS-DEA

Dear Sir or Madam:

We represent Bloomingdale's, Inc. ("Bloomingdale's"), the defendant in the above-captioned class action (the "Action").  In compliance with the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1715, we write to advise you that the parties have reached a settlement in the above action and are seeking court approval for the settlement in the U.S. District Court for the District of New Jersey.

The Action, which was commenced in 2015, involved allegations that Bloomingdale's transmitted an unsolicited text message to cellular phone numbers submitted in registration for its loyalty program in violation of the Telephone Consumer Protection Act, 47 U.S.C. §227, et seq. ("TCPA").  Under the proposed settlement, Bloomingdale's has agreed to establish a settlement fund in the amount of One Million Four Hundred Thousand Dollars ($1,400,000), comprised of $750,000 in cash and $650,000 in product vouchers with full cash value (redeemable at Bloomingdale's stores and online).  Class members may choose between either a $25 cash payment or a $50 product voucher, to be distributed on a pro rata basis.

As required by CAFA, we enclose the following materials:

1.     Copies of the Complaint and Amended Complaint filed in the Action.

2.     A copy of the Settlement Agreement and Exhibits, which includes a proposed full class notice advising class members of, among other things, their right to request exclusion from

July 18, 2018
Page 2

the proposed settlement.  (The form of class notice is attached as Exhibit 2 to the Settlement Agreement.)

       3.     A copy of the July 17, 2018 Preliminary Approval Order.

There is no "settlement or other agreement contemporaneously made between class counsel and counsel for defendants," *see* 28 U.S.C. § 1715(b)(5), other than the Settlement Agreement itself, and there are no final judgments, notices of dismissal, *see* 28 U.S.C. § 1715(b)(6), or other written judicial opinions relating to the materials specified in 28 U.S.C. § 1715(b)(3)-(6), other than the above listed documents.  *See* 28 U.S.C. § 1715(b)(8).

A **Final Approval Hearing** has been scheduled by the Court for <u>**December 5, 2018 at 11:00 a.m.**</u> before the Honorable Peter G. Sheridan, U.S.D.J., United States District Court for the District of New Jersey, 402 East State Street, Trenton, New Jersey 07102, Courtroom 4E.

CAFA requires Bloomingdale's to provide "(A) if feasible, the names of class members who reside in each State and the estimated proportionate share of the claims of such members to the entire settlement to that State's appropriate official; or (B) if the provision of information under subparagraph (A) is not feasible, a reasonable estimate of the number of class members residing in each State and the estimated proportionate share of the claims of such members to the entire settlement...."  28 U.S.C. § 1715(b)(7)(A)-(B).  There are an estimated 46,561 class members.  We have attached an estimate of the number of class members residing in each state and the estimated proportionate share of the claims of such members to the entire settlement as Exhibit A.

If you have any questions about the settlement or this notice, please do not hesitate to contact me.

Sincerely yours,

*David Jay*

David Jay

DJ:dl
Enclosures

cc:    Ross H. Schmierer, Esq. (w/encl.)
       Ari H. Marcus, Esq. (w/encl.)



## EXHIBIT A

(Estimated breakdown by state/territory of 46,561 class members)

| | | | |
|---|---|---|---|
| AK – 39 | .083761% | NC – 830 | 1.782608% |
| AL – 323 | .693714% | ND – 25 | .053693% |
| AR – 122 | .262022% | NE – 119 | .255579% |
| AZ – 502 | 1.078156% | NH – 192 | .412362% |
| CA – 8785 | 18.867722% | NJ – 3121 | 6.703035% |
| CO – 414 | .889156% | NM – 77 | .165374% |
| CT – 678 | 1.456154% | NV – 208 | .446726% |
| DC – 353 | .758145% | NY – 7612 | 16.348446% |
| DE – 289 | .620691% | OH – 1027 | 2.205709% |
| FL – 2551 | 5.478834% | OK – 203 | .435987% |
| GA – 1338 | 2.87365% | OR – 587 | 1.260712% |
| HI – 122 | .262022% | PA – 1955 | 4.198793% |
| IA – 174 | .373703% | RI – 152 | .326453% |
| ID – 59 | .126715% | SC – 344 | .740963% |
| IL - 2083 | 4.473701% | SD – 20 | .042954% |
| IN – 467 | 1.002985% | TN – 437 | .938554% |
| KS – 187 | .401624% | TX – 2383 | 5.053586% |
| KY – 238 | .511157% | UT – 150 | .322158% |
| LA – 301 | .646464% | VA – 1400 | 3.006808% |
| MA – 1737 | 3.73059% | VT – 52 | .111681% |
| MD – 1232 | 2.645991% | WA – 733 | 1.574279% |
| ME – 85 | .182556% | WI – 391 | .839759% |
| MI – 936 | 2.010266% | WV – 78 | .167522% |
| MN – 443 | .95144% | WY – 23 | .049398% |
| MO – 446 | .957883% | Guam – 3 | .006443% |
| MS – 156 | .335044% | USVI – 4 | .008591% |
| MT – 39 | .083761% | PR – 20 | .042954% |



David Jay
Tel. (973) 360-7912
Fax (973) 301-8410
jayd@gtlaw.com

July 18, 2018

VIA PRIORITY MAIL

Chrisopher S. Porrino
Office of the New Jersey Attorney General
Richard J. Hughes Justice Complex
25 Market Street,  P.O. Box 080
Trenton, NJ  08625

Re:     **Notice of Proposed Class Action Settlement**:
        *Ashkenazi v. Bloomingdale's, Inc.*
        Case No. 3:15-cv-02705-PGS-DEA

Dear Sir or Madam:

We represent Bloomingdale's, Inc. ("Bloomingdale's"), the defendant in the above-captioned class action (the "Action").  In compliance with the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1715, we write to advise you that the parties have reached a settlement in the above action and are seeking court approval for the settlement in the U.S. District Court for the District of New Jersey.

The Action, which was commenced in 2015, involved allegations that Bloomingdale's transmitted an unsolicited text message to cellular phone numbers submitted in registration for its loyalty program in violation of the Telephone Consumer Protection Act, 47 U.S.C. §227, et seq. ("TCPA").  Under the proposed settlement, Bloomingdale's has agreed to establish a settlement fund in the amount of One Million Four Hundred Thousand Dollars ($1,400,000), comprised of $750,000 in cash and $650,000 in product vouchers with full cash value (redeemable at Bloomingdale's stores and online).  Class members may choose between either a $25 cash payment or a $50 product voucher, to be distributed on a pro rata basis.

As required by CAFA, we enclose the following materials:

1.      Copies of the Complaint and Amended Complaint filed in the Action.

2.      A copy of the Settlement Agreement and Exhibits, which includes a proposed full class notice advising class members of, among other things, their right to request exclusion from

July 18, 2018
Page 2

the proposed settlement.  (The form of class notice is attached as Exhibit 2 to the Settlement Agreement.)

       3.      A copy of the July 17, 2018 Preliminary Approval Order.

There is no "settlement or other agreement contemporaneously made between class counsel and counsel for defendants," *see* 28 U.S.C. § 1715(b)(5), other than the Settlement Agreement itself, and there are no final judgments, notices of dismissal, *see* 28 U.S.C. § 1715(b)(6), or other written judicial opinions relating to the materials specified in 28 U.S.C. § 1715(b)(3)-(6), other than the above listed documents.  *See* 28 U.S.C. § 1715(b)(8).

A **Final Approval Hearing** has been scheduled by the Court for **December 5, 2018 at 11:00 a.m.** before the Honorable Peter G. Sheridan, U.S.D.J., United States District Court for the District of New Jersey, 402 East State Street, Trenton, New Jersey 07102, Courtroom 4E.

CAFA requires Bloomingdale's to provide "(A) if feasible, the names of class members who reside in each State and the estimated proportionate share of the claims of such members to the entire settlement to that State's appropriate official; or (B) if the provision of information under subparagraph (A) is not feasible, a reasonable estimate of the number of class members residing in each State and the estimated proportionate share of the claims of such members to the entire settlement…."  28 U.S.C. § 1715(b)(7)(A)-(B).  There are an estimated 46,561 class members.  We have attached an estimate of the number of class members residing in each state and the estimated proportionate share of the claims of such members to the entire settlement as Exhibit A.

If you have any questions about the settlement or this notice, please do not hesitate to contact me.

Sincerely yours,

*David Jay*

David Jay

DJ:dl
Enclosures

cc:    Ross H. Schmierer, Esq. (w/encl.)
       Ari H. Marcus, Esq. (w/encl.)



## EXHIBIT A

(Estimated breakdown by state/territory of 46,561 class members)

| | | | |
|---|---|---|---|
| AK – 39 | .083761% | NC – 830 | 1.782608% |
| AL – 323 | .693714% | ND – 25 | .053693% |
| AR – 122 | .262022% | NE – 119 | .255579% |
| AZ – 502 | 1.078156% | NH – 192 | .412362% |
| CA – 8785 | 18.867722% | NJ – 3121 | 6.703035% |
| CO – 414 | .889156% | NM – 77 | .165374% |
| CT – 678 | 1.456154% | NV – 208 | .446726% |
| DC – 353 | .758145% | NY – 7612 | 16.348446% |
| DE – 289 | .620691% | OH – 1027 | 2.205709% |
| FL – 2551 | 5.478834% | OK – 203 | .435987% |
| GA – 1338 | 2.87365% | OR – 587 | 1.260712% |
| HI – 122 | .262022% | PA – 1955 | 4.198793% |
| IA – 174 | .373703% | RI – 152 | .326453% |
| ID – 59 | .126715% | SC – 344 | .740963% |
| IL - 2083 | 4.473701% | SD – 20 | .042954% |
| IN – 467 | 1.002985% | TN – 437 | .938554% |
| KS – 187 | .401624% | TX – 2383 | 5.053586% |
| KY – 238 | .511157% | UT – 150 | .322158% |
| LA – 301 | .646464% | VA – 1400 | 3.006808% |
| MA – 1737 | 3.73059% | VT – 52 | .111681% |
| MD – 1232 | 2.645991% | WA – 733 | 1.574279% |
| ME – 85 | .182556% | WI – 391 | .839759% |
| MI – 936 | 2.010266% | WV – 78 | .167522% |
| MN – 443 | .95144% | WY – 23 | .049398% |
| MO – 446 | .957883% | Guam – 3 | .006443% |
| MS – 156 | .335044% | USVI – 4 | .008591% |
| MT – 39 | .083761% | PR – 20 | .042954% |



David Jay
Tel. (973) 360-7912
Fax (973) 301-8410
jayd@gtlaw.com

July 18, 2018

VIA PRIORITY MAIL

Hector Balderas
Office of the New Mexico Attorney General
P.O. Drawer 1508
Santa Fe, NM  87504-1508

Re:   **Notice of Proposed Class Action Settlement:**
      *Ashkenazi v. Bloomingdale's, Inc.*
      Case No. 3:15-cv-02705-PGS-DEA

Dear Sir or Madam:

We represent Bloomingdale's, Inc. ("Bloomingdale's"), the defendant in the above-captioned class action (the "Action").  In compliance with the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1715, we write to advise you that the parties have reached a settlement in the above action and are seeking court approval for the settlement in the U.S. District Court for the District of New Jersey.

The Action, which was commenced in 2015, involved allegations that Bloomingdale's transmitted an unsolicited text message to cellular phone numbers submitted in registration for its loyalty program in violation of the Telephone Consumer Protection Act, 47 U.S.C. §227, et seq. ("TCPA").   Under the proposed settlement, Bloomingdale's has agreed to establish a settlement fund in the amount of One Million Four Hundred Thousand Dollars ($1,400,000), comprised of $750,000 in cash and $650,000 in product vouchers with full cash value (redeemable at Bloomingdale's stores and online).  Class members may choose between either a $25 cash payment or a $50 product voucher, to be distributed on a pro rata basis.

As required by CAFA, we enclose the following materials:

1.      Copies of the Complaint and Amended Complaint filed in the Action.

2.      A copy of the Settlement Agreement and Exhibits, which includes a proposed full class notice advising class members of, among other things, their right to request exclusion from

July 18, 2018
Page 2

the proposed settlement.  (The form of class notice is attached as Exhibit 2 to the Settlement Agreement.)

3.      A copy of the July 17, 2018 Preliminary Approval Order.

There is no "settlement or other agreement contemporaneously made between class counsel and counsel for defendants," *see* 28 U.S.C. § 1715(b)(5), other than the Settlement Agreement itself, and there are no final judgments, notices of dismissal, *see* 28 U.S.C. § 1715(b)(6), or other written judicial opinions relating to the materials specified in 28 U.S.C. § 1715(b)(3)-(6), other than the above listed documents.  *See* 28 U.S.C. § 1715(b)(8).

A **Final Approval Hearing** has been scheduled by the Court for **December 5, 2018 at 11:00 a.m.** before the Honorable Peter G. Sheridan, U.S.D.J., United States District Court for the District of New Jersey, 402 East State Street, Trenton, New Jersey 07102, Courtroom 4E.

CAFA requires Bloomingdale's to provide "(A) if feasible, the names of class members who reside in each State and the estimated proportionate share of the claims of such members to the entire settlement to that State's appropriate official; or (B) if the provision of information under subparagraph (A) is not feasible, a reasonable estimate of the number of class members residing in each State and the estimated proportionate share of the claims of such members to the entire settlement…."  28 U.S.C. § 1715(b)(7)(A)-(B).  There are an estimated 46,561 class members.  We have attached an estimate of the number of class members residing in each state and the estimated proportionate share of the claims of such members to the entire settlement as Exhibit A.

If you have any questions about the settlement or this notice, please do not hesitate to contact me.

Sincerely yours,

*David Jay*

David Jay

DJ:dl
Enclosures

cc:    Ross H. Schmierer, Esq. (w/encl.)
       Ari H. Marcus, Esq. (w/encl.)



## EXHIBIT A

(Estimated breakdown by state/territory of 46,561 class members)

| | | | |
|---|---|---|---|
| AK – 39 | .083761% | NC – 830 | 1.782608% |
| AL – 323 | .693714% | ND – 25 | .053693% |
| AR – 122 | .262022% | NE – 119 | .255579% |
| AZ – 502 | 1.078156% | NH – 192 | .412362% |
| CA – 8785 | 18.867722% | NJ – 3121 | 6.703035% |
| CO – 414 | .889156% | NM – 77 | .165374% |
| CT – 678 | 1.456154% | NV – 208 | .446726% |
| DC – 353 | .758145% | NY – 7612 | 16.348446% |
| DE – 289 | .620691% | OH – 1027 | 2.205709% |
| FL – 2551 | 5.478834% | OK – 203 | .435987% |
| GA – 1338 | 2.87365% | OR – 587 | 1.260712% |
| HI – 122 | .262022% | PA – 1955 | 4.198793% |
| IA – 174 | .373703% | RI – 152 | .326453% |
| ID – 59 | .126715% | SC – 344 | .740963% |
| IL - 2083 | 4.473701% | SD – 20 | .042954% |
| IN – 467 | 1.002985% | TN – 437 | .938554% |
| KS – 187 | .401624% | TX – 2383 | 5.053586% |
| KY – 238 | .511157% | UT – 150 | .322158% |
| LA – 301 | .646464% | VA – 1400 | 3.006808% |
| MA – 1737 | 3.73059% | VT – 52 | .111681% |
| MD – 1232 | 2.645991% | WA – 733 | 1.574279% |
| ME – 85 | .182556% | WI – 391 | .839759% |
| MI – 936 | 2.010266% | WV – 78 | .167522% |
| MN – 443 | .95144% | WY – 23 | .049398% |
| MO – 446 | .957883% | Guam – 3 | .006443% |
| MS – 156 | .335044% | USVI – 4 | .008591% |
| MT – 39 | .083761% | PR – 20 | .042954% |



David Jay
Tel. (973) 360-7912
Fax (973) 301-8410
jayd@gtlaw.com

July 18, 2018

VIA PRIORITY MAIL

Adam Paul Laxalt
Nevada Attorney General
Old Supreme Ct. Bldg.
100 North Carson Street
Carson City, NV  89701

Re:    **Notice of Proposed Class Action Settlement**:
       *Ashkenazi v. Bloomingdale's, Inc.*
       Case No. 3:15-cv-02705-PGS-DEA

Dear Sir or Madam:

We represent Bloomingdale's, Inc. ("Bloomingdale's"), the defendant in the above-captioned class action (the "Action").  In compliance with the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1715, we write to advise you that the parties have reached a settlement in the above action and are seeking court approval for the settlement in the U.S. District Court for the District of New Jersey.

The Action, which was commenced in 2015, involved allegations that Bloomingdale's transmitted an unsolicited text message to cellular phone numbers submitted in registration for its loyalty program in violation of the Telephone Consumer Protection Act, 47 U.S.C. §227, et seq. ("TCPA").  Under the proposed settlement, Bloomingdale's has agreed to establish a settlement fund in the amount of One Million Four Hundred Thousand Dollars ($1,400,000), comprised of $750,000 in cash and $650,000 in product vouchers with full cash value (redeemable at Bloomingdale's stores and online).  Class members may choose between either a $25 cash payment or a $50 product voucher, to be distributed on a pro rata basis.

As required by CAFA, we enclose the following materials:

1.    Copies of the Complaint and Amended Complaint filed in the Action.

2.    A copy of the Settlement Agreement and Exhibits, which includes a proposed full class notice advising class members of, among other things, their right to request exclusion from

July 18, 2018
Page 2

the proposed settlement.  (The form of class notice is attached as Exhibit 2 to the Settlement Agreement.)

       3.      A copy of the July 17, 2018 Preliminary Approval Order.

There is no "settlement or other agreement contemporaneously made between class counsel and counsel for defendants," *see* 28 U.S.C. § 1715(b)(5), other than the Settlement Agreement itself, and there are no final judgments, notices of dismissal, *see* 28 U.S.C. § 1715(b)(6), or other written judicial opinions relating to the materials specified in 28 U.S.C. § 1715(b)(3)-(6), other than the above listed documents.  *See* 28 U.S.C. § 1715(b)(8).

A **Final Approval Hearing** has been scheduled by the Court for **December 5, 2018 at 11:00 a.m.** before the Honorable Peter G. Sheridan, U.S.D.J., United States District Court for the District of New Jersey, 402 East State Street, Trenton, New Jersey 07102, Courtroom 4E.

CAFA requires Bloomingdale's to provide "(A) if feasible, the names of class members who reside in each State and the estimated proportionate share of the claims of such members to the entire settlement to that State's appropriate official; or (B) if the provision of information under subparagraph (A) is not feasible, a reasonable estimate of the number of class members residing in each State and the estimated proportionate share of the claims of such members to the entire settlement…."  28 U.S.C. § 1715(b)(7)(A)-(B).  There are an estimated 46,561 class members.  We have attached an estimate of the number of class members residing in each state and the estimated proportionate share of the claims of such members to the entire settlement as Exhibit A.

If you have any questions about the settlement or this notice, please do not hesitate to contact me.

Sincerely yours,

*David Jay*

David Jay

DJ:dl
Enclosures

cc:     Ross H. Schmierer, Esq. (w/encl.)
        Ari H. Marcus, Esq. (w/encl.)



**EXHIBIT A**

(Estimated breakdown by state/territory of 46,561 class members)

| | | | |
|---|---|---|---|
| AK – 39 | .083761% | NC – 830 | 1.782608% |
| AL – 323 | .693714% | ND – 25 | .053693% |
| AR – 122 | .262022% | NE – 119 | .255579% |
| AZ – 502 | 1.078156% | NH – 192 | .412362% |
| CA – 8785 | 18.867722% | NJ – 3121 | 6.703035% |
| CO – 414 | .889156% | NM – 77 | .165374% |
| CT – 678 | 1.456143% | NV – 208 | .446726% |
| DC – 353 | .758145% | NY – 7612 | 16.348446% |
| DE – 289 | .620691% | OH – 1027 | 2.205709% |
| FL – 2551 | 5.478834% | OK – 203 | .435987% |
| GA – 1338 | 2.87365% | OR – 587 | 1.260712% |
| HI – 122 | .262022% | PA – 1955 | 4.198793% |
| IA – 174 | .373703% | RI – 152 | .326453% |
| ID – 59 | .126715% | SC – 344 | .740963% |
| IL - 2083 | 4.473701% | SD – 20 | .042954% |
| IN – 467 | 1.002985% | TN – 437 | .938554% |
| KS – 187 | .401624% | TX – 2383 | 5.053586% |
| KY – 238 | .511157% | UT – 150 | .322158% |
| LA – 301 | .646464% | VA – 1400 | 3.006808% |
| MA – 1737 | 3.73059% | VT – 52 | .111681% |
| MD – 1232 | 2.645991% | WA – 733 | 1.574279% |
| ME – 85 | .182556% | WI – 391 | .839759% |
| MI – 936 | 2.010266% | WV – 78 | .167522% |
| MN – 443 | .95144% | WY – 23 | .049398% |
| MO – 446 | .957883% | Guam – 3 | .006443% |
| MS – 156 | .335044% | USVI – 4 | .008591% |
| MT – 39 | .083761% | PR – 20 | .042954% |



David Jay
Tel. (973) 360-7912
Fax (973) 301-8410
jayd@gtlaw.com


July 18, 2018



VIA PRIORITY MAIL

Eric Schneiderman
Office of the New York Attorney General
Department of Law
The Capitol, 2nd Floor
Albany, NY  12224


  Re: **Notice of Proposed Class Action Settlement:**
    *Ashkenazi v. Bloomingdale's, Inc.*
    Case No. 3:15-cv-02705-PGS-DEA


Dear Sir or Madam:

  We represent Bloomingdale's, Inc. ("Bloomingdale's"), the defendant in the above-captioned class action (the "Action").  In compliance with the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1715, we write to advise you that the parties have reached a settlement in the above action and are seeking court approval for the settlement in the U.S. District Court for the District of New Jersey.

  The Action, which was commenced in 2015, involved allegations that Bloomingdale's transmitted an unsolicited text message to cellular phone numbers submitted in registration for its loyalty program in violation of the Telephone Consumer Protection Act, 47 U.S.C. §227, et seq. ("TCPA").  Under the proposed settlement, Bloomingdale's has agreed to establish a settlement fund in the amount of One Million Four Hundred Thousand Dollars ($1,400,000), comprised of $750,000 in cash and $650,000 in product vouchers with full cash value (redeemable at Bloomingdale's stores and online).  Class members may choose between either a $25 cash payment or a $50 product voucher, to be distributed on a pro rata basis.

  As required by CAFA, we enclose the following materials:

  1.  Copies of the Complaint and Amended Complaint filed in the Action.

  2.  A copy of the Settlement Agreement and Exhibits, which includes a proposed full class notice advising class members of, among other things, their right to request exclusion from

July 18, 2018
Page 2

the proposed settlement.  (The form of class notice is attached as Exhibit 2 to the Settlement Agreement.)

3.      A copy of the July 17, 2018 Preliminary Approval Order.

There is no "settlement or other agreement contemporaneously made between class counsel and counsel for defendants," *see* 28 U.S.C. § 1715(b)(5), other than the Settlement Agreement itself, and there are no final judgments, notices of dismissal, *see* 28 U.S.C. § 1715(b)(6), or other written judicial opinions relating to the materials specified in 28 U.S.C. § 1715(b)(3)-(6), other than the above listed documents.  *See* 28 U.S.C. § 1715(b)(8).

A **Final Approval Hearing** has been scheduled by the Court for **December 5, 2018 at 11:00 a.m.** before the Honorable Peter G. Sheridan, U.S.D.J., United States District Court for the District of New Jersey, 402 East State Street, Trenton, New Jersey 07102, Courtroom 4E.

CAFA requires Bloomingdale's to provide "(A) if feasible, the names of class members who reside in each State and the estimated proportionate share of the claims of such members to the entire settlement to that State's appropriate official; or (B) if the provision of information under subparagraph (A) is not feasible, a reasonable estimate of the number of class members residing in each State and the estimated proportionate share of the claims of such members to the entire settlement…."  28 U.S.C. § 1715(b)(7)(A)-(B).  There are an estimated 46,561 class members.  We have attached an estimate of the number of class members residing in each state and the estimated proportionate share of the claims of such members to the entire settlement as Exhibit A.

If you have any questions about the settlement or this notice, please do not hesitate to contact me.

Sincerely yours,

*David Jay*

David Jay

DJ:dl
Enclosures

cc:    Ross H. Schmierer, Esq. (w/encl.)
       Ari H. Marcus, Esq. (w/encl.)



## EXHIBIT A

(Estimated breakdown by state/territory of 46,561 class members)

| | | | |
|---|---|---|---|
| AK – 39 | .083761% | NC – 830 | 1.782608% |
| AL – 323 | .693714% | ND – 25 | .053693% |
| AR – 122 | .262022% | NE – 119 | .255579% |
| AZ – 502 | 1.078156% | NH – 192 | .412362% |
| CA – 8785 | 18.867722% | NJ – 3121 | 6.703035% |
| CO – 414 | .889156% | NM – 77 | .165374% |
| CT – 678 | 1.456164% | NV – 208 | .446726% |
| DC – 353 | .758145% | NY – 7612 | 16.348446% |
| DE – 289 | .620691% | OH – 1027 | 2.205709% |
| FL – 2551 | 5.478834% | OK – 203 | .435987% |
| GA – 1338 | 2.87365% | OR – 587 | 1.260712% |
| HI – 122 | .262022% | PA – 1955 | 4.198793% |
| IA – 174 | .373703% | RI – 152 | .326453% |
| ID – 59 | .126715% | SC – 344 | .740963% |
| IL - 2083 | 4.473701% | SD – 20 | .042954% |
| IN – 467 | 1.002985% | TN – 437 | .938554% |
| KS – 187 | .401624% | TX – 2383 | 5.053586% |
| KY – 238 | .511157% | UT – 150 | .322158% |
| LA – 301 | .646464% | VA – 1400 | 3.006808% |
| MA – 1737 | 3.73059% | VT – 52 | .111681% |
| MD – 1232 | 2.645991% | WA – 733 | 1.574279% |
| ME – 85 | .182556% | WI – 391 | .839759% |
| MI – 936 | 2.010266% | WV – 78 | .167522% |
| MN – 443 | .95144% | WY – 23 | .049398% |
| MO – 446 | .957883% | Guam – 3 | .006443% |
| MS – 156 | .335044% | USVI – 4 | .008591% |
| MT – 39 | .083761% | PR – 20 | .042954% |



David Jay
Tel. (973) 360-7912
Fax (973) 301-8410
jayd@gtlaw.com


July 18, 2018


VIA PRIORITY MAIL

Mike DeWine
Ohio Attorney General
State Office Tower
30 E. Broad Street
Columbus, OH  43266-0410


   Re: **Notice of Proposed Class Action Settlement:**
     *Ashkenazi v. Bloomingdale's, Inc.*
     Case No. 3:15-cv-02705-PGS-DEA


Dear Sir or Madam:

  We represent Bloomingdale's, Inc. ("Bloomingdale's"), the defendant in the above-captioned class action (the "Action").  In compliance with the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1715, we write to advise you that the parties have reached a settlement in the above action and are seeking court approval for the settlement in the U.S. District Court for the District of New Jersey.

  The Action, which was commenced in 2015, involved allegations that Bloomingdale's transmitted an unsolicited text message to cellular phone numbers submitted in registration for its loyalty program in violation of the Telephone Consumer Protection Act, 47 U.S.C. §227, et seq. ("TCPA").  Under the proposed settlement, Bloomingdale's has agreed to establish a settlement fund in the amount of One Million Four Hundred Thousand Dollars ($1,400,000), comprised of $750,000 in cash and $650,000 in product vouchers with full cash value (redeemable at Bloomingdale's stores and online).  Class members may choose between either a $25 cash payment or a $50 product voucher, to be distributed on a pro rata basis.

  As required by CAFA, we enclose the following materials:

  1.  Copies of the Complaint and Amended Complaint filed in the Action.

  2.  A copy of the Settlement Agreement and Exhibits, which includes a proposed full class notice advising class members of, among other things, their right to request exclusion from

July 18, 2018
Page 2

the proposed settlement. (The form of class notice is attached as Exhibit 2 to the Settlement Agreement.)

      3.     A copy of the July 17, 2018 Preliminary Approval Order.

There is no "settlement or other agreement contemporaneously made between class counsel and counsel for defendants," *see* 28 U.S.C. § 1715(b)(5), other than the Settlement Agreement itself, and there are no final judgments, notices of dismissal, *see* 28 U.S.C. § 1715(b)(6), or other written judicial opinions relating to the materials specified in 28 U.S.C. § 1715(b)(3)-(6), other than the above listed documents. *See* 28 U.S.C. § 1715(b)(8).

A **Final Approval Hearing** has been scheduled by the Court for **December 5, 2018 at 11:00 a.m.** before the Honorable Peter G. Sheridan, U.S.D.J., United States District Court for the District of New Jersey, 402 East State Street, Trenton, New Jersey 07102, Courtroom 4E.

CAFA requires Bloomingdale's to provide "(A) if feasible, the names of class members who reside in each State and the estimated proportionate share of the claims of such members to the entire settlement to that State's appropriate official; or (B) if the provision of information under subparagraph (A) is not feasible, a reasonable estimate of the number of class members residing in each State and the estimated proportionate share of the claims of such members to the entire settlement…." 28 U.S.C. § 1715(b)(7)(A)-(B). There are an estimated 46,561 class members. We have attached an estimate of the number of class members residing in each state and the estimated proportionate share of the claims of such members to the entire settlement as Exhibit A.

If you have any questions about the settlement or this notice, please do not hesitate to contact me.

Sincerely yours,

*David Jay*

David Jay

DJ:dl
Enclosures

cc:    Ross H. Schmierer, Esq. (w/encl.)
       Ari H. Marcus, Esq. (w/encl.)



## EXHIBIT A

(Estimated breakdown by state/territory of 46,561 class members)

| | | | |
|---|---|---|---|
| AK – 39 | .083761% | NC – 830 | 1.782608% |
| AL – 323 | .693714% | ND – 25 | .053693% |
| AR – 122 | .262022% | NE – 119 | .255579% |
| AZ – 502 | 1.078156% | NH – 192 | .412362% |
| CA – 8785 | 18.867722% | NJ – 3121 | 6.703035% |
| CO – 414 | .889156% | NM – 77 | .165374% |
| CT – 678 | 1.456154% | NV – 208 | .446726% |
| DC – 353 | .758145% | NY – 7612 | 16.348446% |
| DE – 289 | .620691% | OH – 1027 | 2.205709% |
| FL – 2551 | 5.478834% | OK – 203 | .435987% |
| GA – 1338 | 2.87365% | OR – 587 | 1.260712% |
| HI – 122 | .262022% | PA – 1955 | 4.198793% |
| IA – 174 | .373703% | RI – 152 | .326453% |
| ID – 59 | .126715% | SC – 344 | .740963% |
| IL - 2083 | 4.473701% | SD – 20 | .042954% |
| IN – 467 | 1.002985% | TN – 437 | .938554% |
| KS – 187 | .401624% | TX – 2383 | 5.053586% |
| KY – 238 | .511157% | UT – 150 | .322158% |
| LA – 301 | .646464% | VA – 1400 | 3.006808% |
| MA – 1737 | 3.73059% | VT – 52 | .111681% |
| MD – 1232 | 2.645991% | WA – 733 | 1.574279% |
| ME – 85 | .182556% | WI – 391 | .839759% |
| MI – 936 | 2.010266% | WV – 78 | .167522% |
| MN – 443 | .95144% | WY – 23 | .049398% |
| MO – 446 | .957883% | Guam – 3 | .006443% |
| MS – 156 | .335044% | USVI – 4 | .008591% |
| MT – 39 | .083761% | PR – 20 | .042954% |



David Jay
Tel. (973) 360-7912
Fax (973) 301-8410
jayd@gtlaw.com

July 18, 2018


VIA PRIORITY MAIL

Mike Hunter
Oklahoma Office of the Attorney General
313 NE 21st Street
Oklahoma City, OK  73105


   Re: **Notice of Proposed Class Action Settlement**:
      *Ashkenazi v. Bloomingdale's, Inc.*
      Case No. 3:15-cv-02705-PGS-DEA


Dear Sir or Madam:

   We represent Bloomingdale's, Inc. ("Bloomingdale's"), the defendant in the above-captioned class action (the "Action").  In compliance with the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1715, we write to advise you that the parties have reached a settlement in the above action and are seeking court approval for the settlement in the U.S. District Court for the District of New Jersey.

   The Action, which was commenced in 2015, involved allegations that Bloomingdale's transmitted an unsolicited text message to cellular phone numbers submitted in registration for its loyalty program in violation of the Telephone Consumer Protection Act, 47 U.S.C. §227, et seq. ("TCPA").  Under the proposed settlement, Bloomingdale's has agreed to establish a settlement fund in the amount of One Million Four Hundred Thousand Dollars ($1,400,000), comprised of $750,000 in cash and $650,000 in product vouchers with full cash value (redeemable at Bloomingdale's stores and online).  Class members may choose between either a $25 cash payment or a $50 product voucher, to be distributed on a pro rata basis.

   As required by CAFA, we enclose the following materials:

   1.  Copies of the Complaint and Amended Complaint filed in the Action.

   2.  A copy of the Settlement Agreement and Exhibits, which includes a proposed full class notice advising class members of, among other things, their right to request exclusion from

July 18, 2018
Page 2

the proposed settlement.  (The form of class notice is attached as Exhibit 2 to the Settlement Agreement.)

        3.      A copy of the July 17, 2018 Preliminary Approval Order.

There is no "settlement or other agreement contemporaneously made between class counsel and counsel for defendants," *see* 28 U.S.C. § 1715(b)(5), other than the Settlement Agreement itself, and there are no final judgments, notices of dismissal, *see* 28 U.S.C. § 1715(b)(6), or other written judicial opinions relating to the materials specified in 28 U.S.C. § 1715(b)(3)-(6), other than the above listed documents.  *See* 28 U.S.C. § 1715(b)(8).

A **Final Approval Hearing** has been scheduled by the Court for **December 5, 2018 at 11:00 a.m.** before the Honorable Peter G. Sheridan, U.S.D.J., United States District Court for the District of New Jersey, 402 East State Street, Trenton, New Jersey 07102, Courtroom 4E.

CAFA requires Bloomingdale's to provide "(A) if feasible, the names of class members who reside in each State and the estimated proportionate share of the claims of such members to the entire settlement to that State's appropriate official; or (B) if the provision of information under subparagraph (A) is not feasible, a reasonable estimate of the number of class members residing in each State and the estimated proportionate share of the claims of such members to the entire settlement...."  28 U.S.C. § 1715(b)(7)(A)-(B).  There are an estimated 46,561 class members.  We have attached an estimate of the number of class members residing in each state and the estimated proportionate share of the claims of such members to the entire settlement as Exhibit A.

If you have any questions about the settlement or this notice, please do not hesitate to contact me.

Sincerely yours,

*David Jay*

David Jay

DJ:dl
Enclosures

cc:     Ross H. Schmierer, Esq. (w/encl.)
        Ari H. Marcus, Esq. (w/encl.)



## EXHIBIT A

(Estimated breakdown by state/territory of 46,561 class members)

| | | | |
|---|---|---|---|
| AK – 39 | .083761% | NC – 830 | 1.782608% |
| AL – 323 | .693714% | ND – 25 | .053693% |
| AR – 122 | .262022% | NE – 119 | .255579% |
| AZ – 502 | 1.078156% | NH – 192 | .412362% |
| CA – 8785 | 18.867722% | NJ – 3121 | 6.703035% |
| CO – 414 | .889156% | NM – 77 | .165374% |
| CT – 678 | 1.456154% | NV – 208 | .446726% |
| DC – 353 | .758145% | NY – 7612 | 16.348446% |
| DE – 289 | .620691% | OH – 1027 | 2.205709% |
| FL – 2551 | 5.478834% | OK – 203 | .435987% |
| GA – 1338 | 2.87365% | OR – 587 | 1.260712% |
| HI – 122 | .262022% | PA – 1955 | 4.198793% |
| IA – 174 | .373703% | RI – 152 | .326453% |
| ID – 59 | .126715% | SC – 344 | .740963% |
| IL - 2083 | 4.473701% | SD – 20 | .042954% |
| IN – 467 | 1.002985% | TN – 437 | .938554% |
| KS – 187 | .401624% | TX – 2383 | 5.053586% |
| KY – 238 | .511157% | UT – 150 | .322158% |
| LA – 301 | .646464% | VA – 1400 | 3.006808% |
| MA – 1737 | 3.73059% | VT – 52 | .111681% |
| MD – 1232 | 2.645991% | WA – 733 | 1.574279% |
| ME – 85 | .182556% | WI – 391 | .839759% |
| MI – 936 | 2.010266% | WV – 78 | .167522% |
| MN – 443 | .95144% | WY – 23 | .049398% |
| MO – 446 | .957883% | Guam – 3 | .006443% |
| MS – 156 | .335044% | USVI – 4 | .008591% |
| MT – 39 | .083761% | PR – 20 | .042954% |



David Jay
Tel. (973) 360-7912
Fax (973) 301-8410
jayd@gtlaw.com

July 18, 2018

VIA PRIORITY MAIL

Ellen F. Rosenblum
Office of the Oregon Attorney General
Justice Building
1162 Court Street, NE
Salem, OR  97301

Re:  **Notice of Proposed Class Action Settlement**:
*Ashkenazi v. Bloomingdale's, Inc.*
Case No. 3:15-cv-02705-PGS-DEA

Dear Sir or Madam:

We represent Bloomingdale's, Inc. ("Bloomingdale's"), the defendant in the above-captioned class action (the "Action").  In compliance with the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1715, we write to advise you that the parties have reached a settlement in the above action and are seeking court approval for the settlement in the U.S. District Court for the District of New Jersey.

The Action, which was commenced in 2015, involved allegations that Bloomingdale's transmitted an unsolicited text message to cellular phone numbers submitted in registration for its loyalty program in violation of the Telephone Consumer Protection Act, 47 U.S.C. §227, et seq. ("TCPA").  Under the proposed settlement, Bloomingdale's has agreed to establish a settlement fund in the amount of One Million Four Hundred Thousand Dollars ($1,400,000), comprised of $750,000 in cash and $650,000 in product vouchers with full cash value (redeemable at Bloomingdale's stores and online).  Class members may choose between either a $25 cash payment or a $50 product voucher, to be distributed on a pro rata basis.

As required by CAFA, we enclose the following materials:

1.      Copies of the Complaint and Amended Complaint filed in the Action.

2.      A copy of the Settlement Agreement and Exhibits, which includes a proposed full class notice advising class members of, among other things, their right to request exclusion from

July 18, 2018
Page 2

the proposed settlement.  (The form of class notice is attached as Exhibit 2 to the Settlement Agreement.)

     3.     A copy of the July 17, 2018 Preliminary Approval Order.

There is no "settlement or other agreement contemporaneously made between class counsel and counsel for defendants," *see* 28 U.S.C. § 1715(b)(5), other than the Settlement Agreement itself, and there are no final judgments, notices of dismissal, *see* 28 U.S.C. § 1715(b)(6), or other written judicial opinions relating to the materials specified in 28 U.S.C. § 1715(b)(3)-(6), other than the above listed documents.  *See* 28 U.S.C. § 1715(b)(8).

A **Final Approval Hearing** has been scheduled by the Court for **December 5, 2018 at 11:00 a.m.** before the Honorable Peter G. Sheridan, U.S.D.J., United States District Court for the District of New Jersey, 402 East State Street, Trenton, New Jersey 07102, Courtroom 4E.

CAFA requires Bloomingdale's to provide "(A) if feasible, the names of class members who reside in each State and the estimated proportionate share of the claims of such members to the entire settlement to that State's appropriate official; or (B) if the provision of information under subparagraph (A) is not feasible, a reasonable estimate of the number of class members residing in each State and the estimated proportionate share of the claims of such members to the entire settlement…."  28 U.S.C. § 1715(b)(7)(A)-(B).  There are an estimated 46,561 class members.  We have attached an estimate of the number of class members residing in each state and the estimated proportionate share of the claims of such members to the entire settlement as Exhibit A.

If you have any questions about the settlement or this notice, please do not hesitate to contact me.

Sincerely yours,

*David Jay*

David Jay

DJ:dl
Enclosures

cc:    Ross H. Schmierer, Esq. (w/encl.)
       Ari H. Marcus, Esq. (w/encl.)



**EXHIBIT A**

(Estimated breakdown by state/territory of 46,561 class members)

| | | | |
|---|---|---|---|
| AK – 39 | .083761% | NC – 830 | 1.782608% |
| AL – 323 | .693714% | ND – 25 | .053693% |
| AR – 122 | .262022% | NE – 119 | .255579% |
| AZ – 502 | 1.078156% | NH – 192 | .412362% |
| CA – 8785 | 18.867722% | NJ – 3121 | 6.703035% |
| CO – 414 | .889156% | NM – 77 | .165374% |
| CT – 678 | 1.456164% | NV – 208 | .446726% |
| DC – 353 | .758145% | NY – 7612 | 16.348446% |
| DE – 289 | .620691% | OH – 1027 | 2.205709% |
| FL – 2551 | 5.478834% | OK – 203 | .435987% |
| GA – 1338 | 2.87365% | OR – 587 | 1.260712% |
| HI – 122 | .262022% | PA – 1955 | 4.198793% |
| IA – 174 | .373703% | RI – 152 | .326453% |
| ID – 59 | .126715% | SC – 344 | .740963% |
| IL - 2083 | 4.473701% | SD – 20 | .042954% |
| IN – 467 | 1.002985% | TN – 437 | .938554% |
| KS – 187 | .401624% | TX – 2383 | 5.053586% |
| KY – 238 | .511157% | UT – 150 | .322158% |
| LA – 301 | .646464% | VA – 1400 | 3.006808% |
| MA – 1737 | 3.73059% | VT – 52 | .111681% |
| MD – 1232 | 2.645991% | WA – 733 | 1.574279% |
| ME – 85 | .182556% | WI – 391 | .839759% |
| MI – 936 | 2.010266% | WV – 78 | .167522% |
| MN – 443 | .95144% | WY – 23 | .049398% |
| MO – 446 | .957883% | Guam – 3 | .006443% |
| MS – 156 | .335044% | USVI – 4 | .008591% |
| MT – 39 | .083761% | PR – 20 | .042954% |



David Jay
Tel. (973) 360-7912
Fax (973) 301-8410
jayd@gtlaw.com

July 18, 2018

VIA PRIORITY MAIL

Josh Shapiro
Pennsylvania Office of the Attorney General
1600 Strawberry Square
Harrisburg, PA  17120

> **Re:**   **Notice of Proposed Class Action Settlement:**
> *Ashkenazi v. Bloomingdale's, Inc.*
> Case No. 3:15-cv-02705-PGS-DEA

Dear Sir or Madam:

We represent Bloomingdale's, Inc. ("Bloomingdale's"), the defendant in the above-captioned class action (the "Action").  In compliance with the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1715, we write to advise you that the parties have reached a settlement in the above action and are seeking court approval for the settlement in the U.S. District Court for the District of New Jersey.

The Action, which was commenced in 2015, involved allegations that Bloomingdale's transmitted an unsolicited text message to cellular phone numbers submitted in registration for its loyalty program in violation of the Telephone Consumer Protection Act, 47 U.S.C. §227, et seq. ("TCPA").  Under the proposed settlement, Bloomingdale's has agreed to establish a settlement fund in the amount of One Million Four Hundred Thousand Dollars ($1,400,000), comprised of $750,000 in cash and $650,000 in product vouchers with full cash value (redeemable at Bloomingdale's stores and online).  Class members may choose between either a $25 cash payment or a $50 product voucher, to be distributed on a pro rata basis.

As required by CAFA, we enclose the following materials:

1.      Copies of the Complaint and Amended Complaint filed in the Action.

2.      A copy of the Settlement Agreement and Exhibits, which includes a proposed full class notice advising class members of, among other things, their right to request exclusion from

July 18, 2018
Page 2

the proposed settlement.  (The form of class notice is attached as Exhibit 2 to the Settlement Agreement.)

3.      A copy of the July 17, 2018 Preliminary Approval Order.

There is no "settlement or other agreement contemporaneously made between class counsel and counsel for defendants," *see* 28 U.S.C. § 1715(b)(5), other than the Settlement Agreement itself, and there are no final judgments, notices of dismissal, *see* 28 U.S.C. § 1715(b)(6), or other written judicial opinions relating to the materials specified in 28 U.S.C. § 1715(b)(3)-(6), other than the above listed documents.  *See* 28 U.S.C. § 1715(b)(8).

A **Final Approval Hearing** has been scheduled by the Court for **December 5, 2018 at 11:00 a.m.** before the Honorable Peter G. Sheridan, U.S.D.J., United States District Court for the District of New Jersey, 402 East State Street, Trenton, New Jersey 07102, Courtroom 4E.

CAFA requires Bloomingdale's to provide "(A) if feasible, the names of class members who reside in each State and the estimated proportionate share of the claims of such members to the entire settlement to that State's appropriate official; or (B) if the provision of information under subparagraph (A) is not feasible, a reasonable estimate of the number of class members residing in each State and the estimated proportionate share of the claims of such members to the entire settlement…."  28 U.S.C. § 1715(b)(7)(A)-(B).  There are an estimated 46,561 class members.  We have attached an estimate of the number of class members residing in each state and the estimated proportionate share of the claims of such members to the entire settlement as Exhibit A.

If you have any questions about the settlement or this notice, please do not hesitate to contact me.

Sincerely yours,

*David Jay*

David Jay

DJ:dl
Enclosures

cc:    Ross H. Schmierer, Esq. (w/encl.)
       Ari H. Marcus, Esq. (w/encl.)



## EXHIBIT A

(Estimated breakdown by state/territory of 46,561 class members)

| | | | |
|---|---|---|---|
| AK – 39 | .083761% | NC – 830 | 1.782608% |
| AL – 323 | .693714% | ND – 25 | .053693% |
| AR – 122 | .262022% | NE – 119 | .255579% |
| AZ – 502 | 1.078156% | NH – 192 | .412362% |
| CA – 8785 | 18.867722% | NJ – 3121 | 6.703035% |
| CO – 414 | .889156% | NM – 77 | .165374% |
| CT – 678 | 1.456154% | NV – 208 | .446726% |
| DC – 353 | .758145% | NY – 7612 | 16.348446% |
| DE – 289 | .620691% | OH – 1027 | 2.205709% |
| FL – 2551 | 5.478834% | OK – 203 | .435987% |
| GA – 1338 | 2.87365% | OR – 587 | 1.260712% |
| HI – 122 | .262022% | PA – 1955 | 4.198793% |
| IA – 174 | .373703% | RI – 152 | .326453% |
| ID – 59 | .126715% | SC – 344 | .740963% |
| IL - 2083 | 4.473701% | SD – 20 | .042954% |
| IN – 467 | 1.002985% | TN – 437 | .938554% |
| KS – 187 | .401624% | TX – 2383 | 5.053586% |
| KY – 238 | .511157% | UT – 150 | .322158% |
| LA – 301 | .646464% | VA – 1400 | 3.006808% |
| MA – 1737 | 3.73059% | VT – 52 | .111681% |
| MD – 1232 | 2.645991% | WA – 733 | 1.574279% |
| ME – 85 | .182556% | WI – 391 | .839759% |
| MI – 936 | 2.010266% | WV – 78 | .167522% |
| MN – 443 | .95144% | WY – 23 | .049398% |
| MO – 446 | .957883% | Guam – 3 | .006443% |
| MS – 156 | .335044% | USVI – 4 | .008591% |
| MT – 39 | .083761% | PR – 20 | .042954% |



David Jay
Tel. (973) 360-7912
Fax (973) 301-8410
jayd@gtlaw.com


July 18, 2018



VIA PRIORITY MAIL

Peter Kilmartin
Rhode Island Office of the Attorney General
150 South Main Street
Providence, RI  02903

Re:     **Notice of Proposed Class Action Settlement:**
        *Ashkenazi v. Bloomingdale's, Inc.*
        Case No. 3:15-cv-02705-PGS-DEA


Dear Sir or Madam:

We represent Bloomingdale's, Inc. ("Bloomingdale's"), the defendant in the above-captioned class action (the "Action").  In compliance with the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1715, we write to advise you that the parties have reached a settlement in the above action and are seeking court approval for the settlement in the U.S. District Court for the District of New Jersey.

The Action, which was commenced in 2015, involved allegations that Bloomingdale's transmitted an unsolicited text message to cellular phone numbers submitted in registration for its loyalty program in violation of the Telephone Consumer Protection Act, 47 U.S.C. §227, et seq. ("TCPA").  Under the proposed settlement, Bloomingdale's has agreed to establish a settlement fund in the amount of One Million Four Hundred Thousand Dollars ($1,400,000), comprised of $750,000 in cash and $650,000 in product vouchers with full cash value (redeemable at Bloomingdale's stores and online).  Class members may choose between either a $25 cash payment or a $50 product voucher, to be distributed on a pro rata basis.

As required by CAFA, we enclose the following materials:

1.      Copies of the Complaint and Amended Complaint filed in the Action.

2.      A copy of the Settlement Agreement and Exhibits, which includes a proposed full class notice advising class members of, among other things, their right to request exclusion from

July 18, 2018
Page 2

the proposed settlement.  (The form of class notice is attached as Exhibit 2 to the Settlement Agreement.)

       3.       A copy of the July 17, 2018 Preliminary Approval Order.

There is no "settlement or other agreement contemporaneously made between class counsel and counsel for defendants," *see* 28 U.S.C. § 1715(b)(5), other than the Settlement Agreement itself, and there are no final judgments, notices of dismissal, *see* 28 U.S.C. § 1715(b)(6), or other written judicial opinions relating to the materials specified in 28 U.S.C. § 1715(b)(3)-(6), other than the above listed documents.  *See* 28 U.S.C. § 1715(b)(8).

A **Final Approval Hearing** has been scheduled by the Court for **December 5, 2018 at 11:00 a.m.** before the Honorable Peter G. Sheridan, U.S.D.J., United States District Court for the District of New Jersey, 402 East State Street, Trenton, New Jersey 07102, Courtroom 4E.

CAFA requires Bloomingdale's to provide "(A) if feasible, the names of class members who reside in each State and the estimated proportionate share of the claims of such members to the entire settlement to that State's appropriate official; or (B) if the provision of information under subparagraph (A) is not feasible, a reasonable estimate of the number of class members residing in each State and the estimated proportionate share of the claims of such members to the entire settlement…."  28 U.S.C. § 1715(b)(7)(A)-(B).  There are an estimated 46,561 class members.  We have attached an estimate of the number of class members residing in each state and the estimated proportionate share of the claims of such members to the entire settlement as Exhibit A.

If you have any questions about the settlement or this notice, please do not hesitate to contact me.

Sincerely yours,

*David Jay*

David Jay

DJ:dl
Enclosures

cc:    Ross H. Schmierer, Esq. (w/encl.)
       Ari H. Marcus, Esq. (w/encl.)



## EXHIBIT A

(Estimated breakdown by state/territory of 46,561 class members)

| | | | |
|---|---|---|---|
| AK – 39 | .083761% | NC – 830 | 1.782608% |
| AL – 323 | .693714% | ND – 25 | .053693% |
| AR – 122 | .262022% | NE – 119 | .255579% |
| AZ – 502 | 1.078156% | NH – 192 | .412362% |
| CA – 8785 | 18.867722% | NJ – 3121 | 6.703035% |
| CO – 414 | .889156% | NM – 77 | .165374% |
| CT – 678 | 1.456154% | NV – 208 | .446726% |
| DC – 353 | .758145% | NY – 7612 | 16.348446% |
| DE – 289 | .620691% | OH – 1027 | 2.205709% |
| FL – 2551 | 5.478834% | OK – 203 | .435987% |
| GA – 1338 | 2.87365% | OR – 587 | 1.260712% |
| HI – 122 | .262022% | PA – 1955 | 4.198793% |
| IA – 174 | .373703% | RI – 152 | .326453% |
| ID – 59 | .126715% | SC – 344 | .740963% |
| IL - 2083 | 4.473701% | SD – 20 | .042954% |
| IN – 467 | 1.002985% | TN – 437 | .938554% |
| KS – 187 | .401624% | TX – 2383 | 5.053586% |
| KY – 238 | .511157% | UT – 150 | .322158% |
| LA – 301 | .646464% | VA – 1400 | 3.006808% |
| MA – 1737 | 3.73059% | VT – 52 | .111681% |
| MD – 1232 | 2.645991% | WA – 733 | 1.574279% |
| ME – 85 | .182556% | WI – 391 | .839759% |
| MI – 936 | 2.010266% | WV – 78 | .167522% |
| MN – 443 | .95144% | WY – 23 | .049398% |
| MO – 446 | .957883% | Guam – 3 | .006443% |
| MS – 156 | .335044% | USVI – 4 | .008591% |
| MT – 39 | .083761% | PR – 20 | .042954% |



David Jay
Tel. (973) 360-7912
Fax (973) 301-8410
jayd@gtlaw.com

July 18, 2018


VIA PRIORITY MAIL

Alan Wilson
South Carolina Attorney General
Rembert C. Dennis Office Bldg.
P.O. Box 11549
Columbia, SC  29211-1549


> Re:    **Notice of Proposed Class Action Settlement:**
>          *Ashkenazi v. Bloomingdale's, Inc.*
>          Case No. 3:15-cv-02705-PGS-DEA


Dear Sir or Madam:

We represent Bloomingdale's, Inc. ("Bloomingdale's"), the defendant in the above-captioned class action (the "Action").  In compliance with the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1715, we write to advise you that the parties have reached a settlement in the above action and are seeking court approval for the settlement in the U.S. District Court for the District of New Jersey.

The Action, which was commenced in 2015, involved allegations that Bloomingdale's transmitted an unsolicited text message to cellular phone numbers submitted in registration for its loyalty program in violation of the Telephone Consumer Protection Act, 47 U.S.C. §227, et seq. ("TCPA").  Under the proposed settlement, Bloomingdale's has agreed to establish a settlement fund in the amount of One Million Four Hundred Thousand Dollars ($1,400,000), comprised of $750,000 in cash and $650,000 in product vouchers with full cash value (redeemable at Bloomingdale's stores and online).  Class members may choose between either a $25 cash payment or a $50 product voucher, to be distributed on a pro rata basis.

As required by CAFA, we enclose the following materials:

1.      Copies of the Complaint and Amended Complaint filed in the Action.

2.      A copy of the Settlement Agreement and Exhibits, which includes a proposed full class notice advising class members of, among other things, their right to request exclusion from

July 18, 2018
Page 2

the proposed settlement.  (The form of class notice is attached as Exhibit 2 to the Settlement Agreement.)

      3.      A copy of the July 17, 2018 Preliminary Approval Order.

There is no "settlement or other agreement contemporaneously made between class counsel and counsel for defendants," *see* 28 U.S.C. § 1715(b)(5), other than the Settlement Agreement itself, and there are no final judgments, notices of dismissal, *see* 28 U.S.C. § 1715(b)(6), or other written judicial opinions relating to the materials specified in 28 U.S.C. § 1715(b)(3)-(6), other than the above listed documents.  *See* 28 U.S.C. § 1715(b)(8).

A **Final Approval Hearing** has been scheduled by the Court for **December 5, 2018 at 11:00 a.m.** before the Honorable Peter G. Sheridan, U.S.D.J., United States District Court for the District of New Jersey, 402 East State Street, Trenton, New Jersey 07102, Courtroom 4E.

CAFA requires Bloomingdale's to provide "(A) if feasible, the names of class members who reside in each State and the estimated proportionate share of the claims of such members to the entire settlement to that State's appropriate official; or (B) if the provision of information under subparagraph (A) is not feasible, a reasonable estimate of the number of class members residing in each State and the estimated proportionate share of the claims of such members to the entire settlement…."  28 U.S.C. § 1715(b)(7)(A)-(B).  There are an estimated 46,561 class members.  We have attached an estimate of the number of class members residing in each state and the estimated proportionate share of the claims of such members to the entire settlement as Exhibit A.

If you have any questions about the settlement or this notice, please do not hesitate to contact me.

Sincerely yours,

*David Jay*

David Jay

DJ:dl
Enclosures

cc:    Ross H. Schmierer, Esq. (w/encl.)
      Ari H. Marcus, Esq. (w/encl.)



**EXHIBIT A**

(Estimated breakdown by state/territory of 46,561 class members)

| | | | |
|---|---|---|---|
| AK – 39 | .083761% | NC – 830 | 1.782608% |
| AL – 323 | .693714% | ND – 25 | .053693% |
| AR – 122 | .262022% | NE – 119 | .255579% |
| AZ – 502 | 1.078156% | NH – 192 | .412362% |
| CA – 8785 | 18.867722% | NJ – 3121 | 6.703035% |
| CO – 414 | .889156% | NM – 77 | .165374% |
| CT – 678 | 1.456143% | NV – 208 | .446726% |
| DC – 353 | .758145% | NY – 7612 | 16.348446% |
| DE – 289 | .620691% | OH – 1027 | 2.205709% |
| FL – 2551 | 5.478834% | OK – 203 | .435987% |
| GA – 1338 | 2.87365% | OR – 587 | 1.260712% |
| HI – 122 | .262022% | PA – 1955 | 4.198793% |
| IA – 174 | .373703% | RI – 152 | .326453% |
| ID – 59 | .126715% | SC – 344 | .740963% |
| IL - 2083 | 4.473701% | SD – 20 | .042954% |
| IN – 467 | 1.002985% | TN – 437 | .938554% |
| KS – 187 | .401624% | TX – 2383 | 5.053586% |
| KY – 238 | .511157% | UT – 150 | .322158% |
| LA – 301 | .646464% | VA – 1400 | 3.006808% |
| MA – 1737 | 3.73059% | VT – 52 | .111681% |
| MD – 1232 | 2.645991% | WA – 733 | 1.574279% |
| ME – 85 | .182556% | WI – 391 | .839759% |
| MI – 936 | 2.010266% | WV – 78 | .167522% |
| MN – 443 | .95144% | WY – 23 | .049398% |
| MO – 446 | .957883% | Guam – 3 | .006443% |
| MS – 156 | .335044% | USVI – 4 | .008591% |
| MT – 39 | .083761% | PR – 20 | .042954% |



David Jay
Tel. (973) 360-7912
Fax (973) 301-8410
jayd@gtlaw.com

July 18, 2018

VIA PRIORITY MAIL

Marty J. Jackley
South Dakota Office of the Attorney General
1302 East Highway 14, Suite 1
Pierre, SD  57501-8501

Re:     **Notice of Proposed Class Action Settlement:**
        *Ashkenazi v. Bloomingdale's, Inc.*
        Case No. 3:15-cv-02705-PGS-DEA

Dear Sir or Madam:

        We represent Bloomingdale's, Inc. ("Bloomingdale's"), the defendant in the above-captioned class action (the "Action").  In compliance with the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1715, we write to advise you that the parties have reached a settlement in the above action and are seeking court approval for the settlement in the U.S. District Court for the District of New Jersey.

        The Action, which was commenced in 2015, involved allegations that Bloomingdale's transmitted an unsolicited text message to cellular phone numbers submitted in registration for its loyalty program in violation of the Telephone Consumer Protection Act, 47 U.S.C. §227, et seq. ("TCPA").   Under the proposed settlement, Bloomingdale's has agreed to establish a settlement fund in the amount of One Million Four Hundred Thousand Dollars ($1,400,000), comprised of $750,000 in cash and $650,000 in product vouchers with full cash value (redeemable at Bloomingdale's stores and online).  Class members may choose between either a $25 cash payment or a $50 product voucher, to be distributed on a pro rata basis.

        As required by CAFA, we enclose the following materials:

        1.      Copies of the Complaint and Amended Complaint filed in the Action.

        2.      A copy of the Settlement Agreement and Exhibits, which includes a proposed full class notice advising class members of, among other things, their right to request exclusion from

July 18, 2018
Page 2

the proposed settlement. (The form of class notice is attached as Exhibit 2 to the Settlement Agreement.)

      3.     A copy of the July 17, 2018 Preliminary Approval Order.

There is no "settlement or other agreement contemporaneously made between class counsel and counsel for defendants," *see* 28 U.S.C. § 1715(b)(5), other than the Settlement Agreement itself, and there are no final judgments, notices of dismissal, *see* 28 U.S.C. § 1715(b)(6), or other written judicial opinions relating to the materials specified in 28 U.S.C. § 1715(b)(3)-(6), other than the above listed documents. *See* 28 U.S.C. § 1715(b)(8).

A **Final Approval Hearing** has been scheduled by the Court for **December 5, 2018 at 11:00 a.m.** before the Honorable Peter G. Sheridan, U.S.D.J., United States District Court for the District of New Jersey, 402 East State Street, Trenton, New Jersey 07102, Courtroom 4E.

CAFA requires Bloomingdale's to provide "(A) if feasible, the names of class members who reside in each State and the estimated proportionate share of the claims of such members to the entire settlement to that State's appropriate official; or (B) if the provision of information under subparagraph (A) is not feasible, a reasonable estimate of the number of class members residing in each State and the estimated proportionate share of the claims of such members to the entire settlement…." 28 U.S.C. § 1715(b)(7)(A)-(B). There are an estimated 46,561 class members. We have attached an estimate of the number of class members residing in each state and the estimated proportionate share of the claims of such members to the entire settlement as Exhibit A.

If you have any questions about the settlement or this notice, please do not hesitate to contact me.

Sincerely yours,

*David Jay*

David Jay

DJ:dl
Enclosures

cc:    Ross H. Schmierer, Esq. (w/encl.)
       Ari H. Marcus, Esq. (w/encl.)



## EXHIBIT A

(Estimated breakdown by state/territory of 46,561 class members)

| | | | |
|---|---|---|---|
| AK – 39 | .083761% | NC – 830 | 1.782608% |
| AL – 323 | .693714% | ND – 25 | .053693% |
| AR – 122 | .262022% | NE – 119 | .255579% |
| AZ – 502 | 1.078156% | NH – 192 | .412362% |
| CA – 8785 | 18.867722% | NJ – 3121 | 6.703035% |
| CO – 414 | .889156% | NM – 77 | .165374% |
| CT – 678 | 1.456154% | NV – 208 | .446726% |
| DC – 353 | .758145% | NY – 7612 | 16.348446% |
| DE – 289 | .620691% | OH – 1027 | 2.205709% |
| FL – 2551 | 5.478834% | OK – 203 | .435987% |
| GA – 1338 | 2.87365% | OR – 587 | 1.260712% |
| HI – 122 | .262022% | PA – 1955 | 4.198793% |
| IA – 174 | .373703% | RI – 152 | .326453% |
| ID – 59 | .126715% | SC – 344 | .740963% |
| IL - 2083 | 4.473701% | SD – 20 | .042954% |
| IN – 467 | 1.002985% | TN – 437 | .938554% |
| KS – 187 | .401624% | TX – 2383 | 5.053586% |
| KY – 238 | .511157% | UT – 150 | .322158% |
| LA – 301 | .646464% | VA – 1400 | 3.006808% |
| MA – 1737 | 3.73059% | VT – 52 | .111681% |
| MD – 1232 | 2.645991% | WA – 733 | 1.574279% |
| ME – 85 | .182556% | WI – 391 | .839759% |
| MI – 936 | 2.010266% | WV – 78 | .167522% |
| MN – 443 | .95144% | WY – 23 | .049398% |
| MO – 446 | .957883% | Guam – 3 | .006443% |
| MS – 156 | .335044% | USVI – 4 | .008591% |
| MT – 39 | .083761% | PR – 20 | .042954% |



David Jay
Tel. (973) 360-7912
Fax (973) 301-8410
jayd@gtlaw.com


July 18, 2018


VIA PRIORITY MAIL

Herbert H. Slatery, III
Tennessee Attorney General and Reporter
425 5th Avenue North
Nashville, TN  37243


        **Re:**    <u>**Notice of Proposed Class Action Settlement**</u>:
                  *Ashkenazi v. Bloomingdale's, Inc.*
                  Case No. 3:15-cv-02705-PGS-DEA


Dear Sir or Madam:

      We represent Bloomingdale's, Inc. ("Bloomingdale's"), the defendant in the above-captioned class action (the "Action").  In compliance with the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1715, we write to advise you that the parties have reached a settlement in the above action and are seeking court approval for the settlement in the U.S. District Court for the District of New Jersey.

      The Action, which was commenced in 2015, involved allegations that Bloomingdale's transmitted an unsolicited text message to cellular phone numbers submitted in registration for its loyalty program in violation of the Telephone Consumer Protection Act, 47 U.S.C. §227, et seq. ("TCPA").  Under the proposed settlement, Bloomingdale's has agreed to establish a settlement fund in the amount of One Million Four Hundred Thousand Dollars ($1,400,000), comprised of $750,000 in cash and $650,000 in product vouchers with full cash value (redeemable at Bloomingdale's stores and online).  Class members may choose between either a $25 cash payment or a $50 product voucher, to be distributed on a pro rata basis.

      As required by CAFA, we enclose the following materials:

      1.     Copies of the Complaint and Amended Complaint filed in the Action.

      2.     A copy of the Settlement Agreement and Exhibits, which includes a proposed full class notice advising class members of, among other things, their right to request exclusion from

July 18, 2018
Page 2

the proposed settlement.  (The form of class notice is attached as Exhibit 2 to the Settlement Agreement.)

        3.      A copy of the July 17, 2018 Preliminary Approval Order.

There is no "settlement or other agreement contemporaneously made between class counsel and counsel for defendants," *see* 28 U.S.C. § 1715(b)(5), other than the Settlement Agreement itself, and there are no final judgments, notices of dismissal, *see* 28 U.S.C. § 1715(b)(6), or other written judicial opinions relating to the materials specified in 28 U.S.C. § 1715(b)(3)-(6), other than the above listed documents.  *See* 28 U.S.C. § 1715(b)(8).

A **Final Approval Hearing** has been scheduled by the Court for **December 5, 2018 at 11:00 a.m.** before the Honorable Peter G. Sheridan, U.S.D.J., United States District Court for the District of New Jersey, 402 East State Street, Trenton, New Jersey 07102, Courtroom 4E.

CAFA requires Bloomingdale's to provide "(A) if feasible, the names of class members who reside in each State and the estimated proportionate share of the claims of such members to the entire settlement to that State's appropriate official; or (B) if the provision of information under subparagraph (A) is not feasible, a reasonable estimate of the number of class members residing in each State and the estimated proportionate share of the claims of such members to the entire settlement…."  28 U.S.C. § 1715(b)(7)(A)-(B).  There are an estimated 46,561 class members.  We have attached an estimate of the number of class members residing in each state and the estimated proportionate share of the claims of such members to the entire settlement as Exhibit A.

If you have any questions about the settlement or this notice, please do not hesitate to contact me.

Sincerely yours,

*David Jay*

David Jay

DJ:dl
Enclosures

cc:    Ross H. Schmierer, Esq. (w/encl.)
       Ari H. Marcus, Esq. (w/encl.)



**EXHIBIT A**

(Estimated breakdown by state/territory of 46,561 class members)

| | | | |
|---|---|---|---|
| AK – 39 | .083761% | NC – 830 | 1.782608% |
| AL – 323 | .693714% | ND – 25 | .053693% |
| AR – 122 | .262022% | NE – 119 | .255579% |
| AZ – 502 | 1.078156% | NH – 192 | .412362% |
| CA – 8785 | 18.867722% | NJ – 3121 | 6.703035% |
| CO – 414 | .889156% | NM – 77 | .165374% |
| CT – 678 | 1.456164% | NV – 208 | .446726% |
| DC – 353 | .758145% | NY – 7612 | 16.348446% |
| DE – 289 | .620691% | OH – 1027 | 2.205709% |
| FL – 2551 | 5.478834% | OK – 203 | .435987% |
| GA – 1338 | 2.87365% | OR – 587 | 1.260712% |
| HI – 122 | .262022% | PA – 1955 | 4.198793% |
| IA – 174 | .373703% | RI – 152 | .326453% |
| ID – 59 | .126715% | SC – 344 | .740963% |
| IL - 2083 | 4.473701% | SD – 20 | .042954% |
| IN – 467 | 1.002985% | TN – 437 | .938554% |
| KS – 187 | .401624% | TX – 2383 | 5.053586% |
| KY – 238 | .511157% | UT – 150 | .322158% |
| LA – 301 | .646464% | VA – 1400 | 3.006808% |
| MA – 1737 | 3.73059% | VT – 52 | .111681% |
| MD – 1232 | 2.645991% | WA – 733 | 1.574279% |
| ME – 85 | .182556% | WI – 391 | .839759% |
| MI – 936 | 2.010266% | WV – 78 | .167522% |
| MN – 443 | .95144% | WY – 23 | .049398% |
| MO – 446 | .957883% | Guam – 3 | .006443% |
| MS – 156 | .335044% | USVI – 4 | .008591% |
| MT – 39 | .083761% | PR – 20 | .042954% |



David Jay
Tel. (973) 360-7912
Fax (973) 301-8410
jayd@gtlaw.com

July 18, 2018

VIA PRIORITY MAIL

Ken Paxton
Attorney General of Texas
Capitol Station
P.O. Box 12548
Austin, TX  78711-2548

> **Re:**   **Notice of Proposed Class Action Settlement:**
> *Ashkenazi v. Bloomingdale's, Inc.*
> Case No. 3:15-cv-02705-PGS-DEA

Dear Sir or Madam:

We represent Bloomingdale's, Inc. ("Bloomingdale's"), the defendant in the above-captioned class action (the "Action").  In compliance with the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1715, we write to advise you that the parties have reached a settlement in the above action and are seeking court approval for the settlement in the U.S. District Court for the District of New Jersey.

The Action, which was commenced in 2015, involved allegations that Bloomingdale's transmitted an unsolicited text message to cellular phone numbers submitted in registration for its loyalty program in violation of the Telephone Consumer Protection Act, 47 U.S.C. §227, et seq. ("TCPA").  Under the proposed settlement, Bloomingdale's has agreed to establish a settlement fund in the amount of One Million Four Hundred Thousand Dollars ($1,400,000), comprised of $750,000 in cash and $650,000 in product vouchers with full cash value (redeemable at Bloomingdale's stores and online).  Class members may choose between either a $25 cash payment or a $50 product voucher, to be distributed on a pro rata basis.

As required by CAFA, we enclose the following materials:

1.      Copies of the Complaint and Amended Complaint filed in the Action.

2.      A copy of the Settlement Agreement and Exhibits, which includes a proposed full class notice advising class members of, among other things, their right to request exclusion from

July 18, 2018
Page 2

the proposed settlement.  (The form of class notice is attached as Exhibit 2 to the Settlement Agreement.)

3.      A copy of the July 17, 2018 Preliminary Approval Order.

There is no "settlement or other agreement contemporaneously made between class counsel and counsel for defendants," *see* 28 U.S.C. § 1715(b)(5), other than the Settlement Agreement itself, and there are no final judgments, notices of dismissal, *see* 28 U.S.C. § 1715(b)(6), or other written judicial opinions relating to the materials specified in 28 U.S.C. § 1715(b)(3)-(6), other than the above listed documents.  *See* 28 U.S.C. § 1715(b)(8).

A **Final Approval Hearing** has been scheduled by the Court for **December 5, 2018 at 11:00 a.m.** before the Honorable Peter G. Sheridan, U.S.D.J., United States District Court for the District of New Jersey, 402 East State Street, Trenton, New Jersey 07102, Courtroom 4E.

CAFA requires Bloomingdale's to provide "(A) if feasible, the names of class members who reside in each State and the estimated proportionate share of the claims of such members to the entire settlement to that State's appropriate official; or (B) if the provision of information under subparagraph (A) is not feasible, a reasonable estimate of the number of class members residing in each State and the estimated proportionate share of the claims of such members to the entire settlement…."  28 U.S.C. § 1715(b)(7)(A)-(B).  There are an estimated 46,561 class members.  We have attached an estimate of the number of class members residing in each state and the estimated proportionate share of the claims of such members to the entire settlement as Exhibit A.

If you have any questions about the settlement or this notice, please do not hesitate to contact me.

Sincerely yours,

*David Jay*

David Jay

DJ:dl
Enclosures

cc:     Ross H. Schmierer, Esq. (w/encl.)
        Ari H. Marcus, Esq. (w/encl.)



## EXHIBIT A

(Estimated breakdown by state/territory of 46,561 class members)

| | | | |
|---|---|---|---|
| AK – 39 | .083761% | NC – 830 | 1.782608% |
| AL – 323 | .693714% | ND – 25 | .053693% |
| AR – 122 | .262022% | NE – 119 | .255579% |
| AZ – 502 | 1.078156% | NH – 192 | .412362% |
| CA – 8785 | 18.867722% | NJ – 3121 | 6.703035% |
| CO – 414 | .889156% | NM – 77 | .165374% |
| CT – 678 | 1.456143% | NV – 208 | .446726% |
| DC – 353 | .758145% | NY – 7612 | 16.348446% |
| DE – 289 | .620691% | OH – 1027 | 2.205709% |
| FL – 2551 | 5.478834% | OK – 203 | .435987% |
| GA – 1338 | 2.87365% | OR – 587 | 1.260712% |
| HI – 122 | .262022% | PA – 1955 | 4.198793% |
| IA – 174 | .373703% | RI – 152 | .326453% |
| ID – 59 | .126715% | SC – 344 | .740963% |
| IL - 2083 | 4.473701% | SD – 20 | .042954% |
| IN – 467 | 1.002985% | TN – 437 | .938554% |
| KS – 187 | .401624% | TX – 2383 | 5.053586% |
| KY – 238 | .511157% | UT – 150 | .322158% |
| LA – 301 | .646464% | VA – 1400 | 3.006808% |
| MA – 1737 | 3.73059% | VT – 52 | .111681% |
| MD – 1232 | 2.645991% | WA – 733 | 1.574279% |
| ME – 85 | .182556% | WI – 391 | .839759% |
| MI – 936 | 2.010266% | WV – 78 | .167522% |
| MN – 443 | .95144% | WY – 23 | .049398% |
| MO – 446 | .957883% | Guam – 3 | .006443% |
| MS – 156 | .335044% | USVI – 4 | .008591% |
| MT – 39 | .083761% | PR – 20 | .042954% |



David Jay
Tel. (973) 360-7912
Fax (973) 301-8410
jayd@gtlaw.com

July 18, 2018

VIA PRIORITY MAIL

Sean Reyes
Utah Office of the Attorney General
State Capitol, Room 236
350 N State St
Salt Lake City, UT  84114-0810

> Re:   **Notice of Proposed Class Action Settlement**:
> *Ashkenazi v. Bloomingdale's, Inc.*
> Case No. 3:15-cv-02705-PGS-DEA

Dear Sir or Madam:

We represent Bloomingdale's, Inc. ("Bloomingdale's"), the defendant in the above-captioned class action (the "Action").  In compliance with the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1715, we write to advise you that the parties have reached a settlement in the above action and are seeking court approval for the settlement in the U.S. District Court for the District of New Jersey.

The Action, which was commenced in 2015, involved allegations that Bloomingdale's transmitted an unsolicited text message to cellular phone numbers submitted in registration for its loyalty program in violation of the Telephone Consumer Protection Act, 47 U.S.C. §227, et seq. ("TCPA").  Under the proposed settlement, Bloomingdale's has agreed to establish a settlement fund in the amount of One Million Four Hundred Thousand Dollars ($1,400,000), comprised of $750,000 in cash and $650,000 in product vouchers with full cash value (redeemable at Bloomingdale's stores and online).  Class members may choose between either a $25 cash payment or a $50 product voucher, to be distributed on a pro rata basis.

As required by CAFA, we enclose the following materials:

1.     Copies of the Complaint and Amended Complaint filed in the Action.

2.     A copy of the Settlement Agreement and Exhibits, which includes a proposed full class notice advising class members of, among other things, their right to request exclusion from

July 18, 2018
Page 2

the proposed settlement.  (The form of class notice is attached as Exhibit 2 to the Settlement Agreement.)

3.      A copy of the July 17, 2018 Preliminary Approval Order.

There is no "settlement or other agreement contemporaneously made between class counsel and counsel for defendants," *see* 28 U.S.C. § 1715(b)(5), other than the Settlement Agreement itself, and there are no final judgments, notices of dismissal, *see* 28 U.S.C. § 1715(b)(6), or other written judicial opinions relating to the materials specified in 28 U.S.C. § 1715(b)(3)-(6), other than the above listed documents.  *See* 28 U.S.C. § 1715(b)(8).

A **Final Approval Hearing** has been scheduled by the Court for **December 5, 2018 at 11:00 a.m.** before the Honorable Peter G. Sheridan, U.S.D.J., United States District Court for the District of New Jersey, 402 East State Street, Trenton, New Jersey 07102, Courtroom 4E.

CAFA requires Bloomingdale's to provide "(A) if feasible, the names of class members who reside in each State and the estimated proportionate share of the claims of such members to the entire settlement to that State's appropriate official; or (B) if the provision of information under subparagraph (A) is not feasible, a reasonable estimate of the number of class members residing in each State and the estimated proportionate share of the claims of such members to the entire settlement…."  28 U.S.C. § 1715(b)(7)(A)-(B).  There are an estimated 46,561 class members.  We have attached an estimate of the number of class members residing in each state and the estimated proportionate share of the claims of such members to the entire settlement as Exhibit A.

If you have any questions about the settlement or this notice, please do not hesitate to contact me.

Sincerely yours,

*David Jay*

David Jay

DJ:dl
Enclosures

cc:     Ross H. Schmierer, Esq. (w/encl.)
        Ari H. Marcus, Esq. (w/encl.)



## EXHIBIT A

(Estimated breakdown by state/territory of 46,561 class members)

| | | | |
|---|---|---|---|
| AK – 39 | .083761% | NC – 830 | 1.782608% |
| AL – 323 | .693714% | ND – 25 | .053693% |
| AR – 122 | .262022% | NE – 119 | .255579% |
| AZ – 502 | 1.078156% | NH – 192 | .412362% |
| CA – 8785 | 18.867722% | NJ – 3121 | 6.703035% |
| CO – 414 | .889156% | NM – 77 | .165374% |
| CT – 678 | 1.456154% | NV – 208 | .446726% |
| DC – 353 | .758145% | NY – 7612 | 16.348446% |
| DE – 289 | .620691% | OH – 1027 | 2.205709% |
| FL – 2551 | 5.478834% | OK – 203 | .435987% |
| GA – 1338 | 2.87365% | OR – 587 | 1.260712% |
| HI – 122 | .262022% | PA – 1955 | 4.198793% |
| IA – 174 | .373703% | RI – 152 | .326453% |
| ID – 59 | .126715% | SC – 344 | .740963% |
| IL - 2083 | 4.473701% | SD – 20 | .042954% |
| IN – 467 | 1.002985% | TN – 437 | .938554% |
| KS – 187 | .401624% | TX – 2383 | 5.053586% |
| KY – 238 | .511157% | UT – 150 | .322158% |
| LA – 301 | .646464% | VA – 1400 | 3.006808% |
| MA – 1737 | 3.73059% | VT – 52 | .111681% |
| MD – 1232 | 2.645991% | WA – 733 | 1.574279% |
| ME – 85 | .182556% | WI – 391 | .839759% |
| MI – 936 | 2.010266% | WV – 78 | .167522% |
| MN – 443 | .95144% | WY – 23 | .049398% |
| MO – 446 | .957883% | Guam – 3 | .006443% |
| MS – 156 | .335044% | USVI – 4 | .008591% |
| MT – 39 | .083761% | PR – 20 | .042954% |



David Jay
Tel. (973) 360-7912
Fax (973) 301-8410
jayd@gtlaw.com

July 18, 2018

VIA PRIORITY MAIL

Mark Herring
Office of the Virginia Attorney General
900 East Main Street
Richmond, VA  23219

       **Re:**    **Notice of Proposed Class Action Settlement:**
               *Ashkenazi v. Bloomingdale's, Inc.*
               Case No. 3:15-cv-02705-PGS-DEA

Dear Sir or Madam:

We represent Bloomingdale's, Inc. ("Bloomingdale's"), the defendant in the above-captioned class action (the "Action").  In compliance with the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1715, we write to advise you that the parties have reached a settlement in the above action and are seeking court approval for the settlement in the U.S. District Court for the District of New Jersey.

The Action, which was commenced in 2015, involved allegations that Bloomingdale's transmitted an unsolicited text message to cellular phone numbers submitted in registration for its loyalty program in violation of the Telephone Consumer Protection Act, 47 U.S.C. §227, et seq. ("TCPA").  Under the proposed settlement, Bloomingdale's has agreed to establish a settlement fund in the amount of One Million Four Hundred Thousand Dollars ($1,400,000), comprised of $750,000 in cash and $650,000 in product vouchers with full cash value (redeemable at Bloomingdale's stores and online).  Class members may choose between either a $25 cash payment or a $50 product voucher, to be distributed on a pro rata basis.

As required by CAFA, we enclose the following materials:

1.      Copies of the Complaint and Amended Complaint filed in the Action.

2.      A copy of the Settlement Agreement and Exhibits, which includes a proposed full class notice advising class members of, among other things, their right to request exclusion from

July 18, 2018
Page 2

the proposed settlement.  (The form of class notice is attached as Exhibit 2 to the Settlement Agreement.)

       3.      A copy of the July 17, 2018 Preliminary Approval Order.

There is no "settlement or other agreement contemporaneously made between class counsel and counsel for defendants," *see* 28 U.S.C. § 1715(b)(5), other than the Settlement Agreement itself, and there are no final judgments, notices of dismissal, *see* 28 U.S.C. § 1715(b)(6), or other written judicial opinions relating to the materials specified in 28 U.S.C. § 1715(b)(3)-(6), other than the above listed documents.  *See* 28 U.S.C. § 1715(b)(8).

A **Final Approval Hearing** has been scheduled by the Court for **December 5, 2018 at 11:00 a.m.** before the Honorable Peter G. Sheridan, U.S.D.J., United States District Court for the District of New Jersey, 402 East State Street, Trenton, New Jersey 07102, Courtroom 4E.

CAFA requires Bloomingdale's to provide "(A) if feasible, the names of class members who reside in each State and the estimated proportionate share of the claims of such members to the entire settlement to that State's appropriate official; or (B) if the provision of information under subparagraph (A) is not feasible, a reasonable estimate of the number of class members residing in each State and the estimated proportionate share of the claims of such members to the entire settlement…."  28 U.S.C. § 1715(b)(7)(A)-(B).  There are an estimated 46,561 class members.  We have attached an estimate of the number of class members residing in each state and the estimated proportionate share of the claims of such members to the entire settlement as Exhibit A.

If you have any questions about the settlement or this notice, please do not hesitate to contact me.

Sincerely yours,

*David Jay*

David Jay

DJ:dl
Enclosures

cc:    Ross H. Schmierer, Esq. (w/encl.)
       Ari H. Marcus, Esq. (w/encl.)



## EXHIBIT A

(Estimated breakdown by state/territory of 46,561 class members)

| | | | |
|---|---|---|---|
| AK – 39 | .083761% | NC – 830 | 1.782608% |
| AL – 323 | .693714% | ND – 25 | .053693% |
| AR – 122 | .262022% | NE – 119 | .255579% |
| AZ – 502 | 1.078156% | NH – 192 | .412362% |
| CA – 8785 | 18.867722% | NJ – 3121 | 6.703035% |
| CO – 414 | .889156% | NM – 77 | .165374% |
| CT – 678 | 1.456143% | NV – 208 | .446726% |
| DC – 353 | .758145% | NY – 7612 | 16.348446% |
| DE – 289 | .620691% | OH – 1027 | 2.205709% |
| FL – 2551 | 5.478834% | OK – 203 | .435987% |
| GA – 1338 | 2.87365% | OR – 587 | 1.260712% |
| HI – 122 | .262022% | PA – 1955 | 4.198793% |
| IA – 174 | .373703% | RI – 152 | .326453% |
| ID – 59 | .126715% | SC – 344 | .740963% |
| IL - 2083 | 4.473701% | SD – 20 | .042954% |
| IN – 467 | 1.002985% | TN – 437 | .938554% |
| KS – 187 | .401624% | TX – 2383 | 5.053586% |
| KY – 238 | .511157% | UT – 150 | .322158% |
| LA – 301 | .646464% | VA – 1400 | 3.006808% |
| MA – 1737 | 3.73059% | VT – 52 | .111681% |
| MD – 1232 | 2.645991% | WA – 733 | 1.574279% |
| ME – 85 | .182556% | WI – 391 | .839759% |
| MI – 936 | 2.010266% | WV – 78 | .167522% |
| MN – 443 | .95144% | WY – 23 | .049398% |
| MO – 446 | .957883% | Guam – 3 | .006443% |
| MS – 156 | .335044% | USVI – 4 | .008591% |
| MT – 39 | .083761% | PR – 20 | .042954% |



David Jay
Tel. (973) 360-7912
Fax (973) 301-8410
jayd@gtlaw.com

July 18, 2018

VIA PRIORITY MAIL

TJ Donovan
Office of the Attorney General of Vermont
109 State Street
Montpelier, VT  05609-1001

> **Re:**  **<u>Notice of Proposed Class Action Settlement</u>:**
> *Ashkenazi v. Bloomingdale's, Inc.*
> Case No. 3:15-cv-02705-PGS-DEA

Dear Sir or Madam:

We represent Bloomingdale's, Inc. ("Bloomingdale's"), the defendant in the above-captioned class action (the "Action").  In compliance with the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1715, we write to advise you that the parties have reached a settlement in the above action and are seeking court approval for the settlement in the U.S. District Court for the District of New Jersey.

The Action, which was commenced in 2015, involved allegations that Bloomingdale's transmitted an unsolicited text message to cellular phone numbers submitted in registration for its loyalty program in violation of the Telephone Consumer Protection Act, 47 U.S.C. §227, et seq. ("TCPA").  Under the proposed settlement, Bloomingdale's has agreed to establish a settlement fund in the amount of One Million Four Hundred Thousand Dollars ($1,400,000), comprised of $750,000 in cash and $650,000 in product vouchers with full cash value (redeemable at Bloomingdale's stores and online).  Class members may choose between either a $25 cash payment or a $50 product voucher, to be distributed on a pro rata basis.

As required by CAFA, we enclose the following materials:

1.  Copies of the Complaint and Amended Complaint filed in the Action.

2.  A copy of the Settlement Agreement and Exhibits, which includes a proposed full class notice advising class members of, among other things, their right to request exclusion from

July 18, 2018
Page 2

the proposed settlement.  (The form of class notice is attached as Exhibit 2 to the Settlement Agreement.)

3.      A copy of the July 17, 2018 Preliminary Approval Order.

There is no "settlement or other agreement contemporaneously made between class counsel and counsel for defendants," *see* 28 U.S.C. § 1715(b)(5), other than the Settlement Agreement itself, and there are no final judgments, notices of dismissal, *see* 28 U.S.C. § 1715(b)(6), or other written judicial opinions relating to the materials specified in 28 U.S.C. § 1715(b)(3)-(6), other than the above listed documents.  *See* 28 U.S.C. § 1715(b)(8).

A **Final Approval Hearing** has been scheduled by the Court for **December 5, 2018 at 11:00 a.m.** before the Honorable Peter G. Sheridan, U.S.D.J., United States District Court for the District of New Jersey, 402 East State Street, Trenton, New Jersey 07102, Courtroom 4E.

CAFA requires Bloomingdale's to provide "(A) if feasible, the names of class members who reside in each State and the estimated proportionate share of the claims of such members to the entire settlement to that State's appropriate official; or (B) if the provision of information under subparagraph (A) is not feasible, a reasonable estimate of the number of class members residing in each State and the estimated proportionate share of the claims of such members to the entire settlement…."  28 U.S.C. § 1715(b)(7)(A)-(B).  There are an estimated 46,561 class members.  We have attached an estimate of the number of class members residing in each state and the estimated proportionate share of the claims of such members to the entire settlement as Exhibit A.

If you have any questions about the settlement or this notice, please do not hesitate to contact me.

Sincerely yours,

*David Jay*

David Jay

DJ:dl
Enclosures

cc:     Ross H. Schmierer, Esq. (w/encl.)
         Ari H. Marcus, Esq. (w/encl.)



## EXHIBIT A

(Estimated breakdown by state/territory of 46,561 class members)

| | | | |
|---|---|---|---|
| AK – 39 | .083761% | NC – 830 | 1.782608% |
| AL – 323 | .693714% | ND – 25 | .053693% |
| AR – 122 | .262022% | NE – 119 | .255579% |
| AZ – 502 | 1.078156% | NH – 192 | .412362% |
| CA – 8785 | 18.867722% | NJ – 3121 | 6.703035% |
| CO – 414 | .889156% | NM – 77 | .165374% |
| CT – 678 | 1.456154% | NV – 208 | .446726% |
| DC – 353 | .758145% | NY – 7612 | 16.348446% |
| DE – 289 | .620691% | OH – 1027 | 2.205709% |
| FL – 2551 | 5.478834% | OK – 203 | .435987% |
| GA – 1338 | 2.87365% | OR – 587 | 1.260712% |
| HI – 122 | .262022% | PA – 1955 | 4.198793% |
| IA – 174 | .373703% | RI – 152 | .326453% |
| ID – 59 | .126715% | SC – 344 | .740963% |
| IL - 2083 | 4.473701% | SD – 20 | .042954% |
| IN – 467 | 1.002985% | TN – 437 | .938554% |
| KS – 187 | .401624% | TX – 2383 | 5.053586% |
| KY – 238 | .511157% | UT – 150 | .322158% |
| LA – 301 | .646464% | VA – 1400 | 3.006808% |
| MA – 1737 | 3.73059% | VT – 52 | .111681% |
| MD – 1232 | 2.645991% | WA – 733 | 1.574279% |
| ME – 85 | .182556% | WI – 391 | .839759% |
| MI – 936 | 2.010266% | WV – 78 | .167522% |
| MN – 443 | .95144% | WY – 23 | .049398% |
| MO – 446 | .957883% | Guam – 3 | .006443% |
| MS – 156 | .335044% | USVI – 4 | .008591% |
| MT – 39 | .083761% | PR – 20 | .042954% |



David Jay
Tel. (973) 360-7912
Fax (973) 301-8410
jayd@gtlaw.com

July 18, 2018

VIA PRIORITY MAIL

Bob Ferguson
Washington State Office of the Attorney General
1125 Washington St SE
P.O. Box 40100
Olympia, WA  98504-0100

       **Re:**     **<u>Notice of Proposed Class Action Settlement</u>:**
                  *Ashkenazi v. Bloomingdale's, Inc.*
                  Case No. 3:15-cv-02705-PGS-DEA

Dear Sir or Madam:

We represent Bloomingdale's, Inc. ("Bloomingdale's"), the defendant in the above-captioned class action (the "Action").  In compliance with the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1715, we write to advise you that the parties have reached a settlement in the above action and are seeking court approval for the settlement in the U.S. District Court for the District of New Jersey.

The Action, which was commenced in 2015, involved allegations that Bloomingdale's transmitted an unsolicited text message to cellular phone numbers submitted in registration for its loyalty program in violation of the Telephone Consumer Protection Act, 47 U.S.C. §227, et seq. ("TCPA").  Under the proposed settlement, Bloomingdale's has agreed to establish a settlement fund in the amount of One Million Four Hundred Thousand Dollars ($1,400,000), comprised of $750,000 in cash and $650,000 in product vouchers with full cash value (redeemable at Bloomingdale's stores and online).  Class members may choose between either a $25 cash payment or a $50 product voucher, to be distributed on a pro rata basis.

As required by CAFA, we enclose the following materials:

1.      Copies of the Complaint and Amended Complaint filed in the Action.

2.      A copy of the Settlement Agreement and Exhibits, which includes a proposed full class notice advising class members of, among other things, their right to request exclusion from

July 18, 2018
Page 2

the proposed settlement.  (The form of class notice is attached as Exhibit 2 to the Settlement Agreement.)

       3.      A copy of the July 17, 2018 Preliminary Approval Order.

There is no "settlement or other agreement contemporaneously made between class counsel and counsel for defendants," *see* 28 U.S.C. § 1715(b)(5), other than the Settlement Agreement itself, and there are no final judgments, notices of dismissal, *see* 28 U.S.C. § 1715(b)(6), or other written judicial opinions relating to the materials specified in 28 U.S.C. § 1715(b)(3)-(6), other than the above listed documents.  *See* 28 U.S.C. § 1715(b)(8).

A **Final Approval Hearing** has been scheduled by the Court for **December 5, 2018 at 11:00 a.m.** before the Honorable Peter G. Sheridan, U.S.D.J., United States District Court for the District of New Jersey, 402 East State Street, Trenton, New Jersey 07102, Courtroom 4E.

CAFA requires Bloomingdale's to provide "(A) if feasible, the names of class members who reside in each State and the estimated proportionate share of the claims of such members to the entire settlement to that State's appropriate official; or (B) if the provision of information under subparagraph (A) is not feasible, a reasonable estimate of the number of class members residing in each State and the estimated proportionate share of the claims of such members to the entire settlement…."  28 U.S.C. § 1715(b)(7)(A)-(B).  There are an estimated 46,561 class members.  We have attached an estimate of the number of class members residing in each state and the estimated proportionate share of the claims of such members to the entire settlement as Exhibit A.

If you have any questions about the settlement or this notice, please do not hesitate to contact me.

            Sincerely yours,

            *David Jay*

            David Jay

DJ:dl
Enclosures

cc:    Ross H. Schmierer, Esq. (w/encl.)
       Ari H. Marcus, Esq. (w/encl.)



## EXHIBIT A

(Estimated breakdown by state/territory of 46,561 class members)

| | | | |
|---|---|---|---|
| AK – 39 | .083761% | NC – 830 | 1.782608% |
| AL – 323 | .693714% | ND – 25 | .053693% |
| AR – 122 | .262022% | NE – 119 | .255579% |
| AZ – 502 | 1.078156% | NH – 192 | .412362% |
| CA – 8785 | 18.867722% | NJ – 3121 | 6.703035% |
| CO – 414 | .889156% | NM – 77 | .165374% |
| CT – 678 | 1.456154% | NV – 208 | .446726% |
| DC – 353 | .758145% | NY – 7612 | 16.348446% |
| DE – 289 | .620691% | OH – 1027 | 2.205709% |
| FL – 2551 | 5.478834% | OK – 203 | .435987% |
| GA – 1338 | 2.87365% | OR – 587 | 1.260712% |
| HI – 122 | .262022% | PA – 1955 | 4.198793% |
| IA – 174 | .373703% | RI – 152 | .326453% |
| ID – 59 | .126715% | SC – 344 | .740963% |
| IL - 2083 | 4.473701% | SD – 20 | .042954% |
| IN – 467 | 1.002985% | TN – 437 | .938554% |
| KS – 187 | .401624% | TX – 2383 | 5.053586% |
| KY – 238 | .511157% | UT – 150 | .322158% |
| LA – 301 | .646464% | VA – 1400 | 3.006808% |
| MA – 1737 | 3.73059% | VT – 52 | .111681% |
| MD – 1232 | 2.645991% | WA – 733 | 1.574279% |
| ME – 85 | .182556% | WI – 391 | .839759% |
| MI – 936 | 2.010266% | WV – 78 | .167522% |
| MN – 443 | .95144% | WY – 23 | .049398% |
| MO – 446 | .957883% | Guam – 3 | .006443% |
| MS – 156 | .335044% | USVI – 4 | .008591% |
| MT – 39 | .083761% | PR – 20 | .042954% |



David Jay
Tel. (973) 360-7912
Fax (973) 301-8410
jayd@gtlaw.com

July 18, 2018

VIA PRIORITY MAIL

Brad Schimel
Office of the Wisconsin Attorney General
Dept of Justice, State Capitol, RM 114
East P.O. Box 7857
Madison, WI  53707-7857

Re:   **Notice of Proposed Class Action Settlement:**
      *Ashkenazi v. Bloomingdale's, Inc.*
      Case No. 3:15-cv-02705-PGS-DEA

Dear Sir or Madam:

We represent Bloomingdale's, Inc. ("Bloomingdale's"), the defendant in the above-captioned class action (the "Action").  In compliance with the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1715, we write to advise you that the parties have reached a settlement in the above action and are seeking court approval for the settlement in the U.S. District Court for the District of New Jersey.

The Action, which was commenced in 2015, involved allegations that Bloomingdale's transmitted an unsolicited text message to cellular phone numbers submitted in registration for its loyalty program in violation of the Telephone Consumer Protection Act, 47 U.S.C. §227, et seq. ("TCPA").  Under the proposed settlement, Bloomingdale's has agreed to establish a settlement fund in the amount of One Million Four Hundred Thousand Dollars ($1,400,000), comprised of $750,000 in cash and $650,000 in product vouchers with full cash value (redeemable at Bloomingdale's stores and online).  Class members may choose between either a $25 cash payment or a $50 product voucher, to be distributed on a pro rata basis.

As required by CAFA, we enclose the following materials:

1.      Copies of the Complaint and Amended Complaint filed in the Action.

2.      A copy of the Settlement Agreement and Exhibits, which includes a proposed full class notice advising class members of, among other things, their right to request exclusion from

July 18, 2018
Page 2

the proposed settlement.  (The form of class notice is attached as Exhibit 2 to the Settlement Agreement.)

       3.      A copy of the July 17, 2018 Preliminary Approval Order.

There is no "settlement or other agreement contemporaneously made between class counsel and counsel for defendants," *see* 28 U.S.C. § 1715(b)(5), other than the Settlement Agreement itself, and there are no final judgments, notices of dismissal, *see* 28 U.S.C. § 1715(b)(6), or other written judicial opinions relating to the materials specified in 28 U.S.C. § 1715(b)(3)-(6), other than the above listed documents.  *See* 28 U.S.C. § 1715(b)(8).

A **Final Approval Hearing** has been scheduled by the Court for **December 5, 2018 at 11:00 a.m.** before the Honorable Peter G. Sheridan, U.S.D.J., United States District Court for the District of New Jersey, 402 East State Street, Trenton, New Jersey 07102, Courtroom 4E.

CAFA requires Bloomingdale's to provide "(A) if feasible, the names of class members who reside in each State and the estimated proportionate share of the claims of such members to the entire settlement to that State's appropriate official; or (B) if the provision of information under subparagraph (A) is not feasible, a reasonable estimate of the number of class members residing in each State and the estimated proportionate share of the claims of such members to the entire settlement…."  28 U.S.C. § 1715(b)(7)(A)-(B).  There are an estimated 46,561 class members.  We have attached an estimate of the number of class members residing in each state and the estimated proportionate share of the claims of such members to the entire settlement as Exhibit A.

If you have any questions about the settlement or this notice, please do not hesitate to contact me.

Sincerely yours,

*David Jay*

David Jay

DJ:dl
Enclosures

cc:    Ross H. Schmierer, Esq. (w/encl.)
       Ari H. Marcus, Esq. (w/encl.)



**EXHIBIT A**

(Estimated breakdown by state/territory of 46,561 class members)

| | | | |
|---|---|---|---|
| AK – 39 | .083761% | NC – 830 | 1.782608% |
| AL – 323 | .693714% | ND – 25 | .053693% |
| AR – 122 | .262022% | NE – 119 | .255579% |
| AZ – 502 | 1.078156% | NH – 192 | .412362% |
| CA – 8785 | 18.867722% | NJ – 3121 | 6.703035% |
| CO – 414 | .889156% | NM – 77 | .165374% |
| CT – 678 | 1.456154% | NV – 208 | .446726% |
| DC – 353 | .758145% | NY – 7612 | 16.348446% |
| DE – 289 | .620691% | OH – 1027 | 2.205709% |
| FL – 2551 | 5.478834% | OK – 203 | .435987% |
| GA – 1338 | 2.87365% | OR – 587 | 1.260712% |
| HI – 122 | .262022% | PA – 1955 | 4.198793% |
| IA – 174 | .373703% | RI – 152 | .326453% |
| ID – 59 | .126715% | SC – 344 | .740963% |
| IL - 2083 | 4.473701% | SD – 20 | .042954% |
| IN – 467 | 1.002985% | TN – 437 | .938554% |
| KS – 187 | .401624% | TX – 2383 | 5.053586% |
| KY – 238 | .511157% | UT – 150 | .322158% |
| LA – 301 | .646464% | VA – 1400 | 3.006808% |
| MA – 1737 | 3.73059% | VT – 52 | .111681% |
| MD – 1232 | 2.645991% | WA – 733 | 1.574279% |
| ME – 85 | .182556% | WI – 391 | .839759% |
| MI – 936 | 2.010266% | WV – 78 | .167522% |
| MN – 443 | .95144% | WY – 23 | .049398% |
| MO – 446 | .957883% | Guam – 3 | .006443% |
| MS – 156 | .335044% | USVI – 4 | .008591% |
| MT – 39 | .083761% | PR – 20 | .042954% |



David Jay
Tel. (973) 360-7912
Fax (973) 301-8410
jayd@gtlaw.com

July 18, 2018

VIA PRIORITY MAIL

Patrick Morrisey
West Virginia Attorney General
State Capitol
1900 Kanawha Blvd E
Charleston, WV  25305

> **Re:**   **Notice of Proposed Class Action Settlement:**
> *Ashkenazi v. Bloomingdale's, Inc.*
> Case No. 3:15-cv-02705-PGS-DEA

Dear Sir or Madam:

We represent Bloomingdale's, Inc. ("Bloomingdale's"), the defendant in the above-captioned class action (the "Action").  In compliance with the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1715, we write to advise you that the parties have reached a settlement in the above action and are seeking court approval for the settlement in the U.S. District Court for the District of New Jersey.

The Action, which was commenced in 2015, involved allegations that Bloomingdale's transmitted an unsolicited text message to cellular phone numbers submitted in registration for its loyalty program in violation of the Telephone Consumer Protection Act, 47 U.S.C. §227, et seq. ("TCPA").  Under the proposed settlement, Bloomingdale's has agreed to establish a settlement fund in the amount of One Million Four Hundred Thousand Dollars ($1,400,000), comprised of $750,000 in cash and $650,000 in product vouchers with full cash value (redeemable at Bloomingdale's stores and online).  Class members may choose between either a $25 cash payment or a $50 product voucher, to be distributed on a pro rata basis.

As required by CAFA, we enclose the following materials:

1.      Copies of the Complaint and Amended Complaint filed in the Action.

2.      A copy of the Settlement Agreement and Exhibits, which includes a proposed full class notice advising class members of, among other things, their right to request exclusion from

July 18, 2018
Page 2

the proposed settlement.  (The form of class notice is attached as Exhibit 2 to the Settlement Agreement.)

3.      A copy of the July 17, 2018 Preliminary Approval Order.

There is no "settlement or other agreement contemporaneously made between class counsel and counsel for defendants," *see* 28 U.S.C. § 1715(b)(5), other than the Settlement Agreement itself, and there are no final judgments, notices of dismissal, *see* 28 U.S.C. § 1715(b)(6), or other written judicial opinions relating to the materials specified in 28 U.S.C. § 1715(b)(3)-(6), other than the above listed documents.  *See* 28 U.S.C. § 1715(b)(8).

A **Final Approval Hearing** has been scheduled by the Court for **December 5, 2018 at 11:00 a.m.** before the Honorable Peter G. Sheridan, U.S.D.J., United States District Court for the District of New Jersey, 402 East State Street, Trenton, New Jersey 07102, Courtroom 4E.

CAFA requires Bloomingdale's to provide "(A) if feasible, the names of class members who reside in each State and the estimated proportionate share of the claims of such members to the entire settlement to that State's appropriate official; or (B) if the provision of information under subparagraph (A) is not feasible, a reasonable estimate of the number of class members residing in each State and the estimated proportionate share of the claims of such members to the entire settlement…."  28 U.S.C. § 1715(b)(7)(A)-(B).  There are an estimated 46,561 class members.  We have attached an estimate of the number of class members residing in each state and the estimated proportionate share of the claims of such members to the entire settlement as Exhibit A.

If you have any questions about the settlement or this notice, please do not hesitate to contact me.

Sincerely yours,

*David Jay*

David Jay

DJ:dl
Enclosures

cc:     Ross H. Schmierer, Esq. (w/encl.)
        Ari H. Marcus, Esq. (w/encl.)



## EXHIBIT A

(Estimated breakdown by state/territory of 46,561 class members)

| | | | |
|---|---|---|---|
| AK – 39 | .083761% | NC – 830 | 1.782608% |
| AL – 323 | .693714% | ND – 25 | .053693% |
| AR – 122 | .262022% | NE – 119 | .255579% |
| AZ – 502 | 1.078156% | NH – 192 | .412362% |
| CA – 8785 | 18.867722% | NJ – 3121 | 6.703035% |
| CO – 414 | .889156% | NM – 77 | .165374% |
| CT – 678 | 1.456143% | NV – 208 | .446726% |
| DC – 353 | .758145% | NY – 7612 | 16.348446% |
| DE – 289 | .620691% | OH – 1027 | 2.205709% |
| FL – 2551 | 5.478834% | OK – 203 | .435987% |
| GA – 1338 | 2.87365% | OR – 587 | 1.260712% |
| HI – 122 | .262022% | PA – 1955 | 4.198793% |
| IA – 174 | .373703% | RI – 152 | .326453% |
| ID – 59 | .126715% | SC – 344 | .740963% |
| IL - 2083 | 4.473701% | SD – 20 | .042954% |
| IN – 467 | 1.002985% | TN – 437 | .938554% |
| KS – 187 | .401624% | TX – 2383 | 5.053586% |
| KY – 238 | .511157% | UT – 150 | .322158% |
| LA – 301 | .646464% | VA – 1400 | 3.006808% |
| MA – 1737 | 3.73059% | VT – 52 | .111681% |
| MD – 1232 | 2.645991% | WA – 733 | 1.574279% |
| ME – 85 | .182556% | WI – 391 | .839759% |
| MI – 936 | 2.010266% | WV – 78 | .167522% |
| MN – 443 | .95144% | WY – 23 | .049398% |
| MO – 446 | .957883% | Guam – 3 | .006443% |
| MS – 156 | .335044% | USVI – 4 | .008591% |
| MT – 39 | .083761% | PR – 20 | .042954% |



David Jay
Tel. (973) 360-7912
Fax (973) 301-8410
jayd@gtlaw.com

July 18, 2018

VIA PRIORITY MAIL

Peter K. Michael
Office of the Wyoming Attorney General
State Capitol Bldg.
200 W 24th St
Cheyenne, WY  82002

Re:   **Notice of Proposed Class Action Settlement:**
      *Ashkenazi v. Bloomingdale's, Inc.*
      Case No. 3:15-cv-02705-PGS-DEA

Dear Sir or Madam:

We represent Bloomingdale's, Inc. ("Bloomingdale's"), the defendant in the above-captioned class action (the "Action").  In compliance with the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1715, we write to advise you that the parties have reached a settlement in the above action and are seeking court approval for the settlement in the U.S. District Court for the District of New Jersey.

The Action, which was commenced in 2015, involved allegations that Bloomingdale's transmitted an unsolicited text message to cellular phone numbers submitted in registration for its loyalty program in violation of the Telephone Consumer Protection Act, 47 U.S.C. §227, et seq. ("TCPA").  Under the proposed settlement, Bloomingdale's has agreed to establish a settlement fund in the amount of One Million Four Hundred Thousand Dollars ($1,400,000), comprised of $750,000 in cash and $650,000 in product vouchers with full cash value (redeemable at Bloomingdale's stores and online).  Class members may choose between either a $25 cash payment or a $50 product voucher, to be distributed on a pro rata basis.

As required by CAFA, we enclose the following materials:

1.      Copies of the Complaint and Amended Complaint filed in the Action.

2.      A copy of the Settlement Agreement and Exhibits, which includes a proposed full class notice advising class members of, among other things, their right to request exclusion from

July 18, 2018
Page 2

the proposed settlement.  (The form of class notice is attached as Exhibit 2 to the Settlement Agreement.)

       3.       A copy of the July 17, 2018 Preliminary Approval Order.

There is no "settlement or other agreement contemporaneously made between class counsel and counsel for defendants," *see* 28 U.S.C. § 1715(b)(5), other than the Settlement Agreement itself, and there are no final judgments, notices of dismissal, *see* 28 U.S.C. § 1715(b)(6), or other written judicial opinions relating to the materials specified in 28 U.S.C. § 1715(b)(3)-(6), other than the above listed documents.  *See* 28 U.S.C. § 1715(b)(8).

A **Final Approval Hearing** has been scheduled by the Court for __December 5, 2018 at 11:00 a.m.__ before the Honorable Peter G. Sheridan, U.S.D.J., United States District Court for the District of New Jersey, 402 East State Street, Trenton, New Jersey 07102, Courtroom 4E.

CAFA requires Bloomingdale's to provide "(A) if feasible, the names of class members who reside in each State and the estimated proportionate share of the claims of such members to the entire settlement to that State's appropriate official; or (B) if the provision of information under subparagraph (A) is not feasible, a reasonable estimate of the number of class members residing in each State and the estimated proportionate share of the claims of such members to the entire settlement...."  28 U.S.C. § 1715(b)(7)(A)-(B).  There are an estimated 46,561 class members.  We have attached an estimate of the number of class members residing in each state and the estimated proportionate share of the claims of such members to the entire settlement as Exhibit A.

If you have any questions about the settlement or this notice, please do not hesitate to contact me.

            Sincerely yours,

            *David Jay*

            David Jay

DJ:dl
Enclosures

cc:    Ross H. Schmierer, Esq. (w/encl.)
       Ari H. Marcus, Esq. (w/encl.)



## EXHIBIT A

(Estimated breakdown by state/territory of 46,561 class members)

| | | | |
|---|---|---|---|
| AK – 39 | .083761% | NC – 830 | 1.782608% |
| AL – 323 | .693714% | ND – 25 | .053693% |
| AR – 122 | .262022% | NE – 119 | .255579% |
| AZ – 502 | 1.078156% | NH – 192 | .412362% |
| CA – 8785 | 18.867722% | NJ – 3121 | 6.703035% |
| CO – 414 | .889156% | NM – 77 | .165374% |
| CT – 678 | 1.456149% | NV – 208 | .446726% |
| DC – 353 | .758145% | NY – 7612 | 16.348446% |
| DE – 289 | .620691% | OH – 1027 | 2.205709% |
| FL – 2551 | 5.478834% | OK – 203 | .435987% |
| GA – 1338 | 2.87365% | OR – 587 | 1.260712% |
| HI – 122 | .262022% | PA – 1955 | 4.198793% |
| IA – 174 | .373703% | RI – 152 | .326453% |
| ID – 59 | .126715% | SC – 344 | .740963% |
| IL - 2083 | 4.473701% | SD – 20 | .042954% |
| IN – 467 | 1.002985% | TN – 437 | .938554% |
| KS – 187 | .401624% | TX – 2383 | 5.053586% |
| KY – 238 | .511157% | UT – 150 | .322158% |
| LA – 301 | .646464% | VA – 1400 | 3.006808% |
| MA – 1737 | 3.73059% | VT – 52 | .111681% |
| MD – 1232 | 2.645991% | WA – 733 | 1.574279% |
| ME – 85 | .182556% | WI – 391 | .839759% |
| MI – 936 | 2.010266% | WV – 78 | .167522% |
| MN – 443 | .95144% | WY – 23 | .049398% |
| MO – 446 | .957883% | Guam – 3 | .006443% |
| MS – 156 | .335044% | USVI – 4 | .008591% |
| MT – 39 | .083761% | PR – 20 | .042954% |



David Jay
Tel. (973) 360-7912
Fax (973) 301-8410
jayd@gtlaw.com

July 18, 2018

VIA PRIORITY MAIL

Talauega Eleasalo V. Ale
American Samoa Attorney General
Exec. Ofc. Bldg, Utulei
Territory of American Samoa
Pago Pago, AS  96799

> **Re:**   **Notice of Proposed Class Action Settlement:**
> *Ashkenazi v. Bloomingdale's, Inc.*
> Case No. 3:15-cv-02705-PGS-DEA

Dear Sir or Madam:

We represent Bloomingdale's, Inc. ("Bloomingdale's"), the defendant in the above-captioned class action (the "Action").  In compliance with the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1715, we write to advise you that the parties have reached a settlement in the above action and are seeking court approval for the settlement in the U.S. District Court for the District of New Jersey.

The Action, which was commenced in 2015, involved allegations that Bloomingdale's transmitted an unsolicited text message to cellular phone numbers submitted in registration for its loyalty program in violation of the Telephone Consumer Protection Act, 47 U.S.C. §227, et seq. ("TCPA").  Under the proposed settlement, Bloomingdale's has agreed to establish a settlement fund in the amount of One Million Four Hundred Thousand Dollars ($1,400,000), comprised of $750,000 in cash and $650,000 in product vouchers with full cash value (redeemable at Bloomingdale's stores and online).  Class members may choose between either a $25 cash payment or a $50 product voucher, to be distributed on a pro rata basis.

As required by CAFA, we enclose the following materials:

1.       Copies of the Complaint and Amended Complaint filed in the Action.

2.       A copy of the Settlement Agreement and Exhibits, which includes a proposed full class notice advising class members of, among other things, their right to request exclusion from

July 18, 2018
Page 2

the proposed settlement.  (The form of class notice is attached as Exhibit 2 to the Settlement Agreement.)

       3.      A copy of the July 17, 2018 Preliminary Approval Order.

There is no "settlement or other agreement contemporaneously made between class counsel and counsel for defendants," *see* 28 U.S.C. § 1715(b)(5), other than the Settlement Agreement itself, and there are no final judgments, notices of dismissal, *see* 28 U.S.C. § 1715(b)(6), or other written judicial opinions relating to the materials specified in 28 U.S.C. § 1715(b)(3)-(6), other than the above listed documents.  *See* 28 U.S.C. § 1715(b)(8).

A **Final Approval Hearing** has been scheduled by the Court for **December 5, 2018 at 11:00 a.m.** before the Honorable Peter G. Sheridan, U.S.D.J., United States District Court for the District of New Jersey, 402 East State Street, Trenton, New Jersey 07102, Courtroom 4E.

CAFA requires Bloomingdale's to provide "(A) if feasible, the names of class members who reside in each State and the estimated proportionate share of the claims of such members to the entire settlement to that State's appropriate official; or (B) if the provision of information under subparagraph (A) is not feasible, a reasonable estimate of the number of class members residing in each State and the estimated proportionate share of the claims of such members to the entire settlement…."  28 U.S.C. § 1715(b)(7)(A)-(B).  There are an estimated 46,561 class members.  We have attached an estimate of the number of class members residing in each state and the estimated proportionate share of the claims of such members to the entire settlement as Exhibit A.

If you have any questions about the settlement or this notice, please do not hesitate to contact me.

Sincerely yours,

*David Jay*

David Jay

DJ:dl
Enclosures

cc:    Ross H. Schmierer, Esq. (w/encl.)
       Ari H. Marcus, Esq. (w/encl.)



## EXHIBIT A

(Estimated breakdown by state/territory of 46,561 class members)

| | | | |
|---|---|---|---|
| AK – 39 | .083761% | NC – 830 | 1.782608% |
| AL – 323 | .693714% | ND – 25 | .053693% |
| AR – 122 | .262022% | NE – 119 | .255579% |
| AZ – 502 | 1.078156% | NH – 192 | .412362% |
| CA – 8785 | 18.867722% | NJ – 3121 | 6.703035% |
| CO – 414 | .889156% | NM – 77 | .165374% |
| CT – 678 | 1.456143% | NV – 208 | .446726% |
| DC – 353 | .758145% | NY – 7612 | 16.348446% |
| DE – 289 | .620691% | OH – 1027 | 2.205709% |
| FL – 2551 | 5.478834% | OK – 203 | .435987% |
| GA – 1338 | 2.87365% | OR – 587 | 1.260712% |
| HI – 122 | .262022% | PA – 1955 | 4.198793% |
| IA – 174 | .373703% | RI – 152 | .326453% |
| ID – 59 | .126715% | SC – 344 | .740963% |
| IL - 2083 | 4.473701% | SD – 20 | .042954% |
| IN – 467 | 1.002985% | TN – 437 | .938554% |
| KS – 187 | .401624% | TX – 2383 | 5.053586% |
| KY – 238 | .511157% | UT – 150 | .322158% |
| LA – 301 | .646464% | VA – 1400 | 3.006808% |
| MA – 1737 | 3.73059% | VT – 52 | .111681% |
| MD – 1232 | 2.645991% | WA – 733 | 1.574279% |
| ME – 85 | .182556% | WI – 391 | .839759% |
| MI – 936 | 2.010266% | WV – 78 | .167522% |
| MN – 443 | .95144% | WY – 23 | .049398% |
| MO – 446 | .957883% | Guam – 3 | .006443% |
| MS – 156 | .335044% | USVI – 4 | .008591% |
| MT – 39 | .083761% | PR – 20 | .042954% |



David Jay
Tel. (973) 360-7912
Fax (973) 301-8410
jayd@gtlaw.com

July 18, 2018

VIA PRIORITY MAIL

Elizabeth Barrett-Anderson
Attorney General Office
590 S. Marine Corps Drive
ITC Bldg, Suite 706
Tamuning, Guam  96913

Re:     **Notice of Proposed Class Action Settlement:**
        *Ashkenazi v. Bloomingdale's, Inc.*
        Case No. 3:15-cv-02705-PGS-DEA

Dear Sir or Madam:

We represent Bloomingdale's, Inc. ("Bloomingdale's"), the defendant in the above-captioned class action (the "Action").  In compliance with the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1715, we write to advise you that the parties have reached a settlement in the above action and are seeking court approval for the settlement in the U.S. District Court for the District of New Jersey.

The Action, which was commenced in 2015, involved allegations that Bloomingdale's transmitted an unsolicited text message to cellular phone numbers submitted in registration for its loyalty program in violation of the Telephone Consumer Protection Act, 47 U.S.C. §227, et seq. ("TCPA").  Under the proposed settlement, Bloomingdale's has agreed to establish a settlement fund in the amount of One Million Four Hundred Thousand Dollars ($1,400,000), comprised of $750,000 in cash and $650,000 in product vouchers with full cash value (redeemable at Bloomingdale's stores and online).  Class members may choose between either a $25 cash payment or a $50 product voucher, to be distributed on a pro rata basis.

As required by CAFA, we enclose the following materials:

1.     Copies of the Complaint and Amended Complaint filed in the Action.

2.     A copy of the Settlement Agreement and Exhibits, which includes a proposed full class notice advising class members of, among other things, their right to request exclusion from

July 18, 2018
Page 2

the proposed settlement.  (The form of class notice is attached as Exhibit 2 to the Settlement Agreement.)

      3.      A copy of the July 17, 2018 Preliminary Approval Order.

There is no "settlement or other agreement contemporaneously made between class counsel and counsel for defendants," *see* 28 U.S.C. § 1715(b)(5), other than the Settlement Agreement itself, and there are no final judgments, notices of dismissal, *see* 28 U.S.C. § 1715(b)(6), or other written judicial opinions relating to the materials specified in 28 U.S.C. § 1715(b)(3)-(6), other than the above listed documents.  *See* 28 U.S.C. § 1715(b)(8).

A **Final Approval Hearing** has been scheduled by the Court for **December 5, 2018 at 11:00 a.m.** before the Honorable Peter G. Sheridan, U.S.D.J., United States District Court for the District of New Jersey, 402 East State Street, Trenton, New Jersey 07102, Courtroom 4E.

CAFA requires Bloomingdale's to provide "(A) if feasible, the names of class members who reside in each State and the estimated proportionate share of the claims of such members to the entire settlement to that State's appropriate official; or (B) if the provision of information under subparagraph (A) is not feasible, a reasonable estimate of the number of class members residing in each State and the estimated proportionate share of the claims of such members to the entire settlement…."  28 U.S.C. § 1715(b)(7)(A)-(B).  There are an estimated 46,561 class members.  We have attached an estimate of the number of class members residing in each state and the estimated proportionate share of the claims of such members to the entire settlement as Exhibit A.

If you have any questions about the settlement or this notice, please do not hesitate to contact me.

Sincerely yours,

*David Jay*

David Jay

DJ:dl
Enclosures

cc:    Ross H. Schmierer, Esq. (w/encl.)
       Ari H. Marcus, Esq. (w/encl.)



## EXHIBIT A

(Estimated breakdown by state/territory of 46,561 class members)

| | | | |
|---|---|---|---|
| AK – 39 | .083761% | NC – 830 | 1.782608% |
| AL – 323 | .693714% | ND – 25 | .053693% |
| AR – 122 | .262022% | NE – 119 | .255579% |
| AZ – 502 | 1.078156% | NH – 192 | .412362% |
| CA – 8785 | 18.867722% | NJ – 3121 | 6.703035% |
| CO – 414 | .889156% | NM – 77 | .165374% |
| CT – 678 | 1.456154% | NV – 208 | .446726% |
| DC – 353 | .758145% | NY – 7612 | 16.348446% |
| DE – 289 | .620691% | OH – 1027 | 2.205709% |
| FL – 2551 | 5.478834% | OK – 203 | .435987% |
| GA – 1338 | 2.87365% | OR – 587 | 1.260712% |
| HI – 122 | .262022% | PA – 1955 | 4.198793% |
| IA – 174 | .373703% | RI – 152 | .326453% |
| ID – 59 | .126715% | SC – 344 | .740963% |
| IL - 2083 | 4.473701% | SD – 20 | .042954% |
| IN – 467 | 1.002985% | TN – 437 | .938554% |
| KS – 187 | .401624% | TX – 2383 | 5.053586% |
| KY – 238 | .511157% | UT – 150 | .322158% |
| LA – 301 | .646464% | VA – 1400 | 3.006808% |
| MA – 1737 | 3.73059% | VT – 52 | .111681% |
| MD – 1232 | 2.645991% | WA – 733 | 1.574279% |
| ME – 85 | .182556% | WI – 391 | .839759% |
| MI – 936 | 2.010266% | WV – 78 | .167522% |
| MN – 443 | .95144% | WY – 23 | .049398% |
| MO – 446 | .957883% | Guam – 3 | .006443% |
| MS – 156 | .335044% | USVI – 4 | .008591% |
| MT – 39 | .083761% | PR – 20 | .042954% |



David Jay
Tel. (973) 360-7912
Fax (973) 301-8410
jayd@gtlaw.com

July 18, 2018

VIA PRIORITY MAIL

Edward Manibusan
Northern Mariana Islands Attorney General
Administration Building
PO Box 10007
Saipan, MP  96950-8907

> Re:    **Notice of Proposed Class Action Settlement:**
>        *Ashkenazi v. Bloomingdale's, Inc.*
>        Case No. 3:15-cv-02705-PGS-DEA

Dear Sir or Madam:

We represent Bloomingdale's, Inc. ("Bloomingdale's"), the defendant in the above-captioned class action (the "Action").  In compliance with the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1715, we write to advise you that the parties have reached a settlement in the above action and are seeking court approval for the settlement in the U.S. District Court for the District of New Jersey.

The Action, which was commenced in 2015, involved allegations that Bloomingdale's transmitted an unsolicited text message to cellular phone numbers submitted in registration for its loyalty program in violation of the Telephone Consumer Protection Act, 47 U.S.C. §227, et seq. ("TCPA").  Under the proposed settlement, Bloomingdale's has agreed to establish a settlement fund in the amount of One Million Four Hundred Thousand Dollars ($1,400,000), comprised of $750,000 in cash and $650,000 in product vouchers with full cash value (redeemable at Bloomingdale's stores and online).  Class members may choose between either a $25 cash payment or a $50 product voucher, to be distributed on a pro rata basis.

As required by CAFA, we enclose the following materials:

1.      Copies of the Complaint and Amended Complaint filed in the Action.

2.      A copy of the Settlement Agreement and Exhibits, which includes a proposed full class notice advising class members of, among other things, their right to request exclusion from

July 18, 2018
Page 2

the proposed settlement.  (The form of class notice is attached as Exhibit 2 to the Settlement Agreement.)

3.      A copy of the July 17, 2018 Preliminary Approval Order.

There is no "settlement or other agreement contemporaneously made between class counsel and counsel for defendants," *see* 28 U.S.C. § 1715(b)(5), other than the Settlement Agreement itself, and there are no final judgments, notices of dismissal, *see* 28 U.S.C. § 1715(b)(6), or other written judicial opinions relating to the materials specified in 28 U.S.C. § 1715(b)(3)-(6), other than the above listed documents.  *See* 28 U.S.C. § 1715(b)(8).

A **Final Approval Hearing** has been scheduled by the Court for **December 5, 2018 at 11:00 a.m.** before the Honorable Peter G. Sheridan, U.S.D.J., United States District Court for the District of New Jersey, 402 East State Street, Trenton, New Jersey 07102, Courtroom 4E.

CAFA requires Bloomingdale's to provide "(A) if feasible, the names of class members who reside in each State and the estimated proportionate share of the claims of such members to the entire settlement to that State's appropriate official; or (B) if the provision of information under subparagraph (A) is not feasible, a reasonable estimate of the number of class members residing in each State and the estimated proportionate share of the claims of such members to the entire settlement…."  28 U.S.C. § 1715(b)(7)(A)-(B).  There are an estimated 46,561 class members.  We have attached an estimate of the number of class members residing in each state and the estimated proportionate share of the claims of such members to the entire settlement as Exhibit A.

If you have any questions about the settlement or this notice, please do not hesitate to contact me.

Sincerely yours,

*David Jay*

David Jay

DJ:dl
Enclosures

cc:     Ross H. Schmierer, Esq. (w/encl.)
        Ari H. Marcus, Esq. (w/encl.)



## EXHIBIT A

(Estimated breakdown by state/territory of 46,561 class members)

| | | | |
|---|---|---|---|
| AK – 39 | .083761% | NC – 830 | 1.782608% |
| AL – 323 | .693714% | ND – 25 | .053693% |
| AR – 122 | .262022% | NE – 119 | .255579% |
| AZ – 502 | 1.078156% | NH – 192 | .412362% |
| CA – 8785 | 18.867722% | NJ – 3121 | 6.703035% |
| CO – 414 | .889156% | NM – 77 | .165374% |
| CT – 678 | 1.456154% | NV – 208 | .446726% |
| DC – 353 | .758145% | NY – 7612 | 16.348446% |
| DE – 289 | .620691% | OH – 1027 | 2.205709% |
| FL – 2551 | 5.478834% | OK – 203 | .435987% |
| GA – 1338 | 2.87365% | OR – 587 | 1.260712% |
| HI – 122 | .262022% | PA – 1955 | 4.198793% |
| IA – 174 | .373703% | RI – 152 | .326453% |
| ID – 59 | .126715% | SC – 344 | .740963% |
| IL - 2083 | 4.473701% | SD – 20 | .042954% |
| IN – 467 | 1.002985% | TN – 437 | .938554% |
| KS – 187 | .401624% | TX – 2383 | 5.053586% |
| KY – 238 | .511157% | UT – 150 | .322158% |
| LA – 301 | .646464% | VA – 1400 | 3.006808% |
| MA – 1737 | 3.73059% | VT – 52 | .111681% |
| MD – 1232 | 2.645991% | WA – 733 | 1.574279% |
| ME – 85 | .182556% | WI – 391 | .839759% |
| MI – 936 | 2.010266% | WV – 78 | .167522% |
| MN – 443 | .95144% | WY – 23 | .049398% |
| MO – 446 | .957883% | Guam – 3 | .006443% |
| MS – 156 | .335044% | USVI – 4 | .008591% |
| MT – 39 | .083761% | PR – 20 | .042954% |



David Jay
Tel. (973) 360-7912
Fax (973) 301-8410
jayd@gtlaw.com

July 18, 2018

VIA PRIORITY MAIL

Wanda Vazquez Garced
Puerto Rico Attorney General
P.O. Box 902192
San Juan
San Juan, PR  00902

>        **Re:**   **Notice of Proposed Class Action Settlement:**
>                   *Ashkenazi v. Bloomingdale's, Inc.*
>                   Case No. 3:15-cv-02705-PGS-DEA

Dear Sir or Madam:

We represent Bloomingdale's, Inc. ("Bloomingdale's"), the defendant in the above-captioned class action (the "Action").  In compliance with the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1715, we write to advise you that the parties have reached a settlement in the above action and are seeking court approval for the settlement in the U.S. District Court for the District of New Jersey.

The Action, which was commenced in 2015, involved allegations that Bloomingdale's transmitted an unsolicited text message to cellular phone numbers submitted in registration for its loyalty program in violation of the Telephone Consumer Protection Act, 47 U.S.C. §227, et seq. ("TCPA").  Under the proposed settlement, Bloomingdale's has agreed to establish a settlement fund in the amount of One Million Four Hundred Thousand Dollars ($1,400,000), comprised of $750,000 in cash and $650,000 in product vouchers with full cash value (redeemable at Bloomingdale's stores and online).  Class members may choose between either a $25 cash payment or a $50 product voucher, to be distributed on a pro rata basis.

As required by CAFA, we enclose the following materials:

1.    Copies of the Complaint and Amended Complaint filed in the Action.

2.    A copy of the Settlement Agreement and Exhibits, which includes a proposed full class notice advising class members of, among other things, their right to request exclusion from

July 18, 2018
Page 2

the proposed settlement.  (The form of class notice is attached as Exhibit 2 to the Settlement Agreement.)

       3.      A copy of the July 17, 2018 Preliminary Approval Order.

There is no "settlement or other agreement contemporaneously made between class counsel and counsel for defendants," *see* 28 U.S.C. § 1715(b)(5), other than the Settlement Agreement itself, and there are no final judgments, notices of dismissal, *see* 28 U.S.C. § 1715(b)(6), or other written judicial opinions relating to the materials specified in 28 U.S.C. § 1715(b)(3)-(6), other than the above listed documents.  *See* 28 U.S.C. § 1715(b)(8).

A **Final Approval Hearing** has been scheduled by the Court for **December 5, 2018 at 11:00 a.m.** before the Honorable Peter G. Sheridan, U.S.D.J., United States District Court for the District of New Jersey, 402 East State Street, Trenton, New Jersey 07102, Courtroom 4E.

CAFA requires Bloomingdale's to provide "(A) if feasible, the names of class members who reside in each State and the estimated proportionate share of the claims of such members to the entire settlement to that State's appropriate official; or (B) if the provision of information under subparagraph (A) is not feasible, a reasonable estimate of the number of class members residing in each State and the estimated proportionate share of the claims of such members to the entire settlement…."  28 U.S.C. § 1715(b)(7)(A)-(B).  There are an estimated 46,561 class members.  We have attached an estimate of the number of class members residing in each state and the estimated proportionate share of the claims of such members to the entire settlement as Exhibit A.

If you have any questions about the settlement or this notice, please do not hesitate to contact me.

Sincerely yours,

*David Jay*

David Jay

DJ:dl
Enclosures

cc:    Ross H. Schmierer, Esq. (w/encl.)
       Ari H. Marcus, Esq. (w/encl.)



**EXHIBIT A**

(Estimated breakdown by state/territory of 46,561 class members)

| | | | |
|---|---|---|---|
| AK – 39 | .083761% | NC – 830 | 1.782608% |
| AL – 323 | .693714% | ND – 25 | .053693% |
| AR – 122 | .262022% | NE – 119 | .255579% |
| AZ – 502 | 1.078156% | NH – 192 | .412362% |
| CA – 8785 | 18.867722% | NJ – 3121 | 6.703035% |
| CO – 414 | .889156% | NM – 77 | .165374% |
| CT – 678 | 1.456154% | NV – 208 | .446726% |
| DC – 353 | .758145% | NY – 7612 | 16.348446% |
| DE – 289 | .620691% | OH – 1027 | 2.205709% |
| FL – 2551 | 5.478834% | OK – 203 | .435987% |
| GA – 1338 | 2.87365% | OR – 587 | 1.260712% |
| HI – 122 | .262022% | PA – 1955 | 4.198793% |
| IA – 174 | .373703% | RI – 152 | .326453% |
| ID – 59 | .126715% | SC – 344 | .740963% |
| IL - 2083 | 4.473701% | SD – 20 | .042954% |
| IN – 467 | 1.002985% | TN – 437 | .938554% |
| KS – 187 | .401624% | TX – 2383 | 5.053586% |
| KY – 238 | .511157% | UT – 150 | .322158% |
| LA – 301 | .646464% | VA – 1400 | 3.006808% |
| MA – 1737 | 3.73059% | VT – 52 | .111681% |
| MD – 1232 | 2.645991% | WA – 733 | 1.574279% |
| ME – 85 | .182556% | WI – 391 | .839759% |
| MI – 936 | 2.010266% | WV – 78 | .167522% |
| MN – 443 | .95144% | WY – 23 | .049398% |
| MO – 446 | .957883% | Guam – 3 | .006443% |
| MS – 156 | .335044% | USVI – 4 | .008591% |
| MT – 39 | .083761% | PR – 20 | .042954% |



David Jay
Tel. (973) 360-7912
Fax (973) 301-8410
jayd@gtlaw.com

July 18, 2018

VIA PRIORITY MAIL

Claude E. Walker
Department of Justice
Virgin Islands Attorney General
34-38 Kronprindsens Gade, GERS Bldg, 2nd Floor
St. Thomas, VI  00802

> Re:   **Notice of Proposed Class Action Settlement:**
> *Ashkenazi v. Bloomingdale's, Inc.*
> Case No. 3:15-cv-02705-PGS-DEA

Dear Sir or Madam:

We represent Bloomingdale's, Inc. ("Bloomingdale's"), the defendant in the above-captioned class action (the "Action").  In compliance with the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1715, we write to advise you that the parties have reached a settlement in the above action and are seeking court approval for the settlement in the U.S. District Court for the District of New Jersey.

The Action, which was commenced in 2015, involved allegations that Bloomingdale's transmitted an unsolicited text message to cellular phone numbers submitted in registration for its loyalty program in violation of the Telephone Consumer Protection Act, 47 U.S.C. §227, et seq. ("TCPA").  Under the proposed settlement, Bloomingdale's has agreed to establish a settlement fund in the amount of One Million Four Hundred Thousand Dollars ($1,400,000), comprised of $750,000 in cash and $650,000 in product vouchers with full cash value (redeemable at Bloomingdale's stores and online).  Class members may choose between either a $25 cash payment or a $50 product voucher, to be distributed on a pro rata basis.

As required by CAFA, we enclose the following materials:

1.     Copies of the Complaint and Amended Complaint filed in the Action.

2.     A copy of the Settlement Agreement and Exhibits, which includes a proposed full class notice advising class members of, among other things, their right to request exclusion from

July 18, 2018
Page 2

the proposed settlement.  (The form of class notice is attached as Exhibit 2 to the Settlement Agreement.)

       3.      A copy of the July 17, 2018 Preliminary Approval Order.

There is no "settlement or other agreement contemporaneously made between class counsel and counsel for defendants," *see* 28 U.S.C. § 1715(b)(5), other than the Settlement Agreement itself, and there are no final judgments, notices of dismissal, *see* 28 U.S.C. § 1715(b)(6), or other written judicial opinions relating to the materials specified in 28 U.S.C. § 1715(b)(3)-(6), other than the above listed documents.  *See* 28 U.S.C. § 1715(b)(8).

A **Final Approval Hearing** has been scheduled by the Court for **December 5, 2018 at 11:00 a.m.** before the Honorable Peter G. Sheridan, U.S.D.J., United States District Court for the District of New Jersey, 402 East State Street, Trenton, New Jersey 07102, Courtroom 4E.

CAFA requires Bloomingdale's to provide "(A) if feasible, the names of class members who reside in each State and the estimated proportionate share of the claims of such members to the entire settlement to that State's appropriate official; or (B) if the provision of information under subparagraph (A) is not feasible, a reasonable estimate of the number of class members residing in each State and the estimated proportionate share of the claims of such members to the entire settlement…."  28 U.S.C. § 1715(b)(7)(A)-(B).  There are an estimated 46,561 class members.  We have attached an estimate of the number of class members residing in each state and the estimated proportionate share of the claims of such members to the entire settlement as Exhibit A.

If you have any questions about the settlement or this notice, please do not hesitate to contact me.

Sincerely yours,

*David Jay*

David Jay

DJ:dl
Enclosures

cc:    Ross H. Schmierer, Esq. (w/encl.)
       Ari H. Marcus, Esq. (w/encl.)



## EXHIBIT A

(Estimated breakdown by state/territory of 46,561 class members)

| | | | |
|---|---|---|---|
| AK – 39 | .083761% | NC – 830 | 1.782608% |
| AL – 323 | .693714% | ND – 25 | .053693% |
| AR – 122 | .262022% | NE – 119 | .255579% |
| AZ – 502 | 1.078156% | NH – 192 | .412362% |
| CA – 8785 | 18.867722% | NJ – 3121 | 6.703035% |
| CO – 414 | .889156% | NM – 77 | .165374% |
| CT – 678 | 1.456149% | NV – 208 | .446726% |
| DC – 353 | .758145% | NY – 7612 | 16.348446% |
| DE – 289 | .620691% | OH – 1027 | 2.205709% |
| FL – 2551 | 5.478834% | OK – 203 | .435987% |
| GA – 1338 | 2.87365% | OR – 587 | 1.260712% |
| HI – 122 | .262022% | PA – 1955 | 4.198793% |
| IA – 174 | .373703% | RI – 152 | .326453% |
| ID – 59 | .126715% | SC – 344 | .740963% |
| IL - 2083 | 4.473701% | SD – 20 | .042954% |
| IN – 467 | 1.002985% | TN – 437 | .938554% |
| KS – 187 | .401624% | TX – 2383 | 5.053586% |
| KY – 238 | .511157% | UT – 150 | .322158% |
| LA – 301 | .646464% | VA – 1400 | 3.006808% |
| MA – 1737 | 3.73059% | VT – 52 | .111681% |
| MD – 1232 | 2.645991% | WA – 733 | 1.574279% |
| ME – 85 | .182556% | WI – 391 | .839759% |
| MI – 936 | 2.010266% | WV – 78 | .167522% |
| MN – 443 | .95144% | WY – 23 | .049398% |
| MO – 446 | .957883% | Guam – 3 | .006443% |
| MS – 156 | .335044% | USVI – 4 | .008591% |
| MT – 39 | .083761% | PR – 20 | .042954% |



David Jay
Tel. (973) 360-7912
Fax (973) 301-8410
jayd@gtlaw.com

July 18, 2018


VIA PRIORITY MAIL

April Dawn Skilling
Office of the Secretary
Department of Justice for the Federated States of Micronesia
P.O. Box PS 105
Palikir, Pohnpei, FM  96941


> **Re:**    **Notice of Proposed Class Action Settlement:**
> *Ashkenazi v. Bloomingdale's, Inc.*
> Case No. 3:15-cv-02705-PGS-DEA


Dear Sir or Madam:

We represent Bloomingdale's, Inc. ("Bloomingdale's"), the defendant in the above-captioned class action (the "Action").  In compliance with the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1715, we write to advise you that the parties have reached a settlement in the above action and are seeking court approval for the settlement in the U.S. District Court for the District of New Jersey.

The Action, which was commenced in 2015, involved allegations that Bloomingdale's transmitted an unsolicited text message to cellular phone numbers submitted in registration for its loyalty program in violation of the Telephone Consumer Protection Act, 47 U.S.C. §227, et seq. ("TCPA").  Under the proposed settlement, Bloomingdale's has agreed to establish a settlement fund in the amount of One Million Four Hundred Thousand Dollars ($1,400,000), comprised of $750,000 in cash and $650,000 in product vouchers with full cash value (redeemable at Bloomingdale's stores and online).  Class members may choose between either a $25 cash payment or a $50 product voucher, to be distributed on a pro rata basis.

As required by CAFA, we enclose the following materials:

1.     Copies of the Complaint and Amended Complaint filed in the Action.

2.     A copy of the Settlement Agreement and Exhibits, which includes a proposed full class notice advising class members of, among other things, their right to request exclusion from

July 18, 2018
Page 2

the proposed settlement.  (The form of class notice is attached as Exhibit 2 to the Settlement Agreement.)

       3.      A copy of the July 17, 2018 Preliminary Approval Order.

There is no "settlement or other agreement contemporaneously made between class counsel and counsel for defendants," *see* 28 U.S.C. § 1715(b)(5), other than the Settlement Agreement itself, and there are no final judgments, notices of dismissal, *see* 28 U.S.C. § 1715(b)(6), or other written judicial opinions relating to the materials specified in 28 U.S.C. § 1715(b)(3)-(6), other than the above listed documents.  *See* 28 U.S.C. § 1715(b)(8).

A **Final Approval Hearing** has been scheduled by the Court for **December 5, 2018 at 11:00 a.m.** before the Honorable Peter G. Sheridan, U.S.D.J., United States District Court for the District of New Jersey, 402 East State Street, Trenton, New Jersey 07102, Courtroom 4E.

CAFA requires Bloomingdale's to provide "(A) if feasible, the names of class members who reside in each State and the estimated proportionate share of the claims of such members to the entire settlement to that State's appropriate official; or (B) if the provision of information under subparagraph (A) is not feasible, a reasonable estimate of the number of class members residing in each State and the estimated proportionate share of the claims of such members to the entire settlement…."  28 U.S.C. § 1715(b)(7)(A)-(B).  There are an estimated 46,561 class members.  We have attached an estimate of the number of class members residing in each state and the estimated proportionate share of the claims of such members to the entire settlement as Exhibit A.

If you have any questions about the settlement or this notice, please do not hesitate to contact me.

Sincerely yours,

*David Jay*

David Jay

DJ:dl
Enclosures

cc:    Ross H. Schmierer, Esq. (w/encl.)
       Ari H. Marcus, Esq. (w/encl.)



## EXHIBIT A

(Estimated breakdown by state/territory of 46,561 class members)

| | | | |
|---|---|---|---|
| AK – 39 | .083761% | NC – 830 | 1.782608% |
| AL – 323 | .693714% | ND – 25 | .053693% |
| AR – 122 | .262022% | NE – 119 | .255579% |
| AZ – 502 | 1.078156% | NH – 192 | .412362% |
| CA – 8785 | 18.867722% | NJ – 3121 | 6.703035% |
| CO – 414 | .889156% | NM – 77 | .165374% |
| CT – 678 | 1.456164% | NV – 208 | .446726% |
| DC – 353 | .758145% | NY – 7612 | 16.348446% |
| DE – 289 | .620691% | OH – 1027 | 2.205709% |
| FL – 2551 | 5.478834% | OK – 203 | .435987% |
| GA – 1338 | 2.87365% | OR – 587 | 1.260712% |
| HI – 122 | .262022% | PA – 1955 | 4.198793% |
| IA – 174 | .373703% | RI – 152 | .326453% |
| ID – 59 | .126715% | SC – 344 | .740963% |
| IL - 2083 | 4.473701% | SD – 20 | .042954% |
| IN – 467 | 1.002985% | TN – 437 | .938554% |
| KS – 187 | .401624% | TX – 2383 | 5.053586% |
| KY – 238 | .511157% | UT – 150 | .322158% |
| LA – 301 | .646464% | VA – 1400 | 3.006808% |
| MA – 1737 | 3.73059% | VT – 52 | .111681% |
| MD – 1232 | 2.645991% | WA – 733 | 1.574279% |
| ME – 85 | .182556% | WI – 391 | .839759% |
| MI – 936 | 2.010266% | WV – 78 | .167522% |
| MN – 443 | .95144% | WY – 23 | .049398% |
| MO – 446 | .957883% | Guam – 3 | .006443% |
| MS – 156 | .335044% | USVI – 4 | .008591% |
| MT – 39 | .083761% | PR – 20 | .042954% |



David Jay
Tel. (973) 360-7912
Fax (973) 301-8410
jayd@gtlaw.com

July 18, 2018

VIA PRIORITY MAIL

Office of the Attorney General
P.O. Box 1365
Koror, PW  96940

        **Re:**    <u>**Notice of Proposed Class Action Settlement**</u>:
                       *Ashkenazi v. Bloomingdale's, Inc.*
                       Case No. 3:15-cv-02705-PGS-DEA

Dear Sir or Madam:

       We represent Bloomingdale's, Inc. ("Bloomingdale's"), the defendant in the above-captioned class action (the "Action").  In compliance with the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1715, we write to advise you that the parties have reached a settlement in the above action and are seeking court approval for the settlement in the U.S. District Court for the District of New Jersey.

       The Action, which was commenced in 2015, involved allegations that Bloomingdale's transmitted an unsolicited text message to cellular phone numbers submitted in registration for its loyalty program in violation of the Telephone Consumer Protection Act, 47 U.S.C. §227, et seq. ("TCPA").  Under the proposed settlement, Bloomingdale's has agreed to establish a settlement fund in the amount of One Million Four Hundred Thousand Dollars ($1,400,000), comprised of $750,000 in cash and $650,000 in product vouchers with full cash value (redeemable at Bloomingdale's stores and online).  Class members may choose between either a $25 cash payment or a $50 product voucher, to be distributed on a pro rata basis.

       As required by CAFA, we enclose the following materials:

       1.     Copies of the Complaint and Amended Complaint filed in the Action.

       2.     A copy of the Settlement Agreement and Exhibits, which includes a proposed full class notice advising class members of, among other things, their right to request exclusion from the proposed settlement.  (The form of class notice is attached as Exhibit 2 to the Settlement Agreement.)

July 18, 2018
Page 2

      3.      A copy of the July 17, 2018 Preliminary Approval Order.

There is no "settlement or other agreement contemporaneously made between class counsel and counsel for defendants," *see* 28 U.S.C. § 1715(b)(5), other than the Settlement Agreement itself, and there are no final judgments, notices of dismissal, *see* 28 U.S.C. § 1715(b)(6), or other written judicial opinions relating to the materials specified in 28 U.S.C. § 1715(b)(3)-(6), other than the above listed documents.  *See* 28 U.S.C. § 1715(b)(8).

A **Final Approval Hearing** has been scheduled by the Court for **December 5, 2018 at 11:00 a.m.** before the Honorable Peter G. Sheridan, U.S.D.J., United States District Court for the District of New Jersey, 402 East State Street, Trenton, New Jersey 07102, Courtroom 4E.

CAFA requires Bloomingdale's to provide "(A) if feasible, the names of class members who reside in each State and the estimated proportionate share of the claims of such members to the entire settlement to that State's appropriate official; or (B) if the provision of information under subparagraph (A) is not feasible, a reasonable estimate of the number of class members residing in each State and the estimated proportionate share of the claims of such members to the entire settlement…."  28 U.S.C. § 1715(b)(7)(A)-(B).  There are an estimated 46,561 class members.  We have attached an estimate of the number of class members residing in each state and the estimated proportionate share of the claims of such members to the entire settlement as Exhibit A.

If you have any questions about the settlement or this notice, please do not hesitate to contact me.

Sincerely yours,

*David Jay*

David Jay

DJ:dl
Enclosures

cc:    Ross H. Schmierer, Esq. (w/encl.)
       Ari H. Marcus, Esq. (w/encl.)



## EXHIBIT A

(Estimated breakdown by state/territory of 46,561 class members)

| | | | |
|---|---|---|---|
| AK – 39 | .083761% | NC – 830 | 1.782608% |
| AL – 323 | .693714% | ND – 25 | .053693% |
| AR – 122 | .262022% | NE – 119 | .255579% |
| AZ – 502 | 1.078156% | NH – 192 | .412362% |
| CA – 8785 | 18.867722% | NJ – 3121 | 6.703035% |
| CO – 414 | .889156% | NM – 77 | .165374% |
| CT – 678 | 1.456154% | NV – 208 | .446726% |
| DC – 353 | .758145% | NY – 7612 | 16.348446% |
| DE – 289 | .620691% | OH – 1027 | 2.205709% |
| FL – 2551 | 5.478834% | OK – 203 | .435987% |
| GA – 1338 | 2.87365% | OR – 587 | 1.260712% |
| HI – 122 | .262022% | PA – 1955 | 4.198793% |
| IA – 174 | .373703% | RI – 152 | .326453% |
| ID – 59 | .126715% | SC – 344 | .740963% |
| IL - 2083 | 4.473701% | SD – 20 | .042954% |
| IN – 467 | 1.002985% | TN – 437 | .938554% |
| KS – 187 | .401624% | TX – 2383 | 5.053586% |
| KY – 238 | .511157% | UT – 150 | .322158% |
| LA – 301 | .646464% | VA – 1400 | 3.006808% |
| MA – 1737 | 3.73059% | VT – 52 | .111681% |
| MD – 1232 | 2.645991% | WA – 733 | 1.574279% |
| ME – 85 | .182556% | WI – 391 | .839759% |
| MI – 936 | 2.010266% | WV – 78 | .167522% |
| MN – 443 | .95144% | WY – 23 | .049398% |
| MO – 446 | .957883% | Guam – 3 | .006443% |
| MS – 156 | .335044% | USVI – 4 | .008591% |
| MT – 39 | .083761% | PR – 20 | .042954% |



David Jay
Tel. (973) 360-7912
Fax (973) 301-8410
jayd@gtlaw.com

July 18, 2018

VIA PRIORITY MAIL

Office of the Attorney General
P.O. Box 890
Majuro, MH  96960

Re:    **Notice of Proposed Class Action Settlement:**
       *Ashkenazi v. Bloomingdale's, Inc.*
       Case No. 3:15-cv-02705-PGS-DEA

Dear Sir or Madam:

       We represent Bloomingdale's, Inc. ("Bloomingdale's"), the defendant in the above-captioned class action (the "Action").  In compliance with the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1715, we write to advise you that the parties have reached a settlement in the above action and are seeking court approval for the settlement in the U.S. District Court for the District of New Jersey.

       The Action, which was commenced in 2015, involved allegations that Bloomingdale's transmitted an unsolicited text message to cellular phone numbers submitted in registration for its loyalty program in violation of the Telephone Consumer Protection Act, 47 U.S.C. §227, et seq. ("TCPA").   Under the proposed settlement, Bloomingdale's has agreed to establish a settlement fund in the amount of One Million Four Hundred Thousand Dollars ($1,400,000), comprised of $750,000 in cash and $650,000 in product vouchers with full cash value (redeemable at Bloomingdale's stores and online).  Class members may choose between either a $25 cash payment or a $50 product voucher, to be distributed on a pro rata basis.

       As required by CAFA, we enclose the following materials:

       1.       Copies of the Complaint and Amended Complaint filed in the Action.

       2.       A copy of the Settlement Agreement and Exhibits, which includes a proposed full class notice advising class members of, among other things, their right to request exclusion from the proposed settlement.  (The form of class notice is attached as Exhibit 2 to the Settlement Agreement.)

July 18, 2018
Page 2

       3.      A copy of the July 17, 2018 Preliminary Approval Order.

There is no "settlement or other agreement contemporaneously made between class counsel and counsel for defendants," *see* 28 U.S.C. § 1715(b)(5), other than the Settlement Agreement itself, and there are no final judgments, notices of dismissal, *see* 28 U.S.C. § 1715(b)(6), or other written judicial opinions relating to the materials specified in 28 U.S.C. § 1715(b)(3)-(6), other than the above listed documents.  *See* 28 U.S.C. § 1715(b)(8).

A **Final Approval Hearing** has been scheduled by the Court for **December 5, 2018 at 11:00 a.m.** before the Honorable Peter G. Sheridan, U.S.D.J., United States District Court for the District of New Jersey, 402 East State Street, Trenton, New Jersey 07102, Courtroom 4E.

CAFA requires Bloomingdale's to provide "(A) if feasible, the names of class members who reside in each State and the estimated proportionate share of the claims of such members to the entire settlement to that State's appropriate official; or (B) if the provision of information under subparagraph (A) is not feasible, a reasonable estimate of the number of class members residing in each State and the estimated proportionate share of the claims of such members to the entire settlement…."  28 U.S.C. § 1715(b)(7)(A)-(B).  There are an estimated 46,561 class members.  We have attached an estimate of the number of class members residing in each state and the estimated proportionate share of the claims of such members to the entire settlement as Exhibit A.

If you have any questions about the settlement or this notice, please do not hesitate to contact me.

Sincerely yours,

*David Jay*

David Jay

DJ:dl
Enclosures

cc:    Ross H. Schmierer, Esq. (w/encl.)
       Ari H. Marcus, Esq. (w/encl.)



## EXHIBIT A

(Estimated breakdown by state/territory of 46,561 class members)

| | | | |
|---|---|---|---|
| AK – 39 | .083761% | NC – 830 | 1.782608% |
| AL – 323 | .693714% | ND – 25 | .053693% |
| AR – 122 | .262022% | NE – 119 | .255579% |
| AZ – 502 | 1.078156% | NH – 192 | .412362% |
| CA – 8785 | 18.867722% | NJ – 3121 | 6.703035% |
| CO – 414 | .889156% | NM – 77 | .165374% |
| CT – 678 | 1.456154% | NV – 208 | .446726% |
| DC – 353 | .758145% | NY – 7612 | 16.348446% |
| DE – 289 | .620691% | OH – 1027 | 2.205709% |
| FL – 2551 | 5.478834% | OK – 203 | .435987% |
| GA – 1338 | 2.87365% | OR – 587 | 1.260712% |
| HI – 122 | .262022% | PA – 1955 | 4.198793% |
| IA – 174 | .373703% | RI – 152 | .326453% |
| ID – 59 | .126715% | SC – 344 | .740963% |
| IL - 2083 | 4.473701% | SD – 20 | .042954% |
| IN – 467 | 1.002985% | TN – 437 | .938554% |
| KS – 187 | .401624% | TX – 2383 | 5.053586% |
| KY – 238 | .511157% | UT – 150 | .322158% |
| LA – 301 | .646464% | VA – 1400 | 3.006808% |
| MA – 1737 | 3.73059% | VT – 52 | .111681% |
| MD – 1232 | 2.645991% | WA – 733 | 1.574279% |
| ME – 85 | .182556% | WI – 391 | .839759% |
| MI – 936 | 2.010266% | WV – 78 | .167522% |
| MN – 443 | .95144% | WY – 23 | .049398% |
| MO – 446 | .957883% | Guam – 3 | .006443% |
| MS – 156 | .335044% | USVI – 4 | .008591% |
| MT – 39 | .083761% | PR – 20 | .042954% |