**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| ELI ASHKENAZI, individually and on behalf of all others similarly situated, | : : : | CIVIL ACTION<br><br>NO. 3:15-cv-02705-PGS-DEA |
| Plaintiff, | : : | |
| v. | : : | |
| BLOOMINGDALE'S INC., | : : | |
| Defendant. | : | |

**DECLARATION OF ARI H. MARCUS, ESQ. IN SUPPORT OF APPLICATION FOR
ATTORNEY'S FEES and ENHANCEMENT AWARD**

I, Ari H. Marcus, declare as follows:

1. I am a founding member of the law firm of Marcus & Zelman, LLC (the "Firm"). I am personally involved in all aspects of the prosecution of this Lawsuit. The information set forth in this Declaration is based upon my personal knowledge, as well as information shared with me by my co-counsel.

2. The Firm was founded in June, 2015. Prior to this, I was the founding member of the law firm of Marcus Law, LLC.

3. I am experienced in litigating complex consumer class actions, and have been certified as class counsel in many consumer class actions including, but not limited to:

    i. *Steve-Anne Muir v. Early Warning Services, LLC,* No. 2:16-cv-00521-SRC-CLW (DNJ 2018)

    ii. *Town & Country Jewelers, LLC v. Meadowbrook Insurance Group, Inc.* No. 3:15-cv-02519-PGS-LHG (DNJ 2017)

    iii. *Shawnda Tiernan v. G&R Collections,* Civil Case No. 3:16-cv-2602 (MD Tn.

2017)

    *iv.*    *Jackson v. RMB, Inc.* Civil Case No.: 2-14-cv-02205-MF (DNJ 2015)

    *v.*    *Krady v. A-1 Collection Agency, LLC*, Civil Case No.: 3:14-cv-7062-TJB (DNJ 2016)

    *vi.*    *Willemsen v. Professional Recovery Services, Inc.* 1:14-cv-06421 JHR-AMD (DNJ 2016)

    *vii.*    *Truglio v. CBE Group*, Civil Case No. 3:15-cv-03813 TJB-PGS (DNJ 2017)

    *viii.*    *Erickson v. Elliot Bay Adjustment Company, Inc.*, 2:16-cv-00391-JLR (W.D. Wa. March 29, 2017)

    *ix.*    *Willis and Shvarts v. Iheartmedia, Inc.* Circuit Court of Cook County, Illinois - Case No. 16ch02455

    *x.*    *Etienne v. Reliant Capital Solutions, LLC*, Civil Case No. 1:16-cv-02359-WFK-JO (EDNY 2017)

    *xi.*    *Beneli v. BCA Financial Services, Inc.*, Civil Case No. 3:16-02737-FLW-LHG (DNJ 2017)

    *xii.*    *Hartman v. Medicredit, Inc.* Civil Case No. 2:15-cv-01596-MPK (WD PA. 2017)

    *xiii.*    *Hartman v. Monarch Inc,* Civil Case No. 3:15-cv-1364-CB (WD Pa. 2017)

    *xiv.*    *O'Brien v. Waldman & Kaplan, P.A.*, Civil Case No. 3:15-cv-07429-BRM-LHG (DNJ 2017)

4. *Willis and Shvarts v. Iheartmdedia, Inc.* involved an eight and a half million dollar settlement under the Telephone Consumer Protection Act.

5. I have been involved in all aspects of this Lawsuit from the initial investigation through

its resolution.

6. I make this Declaration in support Class Counsel's request for an award of attorneys' fees and reimbursement of expenses, as well as approval of a Case Contribution Award for the Named Plaintiff.

7. Attached as Exhibit A is a true and correct copy of the Settlement Agreement, which was previously submitted to the Court but is being resubmitted for convenience and reference.

**<u>Facts and Procedural Background</u>**

8. Plaintiff filed this class action on April 16, 2015 alleging that the Defendant violated the Telephone Consumer Protection Act (ECF No. 1), and a First Amended Complaint on June 26, 2015 (ECF No. 12)

9. Subsequently, this case has gone through extensive discovery, several rounds of depositions, motion practice, and a full day mediation with Judge Orlofsky.

10. The undersigned was involved in opposing all of Defendant's motions, defending Plaintiff's deposition, conducting a deposition of a third party, along with t preparing the motions for class certification.

11. Mediation took place on December 19, 2017, whereas the parties negotiating in good faith, were able to reach a settlement, with the blessing and approval of Judge Orlofsky.

12. As part of those settlement discussions, the parties used all of the information they were able to obtain in discovery, including class size, questions regarding express consent, and the dialing equipment, to facilitate those discussions.

13. Following vigorous, arm's length settlement discussions, the parties reached an accord regarding the overall contours of a settlement which included a settlement fund of $1.4 million dollars, and around June of 2018 the parties signed a settlement agreement.

14. On June 15, 2018, the parties moved for preliminary approval of the proposed Settlement. (See Dkt No. 44).

15. After oral argument on July 16, 2018, the Court granted preliminary approval to this proposed Settlement. (ECF No. 46). The Preliminary Approval Order established a schedule for dissemination of the approved form of Class Notice, established the form, manner and timing of any objections to the Settlement and its terms, and set forth an deadline to file its application for attorney fees, expenses, and the service award to Plaintiff.

16. On August 09, 2018, class notice was first sent out to the 47,905 potential class members.

17. It is clear that the notice program outlined above has been effective in advising the Settlement Class of the pendency of this Settlement.

18. As of November 15, 2018, 2,903 class members opted in, with zero opt outs or objections filed to date.

**Attorneys' Fees and Expenses**

19. It is black letter law that Class Counsel are entitled to compensation for the benefit they conferred to the Settlement Class through the creation of a common fund.

20. Further, Class Counsel are also entitled to reimbursement of their out-of-pocket expenses that were reasonably and necessarily incurred in furtherance of the prosecution of this Action. Such expenses include, for example, Class Counsel's expenses associated with the litigating this matter.

21. During the period from inception of this Lawsuit through the filing of Class Counsel's Motion of Preliminary Approval, Class Counsel Ari H. Marcus, Esq. has completed 259.6 hours of work and Yitzchak Zelman, Esq. has completed 38 hours of work in

connection with this Action.

| **Attorney** | Hours | Rate | **TOTAL** |
|---|---|---|---|
| Ari H. Marcus | 259.6 | $450.00 | $116,820 |
| Yitzchak Zelman | 38 | $350.00 | $13,300 |

22. The hourly rates charged here are similar rates that have been accepted by courts in other complex class actions, including in a final approval order on June 26, 2017 by the Honorable Judge Brian Martinotti in *O'brien v. Waldman & Kaplan* Case No. 3:15-cv-07429 (District of New Jersey).

23. Class Counsel expended significant time litigating this case which included, inter alia, conducting thorough interviews of Plaintiff, drafting a detailed complaint, participated in motion practice on liability, standing, jurisdiction and class certification, participating in several depositions, reviewing materials produced by Defendants, engaging in arm's length settlement negotiations, exchanging and revising numerous draft settlement documents, and researching preparing motions and briefs for preliminary and final approval.

24. The total dollar value of Class Counsel's time (the "lodestar") is $130,120 plus time from co-counsel equaling $425,632.50.

25. The total expense incurred by Class Counsel is $1,428.00. Attached to this declaration includes an itemized list of expenses.

26. The time and services provided by Class Counsel for which fees are sought in the petition are reflected in contemporaneously maintained records of each of the firms. All of the services performed by Class Counsel in connection with this Action were reasonable and

necessary in the prosecution of this case.

27. Class Counsel allocated work in this case to maximize efficiency, assigning tasks both amongst the firms and within each of their respective firms with the goal of minimizing duplication of effort. In addition, every effort was made to assign work within and amongst the firms to minimize fees in the case.

28. Throughout the litigation, Class Counsel balanced resources – again, within each of their firms and amongst the firms themselves – to ensure that the matter was litigated in the most efficient manner. Had such efforts not been made, the number of hours devoted to the prosecution of the Action would have been significantly higher.

29. Based on the above, Plaintiffs now respectfully request that the court approve a fee of four hundred and twenty thousand dollars, thirty percent of the common fund or a lodestar with no multiplier, plus expenses, to compensate attorneys for their fees and expenses.

## Case Contribution Award to Plaintiff

30. As set forth in greater detail in the accompanying memorandum, Plaintiff also respectfully request that the Court grant a Case Contribution Award of $10,000.00 to Plaintiff Eli Ashkenazi.

31. Federal courts often exercise their discretion under Rule 23(d) and (e) to approve enhancement awards to plaintiffs who instituted and prosecuted an action on the theory that there would be no class-wide benefit absent their suit. The trial court has discretion to recognize the benefit of the plaintiff's actions with such an award.

32. Plaintiff stepped forward at critical junctures of the litigation process and pursued the Settlement Class's interests by filing suit on behalf of the members of the Settlement

Class, undertaking the responsibilities attendant with serving as a named plaintiff including participating and assisting counsel with opposing defendant's motion, participating in an all-day deposition, rejecting offers to settle on an individual basis, and participating and assisting with settlement.

33.  Plaintiff searched his files for relevant records, assisted in preparing and signing an affidavit, and provided information to Class Counsel to assist in the preparation and litigation of this Litigation.

34. Plaintiff also was consulted and provided input for strategic decisions, including negotiation and approval of the Settlement terms. In short, Plaintiff actively participated in the prosecution of this case and devoted a substantial amount of time and energy in assisting in the successful prosecution of this Litigation.

35. Accordingly, I believe the requested Case Contribution Award is eminently appropriate. Indeed, it is at or below awards in similar actions. See, *Barel v. Bank of Am*., 255 F.R.D. 393, 404 (E.D. Pa. 2009)(awarding $10,000 to named plaintiff in FCRA class action).

## CONCLUSION

36.  Plaintiff and Class Counsel respectfully submit that the Settlement is an excellent result for the Settlement Class. Class Counsel recommend the Settlement as fair, reasonable, and adequate, and they request that this Court: (1) approve Class Counsel's fee request and expense reimbursement, and (2) approve Plaintiff's request for an Case Contribution Award.

I declare under penalty of perjury that the foregoing is true and correct. This Declaration was executed on November 21, 2018 in Asbury Park, New Jersey.

MARCUS & ZELMAN, LLC

By:    /s/*Ari Marcus*_____
      Ari Marcus, Esq.
      701 Cookman Avenue, Suite 300
      Asbury Park, NJ 07712
      (732) 695-3282 Telephone
      (732) 298-6256  Facsimile
      *Attorney for Plaintiff*