**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| ELI ASHKENAZI, individually and on behalf of all others similarly situated, | : CIVIL ACTION |
| Plaintiff, | : NO. 3:15-cv-02705-PGS-DEA |
| v. | |
| BLOOMINGDALE'S, INC., | |
| Defendant. | |

**DECLARATION OF STEPHEN P. DeNITTIS, ESQUIRE
IN SUPPORT OF UNOPPOSED MOTION FOR FINAL APPROVAL
OF PROPOSED CLASS ACTION SETTLEMENT AND
PETITION FOR ATTORNEYS' FEES, COSTS, AND INCENTIVE AWARD**

I, Stephen P. DeNittis, upon my oath certifies as follows:

1. I am an attorney-at-law of the State of New Jersey and the Commonwealth of Pennsylvania, and a shareholder with DeNittis Osefchen Prince, P.C.

2. I am certified by the State of New Jersey as a civil trial attorney and currently serve as one of class counsel in the above-captioned case.

3. I fully support the proposed settlement in the case at bar and believe it is fair, reasonable, and in the best interest of the class. The named Plaintiff in this matter also fully supports the proposed settlement.

4. I and the other attorneys in my firm have conducted extensive legal research regarding the various claims and potential defenses in this matter.

5. I and the other attorneys in my firm have diligently prosecuted this case for several years, inter alia, thoroughly investigating Plaintiff's claims, preparing and serving Plaintiff's complaint on Defendants, preparing and serving discovery on Defendants, reviewing Defendants

1

interrogatory responses and document responses, responding to written interrogatories and document requests, conducting numerous depositions, engaging expert reports and expert depositions and substantive motion practice, and successfully negotiating the proposed settlement with Defendants at an full day mediation.

6. I believe the foregoing has provided me with a firm basis for evaluating the risks in this case, the relative strengths and weaknesses of all the parties' positions, and the reasonableness of the proposed settlement.

7. It is my opinion that, given the current state of the law, the risks involved with class certification and litigating this matter through trial and the facts which are now known regarding this action, the proposed settlement is not only fair and reasonable, but represents a good result for the class.

8. Substantial arm's-length settlement negotiations have taken place between the parties.

9. Plaintiff and its counsel recognize the costs and risks of further prosecuting this litigation, and believe Plaintiff's best interests, and the interests of all class members, are best served by and through the terms contained within the Settlement Agreement.

10. Defendants also recognize the costs and risks of litigation and believe this proposed settlement is a fair means of resolving this litigation.

11. My firm undertook this matter entirely on a contingent basis when attorney Ross H. Schmierer, Esq. was hired by my firm. Our firm was responsible, in part, for advancing costs and expenses in the prosecution of this matter. Any fees earned and reimbursement of expenses in this matter will be limited to such amounts as may be awarded by the court.

12. To date, attorneys from my firm have performed a total of 91.2 hours of work in this matter and paralegals have performed 10 hours of work, 41.5 of those hours were performed by me, and 49.7 hours by my partner Ross H. Schmierer, Esquire. See Exhibit A, time summary spreadsheet.

13. Based upon my experience with class actions, it is my opinion that a conservative estimate of the attorney time that will be required from my firm through and subsequent to the final approval hearing in this matter will be 10 hours to cover the hearing, handle class member inquiries, perform various administrative duties, and resolve any potential disputes regarding the implementation of the settlement.

14. Based upon the currently hourly rates charged by my firm in complex matters, as approved by prior courts in class actions, the raw, unadjusted lodestar value of the current time spent thus far by my firm on this matter is $53,372.

15. My firm has advanced, in part, some of the costs of litigation in prosecuting this matter. The total costs advanced by my firm to date in this matter is $7,391.25. See Exhibit B, chart showing specific costs. This cost was necessary for the successful prosecution and eventual settlement of this matter.

16. The current hourly rates charged by our firm for complex litigation are $550 per hour for myself and $575 for Mr. Schmierer.

17. Over the last several years, my historical hourly rates have been approved by courts in numerous class action cases, including: Filannino-Restifo v. TD Bank, N.A., Civil Action No. 1:16-cv-2374-JBS-JS (D.N.J.)($550 per hour); LMA Legal, LLC v. Record Reproduction Servs., Inc., Docket No. CAM-L-4137-16 ($550 per hour); Bernetich, Hatzell & Pascu, LLC v. Medical Records Online, Inc., Docket No. CAM-L-1271-15 ($500 per hour);

3

Green v. Silvertowne, L.P., et al., Civil Action No. 1:15-cv-08703-NLH-AMD (D.C.N.J.) ($500 per hour); Jones, et al. v. EEG, Inc., et al., Phila. Ct. Comm. Pls. No. 160800812 (August Term, 2016) ($500 per hour); Krivy v. Jean Madeline Educ. Ctr. of Cosmetology, Inc., Phila. Ct. Comm. Pls. No. 2603, (Feb. Term 2014) ($475 per hour); Roseman v. BGASC, LLC, et al., Case No. CV15-01100 (C.D. Cal.) ($475 per hour); Styczinski v. Westminster Mint, et al., Case No. 0:14-cv-00619-SRN-JJG (D. Minn.) ($475 per hour); and Mancuso v. Crystal Title Agency, Docket No. MID-L-2990-14 ($475).

18. I am admitted to practice before the Supreme Court of the United States, the United States District Court for the District of New Jersey, the United States District Court for the Eastern District of Pennsylvania, the Supreme Court of New Jersey, the Commonwealth of Pennsylvania, and the United States District Court for the Western District of Tennessee.

19. I have tried to verdict sixteen (16) cases before a jury with favorable results in 11 of those cases.

20. I have served as lead or co-lead counsel in over 175 class actions involving consumer fraud, violations of the Telephone Consumer Protection Act (TCPA), violations of Real Estate Settlement Procedures Act (RESPA), construction defects, wage and hour violations, and environmental torts. Such class actions, include, but are not limited to, the following cases:

> Federal Class Actions: Filannino-Restifo v. TD Bank, N.A., Civil Action No. 1:16-cv-2374-JBS-JS (D.N.J.)(a $9.4 million dollar common fund settlement on behalf of a class of approx.. 9 million persons) Block v. RBS Citizens, National Association, Inc., Case No. 1:15-cv-01524 (JHR)(JS) (a $649,000 settlement on behalf of 16,000 bank customers alleging service fee overcharges on their home equity loans); Poole v. Merrill Lynch, Civil Action No. 06-cv-1657 (D.Or) (Mr. DeNittis was co-lead counsel in a nationwide wage and hour class action which settled for $43.5 million); Kaufman v. JP Morgan Chase, Civil Action No. 05-cv-9750 (S.D.N.Y.) ($5 million wage and hour class settlement); Telliho v. American Traffic Solutions, Civil Action No. 3:12-cv-4800-SGS ($4.2 million settlement regarding New Jersey red light cameras); Anderson v. Redflex, Civil Case No. 3:12-cv-5198 ($2.1 million settlement regarding New Jersey red light cameras);

4

Bernhard v. TD Bank, Civil Action No. 08-4392-RBK-AMD(D.N.J.) ($375,000 wage and hour settlement); Kaufmann v. Commerce Bancorp., Civil Action No. 06-cv-4664-RBK-RMD (D.N.J.) ($600,000 wage and hour settlement); Jones v. Commerce Bancorp. Inc., Civil Action No. 05-cv-05600-RBK-AMD (D.N.J.) (injunctive relief settlement); DeMarco v. National Collector's Mint, Inc., 229 F.R.D. 73 (S.D.N.Y. 2005) (Mr. DeNittis was lead counsel in a matter of first impression which resulted in a $9,000,000 valued settlement); Carnival, et al. v. WMX, Technologies et. al., Civil Action No. 97-5122 (D.N.J.) ($5.1 million settlement); Arnold, et al. v. Ambassadors International, Inc., et al., Civil Action No. 01-CV-2020 (RBK) (D.N.J.) ($5 million valued settlement and injunctive relief);

State Court Class Actions: Jones, et al. v. EEG, Inc., et al., Phila. Ct. Comm. Pls. No. 160800812 (August Term, 2016) (2017 settlement resulted in a $6.75 million settlement on behalf of over 240,000 consumers alleging overcharging of service in violation of various consumer fraud statutes); Krivy v. Jean Madeline Educ. Ctr. of Cosmetology, Inc., Phila. Ct. Comm. Pls. No. 2603, (Feb. Term 2014), (Lead counsel in a class action that settled for $1,350,000 for approximately 35,000 consumers of three beauty schools alleging overcharges); Barkers v. PSEG, Docket No. BUR-C-39-03 (settlement resulted in PSEG repairing 3,000 defective gas meter sets throughout the State of NJ and resulted in the Board of Public Utilities adopting new gas meter regulations); Felderstein v. Orleans, Docket No. BUR-L-479-02 ($345,000 settlement); Melnick v. Orleans, Docket No. BUR-L-152-01 ($1.4 million settlement); Spectracom, Inc. v. Cell Direct Corporation and Fax.com, Inc., Docket No. CAM-C-116-02 (injunctive relief settlement); Ward and Decker v. York International, et al., Docket No. BUR-L-2693-03; Schmoll, et al. v. Hovnanian, Docket No. BUR-C-141-02; Staub v. Hoeganaes, Docket No. BUR-L-2080-03 ($1.4 million dollar settlement); Blasini v. Weichert South Jersey, Inc., Docket No. BUR-L-736-11 ($525,000 for a class of 8,000 Weichert buyers charged an allegedly $200 illegal administrative fee in violation of the NJ CFA fraud); Blasini v. Prudential Fox & Roach, Docket No. BUR-989-11 ($270,000 for a class of 4,000 Prudential buyers charged an allegedly $275 illegal administrative fee in violation of the NJ CFA); Baraldi v. Surety Title, Docket No. BUR-L-3379-11 (a settlement on behalf of 36,000 Surety consumers who were allegedly overcharged deed and mortgage recording fees and were refunded 100% of the overcharge through a claims process); Blasini v. Trident Land Transfer Company of New Jersey, LLP; Trident Insurance Agency Company, LP; Trident Insurance Agency Company, LP; Trident Abstract Title Agency, LLC; and Trident Group, Inc., Docket No. CAM-L-2355-11 (a settlement on behalf of 17,000 Trident consumers who were allegedly overcharged mortgage recording fees and were refunded 100% of the overcharge through a claims process).

21. I have presented and/or lectured to attorneys on class action topics at the following Continuing Legal Education seminars:

- Lecturer, "Fair Labor Standards Act (FLSA) Collection Actions", Camden County Bar Association Labor & Employment Law Committee, November 12, 2008

- Lecturer, "Private Practice Professional Development Symposium – Class Action Litigation", Rutgers-Camden University School of Law, February 28, 2009

- Lecturer, "Anticipating Class Actions", Camden County Bar Association Class Action Practice Committee, March 23, 2010

- Lecturer, "The Impact of Recent Developments in Class Action Law in the Interests of Plaintiffs and Defendants – New Jersey and Beyond", Camden County Bar Association Class Action Committee, April 19, 2011

- Lecturer, "Challenges for Plaintiffs & Defendants Posed By Recent NJ Class Action Decisions", Camden County Bar Association Class Action Practice Committee, May 16, 2012
- Lecturer, "Consumer Fraud Product Labeling Class Actions: One Label, Very Different Perspectives – Plaintiffs, Defendants and the Government", Perrin Conferences, November 5, 2012

- Lecturer, "Litigating Medical Negligence Claims: Similarities and Differences Between New Jersey and Pennsylvania", Cape Institute, December 10, 2012

- Lecturer, "Ascertainable Loss Under the NJ CFA – More than Just Out-of-Pocket Damages", New Jersey Association for Justice, Meadowlands Seminar, November 15, 2013

- Co-Chair, "Consumer Law – Boardwalk Seminar 2016", NJAJ Educational Foundation, Inc.'s Boardwalk Seminar 2016, April 8, 2016

- Lecturer, "Insights into Federal Practice: Perspectives of the Bench and Bar", The United States District Court for the District of New Jersey, in conjunction with the Association of the Federal Bar of New Jersey, February 24, 2017

- Lecturer and Co-Chair, "Consumer Law – Boardwalk Seminar 2017 – Update on Arbitration Decisions and Aspects of the TCPA", NJAJ Educational Foundation, Inc.'s Boardwalk Seminar, April 26, 2017

- Moderator and Co-Chair, "Consumer Law – Boardwalk Seminar 2018", NJAJ Educational Foundation, Inc.'s Boardwalk Seminar, May 9 & 10, 2018

  22. I am co-author of the following publication relating to class actions:

  - Co-author, "A Plaintiff's Perspective of the New "Ascertainability" Requirement in Federal Class Actions," New Jersey Lawyer Magazine, March 2015

6

I declare under penalty of perjury under the laws of the State of New Jersey that the foregoing is true and correct.

Respectfully submitted,

DeNITTIS OSEFCHEN PRINCE, P.C.

BY: _____
Stephen P. DeNittis

Dated: November 21, 2018

# Exhibit A

IN RE: Ashkenazi v. Bloomingdales Litigation
## MONTHLY TIME REPORT

**FIRM NAME: DeNittis Osefchen Prince, P.C.**

**REPORTING PERIOD:** May 2017 through November 19, 2018

### Categories
[1] Investigations, Factual Research
[2] Discovery
[3] Pleadings, Briefs and Pretrial Motions (including legal research)
[4] Court Apperances
[5] Settlement
[6] Litigation Strategy and Analysis
[7] Class Certification
[8] Case Management and Administration
[9] Experts

| Name | [1] | [2] | [3] | [4] | [5] | [6] | [7] | [8] | [9] | Current Hours | Hourly Rate | Current Lodestar |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| **PARTNERS** | | | | | | | | | | | | |
| Stephen P. DeNittis | 0.0 | 0.0 | 18.0 | 0.0 | 18.1 | 4.2 | 0.0 | 1.2 | 0.0 | 41.5 | $550.00 | $22,825.00 |
| Ross H. Schmierer | 0.0 | 0.0 | 20.2 | 2.5 | 22.0 | 3.6 | 1.4 | 0.0 | 0.0 | 49.7 | $575.00 | $28,577.50 |
| | 0.0 | 0.0 | | 0.0 | 0.0 | | 0.0 | 0.0 | 0.0 | | $525.00 | $0.00 |
| | | | | 0.0 | | | 0.0 | | 0.0 | | $600.00 | $0.00 |
| **TOTAL PARTNERS** | 0.0 | 0.0 | 38.2 | 2.5 | 40.1 | 7.8 | 1.4 | 1.2 | 0.0 | 91.2 | | $51,402.50 |
| **ASSOCIATES** | | | | | | | | | | | | |
| | | | | | | | | | | | | $0.00 |
| **TOTAL ASSOCIATES** | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | | $0.00 |
| **PARALEGALS** | | | | | | | | | | | | |
| Dawn Farley | 0.0 | 0.0 | 0.0 | 0.0 | 4.5 | 0.0 | 0.0 | 5.5 | 0.0 | 10.0 | $90.00 | $900.00 |
| | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | $100.00 | $1,070.00 |
| **TOTAL PARALEGALS** | 0.0 | 0.0 | 0.0 | 0.0 | 4.5 | 0.0 | 0.0 | 5.5 | 0.0 | 10.0 | | $1,970.00 |
| **TOTALS:** | 0.0 | 0.0 | 38.2 | 2.5 | 44.6 | 7.8 | 1.4 | 6.7 | 0.0 | 101.2 | | $53,372.50 |

# Exhibit B

**IN RE: Ashkenzi v. Bloomingdales**

**FIRM NAME: DeNittis Osefchen Prince, P.C.**

**REPORTING PERIOD: May 2017 through November 19, 2018**

| DESCRIPTION | MONTHLY EXPENSES |
|---|---|
| Firm Assessment | |
| Travel (air fare, ground travel, meals, lodging, etc.) | |
| Telephone/Facsimile | |
| Postage/Express Delivery/Messenger | |
| Copies | |
| Internal Reproduction/Copies/Printing | |
| Professional Fees (expert, consultant, investigator, etc.) | |
| Court Fees (filing, etc.) | |
| Court Reporters/Transcripts | |
| Witness/Service Fees | |
| Computer Research | |
| Clerical Overtime | |
| Deposition | |
| Miscellaneous (Mediation Fee) | $7,391.25 |
| **TOTAL EXPENSES** | **$7,391.25** |