**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| ELI ASHKENAZI, individually and on behalf of all others similarly situated, | : | CIVIL ACTION |
| | : | |
| | : | NO. 3:15-cv-02705-PGS-DEA |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| BLOOMINGDALES, INC., | : | |
| | : | |
| Defendant. | : | |

**DECLARATION OF TODD M. FRIEDMAN IN SUPPORT OF MOTION FOR AN ORDER GRANTING FINAL APPROVAL OF CLASS SETTLEMENT AGREEMENT**

I, TODD M. FRIEDMAN, declare as follows:

1. I am one of the attorneys for the Plaintiff in this action. I am an attorney licensed to practice law in the State of California since 2001, the State of Illinois since 2002, and the State of Pennsylvania since 2011. I have been continuously licensed in California since 2001, in Illinois since 2002, and in Pennsylvania since 2011. I am in good standing with the California State Bar, Illinois State Bar, and Pennsylvania State Bar. I have litigated cases in both state and federal courts in California, Colorado, Florida, Ohio and Illinois. I am also admitted in every federal district in California and have handled federal litigation in the federal districts of California.

2. The declaration is based upon my personal knowledge, except where expressly noted otherwise.

3. I submit this declaration in support of the Plaintiff's Motion for Attorneys' Fees, Expenses, and Incentive Award to Class Representative.

4. Plaintiff seeks the Court's approval of the following to be paid from $1,400,000 Settlement Fund:

      a.      Attorneys' fees in the amount of $420,000, representing 30% of the $1,400,000 Settlement Fund;

      b.      Costs of litigation incurred by my law firm as Class Counsel in the amount of $22,213.94 as of November 21, 2018; and

      c.      An Incentive Award to Plaintiff in the amount of $10,000.

5.    As part of the Settlement Agreement, previously filed as Exhibit A to the Memorandum of Law in Support of Motion for an Order Conditionally Certifying Class and Granting Preliminary Approval of Class Action Settlement (Dkt. No. 44-2), Plaintiff and Defendant (hereinafter the "Parties"), agreed that Defendant would pay the following from the Settlement Fund: (i) the settlement administration and notice costs; (ii) attorneys' fees not to exceed 30% of the Settlement Fund (iii) costs and expenses of litigation not to exceed $30,000; and (iv) an incentive award of $10,000 for the named Plaintiff. Dkt. No. 44-2, ¶¶ 14.4.6, 15.1, and 15.2.

6.    The Settlement Agreement was the result of good-faith, arm's-length settlement negotiations, including a full-day mediation session before the Honorable Judge Stephen M. Orlofsky (Ret.). Plaintiff also conducted substantial discovery – including written discovery, informal exchanges of information, depositions of parties and non-parties, and expert witness disclosures – confirming the total number of consumers who received text messages from Defendant, the policies and procedures of Defendant, its methods by which it obtained class member's phone numbers, information and documents pertaining to the autodialing capacity of the third-party dialer systems used to send text messages, and copies of all of the data and physical records showing the identity of class members and text messages sent to them. The parties also

conducted informal and formal discovery surrounding other aspects of Plaintiff's claims and Defendant's defenses.

7. Based on the data provided by third parties, as well as by Defendant, the Parties believe that there are approximately 47,905 Class Members.

## I.     CLASS COUNSEL'S EXPERIENCE

8. The Law Offices of Todd M. Friedman, P.C. seeks appointment as Class Counsel in this Action. I am informed and believe that Class Counsel are qualified and able to conduct this litigation as a class action.

9. As one of the main plaintiffs' litigators of consumer rights cases in the Southern California, I have been requested to and have made regular presentations to community organizations regarding debt collection laws and consumer rights.

10. I have extensive experience prosecuting cases related to consumer issues. My firm, The Law Offices of Todd M. Friedman, P.C., in which I am a principal, has litigated over 2,000 individual based consumer cases and litigated over 100 consumer class actions. These class actions were litigated in federal courts in California, Illinois, Ohio, Pennsylvania, Colorado and Florida, as well as California and Illinois state courts. Approximately 100% percent of my practice concerns consumer and employment litigation in general, with approximately 90% of my class action experience involving consumer protection, and approximately 50% percent of my class action practice involving litigation of claims under the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* ("TCPA").

11. Therefore, my experience in litigating class actions and my years in practice allow me to provide outstanding representation to the Settlement Class. I will continue to strive to fairly, responsibly, vigorously, and adequately represent the class members in this action.

12. My firm has been approved by numerous courts as adequate class counsel, and is highly experienced in litigating TCPA class actions. For example, my firm prevailed on a summary judgment motion in a nationwide TCPA class action against Home Depot in the District of New Jersey on behalf of tens of thousands of putative class members. *See Manopla v Home Depot U.S.A., Inc.*, Case No. 3:15-cv-01120-PGS-TJB, Dkt. No. 64 (D. N.J. September 29, 2017).

13. I have served as plaintiff's counsel in at least the following cases involving various consumer rights claims (including class actions claims):

  a.  *Vacarro v. I.C. Systems, Inc.*, 12-CV-02371-JAH-NLS (S.D. Cal.);

  b.  *Rivera v. Nuvell Credit Company LLC*, 13-CV-00164-TJH-OP (E.D. Cal.);

  c.  *Dancer v. L.A. Times*, BC472154 (Los Angeles County, California Superior Court);

  d.  *Couser v. Comenity Bank*, 3:12-cv-02484-MMA-BGS (S.D. Cal.);

  e.  *Stemple v. QC Financial Services Group of California, Inc.*, 3:12-cv-01997-CAB-WVG (S.D. Cal.);

  f.  *Abdejalil v. GE Capital Retail Bank*, 3:12-cv-02078-IEG-RBB (S.D. Cal.);

  g.  *Groina v. Doc Prep Solutions*, 3:12-cv-02578-BTM-BGS (S.D. Cal.);

  h.  *Alexander v. Manasseh Jordan Ministries*, 3:12-cv-02584-IEG-BLM (S.D. Cal.);

  i.  *Neuls v. Dish Network*, 1:13-cv-01181-WJM-KMT (D. Co.);

  j.  *Lecesse v. My Financial Gateway*, 3:12-cv-02375-JLS-KSC (S.D. Cal.);

  k.  *Auerbach v. Successful Education Online, LLC*, 3:12-cv-05248-JSC (N.D. Cal.);

  l.  *Raffin v. E-Choice Healthcare LLC*, 3:12-cv-02517-LAB-BLM (S.D. Cal.);

    m.    *Olney v. Job.com*, 1:12-cv-01724-LJO-GSA (E.D. Cal.);

    n.    *Couser v. Legal Shield*, 3:12-cv-02575-LAB-WVG (S.D. Cal.);

    o.    *Langley v. Homeward Residential*, 2:12-cv-02623-JAM-EFB (E.D. Cal.);

    p.    *Hunter v. Palisades Collection*, 3:12-cv-02401-JAH-JMA (S.D. Cal.);

    q.    *Couser v. Worldwide Commerce Associates, LLC*, 3:13-cv-00118-H-BGS (S.D. Cal.);

    r.    *Tarizzo v. United Agencies, Inc., et al.*, CV12-10248 JFW (MRW) (C.D. Cal.);

    s.    *Richard Chen v. National Enterprise Systems*, 3:12-cv-05910-JCS (N.D. Cal.);

    t.    *Couser v. Apria Healthcare, Inc.* 8:13-cv-00035-JVS-RNB (C.D. Cal.);

    u.    *Willis, et al. v. Chase Retail Services, et al.*, CV12-10252 DMG (SHX) (C.D. Cal.);

    v.    *French v. Target*, 0:13-cv-02626 (D. Minn.);

    w.    *Williams v. Credit Management, LP*, 5:12-cv-01924-TJH-OP (C.D. Cal.);

    x.    *Murdock v. Western Dental Services, Inc.*, 3:12-cv-02449-GPC-BLM (S.D. Cal.);

    y.    *Senesac v. Santander*, 3:12-cv-1193-J-20JRK (M.D. Fla.);

    z.    *Kielbasinski v. American Publishing Co.*, 841 Civil 2012 (Somerset County, Pennsylvania Court of Common Pleas)

    aa.    *Friedman, et al. v. United American Insurance Company*, 3:12-cv-02837-IEG-BGS (S.D. Cal.);

    bb.    *Malis v. Saveology.com, LLC*, 2:13-cv-10013-BAF-LJM (E.D. Mich.);

cc. *Blotzer v. Vital Recovery Services, Inc.*, 3:13-cv-00119-H-JMA (S.D. Cal.);

dd. *Friedman v. Massage Envy*, 2:13-cv-04607-JAK-FFM (C.D. Cal.);

ee. *Labou v. Cellco Partnership, et al*, 2:13-cv-00844-MCE-EFB (S.D. Cal.);

ff. *Pacleb v. Career Education Corporation,* 2:13-cv-03090-R-FFM (C.D. Cal.);

gg. *McNally v. Commonwealth Financial Systems, Inc. et al,* 3:12-cv-02770-IEG-MDD (S.D. Cal.);

hh. *Franco v. Consumer Portfolio Services, Inc.*, 3:13-cv-01364-EDL (N.D. Cal.);

ii. *Zimmer, Jr. v. 24 Hour Fitness, et al,* NC057484 (Los Angeles County, California Superior Court);

jj. *Webb v. Healthcare Revenue Recovery Group, LLC*, 3:13-cv-00737-RS (N.D. Cal.);

kk. *Couser v. Central Credit Services, Inc.*, 3:12-cv-02424-LAB-WMC (S.D. Cal.);

ll. *Abdeljalil v. General Electric Capital Corporation,* 12-CV-02078-IEG-RBB (S.D. Cal.);

mm. *Rivera v. Nuvell Credit Company et al,* 5:13-cv-00164-TJH-OP (C.D. Cal.);

nn. *Blotzer v. Dura Medic, LLC,* 2:13-cv-00675-JAK-JCG (C.D. Cal.);

oo. *Foote v. Credit One Bank*, 2:13-cv-00512-MWF-PLA (C.D. Cal.);

pp. *Rodriguez v. Real Time Resolutions,* 3:13-cv-00728-JM-RBB (S.D. Cal.);

qq. *Fox v. Asset Acceptance,* 3:13-CV-00922-DMS-BGS (S.D. Cal.);

rr. *Couser v. Financial Recovery Services, Inc.*, 3:12-cv-02541-CAB-WVG (S.D. Cal.);

ss. *Friedman v. LAC Basketball Club, Inc.,* 2:13-cv-00818-CBM-AN (C.D. Cal.);

tt. *Chen v. Allstate Insurance Company, et al,* 3:13-CV-00685-LB (N.D. Cal.);

uu. *Eubank v. Terminix International,* 3:15-cv-00145-WQH-JMA (S.D. Cal.);

vv. *Rowe v. Michaels Stores* 15-cv-01592-EJD (N.D. Cal.);

ww. *Hernandez v. Chevron* 56-2015-00465135-CU-NP-VTA (Ventura County, California Superior Court);

xx. *Benotmane v. Midway Rent a Car* BC560969 (Los Angeles County, California Superior Court);

yy. *Payton v. Luxe Valet* BC588462 (Los Angeles County, California Superior Court);

zz. *Kellet, et al. v. Uber Technologies,* BC585704 (Los Angeles County, California Superior Court);

aaa. *Starks v. Geico Indemnity Company*, Case No. CV-15-5771-MWF (PJW) (C.D. Cal.);

bbb. *Nicole Romano et al. v. SCI Direct, Inc.* Case No. 2:17-cv-03537-ODW-JEM (C.D. Cal.);

ccc. Nicole Romano et al v. SCI Direct, Inc. Case No. 2:18-cv-02377-ODW-JEM (C.D. Cal.); and

ddd. *Marko, et al. v. Doordash, Inc.*, BC659841 (Los Angeles County, California Superior Court).

14. Over the past three years alone, The Law Offices of Todd M. Friedman, P.C. has served as plaintiff's counsel in at least the following class action cases involving various class action consumer rights claims, where a settlement was reached on a class-wide basis, and have achieved over $85,000,000 in class-wide relief for consumers:

   a. *Dancer v. L.A. Times*, BC472154 (Los Angeles County, California Superior Court) (common fund class-wide settlement of $3 million to $4 million granted final approval);

   b. *Couser v. Comenity Bank*, 3:12-cv-02484-MMA-BGS (S.D. Cal.) ($8.475 million class-wide settlement achieved and granted final approval);

   c. *Stemple v. QC Financial Services Group of California, Inc.*, 3:12-cv-01997-CAB-WVG (S.D. Cal.) (certified class achieved by motion, and subsequent class-wide settlement of $1.5 million achieved, with final approval granted);

   d. *Couser v. Apria Healthcare, Inc*. 8:13-cv-00035-JVS-RNB (C.D. Cal.) (common fund class-wide settlement of $400,000 to $750,000, granted final approval);

   e. *Abdeljalil v. General Electric Capital Corporation,* 12-CV-02078-IEG-RBB (S.D. Cal.) (class-wide settlement with common fund of $6.125 million achieved, final approval granted);

   f. *Fox v. Asset Acceptance,* 3:13-CV-00922-DMS-BGS (S.D. Cal.) (common fund of $1 million in class-wide relief achieved, granted final approval);

   g. *Friedman v. LAC Basketball Club, Inc.,* 2:13-cv-00818-CBM-AN (C.D. Cal.) (class-wide settlement achieved and granted final approval);

    h.    *Gerich et al. v. Chase Bank USA et al.* Case No 1:12-cv-5510 (N.D. Ill.) (class-wide settlement of $34 million, granted final approval);

    i.    *Than Zaw v Nelnet, Inc.*, Penal Code § 632 class (Achieved class-wide settlement of $1,188,110, granted final approval of court);

    j.    *Medeiros v HSBC* (common fund settlement of between $4.5 million and $6.5 million achieved, preliminary approval granted);

    k.    *Ann Fox v. Spectrum Club Holding Company et al.*, Case No. 2:14-CV-06766-PSG-FFMx (class-wide settlement, preliminary approval granted);

    l.    *Sayan Aboudi v. T-Mobile USA, Inc.,* Case No. 3:12-cv-02169-BTM-NLS (class-wide settlement in TCPA case, with common fund of $2.5 million to $5 million, with average per class member payment of $500, final approval granted);

    m.    *Andrew Roseman v. BGASC, LLC, et al.*, Case No. EDCV 15-1100-VAP (SPx) (C.D. Cal.) (class-wide relief achieved, final approval granted);

    n.    *Everado Gonzalez v The Scotts Company,* Case No. BC577875, Consolidated with Case No: BC570350 (Los Angeles County, California Superior Court) (class-wide settlement of $925,000 in wage and hour class action on behalf of approximately 603 employees achieved, final approval granted);

    o.    *Payton v Luxe Valet*, Case No. BC588462 (Los Angeles County, California Superior Court) (class-wide settlement in wage and hour independent contractor misclassification class action, on behalf of 1,800 employees, settled for $2.4 million, final approval granted);

p. *Shelby v Two Jinn, Inc.*, Case No. 2:15-cv-03794-AB-GJS (C.D. Cal.) (EFTA class action involving no cognizable actual damages, with net worth of company of $25 million, settled for non-reversionary common fund of $457,000, despite liability under 15 U.S. Code § 1693m(a) likely being only $250,000; final approval granted, zero objections);

q. *Couser v Dish One Satellite*, Case No. 5:15-cv-02218-CBM-DTB (C.D. Cal.) (TCPA class action, final approval granted);

r. *Couser v Dish One Satellite*, Case No. RIC 1603185 (Riverside County, California Superior Court S.C.) (Penal Code 632 class action, preliminary approval pending);

s. *Miller v Pacific Auto Wash*, Case No. BC510734 (Orange County, California Superior Court) (PAGA and Labor Code class action, preliminary approval granted);

t. *Anne Wolf v Hewlett Packard Company,* Case No. 5:15-cv-01221-BRO-GJS (C.D. Cal.) (CLRA class action certified by contested motion on behalf of tens of thousands of class members who purchased printer that was falsely advertised to include Smart Install feature, settled on a wider multi-state, multi-product basis, preliminary approval granted);

u. *De La Paz v Accurate Courier NCA LLC,* Case No. 16CV00555 (wage and hour class action, preliminary approval granted);

v. *Ross v Zurixx LLC,* Case No. 34-2016-00190874 (Sacramento County, California Superior Court) (UCL, FAL and CLRA class action alleging false advertising for real estate educational courses, non-reversionary

    common fund settlement for over $600 per class member, final approval granted);

w. *Eubanks v Terminix International, Inc.,* Case No. 3:15-cv-00145-WQH-JMA (PAGA settlement reached in wage and hour action on behalf of pest control technicians, preliminary approval pending);

x. *Jonathan Weisberg, v. HD Supply, Inc.,* Case No. 15-cv-08248-FMO (MRW) (class-wide settlement in TCPA class action, settled for $1.225 million, final approval granted);

y. *Ryoo Dental, Inc. v OCO Biomedical, Inc.*, Case No. 8:16-cv-01626-DOC-KES (TCPA fax blast class action, settled on class wide basis, preliminary approval granted);

z. *Sonia Barrientos v Law Office of Jeffrey H. Jordan*, Case No. 2:15-cv-06282-JAK-GJS (FDCPA/RFDCPA letter class action, settled on class wide basis, preliminary approval granted);

aa. *Tahmasian v Midway Rent A Car*, Case No. 30-2015-00813013-CU-OE-CXC (Los Angeles County, California Superior Court) (PAGA and Labor Code class action, final approval granted);

bb. *Craig Cunningham v Lexington Law Firm,* Case No. 1:17-cv-00087-EJF (N.D. Utah) (TCPA class action MDL involving solicitation prerecorded voice calls made by a third party, vicarious liability alleged, preliminary approval pending);

cc. *Fernandez v Reliance Home Services, Inc. Case No. BC607572 Los Angeles Superior Court* (wage and hour plus PAGA class action, Final approval granted);

dd. *Jaylinda Girardot et al. v. Bail Hotline Bail Bonds, Inc.*, Case No. FCS048335 (Solano County, California Superior Court (wage and hour plus PAGA class action, preliminary approval pending); and

ee. *Wondra Curtis v The Anthem Companies, Inc.*, Case No. 8:16-cv-01654-DOC-JCG (wage and hour class action for off the clock work, settled on class wide basis, preliminary approval pending).

## II. OVERVIEW OF LAW OFFICES OF TODD M. FRIEDMAN, P.C.'s EFFORTS IN THIS ACTION

### A. CONTINGENT NATURE OF ACTION

15. Plaintiff filed the initial class action complaint ("Complaint") on April 16, 2015. In the Complaint, Plaintiff alleged causes of action for negligent and intentional violations of the TCPA. Based on those allegations, Plaintiff sought $500 for each negligent violation and $1,500 for each intentional violation, as well as injunctive relief. Plaintiff's claims were brought on behalf of a class of individuals who allegedly received text messages sent to their mobile phones from Defendant without consent, using an automatic telephone dialing system (Dkt. No. 1).

16. The Parties proceeded to conduct extensive written discovery and depositions, including depositions of third-party companies in Florida and New York, and the disclosure of and deposition of Plaintiff's expert witness. My office participated in all aspects of the litigation of this matter, including but not limited to, reviewing Defendant's extensive document production, drafting "meet and confer" letters, engaging in dozens of phone calls, assisting in the preparation

of subpoenas, conducting the full-day deposition of a third-party witness in Tampa, Florida, and presenting Plaintiff's expert witness for his deposition in San Diego, California.

17. On December 30, 2016, Defendant filed its Motion to Dismiss for Lack of Subject Matter Jurisdiction (Dkt. No. 34). Defendant's Motion to Dismiss was in part based upon this Court's decision in *Susinno v. Work Out World, Inc.*, 2017 WL 5798643 (D. N.J. No. 15-cv-5881, Nov. 28, 2017).

18. On January 20, 2017, by request of the Parties, a Consent Order was entered by Honorable Magistrate Judge Douglas E. Arpert, staying all proceedings in this case pending the United States Court of Appeals for the Third Circuit's resolution of the appeal of this Court's decision in *Susinno*, the outcome of which the Parties believed would directly impact this case (Dkt. No. 35).

19. On July 10, 2017, the Third Circuit Court of Appeals filed its decision in Susinno, 823 F.3d 346 (3rd Cir. 2017). The parties discussed the impact of the Susinno decision on this case and on August 24, 2017, Magistrate Judge Arpert, by request of the Parties, entered a Consent Order lifting the stay of proceedings and reinstating this case to the Court's active docket (Dkt. No. 37).

20. On October 4, 2017, the Parties notified Magistrate Judge Arpert that they had agreed to conduct a mediation before the Honorable Stephen M. Orlofsky (Ret.) on December 19, 2017. On October 6, 2017, Magistrate Judge Arpert entered a Letter Order administratively terminating this action while the Parties were in mediation (Dkt. No. 40).

21. With Judge Orlofsky's guidance, a settlement was ultimately agreed upon in principle by the Parties after a full-day mediation held on December 19, 2017. The final version of the Settlement Agreement was previously filed as Exhibit A to the Memorandum of Law in

Support of Motion for an Order Conditionally Certifying Class and Granting Preliminary Approval of Class Action Settlement (Dkt. No. 44-2).

22. Prior to and since that time, my firm has engaged in numerous conversations and extensive correspondence with the claims administrator, Kurtzman Carson Consultants ("KCC"), in order to facilitate and oversee the notice process.

23. This action required the Law Offices of Todd M. Friedman, P.C. to spend time on this litigation that could have been spent on other matters. At various times during the litigation of this class action, this lawsuit has consumed my lawyers' time as well as my firm's resources. My firm has not been paid anything for our work on this case since it was filed. It is my opinion that law firms in such a position expect to receive a multiplier in cases such as these because of the risk taken, the extent to which firms are unable to take on other cases, the delay in getting paid and the significant litigation costs we have to advance.

### B. LAW OFFICES OF TODD M. FRIEDMAN, P.C.'s LODESTAR

24. Law Offices of Todd M. Friedman, P.C. has maintained contemporaneous time records since the commencement of this action. To date, Attorney David B. Levin of my firm has incurred 175.4 hours of attorney time for this case, with a total lodestar of $105,240. Attorney Meghan E. George of my firm has incurred 13.0 hours of attorney time in this case, with a total lodestar of $6,500. This figure includes time incurred through the filing of the Motion for an Order Granting Final Approval of Class Action Settlement. Mr. Levin's billing rate is $600 per hour. Ms. George's billing rate is $500 per hour.

### C. LAW OFFICES OF TODD M. FRIEDMAN, P.C.'s COSTS

25. My firm has incurred litigation costs in this matter in the amount of $22,213.94, for which my firm is seeking reimbursement. These costs are comprised of travel expenses to Tampa,

Florida for a third-party deposition, the transcript from that deposition, payment to Plaintiff's expert witness for his services, travel expenses to Princeton, New Jersey for the mediation, and one-third of the costs paid to Judge Orlofsky for his mediation services. The breakdown of the costs incurred by my firm is as follows:

| DESCRIPTION | COST |
| --- | --- |
| Flight to Tampa for deposition of Kevin Davis | $487.96 |
| Other travel expenses from trip to Tampa | $594.32 |
| Deposition transcript of Kevin Davis | $1,976.95 |
| Expert witness services of Jeffrey Hansen | $15,830.00 |
| Flight to Philadelphia for mediation in Princeton | $312.40 |
| Other travel expenses from trip to Princeton | $549.06 |
| One-third of mediator's fee | $2,463.25 |
| **TOTAL** | $22,213.94 |

### D. REASONABLENESS OF HOURLY RATES

26. Law Offices of Todd M. Friedman, P.C.'s hourly rates are reasonable in respect to the ranges charged by comparable law firms in the State of New Jersey. The billing rate for attorney David B. Levin is $600 per hour. The billing rate for attorney Meghan E. George is $500 per hour.

27. Mr. Levin is the Managing Attorney of my firm Midwest Office, located in the Chicago, Illinois area. Mr. Levin has been in that role since February 2016. He has been a practicing attorney since November 1992. He is licensed to practice in the States of Illinois, Ohio, and West Virginia. He is also admitted to practice in all United States District Courts in Illinois, Ohio, West Virginia, Indiana, Wisconsin, and Michigan. He has been admitted to practice *pro hac vice* in several matters, including this case. Mr. Levin has spent the vast majority of his career representing plaintiffs in consumer rights litigation matters, including cases involving the TCPA, Fair Debt Collection Practices Act, Fair Credit Reporting Act, Magnuson-Moss Warranty Act, United States Bankruptcy Code, state debt collection violations, fraud, unfair and deceptive consumer sales practices, lemon law violations, defective motor vehicles and products, breach of

warranty, landlord/tenant issues, and related claims. Many of these cases were brought as class actions. Mr. Levin has conducted dozens of jury trials, bench trials, arbitration hearings, and evidentiary hearings over the last 26 years. Over the course of his career, Mr. Levin has participated in the successful resolution of several thousand consumer litigation matters.

28. Ms. George is an associate attorney with my firm. She has been a practicing attorney for eight years, and has worked with my firm since 2015. She has practiced solely in the areas of Plaintiff's consumer rights and employment litigation since 2012.

29. With regard to a bare bones lodestar amount, our current billing records reflect 175.4 hours of time incurred by Mr. Levin, and 13.0 hours incurred by Ms. George, in this matter. The billing rate for attorney David B. Levin is $600 per hour. The billing rate for attorney Meghan E. George is $500 per hour. Other members of my firm, including myself, paralegals, and law clerks contributed to the work on this matter, but these additional hours have not been included, for the purpose of presenting a reasonable and conservative figure to the Court. Based on Mr. Levin's and Ms. George's hourly rates, and their accompanying time entries, the lodestar estimate for this case is $111,740.

30. Based upon the foregoing, and upon the Declarations of the rest of Plaintiff's attorneys in this matter – Ari H. Marcus, Ross H. Schmierer, and Stephen P. DeNittis, I submit that Plaintiff's request for a total award of 30% of the Common Fund in total for all law firms is reasonable.

31. I declare under penalty of perjury under the laws of the State of California and the United States of America that the foregoing is true and correct, and that this declaration was executed on November 21, 2018.

/s/ Todd M. Friedman
California State Bar No. 216752
Law Offices of Todd M. Friedman, P.C.
21550 Oxnard Street, Suite 780
Woodland Hills, CA 91367
Phone: (877) 206-4741
Fax: (866) 633-0228
tfriedman@toddflaw.com